1  Debra I. Grassgreen (CA Bar No. 169978)
   Maxim B. Litvak (CA Bar No. 215852)
2  Steven W. Golden (*pro hac vice* pending)
   PACHULSKI STANG ZIEHL & JONES LLP
3  One Market Plaza, Spear Tower, 40th Floor
   San Francisco, CA 94105-1020
4  Telephone: 415.263.7000
   Facsimile: 415.263.7010
5  E-mail: dgrassgreen@pszjlaw.com
           mlitvak@pszjlaw.com
6          sgolden@pszjlaw.com

7  Proposed Attorneys for Debtors and
   Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br>WATSONVILLE HOSPITAL CORPORATION,<br>    Debtor. | Chapter 11<br>Case No. 21-51477 |
| In re:<br>WATSONVILLE HEALTHCARE MANAGEMENT, LLC,<br>    Debtor. | Chapter 11<br>Case No. 21-51478 |
| In re:<br>WATSONVILLE HOSPITAL HOLDINGS, INC.,<br>    Debtor. | Chapter 11<br>Case No. 21-51479 |
| In re:<br>HALSEN HEALTHCARE, LLC,<br>    Debtor. | Chapter 11<br>Case No. 21-51480<br><br>**DEBTORS' APPLICATION FOR ORDER AUTHORIZING JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. § 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**<br><br>Date: December 7, 2021<br>Time: 9:30 a.m.<br>Place: **Telephonic/Video Appearance Only**<br>       Courtroom 11<br>       280 South First Street<br>       San Jose, CA 95113<br>Judge: Hon. M. Elaine Hammond |

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this application (the "Application") for an order authorizing joint administration of their respective bankruptcy cases (collectively, the "Bankruptcy Cases") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

A proposed form of order granting the relief requested herein (the "Order") is attached hereto as **Exhibit B**.

In support of this Motion, the Debtors submit the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference,[1] and the accompanying memorandum of points and authorities set forth below.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Northern District of California Bankruptcy Local Rule 5011-1(a). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal bases for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 1015.

## II.

## GENERAL BACKGROUND

On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases, and no committees have been appointed or designated.

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106-bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the First Day Declaration.

## III.

## RELIEF REQUESTED

By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit B**, approving of the following procedures:

- the Clerk of Court shall maintain a joint pleadings docket under the case number assigned to Watsonville Hospital Corporation, which shall be designated as the single pleadings docket for all pleadings relating to any of the Debtors' Bankruptcy Cases;

- the captions of the Debtors' cases shall be modified to reflect the joint administration of these Bankruptcy Cases, in the form set forth on **Exhibit A** hereto;

- the claims registers in these cases shall be maintained separately for each Debtor entity;

- the Debtors and other parties in interest shall be authorized, but not required, to combine notices to the Debtors' creditors; and

- the relief requested herein is limited to joint administration. Nothing contained in this Application is intended to compel substantive consolidation of the Debtors' estates. The requested relief will thus not prejudice any entity's substantive rights and will result in no conflicts. If substantive consolidation of some or all of the estates is later warranted, the Debtors will move the Court separately for such relief.

## IV.

## BASIS FOR RELIEF REQUESTED

### A. Joint Administration will Eliminate Duplication of Effort and Promote Judicial Economy

Several bases warrant the joint administration of the Bankruptcy Cases pursuant to section 105(a) of the Bankruptcy Code. First, joint administration will expedite the administration of the Debtors' cases and reduce administrative expense without prejudicing creditors' substantive rights. The Debtors are affiliated companies. Hence, numerous motions filed in these cases will relate to all Debtors. Absent joint administration, parties will be required to file several sets of papers that will often be identical, apart from the captions, and creditors will receive multiple copies of such papers. Joint administration will allow creditors to receive notice of all matters relating to the Debtors, thereby

ensuring that creditors are informed of matters potentially affecting their claims, without the burden of unnecessary and expensive duplication.

Second, because each creditor may file a claim against a particular Debtor, joint administration will not adversely impact any creditors' rights. In fact, the cost savings of joint administration will benefit all creditors by increasing any amounts ultimately available for distribution.

Third, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Similarly, joint administration will simplify the administrative burdens of the Office of the United States Trustee's supervision of these Bankruptcy Cases.

Accordingly, the Debtors submit that joint administration of these Bankruptcy Cases is in the best interests of the Debtors' estates. Joint administration will eliminate unnecessary and expensive duplication of effort by the Debtors, their professionals, their creditors, parties in interest, and this Court.

**B.  Legal Authority**

Bankruptcy Rule 1015(b) authorizes joint administration and provides as follows:

> If a joint petition of two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines "affiliate" to include an entity in which 20% or more of the outstanding securities of one entity are owned or controlled by the other entity:

> [A]ffiliate means—
>
> (A)   entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>    (i)   in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
>    (ii)  solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B)   corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of

5

DOCS_SF:106234.3 92381/001
Case: 21-51477   Doc# 3   Filed: 12/05/21   Entered: 12/05/21 12:48:59   Page 5 of 12

the outstanding voting securities of the debtor, other than an entity that holds such securities—

    (i)    in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

    (ii)    solely to secure a debt, if such entity has not in fact exercised such power to vote.

11 U.S.C. §§ 101(2)(A)-101(2)(B).

Watsonville Hospital Corporation and Watsonville Healthcare Management, LLC are each wholly-owned subsidiaries of Watsonville Hospital Holdings, Inc., which is a wholly-owned subsidiary of Halsen Healthcare, LLC. Because the Debtors are clearly "affiliates," as defined above, the Court may order the joint administration of the Debtors' estates.

## V.

## EMERGENCY CONSIDERATION

The Debtors respectfully request emergency consideration of this Application pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth herein, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the Hospital's viability and that any delay in granting the requested relief could hinder the Debtors' operations and disrupt the efficient restructuring process. Accordingly, the Debtors respectfully submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Application on an emergency basis.

## VI.

## NOTICE

Notice of this Application has been provided to the First Day Notice Parties (as defined in the Motion to Shorten Time). The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

6

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 5, 2021          PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Debra I. Grassgreen*
    Debra I. Grassgreen
    Maxim B. Litvak
    Steven W. Golden

    Proposed Attorneys for Debtors and Debtors in Possession

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>(Jointly Administered) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

# EXHIBIT B

(Proposed Order)

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br>WATSONVILLE HOSPITAL CORPORATION,<br>    Debtor. | Chapter 11<br>Case No. 21-51477 |
| In re:<br>WATSONVILLE HEALTHCARE MANAGEMENT, LLC,<br>    Debtor. | Chapter 11<br>Case No. 21-51478 |
| In re:<br>WATSONVILLE HOSPITAL HOLDINGS, INC.,<br>    Debtor. | Chapter 11<br>Case No. 21-51479 |
| In re:<br>HALSEN HEALTHCARE, LLC,<br>    Debtor. | Chapter 11<br>Case No. 21-51480<br>**ORDER AUTHORIZING JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. § 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**<br>[No Hearing Requested] |

Upon the application (the "Application"),[1] of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 1015, for entry of an order authorizing the joint administration of their respective bankruptcy cases (collectively, the "Bankruptcy Cases"), all as more fully set forth in the Application; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Application being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided in the Application is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Bankruptcy Cases of the Debtors shall be jointly administered.

3. The Clerk of the Court shall maintain a pleadings docket under the case number assigned to Watsonville Hospital Corporation, which shall be designated as the single pleadings docket for all pleadings with respect to all of the Debtors' Bankruptcy Cases.

4. All pleadings filed in the Debtors' cases shall use a combined caption (including a footnote setting forth the other debtor entities) in the form substantially as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 21-51477 |
| WATSONVILLE HOSPITAL CORPORATION, *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

***END OF ORDER**