Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 20-51477<br><br>Chapter 11<br><br>**DEBTORS' MOTION TO TEMPORARILY SUSPEND DEADLINE FOR FILING PROOFS OF CLAIM**<br><br>Date: December 7, 2021<br>Time: 9:30 a.m.<br>Place: **Telephonic/Video Appearance Only**<br>Courtroom 11<br>280 South First Street<br>San Jose, CA 95113<br>Judge: Hon. M. Elain Hammond |

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby file this motion (the "Motion") for the entry of an order, pursuant to sections 105(a) and 501 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 3002, 3003(c)(3), and 9006(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 3003-1 of the Local Rules of Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

Procedure of the Northern District of California (the "<u>Bankruptcy Local Rules</u>") for an order suspending the deadline for non-government creditors to file proofs of claim (the "<u>Bar Date</u>").

A proposed form of order granting the relief requested herein (the "<u>Order</u>") is attached hereto as **<u>Exhibit A</u>**.

In support of this Motion, the Debtors submit the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>") filed concurrently herewith and fully incorporated herein by reference,[2] and the accompanying memorandum of points and authorities set forth below.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal bases for the relief requested herein are sections 105(a) and 501 of the Bankruptcy Code, Bankruptcy Rules 2002, 3002, 3003(c)(3), and 9006(b), and Bankruptcy Local Rule 3003-1.

## II.

## BACKGROUND

On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases, and no committees have been appointed or designated.

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106-bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the First Day Declaration.

## III.

## RELIEF REQUESTED

Pursuant to Bankruptcy Local Rule 3003-1, the deadline for non-governmental creditors to file proofs of claim against the Debtors' estates (*i.e.* the Bar Date) would be automatically fixed on the date that is 90 days after the Meeting of Creditors. By this Motion, the Debtors seek an Order, substantially in the form attached hereto as **Exhibit A**, suspending the Bar Date.

## IV.

## BASIS FOR REQUESTED RELIEF

Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case "and for cause shown may extend the time within which proofs of claim or interest may be filed."[1] Additionally, Bankruptcy Local Rule 3003-1 provides that the deadline for non-governmental unit creditors to file proofs of claim shall be 90 days after the initial date set for the section 341(a) meeting of creditors "[u]nless otherwise ordered by the Court[.]"[2]

While the present Bar Date complies with the requirements set forth in Bankruptcy Rule 3003(c)(3) and Bankruptcy Local Rule 3003-1, cause exists to temporarily suspend the Bar Date. The Debtors intend to file a motion (the "Bar Date Motion") that will request an order, among other things, (i) establishing a Bar Date that accounts for the specific exigencies and circumstances of these Bankruptcy Cases; (ii) setting forth procedures for the filing of proofs of claim, including specific procedures for filing proofs of claim that may contain "individually identifiable health information," under HIPAA; and (iii) providing for adequate notice to all potential parties-in-interest, including those individuals on the Patient List, in compliance with HIPAA. By suspending the Bar Date, as requested by this Motion, and implementing the Commencement Notice Procedures, as requested by the Creditor Matrix and Privacy Motion, the Debtors seek to reduce the confusion that would ensue if parties received multiple notices with conflicting Bar Dates and procedures for filing proofs of claim.

---

[1] Fed. R. Bankr. P. 3003(c)(3); *see also Prestige Ltd. P'ship. v. E. Bay Car Wash Partners* (*In re Prestige P'ship.*), 234 F.3d 1108, 1118 (9th Cir. 2000) (stating that Bankruptcy Rule 3003(c)(3) requires the bankruptcy court to fix the time within which a proof of claim may be filed; *In re Smartt Constr. Co.*, 138 B.R. 269, 271 (D. Colo. 1992) (stating that Bankruptcy Rule 3003 "expressly authorizes the bankruptcy court to extend the time for filing proofs of claim" in chapter 11 cases).

[2] Bankruptcy Local Rule 3003-1.

As such, cause exists to temporarily suspend the Bar Date for non-governmental creditors to file proofs of claim against the Debtors' estates.

## V.

## EMERGENCY CONSIDERATION

The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Here, entry of the Order is necessary to avoid immediate and irreparable harm because, absent its immediate entry, parties in interest may receive multiple notices with differing bar dates, causing confusion. Accordingly, the Debtors respectfully submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## VI.

## WAIVER OF BANKRUPTCY RULE 6004

The Debtors request a waiver of any applicable notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained above and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## VII.

## RESERVATION OF RIGHTS

Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim of any creditor or interest of any interest holder under applicable bankruptcy or nonbankruptcy law; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an assumption, adoption, or rejection of any

agreement, contract, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code. The Debtors reserve all of their rights under the Bankruptcy Code.

## VIII.

## NOTICE

Notice of this Motion has been provided by email, facsimile, and/or overnight courier to the First Day Notice Parties (as defined in the Motion to Shorten Time). The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

## IX.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit A**, temporarily suspending the Bar Date and such other and further relief as the Court may deem just and appropriate.

Dated: December 5, 2021         PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Debra I. Grassgreen*
    Debra I. Grassgreen
    Maxim B. Litvak
    Steven W. Golden

Proposed Attorneys for Debtors and Debtors in Possession

# EXHIBIT A

**Proposed Order**

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTORS' MOTION TO TEMPORARILY SUSPEND DEADLINE FOR FILING PROOFS OF CLAIM**<br><br>Date: December 7, 2021<br>Time: 9:30 a.m.<br>Place: **Telephonic/Video Appearance Only**<br>Courtroom 11<br>280 South First Street<br>San Jose, CA 95113<br>Judge: Hon. M. Elain Hammond |

This Court, having considered the *Debtors' Motion to Temporarily Suspend the Deadline for Filing Proofs of Claim* [Docket No. ●] (the "Motion"), filed by above-captioned debtors and debtors in possession (the "Debtors") on December 5, 2021, and finding that proper notice was given and that good cause exists therefore;

**IT IS HEREBY ORDERED** that:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

1. The Motion is GRANTED.

2. The deadline for non-governmental unit creditors to file proofs of claim against the Debtors' estates (the "Bar Date") is temporarily suspended.

3. The Debtors shall file a subsequent motion seeking approval of a specific new bar date for non-governmental unit creditors to file proofs of claim.

4. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.

*** END OF ORDER ***