Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**DEBTORS' MOTION FOR ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**<br><br>Date: December 7, 2021<br>Time: 9:30 a.m.<br>Place: **Telephonic/Video Appearance Only**<br>Courtroom 11<br>280 South First Street<br>San Jose, CA 95113<br>Judge: Hon. M. Elain Hammond |

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby submit this motion (the "Motion"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order granting the Debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

a thirty-one (31) day extension of time to file the schedules, statements, and other documents required by Bankruptcy Rule 1007(b)(1) (collectively, the "Schedules").

A proposed form of order granting the relief requested herein (the "Order") is attached hereto as **Exhibit A**.

In support of this Motion, the Debtors submit the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference,[2] and the accompanying memorandum of points and authorities set forth below.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the Northern District of California. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal bases for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 1007.

## II.

## BACKGROUND

On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases, and no committees have been appointed or designated.

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106-bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the First Day Declaration.

## III.

## RELIEF REQUESTED

By this Application, the Debtors seek entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the Debtors a thirty-one (31) day extension of time to file the Schedules, without prejudice to the Debtors' right to request further extensions.

## IV.

## BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 1007(c) provides in pertinent part:

> [A]ny extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct. Notice of an extension shall be given to the United States trustee and to any committee, trustee, or other party as the court may direct.

Fed. R. Bankr. P. 1007(c).

The relief requested herein is also within the purview of section 105(a) of the Bankruptcy Code, which permits the Court to enter an order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

The Debtors respectfully represent that cause exists for an extension. While the Debtors are working diligently to assemble the information needed to complete the Schedules, the considerable amount of information necessary to provide a complete perspective of the Debtors' financial situation requires significant effort and more time than is provided by Bankruptcy Rule 1007(c). The Debtors and their professionals have been, and continue to be, focused on preserving the Hospital's operations and restructuring the Debtors as a going concern to maximize value through the ongoing marketing and sale process, maintain required standards of patient care, and preserve hundreds of jobs. Requiring the Debtors to devote additional time to the preparation and filing of the Schedules by the statutory fourteen (14) day deadline will be an unnecessary distraction from the Debtors' sale efforts, and not calculated to maximize the value of these estates.

Accordingly, the Debtors request that the Court extend the deadline for filing the Schedules to January 19, 2022. The requested extension of time will allow the Debtors to file complete and accurate

2

Schedules and the Debtors believe that the requested extension will not prejudice any party in interest. Based on the foregoing, the Debtors submit that "cause" exists for the Court to grant the requested extension.

Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors respectfully submit that the relief requested is appropriate in these Bankruptcy Cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

## V.

### EMERGENCY CONSIDERATION

The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth herein, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the Hospital's viability and that any delay in granting the requested relief could hinder the Debtors' operations and disrupt the efficient restructuring process. Accordingly, the Debtors respectfully submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## VI.

### NOTICE

Notice of this Motion has been provided by email, facsimile, and/or overnight courier to the First Day Notice Parties (as defined in the Motion to Shorten Time). The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

///

3

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 5, 2021　　　　　　　　PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Debra I. Grassgreen*
　　Debra I. Grassgreen
　　Maxim B. Litvak
　　Steven Golden

　　Proposed Attorneys for Debtors and Debtors in Possession

# **EXHIBIT A**

(Proposed Order)

1  Debra I. Grassgreen (CA Bar No. 169978)
   Maxim B. Litvak (CA Bar No. 215852)
2  Steven W. Golden (*pro hac vice* pending)
   PACHULSKI STANG ZIEHL & JONES LLP
3  One Market Plaza, Spear Tower, 40th Floor
   San Francisco, CA 94105-1020
4  Telephone:    415.263.7000
   Facsimile:    415.263.7010
5  E-mail:       dgrassgreen@pszjlaw.com
                 mlitvak@pszjlaw.com
6                sgolden@pszjlaw.com

7  Proposed Attorneys for Debtors and
   Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**<br><br>Date:     December 7, 2021<br>Time:    9:30 a.m.<br>Place:   **Telephonic/Video Appearance Only**<br>          Courtroom 11<br>          280 South First Street<br>          San Jose, CA 95113<br>Judge: Hon. M. Elain Hammond |

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 1007, for entry of an order granting the Debtors a thirty-one (31) day extension of time to file the schedules, statements, and other documents required by Bankruptcy Rule 1007(b)(1) (collectively, the "Schedules"), all as more fully set forth in the Motion; and upon consideration of the First Day

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided in the Motion is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The deadline for the Debtors to file their Schedules is extended by thirty-one (31) days, through and including January 19, 2022.

3. Nothing contained in this Order shall prevent the Debtors from seeking additional extensions of time to file their Schedules.

***END OF ORDER***