Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA  94105-1020
Telephone:    415.263.7000
Facsimile:    415.263.7010
E-mail:       dgrassgreen@pszjlaw.com
              mlitvak@pszjlaw.com
              sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL<br>CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED  LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY FIVE LARGEST UNSECURED CREDITORS, (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS, AND (D) PROTECTING CONFIDENTIAL PATIENT INFORMATION; (II) IMPLEMENTING CERTAIN PROCEDURES FOR THE NOTICE OF COMMENCEMENT; AND (III) GRANTING RELATED RELIEF**<br><br>Date:     December 7, 2021<br>Time:     9:30 a.m.<br>Place:    **Telephonic/Video Appearance Only**<br>          Courtroom 11<br>          280 South First Street<br>          San Jose, CA 95113<br>Judge:    Hon. M. Elain Hammond |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby file this motion (the "Motion") for the entry of an order, pursuant to sections 105, 107, 342, and 521 of title 11 of the United State Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 1007, 2002, and 9037 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rules 1001-2 and 2002-1 of the Local Rules of Bankruptcy Procedure of the Northern District of California (the "Bankruptcy Local Rules"), and the *United States Bankruptcy Court for the Northern District of California Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* (collectively, the "Notice Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty five largest unsecured creditors in lieu of filing lists for each Debtor, (iii) implement procedures in furtherance of the Debtors' obligations to their current, former, and future patients (the "Patients") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (iv) redact certain personally identifiable information for the Debtors' individual creditors; (b) implementing certain procedures for the mailing of the notice announcing the commencement of these Bankruptcy Cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"); and (c) granting related relief.

In support of this Motion, the Debtors submit the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference,[2] and the accompanying memorandum of points and authorities set forth below.

---

Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

# TABLE OF CONTENTS

**Page**

I. JURISDICTION AND VENUE ...................................................................................... 1

II. BACKGROUND ......................................................................................................... 1

III. RELIEF REQUESTED ............................................................................................. 2

IV. BASIS FOR REQUESTED RELIEF .......................................................................... 3

    A.   Cause Exists to Authorize the Debtors to File a Consolidated Creditor Matrix in Lieu of Filing a Separate Mailing Matrix for Each Debtor ............................................ 3

    B.   Authority to File a Consolidated Top 35 General Unsecured Creditor List in Lieu of Submitting a Separate Top 20 Creditor List for Each Debtor is Allowed Under the Bankruptcy Code ................................................................................................. 3

    C.   Cause Exists to Implement the HIPAA Privacy Procedures ................................... 4

    D.   Cause Exists to Redact Certain Personally Identifiable  Information for Individual Creditors 6

    E.   Proposed Procedures for Service of the Notice of Commencement ......................... 8

V. EMERGENCY CONSIDERATION ............................................................................ 9

VI. WAIVER OF BANKRUPTCY RULE 6004 .............................................................. 10

VII. RESERVATION OF RIGHTS .................................................................................. 10

VIII. NOTICE ............................................................................................................... 10

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re AC&S Inc.*,
   775 Fed. Appx. 78 (3d Cir. 2019) ........................................................................... 7

*In re Anna Holdings, Inc.*,
   No. 19- 12551 (Bankr. D. Del. Dec. 3, 2019) ......................................................... 8

*In re Astria Health, et al.*,
   Case No. 19-01189-11 (Bankr. E.D. Wash. May 8, 2019) ....................................... 6

*In re Charming Charlie Holdings Inc.*,
   No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) ............................................... 7

*In re Clover Techs. Grp., LLC*,
   No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) ........................................... 7, 8

*In re EBH TOPCO, LLC*,
   Case No. 18-11212 (Bankr. Del. May 24, 2018) ..................................................... 6

*In re Forever 21, Inc.*,
   No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) ............................................... 8

*In re Hospital Acquisition LLC*,
   Case No. 19-10998 (Bankr. D. Del. May 8, 2019) ................................................... 6

*In re Hygea Holdings Corp.*,
   Case No. 20-10361 (Bankr. D. Del. Feb. 19, 2020) ................................................ 6

*In re Khan*,
   2013 Bankr. LEXIS 5303, (9th Cir. B.A.P. Dec. 17, 2013) ..................................... 7

*In re Motions Seeking Access to 2019 Statements*,
   585 B.R. 733, 752 (D. Del. 2018) ....................................................................... 6, 7

*In re Promise Healthcare Group, LLC*, Case No. 18-12491 (Bankr. D. Del. Nov. 6, 2018) .............. 6

*In re Quorum Health Corp., et al.*,
   Case No. 20-10766 (KBO) (Bankr. D. Del. May 1, 2020) ....................................... 6

*In re Randolph Hospital, Inc.*,
   Case No. 20-10247 (Bankr. M.D.N.C. Mar. 6, 2020) ............................................. 6

*In re Verity Health System of California, Inc.*,
   Case No. 2:18-bk-20151-ER (Bankr. C.D. Cal. Aug 31, 2018) ............................... 6

**Statutes**

11 U.S.C. § 105 ...................................................................................................... 1
11 U.S.C. § 105(a) .............................................................................................. 5, 9
11 U.S.C. § 107 ...................................................................................................... 1
11 U.S.C. § 107(a) .................................................................................................. 7
11 U.S.C. § 107(b) .................................................................................................. 5
11 U.S.C. § 107(c) .................................................................................................. 5
11 U.S.C. § 107(c)(1) ........................................................................................... 6, 8
11 U.S.C. § 107(c)(1)(A) ........................................................................................ 6
11 U.S.C. § 1102 .................................................................................................... 3
11 U.S.C. § 1107(a) ................................................................................................ 1
11 U.S.C. § 1108 .................................................................................................... 1
11 U.S.C. § 342 ...................................................................................................... 1
11 U.S.C. § 342(a) .................................................................................................. 8
11 U.S.C. § 521 ...................................................................................................... 1
11 U.S.C. § 521(a)(1)(A) ........................................................................................ 5
11 U.S.C. § 521(a)(1)(B)(i) ..................................................................................... 5
28 U.S.C. § 1334 .................................................................................................... 1
28 U.S.C. § 1408 .................................................................................................... 1
28 U.S.C. § 1409 .................................................................................................... 1
28 U.S.C. § 157 ...................................................................................................... 1
42 U.S.C. § 1302d .................................................................................................. 4
45 C.F.R. § 160.103 ................................................................................................ 4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

ii

| | |
|---|---|
| 45 C.F.R. § 160.402 | 4 |
| 45 C.F.R. § 160.404(b)(2)(i) | 4 |
| 45 C.F.R. § 164.501 | 5 |
| 45 C.F.R. § 164.502 | 4 |
| 45 C.F.R. § 164.514(d)(3)(ii)(a) | 5 |
| C.C.P. § 340.5 | 2 |

**Rules**

| | |
|---|---|
| Bankruptcy Local Rule 1001-2 | 1 |
| Bankruptcy Local Rule 2002-1 | 1 |
| Bankruptcy Local Rule 5011-1(a) | 1 |
| Fed. R. Bankr. P 1007(d) | 3 |
| Fed. R. Bankr. P. 1007 | 1 |
| Fed. R. Bankr. P. 2002 | 1 |
| Fed. R. Bankr. P. 2002(a) | 9 |
| Fed. R. Bankr. P. 2002(f) | 9 |
| Fed. R. Bankr. P. 6003 | 9, 10 |
| Fed. R. Bankr. P. 6004(a) | 10 |
| Fed. R. Bankr. P. 6004(h) | 10 |
| Fed. R. Bankr. P. 7008 | 1 |
| Fed. R. Bankr. P. 9018 | 5 |
| Fed. R. Bankr. P. 9037 | 1 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal bases for the relief requested herein are sections 105, 107, 342, and 521 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, and 9037, and Bankruptcy Local Rules 1001-2 and 2002-1.

## II.

## BACKGROUND

On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases, and no committees have been appointed or designated.

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106-bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the First Day Declaration.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

1

## III.

## RELIEF REQUESTED

By this Motion, the Debtors seek entry of an Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor (the "Creditor Matrix"), (ii) file a consolidated list of the Debtors' thirty five largest unsecured creditors in lieu of filing lists for each Debtor (the "Top 35 List"), and (iii) redact certain personally identifiable information for the Debtors' individual creditors; and (b) implementing certain procedures for the mailing of the Notice of Commencement.

In addition, the Debtors request that the Court establish the following procedures (the "HIPAA Privacy Procedures") to balance the Debtors' legal obligation to protect Patient health information under HIPAA with the need to disclose information regarding these Bankruptcy Cases to the public:

(a) the Debtors shall omit any reference to current or former Patients from the Creditor Matrix and from any certificate of service, subject to section (d) below;

(b) the Debtors shall identify current or former Patients in the schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (i) the Court and to the United States Trustee upon request; and (ii) any other party in interest only after this Court has entered an order, after notice and a hearing, authorizing or directing the Debtors to do so;

(c) the Debtors and/or their proposed claims and noticing agent shall maintain a list of current or former patients (the "Patient List")[3] and shall make the Patient List, or any portion thereof, available to any party in interest only after this Court has entered an order, after notice and a hearing, authorizing or directing the Debtors to do so; and

(d) when the Debtors serve any paper upon any person listed on the Patient List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Patient List, but shall not include the individual names or other identifying information for individual Patients.

---

[3] The Debtors propose to include only Patients treated on or after December 1, 2018 on the Patient List because the statute of limitations for medical malpractice in California is generally no later than three years after the date of injury. *See* C.C.P. § 340.5.

**BASIS FOR REQUESTED RELIEF**

**A.    Cause Exists to Authorize the Debtors to File a Consolidated Creditor Matrix in Lieu of Filing a Separate Mailing Matrix for Each Debtor**

Although there are four separate Debtors, only two Debtors have any known unsecured creditors in the first instance and, because substantially all Hospital operations are conducted at and through Watsonville Hospital Corporation, nearly all creditors are at a single Debtor.  The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "Creditor Matrix"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted.  Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings.[4]  Accordingly, the Debtors seek authority to maintain a single, consolidated Creditor Matrix.

**B.    Authority to File a Consolidated Top 35 General Unsecured Creditor List in Lieu of Submitting a Separate Top 20 Creditor List for Each Debtor is Allowed Under the Bankruptcy Code**

Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders" (the "Top 20 List").[5]  The Top 20 List is primarily used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to Bankruptcy Code section 1102.

The Debtors request authority to file a single list of their thirty five largest general unsecured creditors on a consolidated basis (the "Top 35 List").  Because the Top 20 Lists of the Debtors could overlap, and certain Debtors have fewer than twenty significant unsecured creditors (and, indeed, two Debtors have no significant unsecured creditors at all), the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility and, instead, the exercise of compiling separate Top 20 Lists for each Debtor could consume an excessive amount of the Debtors' limited time and

---

[4] The Debtors submit that, if any of these Bankruptcy Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

[5] Fed. R. Bank. P. 1007(d).

DOCS_SF:106407.7 92381/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

1  resources.  Further, the Debtors believe that a single, consolidated list of the Debtors' thirty five largest

2  unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these

3  creditors.

4  Accordingly, the Debtors submit that filing a consolidated list of their thirty five largest

5  unsecured creditors is necessary for the efficient and orderly administration of these Bankruptcy

6  Cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

7  **C.    Cause Exists to Implement the HIPAA Privacy Procedures**

8  HIPAA and its corresponding regulations impose stringent standards on health care providers

9  and establish significant penalties for any health care provider that uses or discloses patient

10  information.[6]  A health care provider is a "covered entity" under HIPAA if it engages in certain

11  electronic payment-related transactions for which HIPAA has established standards.  The Debtors

12  engage in such transactions, and are therefore considered "covered entities" under 45 C.F.R. §

13  160.103.  This designation prevents the Debtors from disclosing, except in limited circumstances,

14  "individually identifiable health information" ("PHI").[7]  HIPAA defines PHI as any information

15  relating to the individual's "past, present or future physical or mental health or condition, the provision

16  of health care to the individual, or the past, present or future payment for the provision of health care

17  to the individual" that also "identifies the individual or for which there is a reasonable basis to believe

18  that the information can be used to identify the individual."[8] Identification of an individual as a patient

19  or former patient of a hospital is considered PHI, because it discloses information about the provision

20  of health care to the individual.

21  The Debtors could be subjected to significant monetary penalties for the unauthorized

22  disclosure of PHI.[9]  Such penalties can be imposed even if a person "did not know and, by exercising

23  reasonable diligence, would not have known" that a violation occurred.[10]  HIPAA permits a covered

24  entity to disclose PHI for its "health care operations," including conducting or arranging for legal

---

[6] See 42 U.S.C. § 1302d, *et seq.* and 45 C.F.R. § 164.502.

[7] 45 C.F.R. § 164.502

[8] 42 U.S.C. § 1302d(6).

[9] *See* 45 C.F.R. § 160.402.

[10] 45 C.F.R. § 160.404(b)(2)(i).

4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

services, business planning and management, and general administration.[11] Debtors are undertaking these Bankruptcy Cases in the course of their health care operations. However, HIPAA requires that the use and disclosure of PHI for health care operations be limited to the "minimum necessary" to accomplish the intended purpose of the use or disclosure.[12] This requires the covered entity to develop criteria designed to limit the protected health information disclosed to the information reasonably necessary to accomplish the purpose for which disclosure is sought.[13] The HIPAA Privacy Procedures embody the Debtors' criteria designed to comply with HIPAA.

The simple listing of a Patient's name in the Schedules and Statements, Creditor Matrix, certificate of service, or other pleading publicly filed with the Court would violate HIPAA. The Debtors believe that the requirements to maintain Patient confidentiality under HIPAA conflict with the requirements to disclose information under the Bankruptcy Code, specifically the duty to file a list of all creditors under section 521(a)(1)(A) of the Bankruptcy Code and the duty to file schedules of all assets and liabilities under section 521(a)(1)(B)(i) of the Bankruptcy Code.

The Court is authorized to grant relief under sections 107(b) and (c) of the Bankruptcy Code. Section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." Similarly, section 107(c) allows a bankruptcy court, for cause, to protect an individual if disclosure would create an undue risk of unlawful injury.[14] Moreover, Bankruptcy Rule 9018 provides that "the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." This Court may also approve the proposed HIPAA Privacy Procedures pursuant to section 105(a) of the Bankruptcy Code, which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[15] Individuals have an interest in

---

[11] 45 CFR § 164.501.

[12] 45 C.F.R. § 164.502(b).

[13] 45 C.F.R. § 164.514(d)(3)(ii)(a).

[14] See 11 U.S.C. § 107(c)(1); see also Bankruptcy Rule 9018 (allowing a bankruptcy court to protect governmental matters that are made confidential by statute or regulation).

[15] 11 U.S.C. § 105(a).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

avoiding reputational harm or personal embarrassment resulting from the disclosure of their medical information and, accordingly, implementation of the HIPAA Privacy Procedures is consistent with the Bankruptcy Code and Bankruptcy Rules.[16] Courts throughout the country regularly grant relief similar to that requested herein with respect to "covered entities" that file for bankruptcy.[17]

In sum, the Debtors believe that the relief requested herein appropriately balances the need to maintain confidential Patient information under HIPAA with the need for adequate disclosure under the Bankruptcy Code.

**D.    Cause Exists to Redact Certain Personally Identifiable Information for Individual Creditors**

Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Bankruptcy Cases the home addresses of individuals—including the Debtors' current and former employees and Patients—because such information could be used, among other things, to perpetrate identity theft, to locate survivors of domestic violence, or to perpetrate harassment or stalking.  This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the

---

[16] *See, e.g., In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 752 (D. Del. 2018) ("Individuals have privacy interests in their medical records.").

[17] *See, e.g., In re Astria Health, et al.*, Case No. 19-01189-11 (Bankr. E.D. Wash. May 8, 2019) (order authorizing the filing of confidential patient information under seal); *In re Verity Health System of California, Inc.*, Case No. 2:18-bk-20151-ER (Bankr. C.D. Cal. Aug 31, 2018) (same); *Kansas City United Methodist Retirement Home, Inc. d/b/a Kingswood Senior Living Community*, Case No. 21-41049-11-CAN (Bankr. W.D. Mo. Sept. 23, 2021) (order authorizing the implementation of procedures to protect confidential information of current and former clients in compliance with HIPAA); *In re Quorum Health Corp., et al.*, Case No. 20-10766 (KBO) (Bankr. D. Del. May 1, 2020) (same); *In re Randolph Hospital, Inc.*, Case No. 20-10247 (Bankr. M.D.N.C. Mar. 6, 2020) (same); *In re Hygea Holdings Corp.*, Case No. 20-10361 (Bankr. D. Del. Feb. 19, 2020) (same); *In re Hospital Acquisition LLC*, Case No. 19-10998 (Bankr. D. Del. May 8, 2019) (same); *In re Promise Healthcare Group, LLC*, Case No. 18-12491 (Bankr. D. Del. Nov. 6, 2018) (same); *In re EBH TOPCO, LLC*, Case No. 18-11212 (Bankr. Del. May 24, 2018) (same).

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[18]

The Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings to (a) the Court, the U.S. Trustee, and counsel to an official committee of unsecured creditors appointed in these chapter 11 cases (if any), and (b) upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Bankruptcy Cases, any party in interest. Moreover, the Debtors provided an unredacted version of the Creditor Matrix to their proposed claims agent who, if approved to act in such capacity, will serve notices upon all parties identified on such Creditor Matrix in accordance with any Court orders. In addition, the Debtors will distribute to their former employees any notices that are delivered to an employee at the Hospital pursuant to these Bankruptcy Cases. The Debtors respectfully submit that the foregoing procedures reasonably balance any party-in-interest's need to provide notice as required under the Notice Rules (as may be modified by the Court as requested herein) with individuals' entitlement to protection against having their personal information involuntarily disclosed to the public, opening such individuals up to being unwitting targets of crime.

The Debtors recognize that the exceptions to section 107(a) should be construed narrowly.[19] However, the addition of section 107(c) in BAPCPA "broadened the situations in which the court could protect individuals from disclosure of sensitive information in light of the emerging problem of identity theft and also the possible need to protect individuals from domestic violence or other injury."[20] Courts have expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In *Clover*, while overruling the objection of the U.S Trustee to redaction relief, the same as that proposed herein, Judge Owens noted that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the

---

[18] The incident, which took place during the *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

[19] *In re Khan*, 2013 Bankr. LEXIS 5303, at *7 (9th Cir. B.A.P. Dec. 17, 2013).

[20] *In re Motions Seeking Access to 2019 Statements*, 585 B.R. at 747 (quoting 2 COLLIER ON BANKRUPTCY ¶ 107.LH[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.), *aff'd sub nom In re AC&S Inc.*, 775 Fed. Appx. 78 (3d Cir. 2019)).

7

DOCS_SF:104974.92 31100/001

internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses."[21] In *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."[22] Similarly in *Anna Holdings*, Chief Judge Sontchi also overruled the U.S. Trustee's objection, emphasizing the importance of protecting individuals from unnecessary disclosure of such information, noting that "I think it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to [prevent] scams. . . So, you know, it's a real-life issue, and, of course, the issue of domestic violence is extremely important."[23]

For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information— including home addresses—in respect of the Debtors' individual creditors who are listed on the Creditor Matrix or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**E.** **Proposed Procedures for Service of the Notice of Commencement**

The Debtors have filed an application to retain Stretto ("Stretto") as their claims and noticing agent in these Bankruptcy Cases. Pursuant to section 156(c) of Title 28 of the United States Code, the Court is empowered to use outside facilities or services to provide notices and other administrative information to parties in interest, if the costs are paid from the assets of the estates. Under the proposed Commencement Notice Procedures (as defined and as set forth below) and pursuant to section 342(a)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

---

[21] Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).

[22] Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

[23] Hr'g Tr. at 48:20-25, 49:1–8, *In re Anna Holdings, Inc.*, No. 19-12551 (Bankr. D. Del. Dec. 3, 2019).

of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), the Debtors will furnish their consolidated Creditor Matrix to Stretto so that Stretto can mail the Notice of Commencement to creditors identified therein.

Bankruptcy Rule 2002(a) provides, in pertinent part, that the "clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code."[24] Bankruptcy Rule 2002(f) provides that notice of the order for relief shall also be provided to all creditors by mail.

In light of the foregoing requirements, the Debtors propose the following procedures (the "Commencement Notice Procedures") with respect to service of the Notice of Commencement.

(i)     Stretto will undertake the mailing of the Notice of Commencement, attached as <u>Exhibit 1</u> to the Order, to the creditors listed on the Debtors' consolidated Creditor Matrix, and

(ii)    Stretto will publish the Notice of Commencement on the website established for the Debtors' Bankruptcy Cases.

These Procedures are permissible under the Notice Rules, authorized by section 105(a) of the Bankruptcy Code and applicable precedent, and necessary for the Debtors to carry out their fiduciary duties in these Bankruptcy Cases. As a result, the Debtors request that the Court approve these Commencement Notice Procedures, as well as the other relief requested herein.

**V.**

**EMERGENCY CONSIDERATION**

The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Here, entry of the Order is necessary to avoid immediate and irreparable harm because, absent its immediate entry, the Debtors would be forced to publicly file information that could subject the Debtors to liability under HIPAA and could jeopardize the safety and security of individuals. In addition, immediate entry of the Order will clarify important "first day" noticing matters, ensuring that all parties in interest receive timely notice of the commencement of the

---

[24] Fed. R. Bankr. P. 2002(a).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Bankruptcy Proceedings. Accordingly, the Debtors respectfully submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## VI.

## <u>WAIVER OF BANKRUPTCY RULE 6004</u>

The Debtors request a waiver of any applicable notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained above and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## VII.

## <u>RESERVATION OF RIGHTS</u>

Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim of any creditor or interest of any interest holder under applicable bankruptcy or nonbankruptcy law; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an assumption, adoption, or rejection of any agreement, contract, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code. The Debtors reserve all of their rights under the Bankruptcy Code.

## VIII.

## <u>NOTICE</u>

Notice of this Motion has been provided by email, facsimile, and/or overnight courier to the First Day Notice Parties (as defined in the Motion to Shorten Time). The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

10

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

1

2

3

 **WHEREFORE**, the Debtors respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

4   Dated:   December 5, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

5

6                                               By: */s/ Debra I. Grassgreen*
                                                    Debra I. Grassgreen
7                                                   Maxim B. Litvak
                                                    Steven W. Golden
8
                                                    Proposed Attorneys for Debtors and Debtors in
9                                                   Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**EXHIBIT A**

**(Proposed Order)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

1

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone:     415.263.7000
Facsimile:     415.263.7010
E-mail:     dgrassgreen@pszjlaw.com
            mlitvak@pszjlaw.com
            sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>                 Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY FIVE LARGEST UNSECURED CREDITORS, (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS, AND (D) PROTECTING CONFIDENTIAL PATIENT INFORMATION; (II) IMPLEMENTING CERTAIN PROCEDURES FOR THE NOTICE OF COMMENCEMENT; AND (III) GRANTING RELATED RELIEF**<br><br>Date:     December 7, 2021<br>Time:    9:30 a.m.<br>Place:   **Telephonic/Video Appearance Only**<br>           Courtroom 11<br>           280 South First Street<br>           San Jose, CA 95113<br>Judge:  Hon. M. Elain Hammond |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Upon the motion (the "Motion"),[2] dated December 5, 2021 of Watsonville Hospital Corporation ("WHC") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), pursuant to sections 105, 107, 342, and 521 of title 11 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, and 9037, Bankruptcy Local Rules 1001-2 and 2002-1, and the *United States Bankruptcy Court for the Northern District of California Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents*, for entry of an order: (a) authorizing the Debtors to (i) file a consolidated Creditor Matrix, (ii) file a consolidated list of the Debtors' thirty five largest unsecured creditors in lieu of filing lists for each Debtor, (iii) implement procedures in furtherance of the Debtors' obligations to their Patients under HIPAA, and (iv) redact certain personally identifiable information for the Debtors' individual creditors; and (b) implementing certain procedures for the Notice of Commencement, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the Notice Parties is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest, and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

---

Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

2. The Debtors are authorized to file a consolidated Creditor Matrix in accordance with the joint administration of these Bankruptcy Cases.

3. The Debtors are authorized to file a consolidated list of the Debtors' thirty five largest unsecured creditors in lieu of Top 20 Lists for each Debtor.

4. The Debtors are authorized to redact personally identifiable information (as that term is defined in section 101(41A) of the Bankruptcy Code), including home address information, in respect of the Debtors' individual creditors (including current and former employees) listed on the Creditor Matrix, Schedules and Statements, or similar document filed with the Court; *provided* that the names of the individual creditors shall not be redacted. The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other applicable filed document to the Court, the U.S. Trustee, counsel to any official committee appointed in these Bankruptcy Cases, and any party in interest upon reasonable request.

5. The Debtors are authorized to implement the following HIPAA Privacy Procedures:

(a) the Debtors shall omit any reference to current or former Patients from the Creditor Matrix and from any certificate of service, subject to section (d) below;

(b) the Debtors shall identify current or former Patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (i) the Court and to the U.S. Trustee upon request; and (ii) any other party in interest only after this Court has entered an order, after notice and a hearing, authorizing or directing the Debtors to do so;

(c) the Debtors and/or their proposed claims and noticing agent shall maintain a list of current or former patients (the "Patient List")[3] and shall make the Patient List, or any portion thereof, available to any party in interest only after this Court has entered an order, after notice and a hearing, authorizing or directing the Debtors to do so; and

(d) when the Debtors serve any paper upon any person listed on the Patient List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Patient List, but shall not include the individual names or other identifying information for individual Patients.

6. The Debtors are authorized to adopt the Commencement Notice Procedures.

---

[3] The Debtors are authorized to include only Patients treated at the Hospital on or after December 1, 2018 on the Patient List.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

7.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and such notice satisfies the notice requirements of Bankruptcy Rule 2002 and the Bankruptcy Local Rules.

8.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately enforceable upon entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

1

## **EXHIBIT 1**

2

**(Notice of Commencement)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

| Information to identify the case: |

Debtor    __Watsonville Hospital Corporation__
                      Name

EIN    __91-1894113__

__United States Bankruptcy Court for the Northern District of California__

Date case filed for chapter 11    __12/01/2021__

Case Number:    __21-51477__

## Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case
<span style="float:right">10/20</span>

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov), or by visiting the court-appointed claims agent's website at: https://cases.stretto.com/WatsonvilleHospital.

__The staff of the bankruptcy clerk's office cannot give legal advice.__

**Do not file this notice with any proof of claim or other filing in the case.**

| | |
|---|---|
| **1. Debtor's full name** | See chart below |
| **2. All other names used in the last 8 years** | See chart below |
| **Jointly Administered Cases:** | |

| DEBTOR | ADDRESS | CASE NO. | EIN |
|---|---|---|---|
| Watsonville Hospital Corporation | 75 Nielson Street Watsonville, CA 95076 | 21-51477 | 91-1894113 |
| Watsonville Hospital Management, LLC | 75 Nielson Street Watsonville, CA 95076 | 21-51478 | 47-4564168 |
| Watsonville Hospital Holdings, Inc. | 1872 Sharon Lane Santa Ana, CA 92705 | 21-51479 | 84-1941118 |
| Halsen Healthcare, LLC | 1872 Sharon Lane Santa Ana, CA 92705 | 21-51480 | None |

| | |
|---|---|
| **3. Address** See chart above | |

Case: 21-51477    Doc# 8    Filed: 12/05/21    Entered: 12/05/21 14:53:11    Page 23 of 25

American LegalNet, Inc.
www.FormsWorkFlow.com

---

**4. Debtor's attorneys**

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen, Esq.
Maxim B. Litvak, Esq.
Steven W. Golden, Esq.
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020

Contact Phone:   (415) 263-7000
Emails:
   dgrassgreen@pszjlaw.com
   mlitvak@pszjlaw.com
   sgolden@pszjlaw.com

---

**5.  Bankruptcy clerk's office**
Documents in this case may be filed at this address:

280 South First Street
Room 3035
San Jose, CA 95113-3099

Hours of operation:   Monday through Friday 9:00 a.m. – 3:00 p.m.

You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov, or by visiting the court-appointed claims agent's website at: https://cases.stretto.com/WatsonvilleHospital.

---

**6.   Meeting of creditors**
The debtor's representative must attend the meeting to be questioned under oath.
Creditors may attend, but are not required to do so.

‾‾‾‾‾‾‾‾‾‾  at  ‾‾‾‾‾‾‾‾‾‾
Date                Time

Location:

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.

---

**7. Proof of claim deadline**

**Deadline for filing proof of claim:   To be determined**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.   A proof of claim form may be filed either electronically or as a paper document. For more information on how to file a Proof of Claim, visit the court-appointed claims agent's website at https://cases.stretto.com/WatsonvilleHospital.

Your claim will be allowed in the amount scheduled unless:

▪ your claim is designated as *disputed, contingent*, or *unliquidated;*

▪ you file a proof of claim in a different amount; or

▪ you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed, contingent,* or *unliquidated,* you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office, online at https://pacer.uscourts.gov, or at the court-appointed claims agent's website at https://cases.stretto.com/WatsonvilleHospital.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

---

**8.  Exception to discharge deadline**

The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.

**Deadline for filing the complaint:** To be determined

---

American LegalNet, Inc.
www.FormsWorkFlow.com

| | |
|---|---|
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

**If you have questions about this notice, please call (855) 524-4733 (Toll-Free), or
email teamWatsonvilleHospital@stretto.com, or
visit https://cases.stretto.com/WatsonvilleHospital**

DOCS_SF:106437.1

Case: 21-51477    Doc# 8    Filed: 12/05/21    Entered: 12/05/21 14:53:00    Page 26 of 25

American LegalNet, Inc.
www.FormsWorkFlow.com