1  Debra I. Grassgreen (CA Bar No. 169978)
   Maxim B. Litvak (CA Bar No. 215852)
2  Steven W. Golden (*pro hac vice* pending)
   PACHULSKI STANG ZIEHL & JONES LLP
3  One Market Plaza, Spear Tower, 40th Floor
   San Francisco, CA 94105-1020
4  Telephone: 415.263.7000
   Facsimile: 415.263.7010
5  E-mail: dgrassgreen@pszjlaw.com
           mlitvak@pszjlaw.com
6          sgolden@pszjlaw.com

7  Proposed Attorneys for Debtors and
   Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**DEBTORS' MOTION FOR ORDER (I) IMPLEMENTING CERTAIN COMPLEX CASE MANAGEMENT PROCEDURES; (II) LIMITING NOTICE OF CERTAIN PLEADINGS; AND (III) GRANTING RELATED RELIEF**<br><br>Date: December 7, 2021<br>Time: 9:30 a.m.<br>Place: **Telephonic/Video Appearance Only**<br>Courtroom 11<br>280 South First Street<br>San Jose, CA 95113<br>Judge: Hon. M. Elain Hammond |

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby submit this motion (the "Motion"), pursuant to sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

7007-1, and 9014-1 of the Bankruptcy Local Rules for the Northern District of California (the "Bankruptcy Local Rules"), for entry of an order implementing certain notice, case management, and administrative procedures (the "Case Management Procedures") set forth therein.

A proposed form of order granting the relief requested herein (the "Order") is attached hereto as **Exhibit A**.

In support of this Motion, the Debtors submit the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference,[2] and the accompanying memorandum of points and authorities set forth below.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal bases for the relief requested herein are sections 102 and 105 of the Bankruptcy Code, Bankruptcy Rules 1015, 2002, and 9007, and Bankruptcy Local Rules 2002-1, 7007-1, and 9014-1.

## II.

## BACKGROUND

On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases, and no committees have been appointed or designated.

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106-bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the First Day Declaration.

# III.
# RELIEF REQUESTED

By this Application, the Debtors seek entry of an Order, substantially in the form attached hereto as **Exhibit A**, implementing the Case Management Procedures and establishing a limited notice list in these Bankruptcy Cases.

# IV.
# GENERAL CASE ADMINISTRATION AND PLEADINGS

As set forth more fully in the proposed Order, the Case Management Procedures do, among other things, the following:

a) establish requirements for filing and serving notices, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documents, and other papers filed in these Bankruptcy Cases (collectively, the "Pleadings");

b) delineate standards for notices of hearings and agendas;

c) fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and

d) facilitate consensual resolution of any disputes among parties.

Given the size and scope of these Bankruptcy Cases, the Debtors believe that the Case Management Procedures will facilitate service of Pleadings that will be less burdensome and costly than serving such documents on every potentially interested party or effecting service by mail where parties have indicated their consent to service by e-mail (by providing their e-mail addresses in notices of appearance) and/or ECF (through registration and electronically filing in these cases), which, in turn, will maximize the efficiency and orderly administration of these Bankruptcy Cases, while at the same time ensuring that appropriate notice is provided, particularly to parties who have expressed an interest in these cases and those directly affected by a request for relief.

To ensure that parties in interest in these Bankruptcy Cases are made aware of the Case Management Procedures, the Debtors propose to: (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures), (b) publish the Case Management Procedures on the Debtors' restructuring website (the "Case Website"), and (c) make the

Case Management Procedures readily available on request to the Debtors' proposed noticing and claims agent, Stretto (the "Claims and Noticing Agent"). In the event the Case Management Procedures are modified during these Bankruptcy Cases, the Debtors will ensure updated versions of the Case Management Procedures are available on the Case Website and will file notice of the same on the Court's Electronic Filing System.

## V.

## BASIS FOR RELIEF REQUESTED

The Court may grant the relief requested herein pursuant to Bankruptcy Rules 2002(m), 9007, and 1015(c). Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the manner in which notices required under the Bankruptcy Rules are provided. Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."[3] Bankruptcy Rule 9007 further provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."[4] Further, Bankruptcy Rule 1015(c) provides that when, as has been requested here, two or more cases are being administered jointly, the Court may enter orders "as may tend to avoid unnecessary costs and delay."[5]

Section 102(1) of the Bankruptcy Code provides that if the Bankruptcy Code requires an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."[6] Further, under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[7] Similarly, under section 105(d) the Court may issue an order "prescribing such limitations and

---

[3] Fed. R. Bankr. P. 2002(m).

[4] Fed R. Bankr. P. 9007.

[5] Fed R. Bankr. P. 1015(c).

[6] 11 U.S.C. § 102(1)(A).

[7] 11 U.S.C. § 105(a).

conditions as the court deems appropriate to ensure the case is handed expeditiously and economically."[8] Here, these Bankruptcy Cases are complex, with thousands of potentially interested parties. The Debtors believe that entry of the Case Management Procedures will benefit both the Court and their estates by expediting resolution of any conflicts, streamlining the filing and hearing process, and providing a standardized instruction for service of all Pleadings. Courts in this and other districts have granted similar relief to that requested herein.[9] Accordingly, the Debtors respectfully request the Court enter an Order granting the relief requested herein.

## VI.

## **EMERGENCY CONSIDERATION**

The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth herein, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the Hospital's viability and that any delay in granting the requested relief could hinder the Debtors' operations and disrupt the efficient restructuring process. Accordingly, the Debtors respectfully submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## VII.

## **NOTICE**

Notice of this Motion has been provided to the First Day Notice Parties (as defined in the Motion to Shorten Time). The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

---

[8] 11 U.S.C. § 105(d); see also Bankruptcy Rule 9007 (permitting a Court to designate the form and manner in which notices are provided).

[9] *See, e.g., In re Wave Computing, Inc.*, Case No. 20-50682 (MEH), Docket No. 255 (Bankr. N.D. Cal. June 19, 2020) (granting motion to establish case management procedures, including limiting notice); *In re PG&E Corp.*, Case No. 19-30088 (DM), Docket No. 1093 (Bankr. N.D. Cal. Mar. 27, 2019) (same); *see also In re Verity Health Sys. of Calif., Inc.*, Case No. 18-bk-20151-ER, Docket No. 132 (Bankr. C.D. Cal. Sep. 7, 2018) (granting emergency motion to limit notice); *In re Gardens Regional Hosp. and Med. Ctr., Inc.*, Case No. 2:16-bk-17463-ER, Docket No. 58 (Bankr. C.D. Cal. June 9, 2016).

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 5, 2021  PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Debra I. Grassgreen*
Debra I. Grassgreen
Maxim B. Litvak
Steven W. Golden

Proposed Attorneys for Debtors and Debtors in Possession

# EXHIBIT A

(Proposed Order)

1  Debra I. Grassgreen (CA Bar No. 169978)
   Maxim B. Litvak (CA Bar No. 215852)
2  Steven W. Golden (*pro hac vice* pending)
   PACHULSKI STANG ZIEHL & JONES LLP
3  One Market Plaza, Spear Tower, 40th Floor
   San Francisco, CA 94105-1020
4  Telephone:  415.263.7000
   Facsimile:   415.263.7010
5  E-mail:       dgrassgreen@pszjlaw.com
                 mlitvak@pszjlaw.com
6                sgolden@pszjlaw.com

7  Proposed Attorneys for Debtors and
   Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**ORDER (I) IMPLEMENTING CERTAIN COMPLEX CASE MANAGEMENT PROCEDURES; (II) LIMITING NOTICE OF CERTAIN PLEADINGS; AND (III) GRANTING RELATED RELIEF**<br><br>Date:  December 7, 2021<br>Time:  9:30 a.m.<br>Place: **Telephonic/Video Appearance Only**<br>         Courtroom 11<br>         280 South First Street<br>         San Jose, CA 95113<br>Judge: Hon. M. Elain Hammond |

Upon the Motion (the "Motion"),[2] dated December 5, 2021 of Watsonville Hospital Corporation ("WHC") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), pursuant to sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

[2] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

7007-1, and 9014-1 of the Bankruptcy Local Rules for the Northern District of California (the "Bankruptcy Local Rules"), for entry of an order implementing complex case management procedures and establishing a limited notice list in these Bankruptcy Cases, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest and necessary to prevent immediate and irreparable harm; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as provided herein.

2. The Case Management Procedures set forth herein are approved and shall govern all aspects of these Bankruptcy Cases, except as ordered by the Court or agreed to by mutual consent of the parties.

3. The Debtors' claims and noticing agent (the "Claims and Noticing Agent") is authorized to maintain the case website (the "Case Website") that it has established, available at https://cases.stretto.com/WatsonvilleHospital, where, among other things, the Case Management Procedures and key dates and information about these Bankruptcy Cases will be posted.

**FILING OF PLEADINGS**

4. All documents in these Bankruptcy Cases, including, but not limited to, all motions, notices, applications, other requests for relief (collectively "Motions"), objections or responses to Motions ("Responses"), and replies to Responses ("Replies" and, together with Motions and

Oppositions, "Pleadings") shall be filed in accordance with Bankruptcy Local Rule 5005-1(c) on the docket of *In re Watsonville Hospital Corporation*, Case No. 21-51477 (the "Docket"). Notwithstanding Civil Local Rule 3-4(c)(3), incorporated by Bankruptcy Local Rule 1001-2, Pleadings filed in the Bankruptcy Cases shall not contain a footer indicating the nature of the Pleading.

**PARTIES ENTITLED TO SERVICE OF DOCUMENTS**

5. All Pleadings shall be served, in the manner described herein, on the following parties (collectively, the "Standard Notice Parties"):

   a. the Debtors, 75 Neilson Street, Watsonville, CA 95076 (Attn: Jeremy Rosenthal, CRO);

   b. proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, One Market Plaza, Spear Tower, 40th Floor, San Francisco, CA 94105 (Attn: Debra Grassgreen, dgrassgreen@pszjlaw.com; Maxim Litvak, mlitvak@pszjlaw.com, and Steven Golden, sgolden@pszjlaw.com);

   c. the Office of the United States Trustee, Region 17, 280 South First St., Room 268, San Jose, CA 95113 (Attn: Jason Blumberg, jason.blumberg@usdoj.gov; and Elvina Rofael, elvina.rofael@usdoj.gov);

   d. counsel for the DIP Lender, the MPT Prepetition Lender, and MPT of Watsonville, LLP, (i) KTBS Law, LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067 (Attn: Thomas E. Patterson, tpatterson@ktbslaw.com; Sasha M. Gurvitz, sgurvitz@ktbslaw.com) and (ii) Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 420 20th Street North, Suite 1400, Birmingham, Alabama 35203 (Attn: Luther P. Crull, III, lcrull@bakerdonelson.com);

   e. counsel to the official committee of unsecured creditors, if any;

   f. all persons and entities that have filed notices of appearance and requested service in these cases pursuant to Bankruptcy Rule 2002.

6. The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include the Standard Notice Parties. The Master Service List shall contain physical addresses and e-mail addresses. The Claims and Noticing Agent shall use reasonable efforts

3

to update the Master Service List as often as practicable, but in no event less frequently than every fourteen (14) days. The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy of the same and a copy of the Master Service List shall be posted on the Case Website commencing as of the date that is seven (7) days from the date of this Order.

7. The proceedings to which notice is limited to the Standard Notice Parties shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following subsections of Bankruptcy Rule 2002: (a)(1); (a)(5); (a)(7); (b)(1); (b)(2); and (f)(3); *provided, however*, that any person with a particularized interest in the subject of a Pleading (an "Affected Entity") must also be served with notice of any such Pleading even if such Affected Entity does not appear on the Master Service List.

## METHOD OF SERVICE OF PLEADINGS

8. Except as otherwise provided herein or by separate Order, all Pleadings shall be filed electronically with the Court, using the CM/ECF system, and (i) served by e-mail on the Master Service List, other than service of a summons and complaint in an adversary proceeding, which shall be deemed to constitute proper service for all parties who are sent such e-mail service; and (ii) served on any Affected Entities by first class mail or private mail service.

9. All Pleadings served by e-mail shall include the entire document(s), including any proposed forms of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs available without cost. The relevant Pleading shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Pleading cannot be attached to an email, the filing party may serve such Pleading by U.S. mail *provided* that the Pleading is served by hand or overnight delivery on the Master Service List and any Affected Entities.

## FILING DEADLINES

10. Pleadings filed in these Bankruptcy Cases shall follow the briefing schedules set forth in Bankruptcy Local Rule 9014-1(c), except as expressly modified herein. Unless ordered by the Court, the Response and Reply deadline with respect to all Motions shall be 4:00 p.m. (prevailing

Pacific Time). Pleadings in adversary proceedings shall follow the briefing schedule set forth in Bankruptcy Local Rule 7007-1.

11. Motions for which a hearing is either requested or required, pursuant to Bankruptcy Local Rule 9014-1(b)(1) or (b)(2) shall be filed and served at least twenty-one (21) days before the actual scheduled hearing date;

    a. Any Response thereto shall be filed and served on the initiating party at least seven (7) days prior to the actual scheduled hearing date; and

    b. Any Reply shall be filed and served at least three (3) days prior to the actual scheduled hearing date.

12. Motions for which a hearing is not required or requested, pursuant to Bankruptcy Local Rule 9014-1(b)(3), shall be filed on negative notice using the language as set forth verbatim in Bankruptcy Local Rule 9014-1(b)(3)(A);

    a. If a Response is received, the Motion shall be set for a hearing on the next available omnibus hearing date that is at least seven (7) days following the date and service of the Response;

    b. Any Reply shall be filed and served at least three (3) days prior to the actual scheduled hearing date; and

    c. If no Response is filed, a certificate of no objection shall be filed on the Docket and the proposed order shall be uploaded for entry by the Court.

13. Sur-replies shall not be permitted or considered unless authorized by the Court.

14. Any Response or Reply deadline may be adjourned by agreement of the relevant parties without further order of the Court; *provided, however*, that, absent further of the Court, any Response or Reply must be filed no later than 4:00 p.m. (prevailing Pacific Time) on the date that is two (2) business days prior to the hearing date for the applicable Pleading.

15. Any witness or exhibit list shall be filed and served by 4:00 p.m. (prevailing Pacific Time) at least three business (3) days prior to the actual scheduled hearing date.

16. Any agenda shall be filed and served by Noon (prevailing Pacific Time) at least one business (1) day prior to the actual scheduled hearing date.

# OMNIBUS HEARINGS

17. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "Omnibus Hearings") at which Pleadings shall be heard. Upon scheduling, the Debtors shall file a notice on the Docket of the dates of such Omnibus Hearings and the Claims and Noticing Agent shall post the date and time of the Omnibus Hearing on the Case Website. The first three Omnibus Hearings shall be scheduled for the following dates, with times to be announced by the Court and posted on the Case Website at a later date:

- [●]
- [●]
- [●]

18. Hearings in connection with claims objections, pre-trial conferences, and trials related to adversary proceedings, approval of a disclosure statement, confirmation, and any other Pleading filed by the Debtors, may be scheduled for dates other than the Omnibus Hearing dates; *provided, however,* that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least forty-five (45) days after the filing of the complaint; *provided, further*, that hearings on all other pleadings filed by a party other than the Debtors must be scheduled for an Omnibus Hearing except for pleadings requiring emergency relief.

19. If a Pleading is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures (an "Inconsistent Filing"), the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing date after the applicable notice period has expired, and the Debtors shall provide such party with notice of these Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

20. If a movant other than the Debtors determines that a Motion requires emergency or expedited relief, the movant shall first contact the attorneys for the Debtors by telephone and request that the Motion be considered on an expedited basis. If the Debtors disagree with the movant's determination regarding the expedited nature of the relief requested, the movant shall inform the Court of the disagreement in the motion to expedite.

## DISCOVERY AND EVIDENCE

21. Expedited discovery in contested matters in the Bankruptcy Cases is authorized without further Court order. This authorization is without prejudice to the rights of any party or witness to seek protective order relief under the Federal Rules of Civil Procedure. Parties shall work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation. Document requests by letter, facsimile, or email are authorized.

22. For the Bankruptcy Cases and any related adversary proceedings, no letter submissions regarding discovery will be accepted. Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers. The Court will make itself available for such calls, but such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves. Unless otherwise ordered by the Court, no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

## MISCELLANEOUS

23. The Debtors are authorized to take all steps necessary or appropriate to carry out the Case Management Procedures set forth herein.

24. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**