Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 21-51477 |
| WATSONVILLE HOSPITAL CORPORATION, *et al.*, | Chapter 11 |
| Debtors.[1] | **DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 366 AND 105(a) REQUESTING ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES PROVIDING ADEQUATE ASSURANCE AND RESOLVING OBJECTIONS OF UTILITY PROVIDERS, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE** |
| | Date: December 7, 2021 |
| | Time: 9:30 a.m. |
| | Place: **Telephonic/Video Appearance Only** |
| | Courtroom 11 |
| | 280 South First Street |
| | San Jose, CA 95113 |
| | Judge: Hon. M. Elain Hammond |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

DOCS_NY:44344.92339/001

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby file this motion (the "Motion") for the entry of interim and final orders (i) approving the Debtors' proposed form of adequate assurance of payment for postpetition Utility Services (as defined below), (ii) establishing procedures for providing adequate assurance and resolving objections of Utility Providers (as defined below) relating to the adequacy of the proposed adequate assurance, and (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors because of the commencement of these Bankruptcy Cases or for a debt that is owed by the Debtors for Utility Services rendered prior to the Petition Date (as defined below).

A proposed form of order granting the relief requested herein on an interim basis (the "Interim Order") is attached hereto as **Exhibit A**.

In support of this Motion, the Debtors submit the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference,[2] and the accompanying memorandum of points and authorities set forth below.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

DOCS_NY:44174.9 23894/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

# TABLE OF CONTENTS

I. JURISDICTION ........................................................................................................... 1

II. BACKGROUND ........................................................................................................ 1

III. THE DEBTORS' UTILITY SERVICES .................................................................... 2

    A.   Utility Providers ................................................................................................ 2

    B.   Proposed Adequate Assurance ......................................................................... 2

    C.   Proposed Adequate Assurance Procedures and the Resolution of Objections ......... 3

    D.   Subsequent Modifications of Utility Service List ............................................ 5

IV. BASIS FOR RELIEF REQUESTED ......................................................................... 6

V. THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED ............................. 8

VI. RESERVATION OF RIGHTS .................................................................................... 9

VII. NOTICE ................................................................................................................... 9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*In re Adelphia Bus. Solutions, Inc.*,
280 B.R. 63 (Bankr. S.D.N.Y. 2002) .................................................................. 7

*In re Anchorage Nautical Tours, Inc.*,
145 B.R. 637 (B.A.P. 9th Cir. 1992) .................................................................. 8

*In re Curry & Sorensen, Inc.*,
57 B.R. 824 (B.A.P. 9th Cir. 1986) .................................................................... 8

*In re Penn. Cent. Transp. Co.*,
467 F.2d 100 (3d Cir. 1972) ............................................................................... 7

*In re Steinebach*,
303 B.R. 634 (Bankr. D. Ariz. 2004) ................................................................ 7

*Va. Elec. & Power Co. v. Caldor Inc.*,
117 F.3d at 650 ................................................................................................... 7

*Va. Elec. & Power Co., v. Caldor, Inc.*,
117 F.3d 646 (2d Cir. 1997) ............................................................................... 7

**Statutes**

11 U.S.C. § 105(a) .............................................................................................. 8
11 U.S.C. § 1107(a) ....................................................................................... 1, 8
11 U.S.C. § 1108 ................................................................................................ 1
11 U.S.C. § 365 .................................................................................................. 9
11 U.S.C. § 366(b) ......................................................................................... 6, 7
11 U.S.C. § 366(c) ................................................................................... 2, 3, 6, 7
11 U.S.C. § 366(c)(1) ......................................................................................... 2
11 U.S.C. § 366(c)(1)(A)(v) .............................................................................. 7
11 U.S.C. § 366(c)(2) ......................................................................................... 2
11 U.S.C. § 366(c)(3) ......................................................................................... 5
11 U.S.C. § 366(c)(3)(A) .................................................................................... 7
28 U.S.C. § 1334 ................................................................................................ 1
28 U.S.C. § 1408 ................................................................................................ 1
28 U.S.C. § 1409 ................................................................................................ 1
28 U.S.C. § 157 .................................................................................................. 1

**Rules**

Bankruptcy Local Rule 5011-1(a) ..................................................................... 1
Fed. R. Bankr. P. 7008 ....................................................................................... 1
Fed. R. Civ. P. 6003 ........................................................................................... 9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal bases for the relief requested herein are sections 105(a) and 366 of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### II.

### BACKGROUND

On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases, and no committees have been appointed or designated.

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106-bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the First Day Declaration.

## III.

## THE DEBTORS' UTILITY SERVICES

**A.** **Utility Providers**

In the ordinary course of business, the Debtors incur expenses for electricity, natural gas, water, sewer, waste disposal, telecommunications, and other utility services (collectively, the "Utility Services"). A nonexclusive list (the "Utility Service List") of the utility companies or brokers (collectively, the "Utility Providers") that provide the Utility Services to the Debtors as of the Petition Date is attached hereto as **Exhibit B**.[1]

As detailed in the Utility Service List, on average over the immediately preceding twelve calendar months, the Debtors incur approximately $195,973.10 per month in the aggregate for the Utility Services. As of the Petition Date, the Debtors do not believe that any Utility Provider holds a pre-petition security deposit.

**B.** **Proposed Adequate Assurance**

Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after commencing its case. Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse, or discontinue a debtor's utility service if the utility does not receive from the debtor within thirty (30) days of the commencement of the debtor's chapter 11 case "adequate assurance of payment" for postpetition utility services. Section 366(c)(1) of the Bankruptcy Code defines "assurance of payment" of postpetition charges as "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1).

The Debtors intend to pay all postpetition obligations owed to the Utility Providers in a timely manner and have sufficient funds to do so. As set forth in the First Day Declaration, the Debtors have a commitment for debtor in possession financing, which, together with existing cash and cash generated from operations, is more than adequate to fund their day to day expenses, including

---

[1] The Debtors reserve the right to amend or supplement the Utility Service List to include any Utility Provider omitted. The inclusion of any entity on the Utility Service List is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

DOCS_NY:44074 92389.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

postpetition amounts for Utility Services. Notwithstanding the foregoing, to provide adequate assurance of payment to the Utility Providers pursuant to section 366(c) of the Bankruptcy Code, the Debtors propose to deposit into an interest-bearing bank account designated by the Debtors for holding deposits (the "Adequate Assurance Account") a sum equal to the cost of two (2) weeks of Utility Services, calculated based on the historical average of the Debtors' utility expenses over the twelve-month period prior to the Petition Date (the "Adequate Assurance Deposit"). The Adequate Assurance Deposit will not, however, include any amount on account of any Utility Provider that (a) agrees to a lesser amount, (b) already holds a deposit, letter of credit, surety bond, or other type of instrument securing the Debtors' performance equal to or greater than two weeks of Utility Services, or (c) is paid in advance for its Utility Services.[2] Based on the foregoing calculation, the Debtors estimate that the total amount of the Adequate Assurance Deposit will be $97,986.56.

The Debtors shall, however, have the right to reduce the Adequate Assurance Deposit to the extent that any of the following occurs: (a) the Adequate Assurance Deposit includes any amount on account of a Utility Provider that the Debtors subsequently determine should be removed from the Utility Service List; (b) a Utility Provider properly serves an Additional Adequate Assurance Request (as defined below), and any settlement results in such Utility Provider's removal from the Utility Service List or in the Debtors' provision of alternate assurance to the Utility Provider; or (c) any Utility Provider has instead been provided with a letter of credit, cash deposit, or some other form of security acceptable to the Utility Provider. The Debtors submit that the Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business (the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers.

**C.** **Proposed Adequate Assurance Procedures and the Resolution of Objections**

The Debtors propose that the procedures described below (the "Adequate Assurance Procedures") be utilized in connection with the Proposed Adequate Assurance:

a) The Debtors will fax, e-mail, serve by overnight mail, or otherwise expeditiously send a copy of the applicable order (as approved by the Court), which includes the proposed

---

[2] To the extent that any Utility Provider is holding or will hold any cash deposit from the Debtors that is in excess of two (2) weeks' worth of the average utility cost, the Debtors reserve their right to demand return of such excess amounts.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Adequate Assurance Procedures, to each Utility Provider on the Utility Service List within three (3) business days after entry of the applicable order by the Court.

b) The Debtors will deposit the Adequate Assurance Deposit in the Adequate Assurance Account within five (5) business days of entry of the Interim Order; provided, that to the extent any Utility Provider receives any additional assurance of payment as set forth herein, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account by such amount.

c) The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) the date on which the Debtors have terminated the service from such provider and have satisfied in full all postpetition obligations due and owing to the applicable Utility Provider and (ii) the effective date of a plan of reorganization in the Bankruptcy Cases, if not applied earlier.

d) Any Utility Provider not satisfied with the Proposed Adequate Assurance must serve a written request for additional assurance (an "Additional Assurance Request") on the following parties: (i) the Debtors, c/o Force Ten Partners LLC, 20341 Southwest Birch Street, Suite 220, Newport Beach, CA 92660, Attn: Jeremy Rosenthal (jrosenthal@force10partners.com); and (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, One Market Plaza, Spear Tower, 40th Floor, San Francisco, CA 94105-1020, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com), Maxim Litvak (mlitvak@pszjlaw.com), and Benjamin Wallen (bwallen@pszjlaw.com) (collectively, the "Adequate Assurance Notice Parties").

e) Any Additional Assurance Request must (i) be made in writing, (ii) identify the Debtor to which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including the amounts of any security deposits, and (iv) set forth an explanation of why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f) Any Additional Assurance Request must be made and actually received by the Adequate Assurance Notice Parties by no later than twenty (20) days after entry of an applicable order by the Court, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider. If a Utility Provider fails to timely file and serve an Additional Assurance Request, it shall: (i) be deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (ii) be forbidden to discontinue, alter, or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

g) Upon receipt by the Adequate Assurance Notice Parties of any Additional Assurance Request as set forth above, the Debtors shall have the greater of (i) twenty (20) days from the receipt of such Additional Assurance Request, and (ii) thirty (30) days from entry of an order (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider in writing.

h) If the Debtors, in consultation with the DIP Lender, determine that an Additional Assurance Request or any consensual agreement reached in connection therewith is reasonable, the Debtors may resolve any Additional Assurance Request without further order of the Court, and may, in connection with any such agreement, in consultation with the DIP Lender, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments, or other forms of security.

4

DOCS_NY:44274 92390.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

i) If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will schedule a hearing before this Court to determine the adequacy of assurances of payment with respect to such Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

j) Pending resolution of a disputed Additional Assurance Request at the Determination Hearing, the relevant Utility Provider shall be prohibited from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

Absent compliance by the Utility Providers with the above Adequate Assurance Procedures, the Debtors request that the Utility Providers be prohibited from altering, refusing, or discontinuing service on account of any unpaid prepetition charges and be deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

**D.    Subsequent Modifications of Utility Service List**

The Debtors have made an extensive and good-faith effort to identify all of their Utility Providers and include them on the Utility Service List. Nonetheless, to the extent that the Debtors subsequently identify additional Utility Providers, the Debtors seek authority, in their sole discretion, to amend the Utility Service List to add any Utility Provider. The Debtors further request that any order approving this Motion be deemed to apply to any such subsequently identified Utility Provider, regardless of when such Utility Provider is added to the Utility Service List. The Debtors will serve a copy of this Motion and the applicable order on any such Utility Provider subsequently added to the Utility Service List and deposit two weeks' worth of estimated utility costs in the Adequate Assurance Account for the benefit of such Utility Provider (less any amounts already on deposit with any such subsequently added Utility Provider that exceed outstanding prepetition amounts). Subsequently added Utility Providers shall have twenty (20) days from the date of service of the applicable order to make an Additional Assurance Request in accordance with the Adequate Assurance Procedures.

Any Utility Provider subsequently added to the Utility Service List that objects to the applicable order with respect to such Utility Provider must file an objection in accordance with the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, and the Adequate Assurance Procedures.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

5

## IV.

## BASIS FOR RELIEF REQUESTED

The relief requested herein will ensure that the Debtors' operations will not be disrupted, which would severely impact the Hospital and its patients and prospects for a successful reorganization. The relief requested provides the Utility Providers with fair and orderly procedures for determining requests for Additional Adequate Assurance, without which the Debtors potentially could be forced to address numerous requests by Utility Providers in a disorganized manner at a critical period in these Bankruptcy Cases when the Debtors' efforts should be more productively focused on their operations and the administration of these Bankruptcy Cases for the benefit of all parties in interest.

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Amendments"), it was well established by Courts, commentators, and legislative history that section 366 of the Bankruptcy Code did not require, as a matter of course, that the debtor provide a deposit or other security to its utilities as adequate assurance of payment. For example, in *Virginia Electric & Power Co. v. Caldor, Inc.*, the United States Court of Appeals for the Second Circuit affirmed the bankruptcy court's ruling that the debtor's prepetition payment history and postpetition liquidity, as well as the administrative expense priority afforded to postpetition invoices, constituted adequate assurance of future performance.[3]  The Court rejected the argument that section 366(b) nevertheless required a "deposit or other security," holding that "a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under section 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'"[4]

Amendments to the Bankruptcy Code did not abrogate a court's ability to determine the amount of adequate assurance necessary or change the fundamental requirement that assurance of payment simply must be "adequate." Thus, while section 366(c) of the Bankruptcy Code limits the factors a court may consider when determining whether a debtor has provided adequate assurance of payment, it does not limit the court's ability to determine the amount of payment necessary, if any, to

---

[3] *See* 117 F.3d 646, 647 (2d Cir. 1997).

[4] *Id.* at 650.

DOCS_NY:43474792380001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

provide adequate assurance. Section 366(c) of the Bankruptcy Code gives courts the same discretion in determining the amount of payment necessary for adequate assurance that they previously had.[5]

In addition, it is well established that section 366(b) of the Bankruptcy Code permits a court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment.[6] This principle may be applicable in cases where the debtor has made prepetition deposits or prepayments for services that utility providers ultimately will render postpetition.[7]

Further, section 366(c) only requires that a utility's assurance of payment be "adequate." Courts recognize that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay.[8] Courts also have recognized that, in determining the requisite level of adequate assurance, bankruptcy courts should "focus 'upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'"[9]

Furthermore, the Court may also rely on its equitable powers to grant the relief requested in this Motion. Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the Court to "issue any order, process, or judgment that is necessary

---

[5] *Compare* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2).").

[6] See *Va. Elec. & Power Co. v. Caldor Inc.*, 117 F.3d at 650 ("Even assuming that 'other security' should be interpreted narrowly, . . . a bankruptcy court's authority to 'modify' the level of the 'deposit or other security' provided for under § 366(b), includes the power to require 'no deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'"); *In re Steinebach*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Courts have exercised that discretion to determine, that a number of factors including prepetition payment history and lack of any past requirement for a deposit may relieve a debtor from having to make any adequate assurance deposit postpetition").

[7] *See* 11 U.S.C. § 366(c)(1)(A)(v) (recognizing a prepayment for postpetition services as adequate assurance).

[8] *See, e.g., In re Steinebach*, 303 B.R. at 641 ("Adequate assurance of payment is not, however, absolute assurance . . . 'a Bankruptcy Court is not required to give a utility company the equivalent of a guarantee of payment, but must only determine that the utility is not subject to any unreasonable risk of non-payment for postpetition services.'") (quoting *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002)); *see also In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) (section 366(b) "does not require an 'absolute guarantee of payment'") (citation omitted), *aff'd sub nom. Va. Elec. & Power Co., v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

[9] *Va. Elec. & Power Co.*, 117 F.3d at 650 (emphasis in original); *see also In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972) (affirming a bankruptcy court's ruling that utility deposits were not necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").

7

or appropriate to carry out the provisions of this title."[10]  Accordingly, the Court may authorize the Proposed Adequate Assurance requested herein because such relief is necessary for the Debtors to carry out their fiduciary duties under sections 1107(a) of the Bankruptcy Code.  Under section 1107(a) of the Bankruptcy Code "the debtor in possession has the same fiduciary duties and liabilities as a Trustee.  When the debtor is a corporation, corporate officers and directors are considered to be fiduciaries both to the corporate debtor in possession and to the creditors."[11]

As set forth above, the Debtors have sufficient liquidity and intend to pay all valid postpetition obligations for Utility Services in a timely manner. Additionally, the Utility Providers are protected through the Adequate Assurance Deposit that will be held in a segregated account, and are afforded flexibility and an opportunity to be heard through the Adequate Assurance Procedures. Absent the approval of the Adequate Assurance Procedures, Utility Providers could discontinue service, without warning, thirty (30) days from the Petition Date, if they claim they have not yet received a "satisfactory" adequate assurance payment. Under the Adequate Assurance Procedures, however, any Utility Provider that fails to file a timely Additional Assurance Request shall be deemed to consent to the Adequate Assurance Procedures and shall be bound by the Proposed Order. The Proposed Adequate Assurance Procedures are reasonable, appropriate, and properly balance the interests of the Debtors and the Utility Providers. Accordingly, the relief requested herein should be approved.

## V.

## **THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED**

Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, prohibiting Utility Providers from altering or discontinuing services, authorizing the Debtors to deposit the Proposed Adequate Assurance and utilize the Adequate Assurance Procedures, and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these Bankruptcy Cases. Failure to receive such authorization and other relief during

---

[10] 11 U.S.C. § 105(a).

[11] *In re Anchorage Nautical Tours, Inc.*, 145 B.R. 637, 643 (B.A.P. 9th Cir. 1992); *see also In re Curry & Sorensen, Inc.*, 57 B.R. 824, 828 (B.A.P. 9th Cir. 1986) ("[T]he debtor's directors bear essentially the same fiduciary obligation to creditors and shareholders as would a trustee for a debtor out of possession").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

the first 21 days of these Bankruptcy Cases would severely disrupt the Debtors' operations at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their business in the ordinary course and preserve the ongoing value of the Debtors' operations and maximize the value of their estates for the benefit of all stakeholders. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

**VI.**

**<u>RESERVATION OF RIGHTS</u>**

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

**VII.**

**<u>NOTICE</u>**

Notice of this Motion has been provided by email, facsimile, and/or overnight courier to the First Day Notice Parties (as defined in the Motion to Shorten Time) and the Utility Providers. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

9

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 5, 2021

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Debra I. Grassgreen*
Debra I. Grassgreen
Maxim B. Litvak
Steven W. Golden

Proposed Attorneys for Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

10

DOCS_NY:43474.9238/001

# EXHIBIT A

(Proposed Interim Order)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA  94105-1020
Telephone:    415.263.7000
Facsimile:    415.263.7010
E-mail:        dgrassgreen@pszjlaw.com
              mlitvak@pszjlaw.com
              sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 366 AND 105(A) REQUESTING ENTRY OF AN ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES PROVIDING ADEQUATE ASSURANCE AND RESOLVING OBJECTIONS OF UTILITY PROVIDERS, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE**<br><br>Date:        December 7, 2021<br>Time:        9:30 a.m.<br>Place:       **Telephonic/Video Appearance Only**<br>             Courtroom 11<br>             280 South First Street<br>             San Jose, CA 95113<br>Judge:      Hon. M. Elain Hammond |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC.  The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

12

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of interim and final orders (i) approving the Debtors' proposed form of adequate assurance of payment for postpetition Utility Services; (ii) establishing procedures for providing adequate assurance and resolving objections of Utility Providers relating to the adequacy of the proposed adequate assurance; and (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors because of the commencement of the Bankruptcy Cases or a debt that is owed by the Debtors for Utility Services rendered prior to the Petition Date, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the First Day Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      A final hearing to consider the relief requested in the Motion shall be held on [●] at [●] (prevailing Pacific Time) and any objections or responses to the Motion shall be filed on or prior to

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

DOCS_NY:43474?9238.001

Case: 21-51477   Doc# 12   Filed: 12/05/21   Entered: 12/05/21 16:54:50   Page 17 of 23

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

[●] at 4:00 p.m. (prevailing Pacific Time), and served on: (i) the Debtors, c/o Force Ten Partners LLC, 5271 California Ave., Suite 270, Irvine, CA 92617, Attn: Jeremy Rosenthal (jrosenthal@force10partners.com); (ii) counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, One Market Street, Spear Plaza, 40th Floor, San Francisco, CA 94105-1020, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com), Maxim B. Litvak (mlitvak@pszjlaw.com), and Steven W. Golden (sgolden@pszjlaw.com); (iii) counsel for the DIP Lender, the MPT Prepetition Lender, and MPT of Watsonville, LLP, (i) KTBS Law, LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067 (Attn: Thomas E. Patterson, tpatterson@ktbslaw.com; Sasha M. Gurvitz, sgurvitz@ktbslaw.com) and (ii) Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 420 20th Street North, Suite 1400, Birmingham, Alabama 35203 (Attn: Luther P. Crull, III, lcrull@bakerdonelson.com); (iv) counsel for the official committee of unsecured creditors, if appointed; and (v) the Office of the United States Trustee, Region 17, 280 South First St., Room 268, San Jose, CA 95113 (Attn: Jason Blumberg, jason.blumberg@usdoj.gov; and Elvina Rofael, elvina.rofael@usdoj.gov).

3.      The Proposed Adequate Assurance is hereby approved and is deemed adequate assurance of payment as the term is used in section 366 of the Bankruptcy Code

4.      The following Adequate Assurance Procedures to be utilized in connection with the Proposed Adequate Assurance are approved on an interim basis:

a) The Debtors will fax, e-mail, serve by overnight mail, or otherwise expeditiously send a copy of this Interim Order, which includes the proposed Adequate Assurance Procedures, to each Utility Provider on the Utility Service List within three (3) business days after entry of this Interim Order by the Court.

b) The Debtors will deposit the Adequate Assurance Deposit in the Adequate Assurance Account within five (5) business days of entry of this Interim Order; provided, that to the extent any Utility Provider receives any additional assurance of payment as set forth herein, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account by such amount.

c) The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) the date on which the Debtors have terminated the service from such provider and have satisfied in full all postpetition obligations due and owing to the applicable Utility Provider and (ii) the effective date of a plan of reorganization in the Bankruptcy Cases, if not applied earlier.

d) Any Utility Provider not satisfied with the Proposed Adequate Assurance must serve a written request for additional assurance (an "Additional Assurance Request") on the following parties: (i) the Debtors, c/o Force Ten Partners LLC, 20341 Southwest Birch Street, Suite 220, Newport Beach, CA 92660, Attn: Jeremy Rosenthal

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

14

(jrosenthal@force10partners.com); and (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, One Market Plaza, Spear Tower, 40th Floor, San Francisco, CA 94105-1020, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com), Maxim Litvak (mlitvak@pszjlaw.com), and Benjamin Wallen (bwallen@pszjlaw.com) (collectively, the "Adequate Assurance Notice Parties")

e) Any Additional Assurance Request must (i) be made in writing, (ii) identify the Debtor to which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including the amounts of any security deposits, and (iv) set forth an explanation of why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f) Any Additional Assurance Request must be made and actually received by the Adequate Assurance Notice Parties by no later than twenty (20) days after entry of this Interim Order by the Court, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider. If a Utility Provider fails to timely file and serve an Additional Assurance Request, it shall: (i) be deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (ii) be forbidden to discontinue, alter, or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

g) Upon receipt by the Adequate Assurance Notice Parties of any Additional Assurance Request as set forth above, the Debtors shall have the greater of (i) twenty (20) days from the receipt of such Additional Assurance Request, and (ii) thirty (30) days from entry of this Interim Order (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider in writing.

h) If the Debtors, in consultation with the DIP Lender, determine that an Additional Assurance Request or any consensual agreement reached in connection therewith is reasonable, the Debtors may resolve any Additional Assurance Request without further order of the Court, and may, in connection with any such agreement, in consultation with the DIP Lender, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments, or other forms of security

i) If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will schedule a hearing before this Court to determine the adequacy of assurances of payment with respect to such Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

j) Pending resolution of a disputed Additional Assurance Request at the Determination Hearing, the relevant Utility Provider shall be prohibited from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

5. Absent compliance with the procedures set forth in the Motion and this Interim Order, the Utility Providers are prohibited from altering, refusing, or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

15

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

6.     The Debtors are authorized, in their sole discretion, to amend the Utility Service List to add or delete any Utility Provider, and this Interim Order shall apply to any Utility Provider that is subsequently added to the Utility Service List. In addition, the Debtors may terminate the services of any Utility Provider and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Provider.

7.     The Debtors shall serve a copy of this Interim Order on any Utility Provider that is subsequently added to the Utility Services List and deposit two (2) weeks' worth of estimated utility costs in the Adequate Assurance Account for the benefit of such Utility Provider (less any amounts on deposit with any such Utility Provider that have not been applied to outstanding prepetition amounts), and any such subsequently added Utility Providers shall have twenty (20) days from the date of service of this Interim Order to make an Additional Assurance Request.

8.     Any Utility Provider that fails to timely provide the Debtors with an Additional Assurance Request in accordance with the procedures set forth here shall be deemed to have consented to the Adequate Assurance Procedures and shall be bound by this Interim Order.

9.     Nothing contained in this Interim Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any deposit made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

10.     The requirements of Bankruptcy Rule 6003 have been satisfied.

11.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

12.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

///

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Case: 21-51477   Doc# 12   Filed: 12/05/21   Entered: 12/05/21 16:54:50   Page 20 of 23

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

1    13.    This Court shall retain jurisdiction to hear and determine all matters arising from or

2 related to the implementation, interpretation, or enforcement of this Interim Order.

3                              ***END OF ORDER***

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

# **EXHIBIT B**

(Utility Service List)

| Debtor | Utility Provider | Description of Utility Service | Average Monthly Billings | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|
| Watsonville Healthcare Management, LLC | AT&T Mobility | Wireless | $249.08 | $124.54 |
| Watsonville Healthcare Management, LLC | Charter Communications | Telephone | $1,111.25 | $555.63 |
| Watsonville Healthcare Management, LLC | Stericycle Inc. | Waste Management | $170.00 | $85.00 |
| Watsonville Healthcare Management, LLC | Pacific Gas & Electric | Electricity | $1,051.02 | $525.51 |
| Watsonville Hospital Corporation | Verizon Business | Wireless | $827.19 | $413.59 |
| Watsonville Hospital Corporation | City of Watsonville Utilities | Water | $14,934.76 | $7,467.38 |
| Watsonville Hospital Corporation | AT&T | Telephone | $10,575.14 | $5,287.57 |
| Watsonville Hospital Corporation | Constellation New Energy | Gas | $8,900.33 | $4,450.17 |
| Watsonville Hospital Corporation | Stericycle Inc. | Waste Management | $11,550.04 | $5,775.02 |
| Watsonville Hospital Corporation | Pacific Gas & Electric | Electricity | $146,604.29 | $73,302.15 |