Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**DEBTORS' MOTION PURSUANT TO BANKRUPTCY LOCAL RULE 9006-1 REQUESTING AN ORDER SHORTENING TIME FOR HEARINGS ON FIRST DAY PLEADINGS**<br><br>Date: December 7, 2021<br>Time: 9:30 a.m.<br>Place: **Telephonic/Video Appearance Only**<br>Courtroom 11<br>280 South First Street<br>San Jose, CA 95113<br>Judge: Hon. M. Elaine Hammond |

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby file this motion (the "Motion") pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the Northern District of California (the "Bankruptcy Local Rules"), for entry of an order shortening time and setting the First Day Pleadings (defined below) for a hearing (the "First Day Hearing") on

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

December 7, 2021 at 9:30 a.m. (prevailing Pacific Time), or as soon thereafter as is convenient for the Court.

A proposed form of order granting the relief requested herein (the "Order") is attached hereto as **Exhibit A**.

In support of this Motion, the Debtors submit the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference,[2] and the accompanying memorandum of points and authorities set forth below.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), Bankruptcy Local Rule 5011-1(a). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal basis for the relief requested herein is Local Bankruptcy Rule 9006-1.

## II.

## BACKGROUND

On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases, and no committees have been appointed or designated.

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106-bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the First Day Declaration.

# III.

# RELIEF REQUESTED

By this Motion, the Debtors seek entry of an Order, substantially in the form attached hereto as **Exhibit A**, shortening the time and setting the First Day Pleadings (defined below) for a hearing at the First Day Hearing on December 7, 2021 at 9:30 a.m. (prevailing Pacific Time) or as soon thereafter as is convenient for the Court.

# IV.

# BASIS FOR RELIEF REQUESTED

Pursuant to Bankruptcy Local Rule 9014-1(c)(2), a hearing ordinarily requires at least twenty-one (21) days' notice of the scheduled hearing date. Bankruptcy Local Rule 9006-1 permits a court to modify the above time period, however, to shorten the time for a hearing upon a party's request. Bankruptcy Local Rule 9006-1(c) further provides that, "Absent exigent circumstances, any motion shall be heard on at least 72 hours' notice . . . ."

The Debtors respectfully submit that ample cause and exigent circumstances exist for the Court to set the following pleadings (collectively, the "First Day Pleadings"), which request the relief summarized below, for hearing at the First Day Hearing on a date as soon after the Petition Date as is possible:

    i. ***Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief***. This First Day Pleading seeks entry of interim and final orders, among other things, (i) authorizing the Debtors to obtain post-petition loans, advances and other financial accommodations; (ii) authorizing the Debtors to enter into, be bound by, and perform under a multi-draw term loan credit facility; (iii) granting a limited modification of the automatic stay; (iv) granting the DIP Lender superpriority administrative claim status pursuant to section 364(c)(1) of the Bankruptcy Code in respect of all of the DIP Obligations; (v) authorizing the Debtors to use the DIP Collateral (including Cash Collateral in accordance with the Budget and subject to the terms, restrictions, and other conditions of the DIP Note) that is subject to the existing liens and security interests in favor of MPT of Watsonville Lender, LLC and CNH Finance Fund I, L.P. and granting adequate protection to these parties; (vi) authorizing the Debtors to use the proceeds of the loans under the DIP Facility, subject to the terms, restrictions, and other conditions of the DIP Note, to (a) upon entry of the

Final Order, repay the outstanding MPT Prepetition Note up to $9,250,000, (b) upon entry of an Interim Order, accrue fees and expenses related to the DIP Note and the Cases, and (c) upon entry of an Interim Order, fund working capital in the ordinary course of the business of the Debtors and other general corporate purposes, in each case, to the extent set forth in the Budget and permitted under DIP Loan Documents; and (vii) granting related relief.

ii. ***Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 345, 363, and 503 for Interim and Final Orders (I) Authorizing Maintenance of Existing Bank Accounts; (II) Authorizing Continuance of Existing Cash Management System; (III) Granting Limited Waiver of Section 345 Deposit and Investment Requirements; and (IV) Granting Related Relief.*** This First Day Pleading seeks entry of interim and final orders (i) authorizing the maintenance of existing bank accounts, including the authority to pay routine prepetition banking fees owed to financial institutions; (ii) authorizing the continued use of the Debtors' existing cash management system, bank accounts, and checks; (iii) granting a limited waiver of the deposit and investment requirements imposed by section 345(b) of the Bankruptcy Code; and (iv) granting related relief.

iii. ***Debtors' Motion for Entry of Interim and Final Orders: (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, and Other Compensation, and (B) Pay and Honor Benefits and Other Workforce Obligations; (II) Authorizing and Directing the Applicable Bank to Pay All Checks and Electronic Payment Requests Made by the Debtors Relating to the Foregoing; and (III) Granting Related Relief.*** This First Day Pleading seeks entry of interim and final orders (a) authorizing the Debtors to (i) pay prepetition wages, salaries, and other compensation and (ii) pay and honor benefits and other workforce obligations (including withholding obligations, maintenance of workers' compensation insurance, and contributions to retirement plans); (b) authorizing and directing the applicable banks to pay all checks and electronic payment requests made by the Debtors related to the foregoing; and (c) granting related relief.

iv. ***Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Five Largest Unsecured Creditors (C) Redact Certain Personally Identifiable Information for Individual Creditors, and (D) Protecting Confidential Patient Information; (II) Implementing Certain Procedures for the Notice of Commencement; and (III) Granting Related Relief.*** This First Day Pleading seeks entry of an order (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty five largest unsecured creditors in lieu of filing lists for each Debtor, (iii) implement procedures in furtherance of the Debtors' obligations to their current, former, and future patients under the Health Insurance Portability and Accountability Act of 1996; and (iv) redact certain personally identifiable information for the Debtors' individual creditors; (b) implementing certain procedures for the mailing of the notice announcing the commencement of these Bankruptcy Cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code; and (c) granting related relief.

v. ***Debtors' Motion for Order (I) Implementing Certain Complex Case Management Procedures; (II) Limiting Notice of Certain Pleadings; and (III) Granting Related Relief.*** This First Day Pleading seeks entry of interim and final orders implementing certain notice, case management, and administrative procedures in these Bankruptcy Cases.

vi. ***Debtors' Motion for Interim and Final Orders Authorizing the Debtors to (I) Continue Existing Insurance Coverage and Satisfy Obligations Related Thereto in the Ordinary Court of Business; and (II) Renew, Amend, Supplement, Extend Or Purchase Insurance Policies.*** This First Day Pleading seeks entry of interim and final authorizing the Debtors to (i) continue insurance coverage entered into prepetition and satisfy prepetition obligations related thereto; and (ii) renew, amend, supplement, extend, or purchase insurance policies as may be required during these Bankruptcy Cases.

vii. ***Debtors' Motion Pursuant to 11 U.S.C. §§ 366 and 105(a) Requesting Entry of Interim and Final Orders (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Providers, (III) Establishing Procedures Proving Adequate Assurance and Resolving Objection of Utility Providers and (III) Prohibiting Utility Providers from Altering Refusing Or Discontinuing Utility Service.*** This First Day Pleading seeks entry of interim and final orders (i) approving the Debtors' proposed form of adequate assurance of payment for postpetition utility services, (ii) establishing procedures for providing adequate assurance and resolving objections of utility providers relating to the adequacy of the proposed adequate assurance, and (iii) prohibiting the utility providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors because of the commencement of these Bankruptcy Cases or for a debt that is owed by the Debtors for utility services rendered prior to the Petition Date.

viii. ***Debtors' Application for Order Authorizing Joint Administration Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 1015(b).*** This First Day Pleading seeks entry of an order authorizing joint administration of the Debtors' Bankruptcy Cases.

ix. ***Debtors' Application for Entry of an Order (I) Authorizing and Approving the Appointment of Stretto as Claims and Noticing Agent, and (II) Granting Related Relief.*** This First Day Pleading seeks entry of an order (a) appointing Stretto, Inc. as claims and noticing agent for the Debtors in their Bankruptcy Cases effective as of the Petition Date including assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Debtors' Bankruptcy Cases, and (b) granting related relief.

x. ***Debtors' Motion for Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs.*** This First Day Pleading seeks entry of an order granting the Debtors a thirty-one (31) day extension of time to file the schedules, statements, and other documents required by Bankruptcy Rule 1007(b)(1).

xi. ***Debtors' Motion to Temporarily Suspend the Deadline for Filing Proofs of Claim***. This First Day Pleading seeks entry of an order suspending the deadline for non-government creditors to file proofs of claim.

xii. ***Debtors' Application for Order Approving Designation of Jeremy Rosenthal as Responsible Individual Pursuant to Bankruptcy Local Rule 4002-1***. This First Day Pleading seeks entry of an order approving the designation of Jeremy Rosenthal as the designated responsible individual during these Bankruptcy Cases.

xiii. ***Debtors' Motion Pursuant to Bankruptcy Local Rule 9013-1(c) for Entry of an Order Authorizing Oversize Briefing for Certain First Day Motions***. This First Day Pleading seeks entry of an order authorizing the Debtors to file oversize briefs for certain motions seeking emergency relief.

The Debtors believe that ample cause exists to set the First Day Pleadings for hearing as soon as practicable after the Petition Date because of the nature of the Debtors' operations as an acute care facility. In this regard, the Debtors seek limited, emergency relief in the First Day Pleadings in order to, among other things, (i) obtain sufficient funding for the continued operations of the Hospital; (ii) ensure the Debtors can pay their dedicated workforce their wages earned over the past two weeks on the next regularly-scheduled pay date (this coming Friday); (iii) maintain the Debtors' existing Cash Management System; and (iv) prevent any interruption in the Hospital's utility services and insurance. Indeed, the relief in the First Day Pleadings is expediently required to not only have sufficient funding to continue to provide healthcare and medicine to the Debtors' patients but also to provide sufficient assurances to the Debtors' suppliers and workforce to eliminate potential operational disruptions as the Debtors transition into these Bankruptcy Cases.

Simply stated, *any* disruption to the Debtors' ability to provide critical medical care services will unnecessarily jeopardize the health, safety, and wellbeing of the Debtors' patients.

## V.

## NOTICE

Notice of this Motion has been provided by email, facsimile, and/or overnight courier to the First Day Notice Parties (as defined in the Motion to Shorten Time). The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 5, 2021  PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Debra I. Grassgreen*
Debra I. Grassgreen
Maxim B. Litvak
Steven W. Golden

Proposed Attorneys for Debtors and Debtors in Possession

# EXHIBIT A

(Proposed Order)

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**ORDER PURSUANT TO BANKRUPTCY LOCAL RULE 9006-1 SHORTENING TIME FOR HEARINGS ON FIRST DAY PLEADINGS**<br><br>Date: December 7, 2021<br>Time: 9:30 a.m.<br>Place: **Telephonic/Video Appearance Only**<br>Courtroom 11<br>280 South First Street<br>San Jose, CA 95113<br>Judge: Hon. M. Elaine Hammond |

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the Northern District of California (the "Bankruptcy Local Rules"), for entry of an order shortening time for a hearing on the First Day Pleadings, all as more fully set forth in the Motion; and upon consideration of the First Day

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the Notice Parties is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest, and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The hearing on the First Day Pleadings shall be held on December 7, 2021 at 9:30 a.m. (prevailing Pacific Time).

3. Any party in interest opposing the relief requested in the First Day Pleadings may present such opposition at the relevant hearing thereon.

4. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

***END OF ORDER***