

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

The following constitutes the order of the Court.
Signed: December 8, 2021

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY FIVE LARGEST UNSECURED CREDITORS, AND (C) PROTECTING CONFIDENTIAL PATIENT INFORMATION; (II) IMPLEMENTING CERTAIN PROCEDURES FOR THE NOTICE OF COMMENCEMENT; AND (III) GRANTING RELATED RELIEF**<br><br>Date: December 7, 2021<br>Time: 9:30 a.m.<br>Place: **Telephonic/Video Appearance Only**<br>Judge: Hon. M. Elaine Hammond |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

Upon the motion (the "Motion"),[2] dated December 5, 2021 of Watsonville Hospital Corporation ("WHC") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), pursuant to sections 105, 107, 342, and 521 of title 11 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, and 9037, Bankruptcy Local Rules 1001-2 and 2002-1, and the *United States Bankruptcy Court for the Northern District of California Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents*, for entry of an order: (a) authorizing the Debtors to (i) file a consolidated Creditor Matrix, (ii) file a consolidated list of the Debtors' thirty five largest unsecured creditors in lieu of filing lists for each Debtor, (iii) implement procedures in furtherance of the Debtors' obligations to their Patients under HIPAA, and (iv) redact certain personally identifiable information for the Debtors' individual creditors; and (b) implementing certain procedures for the Notice of Commencement, all as more fully set forth in the Motion; and the Court having found it has jurisdiction over this matter; and upon consideration of the First Day Declaration; and the Court having found and determined that notice of the Motion as provided to the First Day Notice Parties is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

2. The Debtors are authorized to file a consolidated Creditor Matrix in accordance with the joint administration of these Bankruptcy Cases.

3. The Debtors are authorized to file a consolidated list of the Debtors' thirty five (35) largest unsecured creditors in lieu of Top 20 Lists for each Debtor.

4. The Debtors are authorized to implement the following HIPAA Privacy Procedures:

   (a) the Debtors shall omit any reference to current or former Patients from the Creditor Matrix and from any certificate of service, subject to section (d) below;

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(b) the Debtors shall identify current or former Patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (i) the Court and to the U.S. Trustee upon request; and (ii) any other party in interest only after this Court has entered an order, after notice and a hearing, authorizing or directing the Debtors to do so;

(c) the Debtors and/or their proposed claims and noticing agent shall maintain a list of current or former patients (the "<u>Patient List</u>")[3] and shall make the Patient List, or any portion thereof, available to any party in interest only after this Court has entered an order, after notice and a hearing, authorizing or directing the Debtors to do so; and

(d) when the Debtors serve any paper upon any person listed on the Patient List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Patient List, but shall not include the individual names or other identifying information for individual Patients.

5. The Debtors are authorized to adopt the Commencement Notice Procedures.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and such notice satisfies the notice requirements of Bankruptcy Rule 2002 and the Bankruptcy Local Rules.

7. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately enforceable upon entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

APPROVED AS TO FORM

*/s/ Jason Blumberg*
OFFICE OF THE U.S TRUSTEE
By: Jason Blumberg
Trial Attorney for the
United States Trustee

---

[3] The Debtors are authorized to include only Patients treated at the Hospital on or after December 1, 2018 on the Patient List.

# EXHIBIT 1

**(Notice of Commencement)**

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor | Watsonville Hospital Corporation (Name) | EIN | 91-1894113 |
| | United States Bankruptcy Court for the Northern District of California | Date case filed for chapter 11 | 12/05/2021 |
| Case Number: | 21-51477 | | |

Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case 10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov), or by visiting the court-appointed claims agent's website at: https://cases.stretto.com/WatsonvilleHospital.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

Do not file this notice with any proof of claim or other filing in the case.

| 1. Debtor's full name | See chart below |
|---|---|
| 2. All other names used in the last 8 years | See chart below |

**Jointly Administered Cases:**

| DEBTOR | ADDRESS | CASE NO. | EIN |
|---|---|---|---|
| Watsonville Hospital Corporation | 75 Nielson Street<br>Watsonville, CA 95076 | 21-51477 | 91-1894113 |
| Watsonville Hospital Management, LLC | 75 Nielson Street<br>Watsonville, CA 95076 | 21-51478 | 47-4564168 |
| Watsonville Hospital Holdings, Inc. | 1872 Sharon Lane<br>Santa Ana, CA 92705 | 21-51479 | 84-1941118 |
| Halsen Healthcare, LLC | 1872 Sharon Lane<br>Santa Ana, CA 92705 | 21-51480 | None |

3. **Address** See chart above

| Debtor | Watsonville Hospital Corporation | Case number (if known) | 21-51477 |
|---|---|---|---|
| | Name | | |

### 4. Debtor's attorneys

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen, Esq.
Maxim B. Litvak, Esq.
Steven W. Golden, Esq.
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020

Contact Phone: (415) 263-7000
Emails:
  dgrassgreen@pszjlaw.com
  mlitvak@pszjlaw.com
  sgolden@pszjlaw.com

### 5. Bankruptcy clerk's office

Documents in this case may be filed at this address:

280 South First Street
Room 3035
San Jose, CA 95113-3099

Hours of operation: Monday through Friday 9:00 a.m. – 3:00 p.m.

You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov, or by visiting the court-appointed claims agent's website at: https://cases.stretto.com/WatsonvilleHospital.

### 6. Meeting of creditors

The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so.

January 5, 2022 at 10:00 a.m. (PST)
Date      Time

Location: Telephonic:
**Conference Line:** 1-877-991-8832
**Participant Code:** 4101242

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.

### 7. Proof of claim deadline

**Deadline for filing proof of claim: To be determined**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. A proof of claim form may be filed either electronically or as a paper document. For more information on how to file a Proof of Claim, visit the court-appointed claims agent's website at https://cases.stretto.com/WatsonvilleHospital.

Your claim will be allowed in the amount scheduled unless:

▪ your claim is designated as *disputed, contingent,* or *unliquidated;*
▪ you file a proof of claim in a different amount; or
▪ you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed, contingent,* or *unliquidated,* you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office, online at https://pacer.uscourts.gov, or at the court-appointed claims agent's website at https://cases.stretto.com/WatsonvilleHospital.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

### 8. Exception to discharge deadline

The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.

**Deadline for filing the complaint:** To be determined

| Debtor | Watsonville Hospital Corporation | Case number (*if known*) | 21-51477 |
|---|---|---|---|
| | Name | | |

| 9. Creditors with a foreign address | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|
| 10. Filing a Chapter 11 bankruptcy case | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

**If you have questions about this notice, please call (855) 524-4733 (Toll-Free), or email teamWatsonvilleHospital@stretto.com, or visit https://cases.stretto.com/WatsonvilleHospital**

DOCS_SF:106437.1

Official Form 309F1 (For Corporations or Partnerships) Notice of Chapter 11 Bankruptcy Case    page 3

Case: 21-51477    Doc# 48    Filed: 12/08/21    *END OF ORDER*    Entered: 12/08/21 13:21:43    Page 7 of 8

**COURT SERVICE LIST**

All ECF Recipients