

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

The following constitutes the order of the Court.
Signed: January 6, 2022

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 21-51477 |
| WATSONVILLE HOSPITAL CORPORATION, *et al.*, | Chapter 11 (Jointly Administered) |
| Debtors.[1] | **FINAL ORDER PURSUANT TO 11 U.S.C. §§ 366 AND 105(A): (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES PROVIDING ADEQUATE ASSURANCE AND RESOLVING OBJECTIONS OF UTILITY PROVIDERS, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

1

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of interim and final orders (i) approving the Debtors' proposed form of adequate assurance of payment for postpetition Utility Services; (ii) establishing procedures for providing adequate assurance and resolving objections of Utility Providers relating to the adequacy of the proposed adequate assurance; and (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors because of the commencement of the Bankruptcy Cases or a debt that is owed by the Debtors for Utility Services rendered prior to the Petition Date, all as more fully set forth in the Motion; and the Court having found it has jurisdiction over this matter; and upon consideration of the First Day Declaration; and the Court having found and determined that notice of the Motion is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Proposed Adequate Assurance is hereby approved and is deemed adequate assurance of payment as the term is used in section 366 of the Bankruptcy Code

3. The following Adequate Assurance Procedures to be utilized in connection with the Proposed Adequate Assurance are approved on a final basis:

   a) The Debtors will fax, e-mail, serve by overnight mail, or otherwise expeditiously send a copy of this Order, which includes the proposed Adequate Assurance Procedures, to each Utility Provider on the Utility Service List within three (3) business days after entry of this Order by the Court.

   b) The Debtors shall maintain the Adequate Assurance Deposit in the Adequate Assurance Account to the extent set forth herein; provided, that to the extent any Utility Provider receives any additional assurance of payment as set forth herein, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account by such amount.

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

c) The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) the date on which the Debtors have terminated the service from such provider and have satisfied in full all postpetition obligations due and owing to the applicable Utility Provider and (ii) the effective date of a plan of reorganization in the Bankruptcy Cases, if not applied earlier.

d) Any Utility Provider not satisfied with the Proposed Adequate Assurance must serve a written request for additional assurance (an "<u>Additional Assurance Request</u>") on the following parties: (i) the Debtors, c/o Force Ten Partners LLC, 20341 Southwest Birch Street, Suite 220, Newport Beach, CA 92660, Attn: Jeremy Rosenthal (jrosenthal@force10partners.com); and (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, One Market Plaza, Spear Tower, 40th Floor, San Francisco, CA 94105-1020, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com), Maxim Litvak (mlitvak@pszjlaw.com), and Benjamin Wallen (bwallen@pszjlaw.com) (collectively, the "<u>Adequate Assurance Notice Parties</u>").

e) Any Additional Assurance Request must (i) be made in writing, (ii) identify the Debtor to which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including the amounts of any security deposits, and (iv) set forth an explanation of why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f) Any Additional Assurance Request must be made and actually received by the Adequate Assurance Notice Parties by no later than twenty (20) days after entry of this Order by the Court, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider. If a Utility Provider fails to timely file and serve an Additional Assurance Request, it shall: (i) be deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (ii) be forbidden to discontinue, alter, or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

g) Upon receipt by the Adequate Assurance Notice Parties of any Additional Assurance Request as set forth above, the Debtors shall have the greater of (i) twenty (20) days from the receipt of such Additional Assurance Request, and (ii) thirty (30) days from entry of this Order (the "<u>Resolution Period</u>") to negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider in writing.

h) If the Debtors, in consultation with the DIP Lender and the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), determine that an Additional Assurance Request or any consensual agreement reached in connection therewith is reasonable, the Debtors may resolve any Additional Assurance Request without further order of the Court, and may, in connection with any such agreement, in consultation with the DIP Lender and the Committee, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments, or other forms of security

i) If the Debtors determine, in consultation with the Committee, that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will schedule a hearing before this Court to determine the adequacy of assurances of payment with respect to such Utility Provider (the "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

j) Pending resolution of a disputed Additional Assurance Request at the Determination Hearing, the relevant Utility Provider shall be prohibited from discontinuing, altering, or

3

refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

4. Absent compliance with the procedures set forth in the Motion and this Order, the Utility Providers are prohibited from altering, refusing, or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

5. The Debtors are authorized, in their sole discretion, after consultation with the Committee, to amend the Utility Service List to add or delete any Utility Provider, and this Order shall apply to any Utility Provider that is subsequently added to the Utility Service List. In addition, the Debtors may terminate the services of any Utility Provider and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Provider.

6. The Debtors shall serve a copy of this Order on any Utility Provider that is subsequently added to the Utility Services List and deposit two (2) weeks' worth of estimated utility costs in the Adequate Assurance Account for the benefit of such Utility Provider (less any amounts on deposit with any such Utility Provider that have not been applied to outstanding prepetition amounts), and any such subsequently added Utility Providers shall have twenty (20) days from the date of service of this Order to make an Additional Assurance Request.

7. Any Utility Provider that fails to timely provide the Debtors with an Additional Assurance Request in accordance with the procedures set forth here shall be deemed to have consented to the Adequate Assurance Procedures and shall be bound by this Order.

8. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors or their estates, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any deposit made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

9. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

10. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

***END OF ORDER***

**COURT SERVICE LIST**

All ECF Recipients

AT&T
Attn: Legal Dept
PO Box 5014
Carol Stream, IL 60197-5014

AT&T Mobility
Attn: Legal Dept.
208 S. Akard St
Dallas, TX 75202

Charter Communications
Attn: Legal Dept.
400 Atlantic St.
Stamford, CT 6901

City of Watsonville Utilities
Attn: Legal Dept
PO Box 149
Watsonville, CA 95077-0149

Constellation New Energy
c/o Gas Division LLC
PO Box 5473
Carol Stream, IL 60197-5473

Pacific Gas & Electric
Attn: Legal Dept
Box 997300
Sacramento, CA 95899-7300

Stericycle Inc
Attn: Legal Dept
PO Box 6578
Carol Stream, IL 60197-6578

Verizon Business
Attn: Legal Dept
PO Box 15043
Albany, NY 12212-5043