Entered on Docket
January 06, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

The following constitutes the order of the Court.
Signed: January 6, 2022

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br>(Jointly Administered)<br><br>**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS** |

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), pursuant to sections 105(a), 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), for authority to establish an orderly and regular process for interim and monthly allowance and payment of compensation and reimbursement of expenses (the "Interim Compensation"); and this Court having jurisdiction to consider the Motion and the relief requested therein; and the Court having

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the First Day Declaration, and the Second Day Declaration; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Except as my otherwise be provided in orders of the Court authorizing the retention of specific professionals, all Retained Professionals and members of the Committee may seek interim payment of compensation and reimbursement of expenses in accordance with the following Interim Compensation Procedures:

**Monthly Fee Statements**:

(a) On or after the 15th day of each calendar month, following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file a monthly statement, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Statement"). Retained Professionals may submit the first Monthly Fee Statement, covering the period from the Petition Date through December 31, 2021, on or after January 17, 2022 (January 15, 2022, being a non-business day).

(b) Each Retained Professional shall properly serve a copy of such Monthly Fee Statement, via email and First Class Mail, on each of the following parties (collectively, the "Notice Parties"): (i) the Debtors, c/o Force Ten Partners LLC, 5271 California Ave., Suite 270, Irvine, CA 92617, Attn: Jeremy Rosenthal (jrosenthal@force10partners.com); (ii) counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, One Market Street, Spear Plaza, 40th Floor, San Francisco, CA 94105-1020, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com), Maxim B. Litvak (mlitvak@pszjlaw.com), and Steven W. Golden (sgolden@pszjlaw.com); (iii) counsel for the DIP Lender, the MPT Prepetition Lender, and MPT of Watsonville, LLP, (a) KTBS Law, LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067 (Attn: Thomas E. Patterson, tpatterson@ktbslaw.com; Sasha M. Gurvitz, sgurvitz@ktbslaw.com) and (b) Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 420 20th Street North, Suite 1400, Birmingham, Alabama 35203 (Attn: Luther P. Crull, III, lcrull@bakerdonelson.com); (iv) counsel for the Official Committee of

Unsecured Creditors, (a) Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew H. Sherman (asherman@sillscummis.com) and Boris I. Mankovetskiy (bmankovetskiy@sillscummis.com) and (b) Perkins Coie LLP, 505 Howard Street, Suite 1000, San Francisco, CA 94105, Attn: Paul Jasper (pjasper@perkinscoie.com); and (v) the Office of the United States Trustee, Region 17, 280 South First St., Room 268, San Jose, CA 95113 (Attn: Jason Blumberg, jason.blumberg@usdoj.gov; and Elvina Rofael, elvina.rofael@usdoj.gov).

(c) Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014* (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "UST Guidelines" and, together with the Local Guidelines, collectively, the "Fee Guidelines").

(d) The deadline to object to any Monthly Fee Statement is 4:00 p.m. (prevailing Pacific Time) on the 14th day (or the next business day if such day is not a business day) following the date the Monthly Fee Statement is served (the "Objection Deadline").

(e) To object to a Retained Professional's Monthly Fee Statement, the party must (i) file a written objection on or before the Objection Deadline and (ii) serve the objection upon the affected Retained Professional and the Notice Parties on or before the Objection Deadline.

(f) Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "CNO") with the Court with respect to any fees and expenses (or portions thereof) not subject to objection. After a Retained Professional files a CNO, the Debtors will pay the Retained Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection.

(g) If a portion of the fees and expenses requested in a Monthly Fee Statement is subject to an objection and the parties are unable to reach a consensual resolution, the Retained Professional may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved objections.

**Interim Fee Applications**:

(a) At four-month intervals or such other intervals convenient to the Court, Retained Professionals may file with the Court an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding interim period (the "Interim Fee Period"). The initial Interim Fee Period will include the period from the Petition Date through March 31, 2022.

(b) Retained Professionals will file their Interim Fee Applications on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

(c) The Interim Fee Application will include a brief description identifying the following: (i) the Monthly Fee Statements that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an objection; (iv) the deadline for parties to file objections to the Interim Fee Application ("<u>Additional Objections</u>"); and (v) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or the Fee Guidelines.

(d) Additional Objections to any Interim Fee Application will be filed and served upon the affected Retained Professional and the Notice Parties so as to be received on or before 4:00 p.m. (prevailing Pacific Time) on the 21st day (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

(e) Each Retained Professional will properly serve its Interim Fee Application and final fee application upon the Notice Parties. Each Retained Professional will properly serve a notice of hearing on its Interim Fee Application and final fee application on the Master Service List. No further notice shall be necessary.

(f) The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no objections to a Retained Professional's Monthly Fee Statements for the applicable Interim Fee Period are pending and no Additional Objections to such Retained Professional's Interim Fee Application are timely filed, the Court may grant such Retained Professional's Interim Fee Application without a hearing.

(g) A pending objection to compensation or reimbursement of any Retained Professional (whether requested in a Monthly Fee Statement or Interim Fee Application) does not disqualify a Retained Professional from future compensation or reimbursement.

(h) Any Retained Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when due or permitted will not receive further interim compensation or reimbursement until the Retained Professional submits any outstanding Monthly Fee Statements or Interim Fee Applications. There are no other penalties for failing to file a Monthly Fee Statement or Interim Fee Application.

(i) Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(j) No Retained Professional may serve a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Retained Professional pursuant to sections 333, 327, or 1103 of the Bankruptcy Code.

(k) The attorneys for any Committees may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from

members of such Committee; provided that these reimbursement requests must comply with the Fee Guidelines.

3. The Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed as to state the amount paid to each Retained Professional.

4. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtors under any orders of this Court approving any debtor in possession financing and/or use of cash collateral by the Debtors and any budget in connection therewith.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006.

6. The Debtors shall serve a copy of this Order on each of the Retained Professionals. Notice of hearings to consider the Interim Fee Applications and final fee applications shall be limited to the Notice Parties.

7. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

***END OF ORDER***

**COURT SERVICE LIST**

All ECF Parties