Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br>(Jointly Administered)<br><br>**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO THE EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS IN CONNECTION WITH A SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**<br><br>Judge: Hon. M. Elaine Hammond |

**PLEASE TAKE NOTICE** that on December 5, 2021 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions with the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that the Debtors may seek to assume and assign certain of their executory contracts and unexpired leases in connection with a potential sale (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

"Sale") of all or substantially all of their assets, consisting of Watsonville Community Hospital and related assets (collectively, the "Hospital"), or some subset thereof, pursuant to the Court-approved procedures (the "Assumption and Assignment Procedures") set forth on Exhibit 2 to the Bidding Procedures Order (as defined below).

**PLEASE TAKE FURTHER NOTICE** that by order dated January 10, 2022 [Docket No. 188] (the "Bidding Procedures Order"),[2] the Court approved certain procedures (the "Bidding Procedures") that will govern the Auction (as defined below), which are set forth in Exhibit 1 to the Bidding Procedures Order. Copies of the Bidding Procedures Order, Bidding Procedures, and Assumption and Assignment Procedures are available on the Court's website at https://ecf.canb.uscourts.gov for a fee, and on the Debtors' restructuring website at https://cases.stretto.com/WatsonvilleHospital/ free of charge.

**PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A PARTY TO AN EXECUTORY CONTRACT OR AN UNEXPIRED LEASE THAT MAY BE ASSUMED AND ASSIGNED (COLLECTIVELY, THE "ASSIGNABLE CONTRACTS"), IN CONNECTION WITH SUCH SALE. A LIST OF THE ASSIGNABLE CONTRACTS IS ATTACHED HERETO AS APPENDIX A. FOR THE AVOIDANCE OF DOUBT, THE DEBTORS RESERVE ALL RIGHTS TO ADD OR REMOVE ANY ASSIGNABLE CONTRACTS, OR AMEND ANY INFORMATION RELATED THERETO, FROM THE CURE SCHEDULE PRIOR TO CLOSING IN ACCORDANCE WITH THE ASSUMPTION AND ASSIGNMENT PROCEDURES.**

**PLEASE TAKE FURTHER NOTICE** that the presence of an Assignable Contract on this Assumption and Assignment Notice does not constitute an admission that such Assignable Contract is an executory contract or unexpired lease, nor does it constitute an agreement to actually assume and/or assume and assign such Assignable Contract, and the Debtors reserve all rights, claims, defenses, and causes of action with respect to all Assignable Contracts listed herein.

---

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Bidding Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have determined the current amounts owing (the "Cure Amounts") under each Assignable Contract and have listed the applicable Cure Amounts on **Appendix A** attached hereto. The Cure Amounts are the only amounts proposed to be paid upon any assumption and assignment of the Assignable Contracts, in full satisfaction of all amounts outstanding under such Assignable Contracts.

**PLEASE TAKE FURTHER NOTICE** that one or more auctions (an "Auction") for the Debtors' assets, including the Assignable Contracts, will be conducted on **February 17, 2022 at 10:00 a.m. (prevailing Pacific Time)**, and may be held in person or via teleconference and/or videoconference as determined by the Debtors. As soon as reasonably practicable after the Auction, the Debtors will file and serve a notice that identifies the Winning Bidder for the Purchased Assets.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Stalking Horse APA that the Debtors may enter into with the Stalking Horse Bidder (or such other Purchase Agreement as the Debtors may enter into with another Winning Bidder), the Debtors may seek to assume and assign one or more of the Assignable Contracts to the Winning Bidder subject to the Court's approval at the hearing (the "Sale Hearing") to be held on **February 23, 2022 at 10:00 a.m. (prevailing Pacific Time) by telephonic/virtual appearance only**.

**PLEASE TAKE FURTHER NOTICE** that any objection to (i) the proposed assumption, assignment, or potential designation of such party's Assignable Contract; (ii) the applicable Cure Amount; or (iii) the provision of adequate assurance of future performance (a "Contract Objection") must: (i) be in writing; (ii) comply with the Bankruptcy Rules and Local Bankruptcy Rules; (iii) be filed with the Clerk of the Court, together with proof of service, **on or before 4:00 p.m. (prevailing Pacific Time) on February 7, 2022** (as may be extended in accordance with the Assumption and Assignment Procedures, the "Contract Objection Deadline"); (iv) be served, so as to be actually received on or before the Contract Objection Deadline, upon the Objection Notice Parties (as defined herein); and (v) state with specificity the grounds for such objection, including, without limitation, the fully-liquidated cure amount and the legal and factual bases for any unliquidated cure amount that the Contract Counterparty believes is to be paid under section 365 of the Bankruptcy Code for the Assignable Contract (should such Assignable Contract be designated a Transferred Contract), along

with the specific nature an dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto. The "Objection Notice Parties" are as follows: (i) the Debtors, c/o Jeremy Rosenthal, 5271 California, Suite 270, Irvine CA 92617 (jrosenthal@force10partners.com); and proposed counsel to the Debtors: Pachulski Stang Ziehl & Jones LLP, One Market Plaza, Spear Tower, 40th Floor, San Francisco, CA 94105, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com); Maxim Litvak (mlitvak@pszjlaw.com); and Steven Golden (sgolden@pszjlaw.com); (iii) proposed co-counsel to the Committee, (a) Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com), and (b) Perkins Coie, LLP, 505 Howard Street, Suite 1000, San Francisco, CA 94105-3204, Attn: Paul Jasper, Esq. (pjasper@perkinscoie.com) and Eric E. Walker, Esq. (ewalker@perkinscoie.com); (iv) counsel to the DIP Lender: KTBS Law LLP, 1801 Century Park East, Los Angeles, CA 90067, Attn: Thomas Patterson (tpatterson@ktbslaw.com); Robert Smith (rsmith@ktbslaw.com); and Sasha Gurvitz (sgurvitz@ktbslaw.com); and (v) counsel to the Stalking Horse Bidder, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111, Attn: Gerry Hinkley (gerry.hinkley@pillsburylaw.com); Jonathan Doolittle (jonathan.doolittle@pillsburylaw.com); and Claire Wu (claire.wu@pillsburylaw.com).

**PLEASE TAKE FURTHER NOTICE** that if the Debtors file and serve an amendment to the Assumption and Assignment Notice on or after January 31, 2022, the Contract Counterparty to any Assignable Contract affected by (*i.e.*, added to, removed from, or with an amended Cure Amount on) an amended Cure Schedule must file and serve a Contract Objection in accordance with the procedures described above within seven (7) days after the filing of such amendment. In the event that the Debtors amend the Assumption and Assignment Notice solely to change the Cure Amount of an Assignable Contract previously included, any such Contract Objection shall be limited to the Cure Amount only.

**PLEASE TAKE FURTHER NOTICE** that the Purchase Agreement of the Winning Bidder may set forth additional deadlines and procedures concerning the Winning Bidder's evaluation of the

Assignable Contracts and/or designation or de-designation of Transferred Contracts. The final list of Transferred Contracts shall be attached to the notice of the Closing filed with the Court.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO OBJECTION IS TIMELY RECEIVED WITH RESPECT TO THE NOTICED CURE AMOUNT, (I) ANY NON-DEBTOR PARTY TO AN ASSIGNABLE CONTRACT SHALL BE FOREVER BARRED FROM OBJECTING TO THE CURE AMOUNT AND FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH RESPECT TO SUCH ASSIGNABLE CONTRACT; (II) THE CURE AMOUNT SET FORTH ON <u>APPENDIX A</u> ATTACHED HERETO SHALL BE CONTROLLING, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN ANY ASSIGNABLE CONTRACT, OR ANY OTHER DOCUMENT, AND THE NON-DEBTOR PARTY TO AN ASSIGNABLE CONTRACT SHALL BE DEEMED TO HAVE CONSENTED TO THE CURE AMOUNT; AND (III) THE NON-DEBTOR PARTY TO AN ASSIGNABLE CONTRACT SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING ANY OTHER CLAIMS RELATED TO SUCH CONTRACT AGAINST THE DEBTORS OR THE APPLICABLE TRANSFEREE, OR THE PROPERTY OF ANY OF THEM.**

**PLEASE TAKE FURTHER NOTICE THAT IF NO TIMELY OBJECTION IS RECEIVED WITH RESPECT TO THE ASSUMPTION AND ASSIGNMENT OF AN ASSIGNABLE CONTRACT TO THE PURCHASER, INCLUDING WITH RESPECT TO THE PROVISION OF ADEQUATE ASSURANCE OF FUTURE PERFORMANCE, ANY NON-DEBTOR PARTY TO SUCH ASSIGNABLE CONTRACT SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION, ASSIGNMENT, AND/OR TRANSFER OF THE APPLICABLE ASSIGNABLE CONTRACT TO THE PURCHASER, AND SHALL BE FOREVER BARRED FROM OBJECTING TO THE ASSUMPTION AND ASSIGNMENT OF SUCH ASSIGNABLE CONTRACT ON ANY BASIS.**

Dated: January 14, 2022         PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Debra I. Grassgreen*
Debra I. Grassgreen
Maxim B. Litvak
Steven W. Golden

Attorneys for Debtors and Debtors in Possession