Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Eric E. Walker (*pro hac vice*)
Illinois Bar No. 6290993
EWalker@perkinscoie.com
Kathleen Allare (*pro hac vice*)
Illinois Bar No. 6326536
KAllare@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
Telephone: 312.324.8659
Facsimile: 312.324.9659

Proposed *Co-Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>WATSONVILLE HOSPITAL CORPORATION, et al.,[1]<br><br>Debtors. | CASE NO. 21-51477<br><br>Chapter: 11<br><br>DECLARATION OF PAUL S. JASPER IN SUPPORT OF APPLICATION FOR ENTRY OF ORDER AUTHORIZING RETENTION OF PERKINS COIE LLP AS CO-COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF DECEMBER 29, 2021 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

I, Paul S. Jasper, under penalty of perjury pursuant to 28 U.S.C. §1746, hereby declare and state the following:

1.  I am a senior counsel in the Bankruptcy and Restructuring group at Perkins Coie LLP ("Perkins Coie"), proposed co-counsel to the Official Committee of Unsecured Creditors ("Committee").

2.  I submit this declaration (the "Declaration") in support of the *Application for Entry of Order Authorizing Retention of Perkins Coie LLP as Co-Counsel to Official Committee of Unsecured Creditors Effective as of December 29, 2021* (the "Application"), filed contemporaneously herewith. Unless otherwise defined in this Declaration, all capitalized terms retain the definition given to them in the Application.

3.  This Declaration is made pursuant to Bankruptcy Code sections 328(a) and 1103(a) and Bankruptcy Rules 2014 and 2016. The information contained in this Declaration is of my own personal knowledge, communications with Perkins Coie partners, counsel, associates, or staff, or derived from my review of the file in this case, public documents, documents provided by Debtors' counsel and the firm's records. The terms and conditions of the Perkins Coie's contemplated employment are accurately set forth in the Application.

**FACTUAL AND PROCEDURAL BACKGROUND**

4.  On December 5, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5.  On December 22, 2021, the Office of the United States Trustee for Region 17 (the "US Trustee") appointed seven (7) members to the Committee under section 1102(a) of the Bankruptcy Code: (1) California Nurses Association; (2) SEIU United Healthcare Workers - West; (3) Health Trust Workforce Solutions, LLC; (4) Firm Revenue Cycle Management Services, Inc.; (5) Heroic Security, LLC; (6) Teamsters 853; and (7) Medhost Direct, Inc. *See* Docket No. 97.

6. After interviewing multiple law firms, on December 29, 2021, the Committee selected Perkins Coie and Sills Cummis & Gross P.C. ("Sills Cummis") as co-counsel, subject to the approval of this Court.

**SERVICES TO BE RENDERED**

7. I expect that Perkins Coie's employment as co-counsel will include the following, with either Perkins Coie or Sills Cummis taking the lead on particular issues depending on availability and considerations of time sensitivity and cost-efficiency:

   a. advise and consult the Committee with respect to the Debtors' administration of these Chapter 11 Cases, including the Committee's rights, role, and responsibilities in connection therewith;

   b. attend meetings and negotiate with representatives of the Debtors, creditors (including secured and unsecured creditors), and other parties in interest;

   c. advise the Committee in connection with any contemplated sales of assets, disposition of assets, or business combinations;

   d. advise the Committee on matters relating to the assumption, rejection, or assignment of unexpired leases and executory contracts;

   e. assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

   f. assist the Committee in the review, analysis, and negotiation of any financing or funding agreements;

   g. take all necessary actions to promote the interests of the Committee, including, without limitation, prosecution of actions on its behalf, negotiations concerning all litigation in which the Debtors are involved, and reviewing and analyzing claims filed against the Debtors' estates;

   h. analyze, advise, negotiate, and (if necessary and advisable under the circumstances) prepare on the Committee's behalf, a chapter 11 plan, disclosure statement, and related documents and take any necessary action on the Committee's behalf with respect to any proposed plan;

   i. appear and advance the Committee's interests before this Court, potentially appellate courts, and the US Trustee;

   j. prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, other pleadings, and papers in support of positions taken by the Committee; and

   k. perform all other reasonable and necessary legal services on behalf of the Committee in these Chapter 11 Cases.

Case: 21-51477   Doc# 209   Filed: 01/17/22   Entered: 01/17/22 15:03:47   Page 3 of 14
155487020.3

8. Subject to the Court's approval, Perkins Coie is willing to act as co-counsel on behalf of the Committee and to perform the services described above. I anticipate that the Committee may, from time to time, request that Perkins Coie undertake specific matters beyond the scope of the responsibilities set forth above and that Perkins Coie may, in its discretion, undertake any such specific matters.

**PERKINS COIE QUALIFICATIONS**

9. Perkins Coie is particularly well-suited to serve as the Committee's counsel in these Chapter 11 Cases. Perkins Coie has considerable expertise, experience and knowledge in the fields of debtors' and creditors' rights and cases under the Bankruptcy Code as well as other areas of the law in which the Committee may require legal advice. With approximately 1,200 attorneys nationwide, Perkins Coie is a full-service law firm with expertise in all areas of law that may be pertinent to this case, including bankruptcy and restructuring, healthcare, tax, financing, real estate, employment, and litigation.

10. Perkins Coie has a national bankruptcy practice, and specialization in the healthcare industry, including its recent representation of the official committee of unsecured creditors in *In re Mercy Hospital and Medical Center, et al.*, 21-01805-TAB (Bankr. N.D. Ill.), a community hospital in Chicago, Illinois, and its relevant experience in other healthcare bankruptcy matters, such as its representation of the official committee of unsecured creditors in *In re California-Nevada Methodist Homes*, 21-40363 (Bankr. N.D. Cal.), involving a non-profit entrance fee CCRC located in California, in *In re Air Force Village West, Inc. dba Altavita Village*, 19-11920-SC (Bankr. C.D. Cal.), involving a non-profit CCRC located in Riverside, California, as well as *In re The Prospect-Woodward Home*, 21-10523-BAH (Bankr. D.N.H.), *In re Henry Ford Village, Inc.*, 20-51066-mar (Bankr. E.D. Mich.), and *In re Clare Oaks*, 19-16708-DRC (Bankr. N.D. Ill.). Perkins Coie also currently represents the official committee of unsecured creditors in *In re Svenhard's Swedish Bakery*, 19-15277-C-11 (Bankr. E.D. Cal.).

11. I, and other Perkins Coie attorneys, regularly appear before this Court and are well versed in the local rules and practices of this Court.

12. Because proposed co-counsel Sills Cummis does not have an office in California, and their attorneys are not active members of the State Bar of California or the bar of this Court, the retention of Perkins Coie as co-counsel is necessary pursuant to Civil L.R. 11-3(a)(3) and will allow the Committee to operate more effectively and efficiently. I, and other Perkins Coie attorneys, have experience practicing before this Court and can respond quickly to any contingency, emergency hearings or other matters that may arise during the pendency of these cases.

**PROFESSIONAL COMPENSATION**

13. Perkins Coie operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of work involved and other factors. Perkins Coie has no one rate for an individual attorney or paraprofessional that applies to all matters for all clients. Perkins Coie's rates for an individual attorney or paraprofessional may vary as a function of the type of matter, geographic factors, and the nature of certain long-term client relationships. For example, the rates charged for work performed by Perkins Coie professionals in restructuring and bankruptcy matters are calculated to reflect the great complexity and severe time pressures typically required in such matters.

14. Perkins Coie's hourly rates (the "Hourly Rates") are set at a level designed to fairly compensate Perkins Coie for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly Rates vary with the experience and seniority of the individuals assigned. Perkins Coie's hourly rates are consistent with the rates charged by its peers.

15. Based on the unique circumstances of these Chapter 11 Cases, including the Debtors being a non-profit entity, Perkins Coie has agreed to charge adjusted, discounted hourly rates of $795 for partners and senior counsel, $595 for counsel and associates, and $270 for paralegals ("Adjusted Hourly Rates"). For each timekeeper identified in the table below, the Adjusted Hourly Rate represents a discount of no less than 15% from the rates charged on other matters.

16. The Perkins Coie professionals most likely to be involved in this matter and their adjusted hourly rates are identified in the chart below. In addition, from time to time, it may be necessary for other Perkins Coie professionals and paraprofessionals to provide services to the

Committee.

| Name of Timekeeper | Title | Adjusted Hourly Rate |
|---|---|---|
| Paul S. Jasper | Senior Counsel | $795 |
| Eric E. Walker | Partner | $795 |
| David J. Gold | Partner | $795 |
| Kathleen Allare | Associate | $595 |
| Rachel Leibowitz | Senior Paralegal | $270 |

17. It is Perkins Coie's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Perkins Coie's policy to charge its clients only the amount actually incurred by Perkins Coie in connection with such items. Examples of such expenses are overnight mail, messenger delivery, transportation, photocopying, airfare, meals, lodging, witness fees, and other fees related to trials and hearings. Expense details will be enumerated in applications for allowance of fees and expenses at the costs the firm actually incurs.

18. No promises have been received by Perkins Coie or by any partner, counsel or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. Perkins Coie has no agreement with any other entity to share with such entity any compensation received by Perkins Coie in connection with these Chapter 11 Cases.

19. No promises have been received by Perkins Coie or by any partner, counsel or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. There are no arrangements between Perkins Coie and any other entity for the sharing of compensation received or to be received in connection with these Chapter 11 Cases, except insofar as such compensation may be shared among the partners, counsel, and associates of Perkins Coie. Perkins Coie will work cooperatively with Sills Cummis to integrate any respective work and take care not to duplicate efforts in this Case.

**DISINTERESTEDNESS**

20. To the best of my knowledge, information, and belief:

   a. Perkins Coie does not hold or represent an interest adverse to the Debtors' estates and is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14) and modified by section 1103(b), with respect to the matters for which Perkins Coie is to be employed;

   b. Except as described in this Declaration and in the "Connections" column of the exhibit attached hereto, no Perkins Coie partner, counsel or associate has any connection with the Debtors, their affiliates, creditors, or any other party in interest, or their attorneys and accountants, the United States Trustee for the Northern District of California, or any other person employed in the office of the same, or any judge in the Bankruptcy Court for the Northern District of California or any person employed in the offices of the same; and

   c. The disclosures made herein regarding connections with the Debtors, their creditors, the Committee, any other parties in interest in these cases, their respective attorneys and accountants, any United States Bankruptcy Judge for the Northern District of California, the United States Trustee for Region 17, or any person employed in the Office of the United States Trustee for Region 17 satisfies the requirements of Bankruptcy Rule 2014.

21. In connection with its proposed retention by the Committee, Perkins Coie conducted a search of its conflict database for conflicts and connections with the Debtors, known secured creditors in this case, governmental entities identified by the Debtors as having a role in this case, utilities identified by the Debtors, parties included on the Debtors' counsel's retention application and supporting declaration, and any parties not included above who have filed an appearance in these Chapter 11 Cases (collectively, the "Checked Parties"). Perkins Coie completed its review in accordance with its usual methods and procedures for conflict checks. As the Debtors have not yet filed their schedules of creditors, Perkins Coie will run additional conflict checks when the schedules are filed, and if necessary, supplement this Declaration.

22. A list of the Checked Parties that were the subject of Perkins Coie's search is attached to this Declaration as **Exhibit 1**. Any known connection to the Checked Parties is identified in Exhibit 1, in the column entitled "Connection," which includes and identifies those connections which Perkins Coie currently represents or formerly represented.

23. As noted in Exhibit 1, Perkins Coie represents Force 10 Partners, LLC ("Force 10") in a matter wholly unrelated to the Debtors and these Chapter 11 Cases, and outside its capacity as the Debtors' chief restructuring officer. The total fees billed by Perkins Coie to Force 10 to date for such legal services are less than $4,000, an amount that is *de minimis* relative to the legal fees earned from the Firm's overall client base. Should any matters arise directly adverse to Force 10, the Committee's co-counsel, Sills Cummis, will advise and represent the Committee with respect thereto.

24. All client connections and consents were diligently reviewed by firm attorneys who specialize in conflicts and professional ethics.

25. Perkins Coie has not, does not, and will not, represent any firm clients other than the Committee in any matters related to the Debtors or their assets or liabilities during the pendency of these Chapter 11 Cases.

26. Perkins Coie sent a general email inquiry regarding the Debtors to all attorneys and staff, firmwide, seeking information regarding: (i) representations of, relating to, or adverse to the Debtors; (ii) their or their family members' service as a director, officer or employee of, or equity interests in, the Debtors; (iii) their or their family members' claims against, or receipt of value (including payment of money) from, the Debtors; and (iv) family relationships or other connections with the Judges in the United States Bankruptcy Court for the Northern District of California, and/or the Office of the United States Trustee for Region 17 and employees in that office. No notable connections to these parties were disclosed as a result, though Sara L. Chenetz, a partner in the Perkins Coie's Bankruptcy and Restructuring Group, and the United States Trustee for Region 17, Tracy Hope Davis, were attorneys at the same law firm at the same time, in or before 1996, and have maintained a professional relationship since that time.

27. A number of Perkins Coie attorneys have professional relationships and contacts

with other professionals who are or may be involved in this case. These firm attorneys, and I am among them, are members of professional organizations and attend various meetings and conferences with those professionals, including meetings and conferences of the American Bankruptcy Institute, the National Conference of Bankruptcy Judges and the California Bankruptcy Forum. These connections are similar to other professional connections and associations customarily maintained by active bankruptcy and insolvency practitioners with others in this field.

28. To the best of my knowledge, formed after reasonable inquiry, other than as disclosed in Exhibit 1 hereto, none of the partners, counsel, associates, or paraprofessionals at Perkins Coie have any connection with the Debtors or the Committee. To the best of my knowledge, Perkins Coie does not presently represent any interest adverse to the Debtors or the Committee in connection with these Chapter 11 Cases.

29. Perkins Coie agrees to be compensated as authorized by the Court and consistent with the terms set forth herein. Perkins Coie does not have a prepetition claim against the Debtors. Perkins Coie has not shared or agreed to share compensation it receives as counsel to the Committee with any person other than Perkins Coie partners, other Perkins Coie attorneys and other Perkins Coie employees.

30. Perkins Coie will continue to undertake and apply its conflict review procedures if additional information concerning entities having a material connection with the Debtors and other parties in interest develops, and Perkins Coie will promptly file supplemental disclosures with the Court, if and as appropriate, as required by Bankruptcy Rule 2014(a).

31. No prior request has been made for the relief requested in the Application to this or any other Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of January 2022.

/s/ Paul S. Jasper
Paul S. Jasper

# EXHIBIT 1
*Checked Parties*

| Party Name | Relationship to Debtor | Connection |
|---|---|---|
| Halsen Healthcare, LLC | Debtor | |
| Watsonville Healthcare Management, LLC | Debtor | |
| Watsonville Hospital Corporation | Debtor | |
| Watsonville Hospital Holdings, Inc. | Debtor | |
| Halsen Holdings, LLC | Related Entity | |
| KSJS Montecito Investments, LLC | Related Entity | |
| RLB Capital, LLC | Related Entity | |
| Bankruptcy Management Solutions, Inc. | Debtors' Professional | |
| Bartko Zankel Bunzl & Miller, P.C. | Debtors' Professional | |
| Blanco + Hopkins & Associates, LLC | Debtors' Professional | |
| Cowen and Company, LLC | Debtors' Professional | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity in matters wholly unrelated to these chapter 11 cases |
| Force 10 Partners LLC | Debtors' Professional | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity in matters wholly unrelated to these chapter 11 cases |
| Hooper Lundy & Bookman, P.C. | Debtors' Professional | |
| Pachulski Stang Ziehl & Jones LLP | Debtors' Professional | |
| California Nurses Association | Committee Member | |
| Firm Revenue Cycle Management Services, Inc. | Committee Member | |
| Health Trust Workforce Solutions, LLC | Committee Member | |
| Heroic Security | Committee Member | |
| Medhost Direct, Inc. | Committee Member | |
| SEIU United Healthcare Workers West | Committee Member | |
| Teamsters 853 | Committee Member | |
| Bank of America | Bank | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Farmers & Merchants Bank | Bank | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Wells Fargo Bank | Bank | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Dennis Montali | Bankruptcy Judge (CANB) | |
| Hannah L. Blumenstiel | Bankruptcy Judge (CANB) | |
| Judge Charles Novack | Bankruptcy Judge (CANB) | |
| M. Elaine Hammond | Bankruptcy Judge (CANB) | |
| Roger L. Efremsky | Bankruptcy Judge (CANB) | |
| Stephen L. Johnson | Bankruptcy Judge (CANB) | |
| William J. Lafferty | Bankruptcy Judge (CANB) | |
| Bruce Grimshaw | Current/Former Directors & Officers | |
| Daniel Brothman | Current/Former Directors & Officers | |
| David Gordon | Current/Former Directors & Officers | |
| Edmund King | Current/Former Directors & Officers | |
| Frank R. Williams | Current/Former Directors & Officers | |
| Jeremy Rosenthal | Current/Former Directors & Officers | |
| Sean Fowler | Current/Former Directors & Officers | |
| Steven Salyer | Current/Former Directors & Officers | |
| Sumer Sharma | Current/Former Directors & Officers | |
| Centers for Medicare and Medicaid Services | Government | |
| Department of Health and Human Services | Government | |
| Department of Treasury - Internal Revenue Service | Government | |
| Beazley Insurance Company, Inc. | Insurance & Benefits Party | |
| BETA Healthcare Group | Insurance & Benefits Party | |
| Crum & Forster Specialty Insurance Co. | Insurance & Benefits Party | |
| Delta Dental of California | Insurance & Benefits Party | |
| First Insurance Funding | Insurance & Benefits Party | |
| Hudson Specialty Insurance Co. | Insurance & Benefits Party | |

| Party Name | Relationship to Debtor | Connection |
|---|---|---|
| Igoe Administrative Services | Insurance & Benefits Party | |
| Marsh & McLennan Agency, LLC | Insurance & Benefits Party | Perkins Coie formerly represented this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Principal Financial Group | Insurance & Benefits Party | |
| Starr Indemnity & Liability Co. | Insurance & Benefits Party | |
| Tokio Marine Specialty Insurance Co. | Insurance & Benefits Party | |
| Travelers Indemnity Co. of Connecticut | Insurance & Benefits Party | Perkins Coie formerly represented this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| 3M Health Information System | Largest Unsecured Creditor | |
| Allied Universal Company | Largest Unsecured Creditor | |
| ASD Healthcare | Largest Unsecured Creditor | |
| Cardinal Health | Largest Unsecured Creditor | Perkins Coie formerly represented this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Carefusion Solutions LLC | Largest Unsecured Creditor | Perkins Coie formerly represented this entity and/or certain affiliates and/or subsidiaries of this entity in matters wholly unrelated to these chapter 11 cases |
| Department of Health Care Services (DHCS) | Largest Unsecured Creditor | |
| Dominican Hospital | Largest Unsecured Creditor | |
| Emergency Medical Services Authority | Largest Unsecured Creditor | |
| Guidehouse Managed Services Inc. | Largest Unsecured Creditor | |
| Healthnow Administrative Services | Largest Unsecured Creditor | |
| Intuitive Surgical, Inc | Largest Unsecured Creditor | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Lucile Packard Children Hospital | Largest Unsecured Creditor | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Medical Properties Trust, Inc. | Largest Unsecured Creditor | |
| Meritain Health Inc. | Largest Unsecured Creditor | |
| Pinehurst Hospitalist Medical Group, Inc. | Largest Unsecured Creditor | |
| Radiology Medical Group | Largest Unsecured Creditor | |
| Rehab Practice Management | Largest Unsecured Creditor | |
| Rxbenefits | Largest Unsecured Creditor | |
| Salud Para La Gente | Largest Unsecured Creditor | |
| Santa Cruz County Tax Collector | Largest Unsecured Creditor | |
| Stealth Partner Group, LLC | Largest Unsecured Creditor | |
| Stryker Orthopaedics | Largest Unsecured Creditor | |
| The Permanente Medical Group | Largest Unsecured Creditor | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Total Renal Care, Inc | Largest Unsecured Creditor | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Peritus Advisors | Litigation Counterparty | |
| Vaco LLC | Litigation Counterparty | Perkins Coie formerly represented this entity and/or certain affiliates and/or subsidiaries of this entity and is adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| VRC LLC | Litigation Counterparty | |
| Alta Hospitals System, LLC | Major Contract Counterparty | |
| Aretaeus Telemedicine, Inc. | Major Contract Counterparty | |
| Associated Pathology Medical Group | Major Contract Counterparty | |

| Party Name | Relationship to Debtor | Connection |
|---|---|---|
| CEP America – Neurology, P.C. | Major Contract Counterparty | |
| Coastal Health Partners, P.C. | Major Contract Counterparty | |
| Elite Anesthesia Medical Group, Inc. | Major Contract Counterparty | |
| LifeLinc Anesthesia VI, P.C. | Major Contract Counterparty | |
| Philips Medical Capital, LLC | Major Contract Counterparty | |
| ADEX Medical Staffing LLC | Master Notice List | |
| ADP, LLC | Master Notice List | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to this Chapter 11 Case |
| American Red Cross | Master Notice List | Perkins Coie formerly represented this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to this Chapter 11 Case |
| Carrier Corporation | Master Notice List | Perkins Coie formerly represented this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to this Chapter 11 Case |
| CR Bard Access | Master Notice List | |
| Emerald Textile Services Northern California, LLC | Master Notice List | |
| Hospital Council Of Northern & Central California | Master Notice List | |
| Neven Development, LLC | Master Notice List | |
| Noridian Healthcare Solutions, LLC | Master Notice List | |
| Pajaro Valley Healthcare District Project | Master Notice List | |
| Para Healthcare Analytics, LLC | Master Notice List | |
| QHCCS, LLC Retirement Committee | Master Notice List | |
| Avis J. Haynes | Office of the US Trustee (Region 17) | |
| Booker T. Carmichael | Office of the US Trustee (Region 17) | |
| Elvina Rofael | Office of the US Trustee (Region 17) | |
| Jason Blumberg | Office of the US Trustee (Region 17) | |
| Jorge A. Gaitan | Office of the US Trustee (Region 17) | |
| Justin C. Valencia | Office of the US Trustee (Region 17) | |
| Kelly Rock | Office of the US Trustee (Region 17) | |
| Lamar Lewis-Sutton | Office of the US Trustee (Region 17) | |
| Michael O. Sorgaard | Office of the US Trustee (Region 17) | |
| Suhey Ramirez | Office of the US Trustee (Region 17) | |
| Timothy S. Laffredi | Office of the US Trustee (Region 17) | |
| Tracy Hope Davis | Office of the US Trustee (Region 17) | |
| Trevor Fehr | Office of the US Trustee (Region 17) | |
| CNH Finance Fund I, L.P. | Secured Creditors/UCC | |
| Dell Financial Services, LLC | Secured Creditors/UCC | |
| Flex Financial | Secured Creditors/UCC | |
| GE HFS, LLC | Secured Creditors/UCC | |
| MPT of Watsonville Lender, LLC | Secured Creditors/UCC | |
| MPT of Watsonville, LLC | Secured Creditors/UCC | |
| NFS Leasing, Inc. | Secured Creditors/UCC | |
| SCG Capital Corp. | Secured Creditors/UCC | |
| Urban Partnership Bank | Secured Creditors/UCC | |
| Western Alliance Equipment Finance, LLC | Secured Creditors/UCC | |
| California Technical Employees' Coalition | Union | |
| General Teamsters Local 912 | Union | |
| SEIU-UHW West & Joint Education Fund | Union | |
| Service Employees International Union | Union | |
| AT&T | Utility | Perkins Coie formerly represented this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Charter Communications | Utility | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| City of Watsonville | Utility | |

| Party Name | Relationship to Debtor | Connection |
|---|---|---|
| Constellation New Energy | Utility | Perkins Coie currently represents and formerly represented a client with an adversity or potential adversity to this entity in matters wholly unrelated to these chapter 11 cases |
| Pacific Gas & Electric | Utility | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Stericycle, Inc. | Utility | Perkins Coie currently represents this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |
| Verizon | Utility | Perkins Coie formerly represented this entity and/or certain affiliates and/or subsidiaries of this entity and is and has been adverse to this entity in matters wholly unrelated to these chapter 11 cases |