| | |
|---|---|
| Paul S. Jasper, Bar No. 200138<br>PJasper@perkinscoie.com<br>PERKINS COIE LLP<br>505 Howard Street, Suite 1000<br>San Francisco, CA 94105<br>Telephone: 415.344.7000<br>Facsimile: 415.344.7050<br><br>Eric E. Walker (*pro hac vice*)<br>Illinois Bar No. 6290993<br>EWalker@perkinscoie.com<br>Kathleen Allare (*pro hac vice*)<br>Illinois Bar No. 6326536<br>KAllare@perkinscoie.com<br>PERKINS COIE LLP<br>110 North Wacker Drive, Suite 3400<br>Chicago, IL 60606<br>Telephone: 312.324.8659<br>Facsimile: 312.324.9659<br><br>Proposed *Co-Counsel to the Official Committee of Unsecured Creditors* | Andrew H. Sherman (*pro hac vice*)<br>ASherman@sillscummis.com<br>Boris I. Mankovetskiy (*pro hac vice*)<br>BMankovetskiy@sillscummis.com<br>SILLS CUMMIS & GROSS P.C.<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Telephone: 973.643.7000<br>Facsimile: 973.643.6500 |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>WATSONVILLE HOSPITAL CORPORATION, et al.,[1]<br><br>Debtors. | CASE NO. 21-51477<br><br>Chapter: 11<br>(Jointly Administered)<br><br>DECLARATION OF ANDREW H. SHERMAN IN SUPPORT OF APPLICATION TO RETAIN AND EMPLOY SILLS CUMMIS & GROSS P.C. AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WATSONVILLE HOSPITAL CORPORATION, *ET AL.*, EFFECTIVE AS OF DECEMBER 29, 2021<br><br>Judge: Hon. M. Elaine Hammond<br><br>[No Hearing Required] |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

Andrew H. Sherman makes this declaration (the "Declaration") pursuant to 28 U.S.C. § 1746 in support of the *Application to Retain and Employ Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of Watsonville Hospital Corporation, et al., Effective as of December 29, 2021* (the "Application"), and states and declares as follows:

1. I am a resident of New Jersey and a Member of the law firm Sills Cummis & Gross P.C. ("Sills"), proposed co-counsel for the Official Committee of Unsecured Creditors (the "Committee") of Watsonville Hospital Corporation, *et al.* (the "Debtors"), with primary offices located at One Riverfront Plaza, Newark, NJ 07102 (telephone: 973-643-7000).

2. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon completion of further review by Sills or as additional information becomes available, a supplemental affidavit will be submitted to the United States Bankruptcy Court for the Northern District of California (the "Court") reflecting such amended or modified information.

**I.  QUALIFICATIONS OF SILLS CUMMIS & GROSS P.C.**

3. Sills has significant experience representing creditors in complex bankruptcy cases, including as committee counsel in healthcare and hospital-related cases throughout the country. Among other representations, Sills has represented or currently represents the creditors' committees in the bankruptcy cases of *In re Bayonne Medical Center* (Case No. 07-15195 (MBK), Bankr. D.N.J.); *In re Hudson Healthcare, Inc.* (Case No. 11-33014 (VFP), Bankr. D.N.J.); *In re Christ Hospital* (Case No. 12-12906 (MS), Bankr. D.N.J.); *In re Fairmont General Hospital, Inc., et al.* (Case No. 13-01054 (PMF), Bankr. N.D. W. Va.); *In re Union Hospital District* (Case No. 14-03299 (DD), Bankr. D.S.C.); *In re Ultura (LA) Inc., et al.* (Case No. 14-12382 (KG), Bankr. D. Del.); *In re SMMC Liquidation Corp. f/k/a Saint Michael's Medical Center, Inc., et al.* (Case No. 15-24999 (VFP), Bankr. D.N.J.); *In re Progressive Acute Care, LLC, et al.* (Case No. 16-50740 (JWK), Bankr. W.D. La.); *In re Gardens Regional Hospital and Medical Center, Inc.* (Case No. 16-17463 (ER), Bankr. C.D. Cal.); *In re CH Liquidation Association f/k/a Coshocton County Memorial Hospital Association* (Case No. 16-51552 (AMK),

Bankr. N.D. Ohio); *In re Gainesville Hospital District d/b/a North Texas Medical Center* (Case No. 16-40101 (BTR), Bankr. E.D. Tex.); *In re Morehead Memorial Hospital* (Case No. 17-10775 (BK), Bankr. M.D.N.C.); *In re Curae Health, et al.* (Case No. 18-05665 (CMW) Bankr. M.D. Tenn.); *In re Promise Healthcare Group, LLC, et al.* (Case No. 18-12491 (CSS), Bankr. D. Del.); *In re Novum Pharma, LLC* (Case No. 19-10209 (KJC), Bankr. D. Del.); *In re Astria Health, et al.* (Case No. 19-01189-11 (WH), Bankr. E.D. Wash.); *In re Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al.* (Case No. 19-11466 (KG), Bankr. D. Del.); *In re The College of New Rochelle* (Case No. 19-23694 (RDD), Bankr. S.D.N.Y.); *In re Thomas Health System, Inc., et al.* (Case No. 20-20007 (FWV), Bankr. S.D. W. Va.); *Randolph Hospital, Inc. d/b/a Randolph Health* (Case No. 20-10247 (LMJ), Bankr. M.D.N.C.); *In re LRGHealthcare* (Case No. 20-10892 (MAF), Bankr. D.N.H.); *In re MTPC, LLC, et al.* (Case No. 20-05438 (RSM), Bankr. M.D. Tenn.); and *In re Mercy Hospital and Medical Center, et al.* (Case No. 21-01805 (TAB), Bankr. N.D. Ill.). Sills also represented the debtors in *In re Pascack Valley Hospital Association, Inc.* (Case No. 07-23686 (RG), Bankr. D.N.J.) and *In re Mammoet-Starneth LLC* (Case No. 17-12925 (LSS), Bankr. D. Del.) and a secured creditor/plan sponsor in *In re Motor Coach Industries International, Inc., et al.* (08-12136 (BLS), Bankr. D. Del.). Sills has also served or is serving as special counsel to the creditors' committee in *In re 710 Long Ridge Road Operating Company II, LLC, et al.* (Case No. 13-13653 (DHS), Bankr. D.N.J.), the debtor in *In re Hollister Construction Services, LLC*, (Case No. 19-27439 (MBK), Bankr. D.N.J.), and the debtors and creditors' committee in *In re Specialty Hospital of Washington, LLC, et al.* (Case No. 14-00279 (SMT), Bankr. D.C.).

**II. SCOPE OF EMPLOYMENT**

4. The professional services Sills will render include the following:

   a. Provide legal advice regarding the Committee's rights, powers, and duties in these cases.

   b. Prepare all necessary applications, answers, responses, objections, orders, reports, and other legal papers.

   c. Represent the Committee in any and all matters arising in these cases, including any dispute or issue with the Debtors or other third parties.

        d.      Appear at hearings and other proceedings to represent the interests of the Committee.

        e.      Assist the Committee in its investigation and analysis of the Debtors, their capital structure, and issues arising in or related to these cases, including but not limited to the review and analysis of all pleadings, claims, and bankruptcy plans that might be filed in these cases, and any negotiations or litigation that may arise out of or in connection with such matters, the Debtors' operations, the Debtors' financial affairs, and any proposed disposition of the Debtors' assets.

        f.      Represent the Committee in all aspects of any sale and bankruptcy plan confirmation proceedings.

        g.      Perform any and all other legal services for the Committee that may be necessary or desirable in these cases.

5. Sills intends to work closely with its proposed co-counsel Perkins Coie LLP ("Perkins") to prevent unnecessary or inefficient duplication of services, and Sills and Perkins will utilize their respective skills and experience and take all necessary and appropriate steps to avoid any such duplication.

## III.    TERMS OF RETENTION

6. Sills intends to apply for compensation for professional services rendered in connection with these cases, subject to approval of the Court and in compliance with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, and any applicable rules and orders of the Court, on an hourly basis, plus reimbursement of actual, necessary expenses.

7. For each month in these cases, Sills' fees (not including expenses) will be limited to the lesser of (i) the amount of Sills' fees at its professionals' standard rates (which currently range from $595-$950 for Members, $495-$750 for Of Counsels, $350-$695 for Associates, and $235-$350 for Paralegals) and (ii) the amount of Sills' fees at a blended hourly rate of $625.

8. The following professionals are expected to have primary responsibility for providing services to the Committee in these cases:

| Professional | Standard Hourly Rate, Before Application of Blended $625 Rate |
|---|---|
| Andrew H. Sherman, Member | $925 |

| | |
|---|---|
| Boris I. Mankovetskiy, Member | $825 |
| Lucas F. Hammonds, Of Counsel | $725 |
| Daniel J. Harris, Of Counsel | $725 |
| Rachel E. Brennan, Of Counsel | $695 |
| Gregory Kopacz, Associate | $650 |

9. The foregoing rates are set at a level designed to fairly compensate Sills for its work and to cover fixed and routine overhead expenses.

10. It is Sills' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. These expenses include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for working meals, and transcription costs, as well as non-ordinary expenses such as overtime for secretarial personnel and other staff. Sills will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to the firm's clients and in compliance with any guidelines promulgated by the Office of the U.S. Trustee, subject to approval by the Court.

11. Sills did not receive any retainer in these cases.

12. Other than as set forth herein, there is no proposed arrangement to compensate Sills. Sills has not shared, nor agreed to share (i) any compensation it has received or may receive with any other party or person, other than with the Members, Of Counsels, and Associates of the firm, or (ii) any compensation another person or party has received or may receive.

**IV.   SILLS DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST**

13. In connection with its proposed retention by the Committee, Sills, as described below, undertook to determine whether it had any conflicts or other relationships or connections that might cause it not be disinterested, or to hold or represent an interest adverse to the Debtors, their estates, the Committee, or any other party-in-interest in these cases. Except as disclosed herein, to the best of my knowledge, information, and belief based upon the disclosure and review

-5-

process conducted to date, it appears that Sills has no connection with the Debtors, their estates, the Committee, or any other party-in-interest in these cases, and does not have or represent any other entity having any adverse interest in connection with these cases.

        14. In preparing the Application and this Declaration, Sills personnel, under my general supervision, undertook the following actions, among others:

    (a) Obtained and supplemented a list of people and entities that may be parties in interest in these chapter 11 cases. The parties on that list, a copy of which is attached hereto as Exhibit 1, are collectively referred to in the Application and this Declaration as the "Conflicts Check Parties," and include, among others: (i) the Debtors; (ii) the Debtors' professionals; (iii) purported secured creditors of the Debtors; (iv) the Debtors' top 30 unsecured creditors; (v) the Committee's members; and (vi) certain other potentially interested parties.

    (b) Compared the names of the Conflicts Check Parties to Sills' computer client database containing, *inter alia*, the names of all of the firm's current and former clients, parties adverse to those clients, known affiliates of and connections to those clients and adverse parties, the attorneys associated with those clients, and other relevant information relating to the representation, which is systematically updated in the firm's ordinary course of business and as the firm receives new matters, and specifically screened for current clients, former clients within the last three (3) years, adverse parties, and co-defendants. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

    (c) Compared the names of the Conflicts Check Parties to a list of members of official committees of unsecured creditors currently or previously represented by Sills.

    (d) Reviewed the names of the Conflicts Check Parties for other connections to Sills.

    (e) Circulated a list identifying the Debtors, the Debtors' alleged secured creditors, the Debtors' directors and officers, certain related parties, the potential purchaser, the Bankruptcy Judges for the Northern District of California, the U.S. Trustee, and relevant members of the U.S. Trustee's office to all Sills attorneys via electronic mail to determine whether any Sills attorney has any present or past connection to any of those parties.

        15. Sills has a large and diverse practice, and as a result, the foregoing inquiry revealed the following connections to the Conflict Check Parties:

(a) The following Conflicts Check Parties and/or certain of their affiliates are current Sills clients in a matter or matters unrelated to these chapter 11 cases:

1) Beazley Insurance Company, Inc.

2) Crum & Forster Specialty Insurance Co.

3) Marsh & McLennan Agency, LLC

4) Verizon

5) Wells Fargo Bank

(b) The following Conflicts Check Parties and/or certain of their affiliates were Sills clients in a matter or matters unrelated to these chapter 11 cases within the last three (3) years but are not currently clients of the firm in any matter:

1) Prospect Medical Holdings, Inc.

(c) The following Conflicts Check Parties and/or certain of their affiliates and/or divisions are adverse (or potentially adverse) to current Sills clients in a matter or matters unrelated to these chapter 11 cases:

1) AT&T

2) Bank of America

3) Cardinal Health

4) Carefusion Solutions LLC

5) Centers for Medicare and Medicaid Services

6) Department of Health and Human Services

7) Department of Health Care Services

8) Department of Treasury – Internal Revenue Service

9) Service Employees International Union United Healthcare Workers

10) Stryker Orthopaedics

11) Total Renal Care, Inc.

(d) The following Conflicts Check Parties and/or certain of their affiliates are co-defendants (or otherwise co-parties) with current Sills clients in a matter or matters unrelated to these chapter 11 cases:

1) Bank of America

2) Cardinal Health

      3) CR Bard Access

  (e) Sills has previously represented and/or currently represents official committees of unsecured creditors of which the following Conflicts Check Parties and/or certain of their affiliates are or were members:

      1) Cardinal Health

      2) MEDHOST, Inc.

16. In addition, Sills currently represents or has in the past represented official committees of unsecured creditors and/or liquidating trustees or other estate representatives in matters unrelated to these bankruptcy cases in which Pachulski Stang Ziehl & Jones LLP, Foley & Lardner, Force Ten Partners LLC and Stretto were and are retained as estate professionals. Sills is currently co-counsel with Pachulski Stang in a post-confirmation bankruptcy case and Sills has represented an official committees of unsecured creditors with Perkins as co-counsel. Sills has also represented official committees of unsecured creditors in cases in which Perkins has represented a creditor appointed to such committee.

17. In addition, Sills has served as co-counsel to Pillsbury Winthrop Shaw Pittman LLP in matters unrelated to these bankruptcy cases.

18. In addition, an attorney at Sills formerly served on an ABA Section of Litigation Task Force (Federal Practice Task Force) with Judge Jon Tigar.

19. In addition, in anticipation of the potential formation of an official committee of unsecured creditors in these cases, Sills spoke with, contacted, and/or was contacted by representatives and/or counsel for the Debtors, MEDHOST, SEIU regarding its interest in serving on the Committee and Sills' qualifications to serve as Committee counsel in the event of formation.

20. In addition, in anticipation of the potential formation of an official committee of unsecured creditors in these cases, attorneys at Sills spoke with, contacted, and/or were contacted by attorneys at Perkins regarding their respective (i) potential connections to counsel to or representatives of certain creditors in these cases or their affiliates who might have an interest in

-8-
Case: 21-51477 Doc# 212 Filed: 01/17/22 Entered: 01/17/22 15:07:26 Page 8 of 16
8544538

serving on the Committee and (ii) interests in serving as co-counsel to the Committee in the event of formation.

21. If any contested matter, adversary proceeding, other litigation, or other matter arising in the Debtors' chapter 11 cases presents a conflict of interest such that Sills cannot represent the Committee based on the connections identified above, the Committee will be represented by its co-counsel or other counsel with respect to such matter unless the Committee and the other relevant party or parties consent to Sills' representation of the Committee in such matter.

22. In addition to the connections specifically disclosed above, Sills, in matters unrelated to these bankruptcy cases, may in the future represent creditors or parties-in-interest in these bankruptcy cases or parties adverse to such parties. Sills believes that its representation of such parties in such other matters will not affect its representation of the Committee in these chapter 11 cases. To the extent that any such representations are undertaken or discovered, Sills will supplement this Declaration as appropriate.

23. Sills is a full-service law firm with active real estate, intellectual property, financing, corporate, tax and litigation practices. Sills appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants or parties-in-interest in these cases. Sills has not and will not represent any such entities in relation to the Debtors in these chapter 11 cases nor does it have any relationship with any such attorneys, accountants, financial consultants and investment bankers that would be adverse to the Committee, the Debtors or their estates.

24. To the best of my knowledge, information and belief, based upon the foregoing disclosure and review process conducted to date, it appears that no attorney at Sills (i) holds a direct or indirect equity interest in the Debtors or has a right to acquire such an interest; (ii) is or has served as an officer, director, or employee of any Debtor; (iii) is in control of any Debtor or is a relative of a general partner, director, officer, or person in control of any Debtor; (iv) is a general or limited partner of a partnership in which any Debtor is also a general or limited

partner; (v) is a relative of or has any connection with the Bankruptcy Judge approving the employment of Sills as the Committee's co-counsel that would render retention and employment improper; or (vi) is connected to the United States Trustee or any employee of that office.

25. To the best of my knowledge, information, and belief, based upon the foregoing disclosure and review process conducted to date, it appears that, except as set forth herein, Sills (i) does not hold or represent any interest adverse to the Committee, the Debtors, or the Debtors' estates; and (ii) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

26. Sills will from time to time review its disclosures in these cases, and in the event that additional material connections are discovered or arise, the firm will disclose such information to the Court on notice to parties-in-interest and the United States Trustee.

## V. UNITED STATES TRUSTEE GUIDELINES STATEMENT

27. Sills' responses to the requests for additional information set forth in section (D)(1) of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines") are as follows:

(a) **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Answer**: Yes. As set forth above, Sills agreed that, for each month in these cases, Sills' fees (not including expenses) will be limited to the lesser of (i) the amount of Sills' fees at its professionals' standard rates and (ii) the amount of Sills' fees at a blended hourly rate of $625.

(b) **Question**: Do any of the Sills professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Answer**: No.

(c) **Question**: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**: Not applicable.

(d) **Question**: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Answer**: The Committee has approved the terms of retention set forth in the Application and this Declaration, including the proposed rates and primary responsible personnel. In addition, the Committee has or will be provided a copy of a revised budget in connection with the Debtors' postpetition financing. If requested by the Committee, Sills will submit a budget and staffing plan consistent with the form identified as Exhibit C to the U.S. Trustee Guidelines for approval to the Committee in the normal course of its representation.

### E. EMPLOYMENT EFFECTIVE AS OF DECEMBER 29, 2021

28. As set forth in the Application, the Committee was formed and selected Sills as its co-counsel on December 29, 2021. Due to the complex and time-sensitive nature of these chapter 11 cases, Sills immediately commenced work and promptly devoted substantial resources to these cases prior to submission and approval of the Application. As such, the Committee has sought authorization to retain and employ Sills as soon as reasonably practicable, with Sills' retention effective as of December 29, 2021.

29. For the foregoing reasons, I believe that Sills is eligible for employment and retention by the Committee pursuant to section 1103 of the Bankruptcy Code.

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

DATED: January 17, 2022  
Morris County, New Jersey

*/s/ Andrew H. Sherman, Esq.*  
Andrew H. Sherman, Esq.

# EXHIBIT 1

**Debtors**
Halsen Healthcare, LLC
Watsonville Healthcare Management, LLC
Watsonville Hospital Corporation
Watsonville Hospital Holdings, Inc.

**Related Parties**
Halsen Holdings, LLC
KSJS Montecito Investments, LLC
Prospect Medical Holdings, Inc.
RLB Capital, LLC
Watsonville Community Hospital

**Alleged Secured Creditors**
CNH Finance Fund I, L.P.
Dell Financial Services, LLC
Flex Financial
MPT of Watsonville, LLC
MPT of Watsonville Lender, LLC
GE HFS, LLC
NFS Leasing, Inc.
SCG Capital Corp.
Urban Partnership Bank
Western Alliance Equipment Finance, LLC

**Current/Former Directors and Officers**
Bruce Grimshaw
David Gordon
Daniel Brothman
Edmund King
Frank R. Williams
Jeremy Rosenthal
Sean Fowler
Steven Salyer
Sumer Sharma
Chris Wheeler

**Professionals**
Bankruptcy Management Solutions, Inc.
Baker, Donelson, Bearman, Caldwell & Berkowitz
Bartko Zankel Bunzl & Miller, P.C.
Blanco + Hopkins & Associates, LLC
Cowen and Company, LLC
Foley & Lardner
Force Ten Partners LLC
Jeremy Rosenthal

Hooper Lundy & Bookman, P.C.
KTBS Law
Pachulski Stang Ziehl & Jones LLP
Stretto
Perkins Coie LLP
Pillsbury Winthrop Shaw Pittman

**Banks**
Bank of America
Farmers & Merchants Bank
Wells Fargo Bank

**Litigation Counterparties**
Peritus Advisors
Vaco LLC
VRC LLC

**Largest Unsecured Creditors**
3M Health Information System
Allied Universal Company
ASD Healthcare
Cardinal Health
Carefusion Solutions LLC
Department of Health Care Services (DHCS)
Dominican Hospital
Emergency Medical Services Authority
Firm Revenue Cycle Management
Guidehouse Managed Services Inc.
Health Trust
Healthnow Administrative Services
Heroic Security, LLC
Intuitive Surgical, Inc
Johnson Center
Lucile Packard Children Hospital
Medhost
Medical Properties Trust, Inc.
Meritain Health Inc.
Peritus Advisors
Pinehurst Hospitalist Medical Group, Inc.
Principal Financial Group
Radiology Medical Group
Rehab Practice Management
Rxbenefits
Salud Para La Gente
Santa Cruz County Tax Collector
Stealth Partner Group, LLC
Stryker Orthopaedics
The Permanente Medical Group

Total Renal Care, Inc.

**Major Contract Counterparties**
Alta Hospitals System, LLC
Aretaeus Telemedicine, Inc.
Associated Pathology Medical Group
CEP America – Neurology, P.C.
Elite Anesthesia Medical Group, Inc.
Coastal Health Partners, P.C.
LifeLinc Anesthesia VI, P.C.
Philips Medical Capital, LLC
Teamsters 853

**Unions**
California Nurses Association
California Technical Employees' Coalition
General Teamsters Local 912
SEIU-UHW

**Insurance and Benefits Parties**
Beazley Insurance Company, Inc.
BETA Healthcare Group
Crum & Forster Specialty Insurance Co.
Delta Dental of California
First Insurance Funding
Hudson Specialty Insurance Co.
Igoe Administrative Services
Marsh & McLennan Agency, LLC
Starr Indemnity & Liability Co.
Tokio Marine Specialty Insurance Co.
Travelers Indemnity Co. of Connecticut

**Utilities**
AT&T
Charter Communications
City of Watsonville
Constellation New Energy
Pacific Gas & Electric
Stericycle, Inc.
Verizon

**Other Parties in Interest**
ADEX Medical Staffing LLC
ADP, LLC
American Red Cross
Carrier Corporation
Centers for Medicare and Medicaid Services
CR Bard Access

Department of Health and Human Services
Department of Treasury - Internal Revenue Service
Emerald Textile Services Northern California, LLC
Halsen Healthcare, Inc.
Hospital Council of Northern & Central California
MPT Operating Partnership, L.P.
MPT Lessor
Neven Development, LLC
Noridian Healthcare Solutions, LLC
Pajaro Valley Healthcare District Project
Para Healthcare Analytics, LLC
QHCCS, LLC Retirement Committee
QHC California Holdings
Quarum Health Corp.
SEIU-UHW West & Joint Education Fund
Service Employees International Union

**Judges and U.S. Trustee Personnel**
Judge Charles Novack
Judge Dennis Montali
Judge Hannah L. Blumenstiel
Anna Lee
Anna Rosales
Judge M. Elaine Hammond
Judge Roger L. Efremsky
Judge Stephen L. Johnson
William J. Lafferty
Avis J. Haynes
Booker T. Carmichael
Elvina Rofael
Jason Blumberg
Jorge A. Gaitan
Justin C. Valencia
Kelly Rock
Lamar Lewis-Sutton
Michael O. Sorgaard
Suhey Ramirez
Timothy S. Laffredi
Tracy Hope Davis
Trevor Fehr
Katina Umpierre
Laurent Chen
Marta E. Villacorta
Michael Chow
Patricia Vargas
Raenna J. Rorabeck
Walker Mondt
Judge Richard Seeborg

Judge Joseph C. Spero
Judge William Alsup
Judge Charles R. Breyer
Judge Edward M. Chen
Judge Maxine M. Chesney
Judge Vince Chhabria
Judge James Donato
Judge Susan Illston
Judge William H. Orrick
Judge Laurel Beeler
Judge Jacqueline Scott Corley
Judge Thomas S. Hixson
Judge Sallie Kim
Judge Alex G. Tse
Judge Robert M. Illman
Judge Saundra Browne Armstrong
Judge Haywood S. Gilliam, Jr.
Judge Yvonne Gonzalez Rogers
Judge Phyllis J. Hamilton
Judge Jon S. Tigar
Judge Jeffrey S. White
Judge Claudia Wilken
Judge Donna M. Ryu
Judge Kandis A. Westmore
Judge Edward J. Davila
Judge Beth Labson Freeman
Judge Lucy H. Koh
Judge Nathanael Cousins
Judge Virginia K. DeMarchi
Judge Susan van Keulen