| | |
|---|---|
| Paul S. Jasper, Bar No. 200138<br>PJasper@perkinscoie.com<br>PERKINS COIE LLP<br>505 Howard Street, Suite 1000<br>San Francisco, CA 94105<br>Telephone: 415.344.7000<br>Facsimile: 415.344.7050<br><br>Eric E. Walker (*pro hac vice*)<br>Illinois Bar No. 6290993<br>EWalker@perkinscoie.com<br>Kathleen Allare (*pro hac vice*)<br>Illinois Bar No. 6326536<br>KAllare@perkinscoie.com<br>PERKINS COIE LLP<br>110 North Wacker Drive, Suite 3400<br>Chicago, IL 60606<br>Telephone: 312.324.8659<br>Facsimile: 312.324.9659 | Andrew H. Sherman (*pro hac vice*)<br>ASherman@sillscummis.com<br>Boris I. Mankovetskiy (*pro hac vice*)<br>BMankovetskiy@sillscummis.com<br>SILLS CUMMIS & GROSS P.C.<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Telephone: 973.643.7000<br>Facsimile: 973.643.6500 |

Proposed *Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>WATSONVILLE HOSPITAL CORPORATION, et al.,[1]<br><br>Debtors. | CASE NO. 21-51477<br><br>Chapter: 11<br>(Jointly Administered)<br><br>DECLARATION OF WILLIAM P. ANDERSON IN SUPPORT OF APPLICATIONS TO RETAIN AND EMPLOY SILLS CUMMIS & GROSS P.C. AND PERKINS COIE LLP AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WATSONVILLE HOSPITAL CORPORATION, *ET AL.*, EFFECTIVE AS OF DECEMBER 29, 2021<br><br>Judge: Hon. M. Elaine Hammond<br><br>[No Hearing Required] |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

William P. Anderson makes this declaration (the "Declaration") pursuant to 28 U.S.C. § 1746 in support of the applications of the Official Committee of Unsecured Creditors (the "Committee") of Watsonville Hospital Corporation, *et al.* (the "Debtors") to retain and employ: (i) Sills Cummis & Gross P.C. ("Sills") as co-counsel effective as of December 29, 2021 [Docket No. 211]; and (ii) Perkins Coie LLP ("Perkins" and, together with Sills, the "Attorneys") as co-counsel effective as of December 29, 2021 [Docket No. 208] (together, the "Applications"), and states and declares as follows:

1. I am the chairman and chief executive officer of MEDHOST Direct, Inc., the duly-appointed chair of the Committee in these chapter 11 cases.

2. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. I submit this Declaration pursuant to section (D)(2) of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, which requests a verified statement addressing the following issues in connection with an application for employment filed under section 1103 of the Bankruptcy Code:

   (a) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

   (b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

   (c) The number of firms the client interviewed.

   (d) If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

(f) The client verification should be appropriately detailed and should not be a routine form prepared by the client's bankruptcy counsel.

4. As the designated representative of MEDHOST Direct, Inc., I was directly involved in the Committee's decision to retain the Attorneys in these cases and participated in the negotiation of the Attorneys' respective terms of employment.

5. Upon its formation, the Committee interviewed no less than five (5) firms seeking to provide their services as lead counsel for the Committee before selecting the Attorneys.

6. The Committee selected the Attorneys in these cases after careful deliberation based upon, among other things, their significant experience representing creditors in complex bankruptcy cases, including as committee counsel or otherwise in numerous healthcare-related cases throughout the country; their preparation for these cases; and their proposed rate structures.

7. The Committee has been advised by the Attorneys that the billing rates and material terms of their respective engagements are comparable to, or less than, their billing rates and terms for other non-bankruptcy engagements. Specifically, the Committee has been advised by the Attorneys that the billing rates of their respective timekeepers in these cases are within the range of, and comparable to the rates of, their timekeepers in non-bankruptcy engagements based on such factors as title, experience, and expertise, and are not determined based on whether an engagement is bankruptcy-related or not. Moreover, (i) Sills will, for each month in these cases, bill the Committee the lesser of (a) the amount of Sills' fees at its professionals' standard rates (which currently range from $595-$950 for Members, $495-$750 for Of Counsels, $350-$695 for Associates, and $235-$350 for Paralegals) and (b) the amount of Sills' fees at a blended hourly rate of $625; and (ii) Perkins will charge discounted, blended rates of $795 for partners and senior

counsel, $595 for counsel and associates, and $270 for paralegals, as set forth in the declarations submitted in support of their respective Applications.

8. The Committee has also been advised by the Attorneys that, while taking into account the unique circumstances presented by the representation of official committees in large chapter 11 cases, the material terms of their respective engagements are comparable to, or less than, the terms of their non-bankruptcy engagements.

9. The Committee has further been advised by the Attorneys that the billing rates and material terms of their respective engagements are comparable to, or less than, those of comparably skilled professionals. This appears to be consistent with the information provided by the other candidates for Committee counsel.

10. The Committee will supervise the fees and expenses incurred by the Attorneys in these cases to manage the Committee's costs by, among other things, reviewing all invoices and applications for payment of fees and reimbursement of expenses. If the Committee objects to any fees or expenses requested, the Committee will attempt to resolve the objection with the applicable Attorneys consensually. The Attorneys have advised that, if the Committee and the applicable Attorneys are unable to resolve any such issues with respect to any application for payment of fees and reimbursement of expenses, the applicable Attorneys will file a notice of objection to the application while reserving all rights to contest the objection. The Committee reserves the right to retain conflicts counsel to prosecute any such objection to any application for payment of fees and reimbursement of expenses if the objection cannot be resolved by the Committee and the applicable Attorneys consensually.

11. In addition, the Committee has been advised that the Attorneys will work closely with one another to prevent unnecessary or inefficient duplication of services, and that the Attorneys will utilize their respective skills and experience and take all necessary and appropriate steps to avoid any such duplication.

12. Nothing in this declaration is intended to impair (a) the Attorneys' right to request allowance and payment of fees and expenses under the applicable provisions of title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, or the local rules of this Court,

or (b) the Attorneys' right to defend any objection raised with respect to such allowance and payment.

13. For the foregoing reasons, I believe that the Attorneys are eligible for retention and employment by the Committee in these cases, and that such employment is in the best interest of the estates.

DATED: January 14, 2022

*/s/ William P. Anderson*
William P. Anderson