HANSON BRIDGETT LLP
ANTHONY J. DUTRA, SBN 277706
adutra@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

*Attorneys for Creditor Picis Clinical Solutions, Inc.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>    Debtors. | Case No. 21-51477<br><br>Chapter 11<br><br>**CREDITOR PICIS CLINICAL SOLUTIONS, INC.'S OBJECTION TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO THE EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS IN CONNECTION WITH A SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS** |

Picis Clinical Solutions, Inc. ("**Picis**"), by and through its undersigned counsel, hereby files this Objection (the "**Objection**") to the *Notice of Potential Assumption and Assignment and Cure Amount with Respect to the Executory Contracts and Unexpired Leases of the Debtors in Connection with a Sale of Substantially All of the Debtors' Assets* [Doc. No. 200] (the "**Notice**") and objects to the proposed Cure Amount[1] for the Picis's contracts with Debtor Watsonville Hospital Corporation ("**Debtor**") as stated in the

---

[1] Capitalized terms not otherwise defined herein have the same meaning as given in the Notice.

PICIS CLINICAL SOLUTIONS, INC.'S OBJECTION TO CURE AMOUNT

Notice. In support of this Objection, Picis relies on the declaration of John Danahey, which is filed concurrently herewith, and respectfully states:

## I. BACKGROUND

### A. The Contracts

On or about December 12, 2019, Picis and Debtor entered into a license and service agreement (the "**License and Service Agreement**") the initial term of the License and Service Agreement was from October 1, 2019 through June 30, 2020.

On or about June 18, 2020, Picis and Debtor entered into Amendment No. 1 to the License And Servicing Agreement ("**1st Amendment**") that, among other things, extended the term of the License and Service Agreement through February 28, 2021.

On or about March 3, 2021, Picis and Debtor entered into Amendment No. 2 to the License and Servicing Agreement ("**2nd Amendment**") that, among other things, extended the term of the License and Service Agreement through March 3, 2026.

On or about March 3, 2021, Picis and Debtor also entered into a supplemental software subscription and services agreement ("**Supplemental Agreement,**" and together with the License and Servicing Agreement, 1st Amendment, and 2nd Amendment, the "**Agreements**").

### B. The Cure Amount

The Notice provides Cure Amounts for Picis's agreements with Debtor as follows:

1. 1st Amendment - $0.00
2. 2nd Amendment - $0.00
3. Supplemental Agreement - $45,000.00

## II. OBJECTION

Picis does not object to the Cure Amount for the 1st Amendment or the 2nd Amendment. Contrary to the Notice, however, Picis's books and records reflect that the amounts currently due and payable under the Supplemental Agreement is $57,701.61.

The Debtor has five monthly invoices currently outstanding, each in the amount of $11,250, and a sixth invoice in the amount of $1,451.61 for the prorated portion of the services Picis provided under the Supplemental Agreement in December 2021 before the Debtor filed its petition commencing the above-captioned Chapter 11 case. The outstanding amounts the Debtor owes Picis are shown in the table below:

| Invoice No. | Invoice Date | Amount |
|---|---|---|
| TPCT0000002333 | 5/26/2021 | $11,250.00 |
| TPCT0000002367 | 6/22/2021 | $11,250.00 |
| TPCT0000002403 | 7/30/2021 | $11,250.00 |
| TPCT0000002409 | 8/30/2021 | $11,250.00 |
| TPCT0000002489 | 11/26/2021 | $11,250.00 |
| TPCT0000002454-B | 2/7/2022 | $ 1,451.61 |
| TOTAL | | $57,701.61 |

Picis reserves the right to supplement or amend this Objection at any time as more information becomes available with respect to the outstanding amounts Debtor owes Picis under any of the Agreements as Picis and Debtor exchange information.

Additional amounts may become due under the Agreements but may not have become the subject of an invoice or statement or may not become due or delinquent prior to the entry of an order approving the assumption, or assumption and assignment of the Agreements. Picis objects to the assumption and assignment of any of the Agreements to the extent the Debtor or its assignee does not also pay any of these of these amounts when due and payable under the Agreements.

Picis reserves the right to object to the assumption and assignment of any of the Agreements on the basis that the Debtor has not satisfied its burden of demonstrating adequate assurance of future performance, whether for the Debtor or any assignee, particularly given that such assignee has not yet been identified by the Debtor.

### III. CONCLUSION

Debtor has failed to show that any assumption or assumption and assignment of the Agreements will fully comply with all of the requirements of 11 U.S.C. § 365(b) including, but not limited to (a) the cure of all defaults and (b) adequate assurance of

future performance. Picis objects to the assumption and assignment of any of the Agreements until such time as the Debtor shows full compliance with 11 U.S.C. § 365(b).

DATED: February 7, 2022

HANSON BRIDGETT LLP

By: /s/ Anthony J. Dutra
ANTHONY J. DUTRA
*Attorneys for Creditor Picis Clinical Solutions, Inc.*