Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
Eric E. Walker
Bar No. 6290993 (*pro hac vice*)
EWalker@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone:    415.344.7000
Facsimile:    415.344.7050

Andrew H. Sherman (*pro hac vice*)
ASherman@sillscummis.com
Boris I. Mankovetskiy (*pro hac vice*)
BMankovetskiy@sillscummis.com
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:    973.643.7000
Facsimile:    973.643.65

*Co-Counsel to the Official Committee
of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 21-51477 |
| WATSONVILLE HOSPITAL CORPORATION, et al.,[1] | Chapter: 11 (Jointly Administered) |
| | STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF APPROVAL OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF |
| Debtors. | |
| | Date: February 23, 2022 Time: 10:00 a.m. Place: Telephonic/Video Appearance Only |
| | Judge: Hon. M. Elaine Hammond |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors") hereby files this statement of support for approval of the *Debtors' Motion for Entry of an Order (I) Approving the Sale of Substantially all of the Debtors' Assets Free and Clear of Liens, (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 103] (the "Sale Motion") as follows:

1.     The Committee supports the proposed sale, as amended, to the Pajaro Valley Healthcare District Project (the "Project") as set forth herein.

2.     First, based upon the results of the sale and marketing process conducted by the Debtors, the Committee believes that the proposed sale represents the best chance to preserve the value of the hospital as a going concern, and to generate value for unsecured creditors in these cases.  The Debtors provided the Committee with real-time updates concerning the sale and marketing process and concerning negotiations between the Debtors and the Project that led to an amendment modifying certain terms of the proposed APA.  The Committee does not believe that any delay in proceeding with the proposed sale will result in a viable competing bid, based upon information received to date.

3.     Second, the proposed sale is essential to allow the Debtors to continue to operate and maintain their value as a going concern.  As the Court is aware, the Court-approved debtor-in-possession financing from MPT does not contemplate further advances to the Debtors after March 31, 2022.  Under paragraph 2.1 of the asset purchase agreement ("APA") memorializing the proposed terms of the proposed sale, the Project has agreed to fund operations and administrative expenses of these bankruptcy cases from April 1, 2022 through closing (which must occur, unless extended, by August 31, 2022).

4.     Because the Debtors have been relying on advances from the DIP Facility to continue to operate at an operating loss, and necessitate additional advances to continue operations in the normal course pending the sale closing, it is critical that the Project be approved as the winning bidder, so that the Project will become obligated to fund the Debtors' business operations

-2-

and the estates' administrative expenses while the Debtors and the Project concentrate their efforts on closing the Sale consistent with the terms of the APA.

5. Third, the Committee is hopeful that a closing of the proposed sale will generate value for general unsecured creditors herein under the term sheet (the "Term Sheet") that was negotiated between and among the Debtors, the Committee and MPT, and incorporated as Exhibit C to the Court's *Final Order (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to use Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; and (VI) Granting Related Relief* (the "Final DIP Order") [Dkt No. 232].

6. Under the Final DIP Order, a deadline of February 22, 2022[2] (the "Committee Objection Deadline") was set for the Committee to complete its investigation of, and, if it elected to do so, file an Objection to challenge MPT's pre-petition claims or liens, or seek to pursue affirmative claims against MPT.[3]

7. The Term Sheet provides that, upon satisfaction of both of the following conditions: (a) the Committee Objection Deadline passes without the Committee filing an Objection and (b) the sale to the Project closes by August 31, 2022,[4] then the Debtors will be entitled to the following principal consideration: (i) MPT will fund the entirety of the $30.75 million DIP Facility, (ii) subject to MPT's receipt of $34 million from the sale proceeds, all of MPT's pre-petition and DIP Facility-related claims and liens will be deemed satisfied and released, and (iii) the Debtors will retain (x) unacquired cash on hand immediately following the closing of the Sale ("Excluded Cash") up to $3.5 million (with any additional Excluded Cash to be shared 65%/35% between MPT

---

[2] The Committee Objection Deadline is defined under the Final DIP Order as the earlier to occur of (1) the day before the sale hearing and (2) March 9, 2022. Since the sale hearing is anticipated to proceed on February 23, 2022, the Committee Objection Deadline is February 22, 2022.

[3] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Final DIP Order.

[4] This deadline can be extended by agreement of the parties to the Term Sheet. The Term Sheet also provides that, if the Sale (or an alternatively transaction at least as beneficial) does not close by August 31, 2022, the Committee's Objections rights are restored in full without regard to passage of the Committee Objection Deadline.

Case: 21-51477    Doc# 337    Filed: 02/22/22    Entered: 02/22/22 18:32:51    Page 3 of 5

and the Debtors) and (y) their rights to any proceeds from avoidance claims, and the Debtors' contract, tort, and statutory claims, and all other assets excluded from the sale, with recoveries to be available to fund distributions to creditors until such distributions exceed the greater of $3.5 million or a 20% distribution, at which point any excess recovery will be shared 50/50 between the Debtors and MPT.[5]

8. At the time that the Term Sheet was negotiated, the APA provided that Excluded Cash would consist of (a) $500,000 earmarked for wind-down costs and (b) savings generated from professional fees being incurred in an amount less than the amount of estimated professional fees budgeted for, and reserved in Debtors' counsel's trust account, in accordance with the DIP Budget. As part of the negotiated amendment to the APA, the amount of Excluded Cash to fund wind-down expenses has been increased from $500,000 to $1.5 million.

9. The Committee has completed its investigation concerning MPT, and determined not to file an Objection prior to the passage of the Committee Objection Deadline. As a result of the Committee's election, the Debtors are entitled to the consideration memorialized in the Term Sheet upon closing of the Sale. The Committee's decision not to pursue an Objection was made, in part, in reliance on the additional of value created by the proposed amendment to the APA, which will exclude an additional $1 million of cash from the Sale to fund "wind down expenses." Accordingly, approval of the sale may generate at least $1.5 million to fund a liquidating trust, which trust may have the ability to pursue avoidance claims and other excluded causes of action, and any other excluded assets, for the benefit of the Debtors' creditors.

10. For all of these reasons, the Committee supports approval of the proposed sale, as amended, to the Project.

//

//

//

---

[5] The above description is merely a summary, and does not include all terms of the Term Sheet.

DATED:  February 22, 2022

**PERKINS COIE LLP**

By: */s/ Paul S. Jasper*

Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
Eric E. Walker (*pro hac vice*)
Illinois Bar No. 6290993
EWalker@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
Telephone:    415.344.7000
Facsimile:    415.344.7050

&

Andrew H. Sherman (*pro hac vice*)
ASherman@sillscummis.com
Boris I. Mankovetskiy (*pro hac vice*)
BMankovetskiy@sillscummis.com
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:    973.643.7000
Facsimile:    973.643.6500

*Co-Counsel to the Official Committee of Unsecured Creditors*