Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br>(Jointly Administered)<br><br>**STIPULATION AND AGREED ORDER REGARDING ALLOWANCE AND PAYMENT IN FULL OF SECURED CLAIM OF CNH FINANCE FUND I, L.P.** |

The above-captioned debtors and debtors-in-possession (the "Debtors"), CNH Finance Fund I, L.P. ("CNH"), and the official committee of unsecured creditors of the Debtors (the "Committee," and, together with the Debtors and CNH, the "Parties"), by and through their undersigned counsel, hereby stipulate (this "Stipulation") as follows:

**RECITALS**

A. On December 5, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Bankruptcy Court").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

B. On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing; and (VII) Granting Related Relief* [Docket No. 10] (the "DIP Financing Motion"). The Bankruptcy Court granted the DIP Financing Motion on an interim basis on December 8, 2021 [Docket No. 54] (the "Interim DIP Order") and on a final basis on January 20, 2022 [Docket No. 232] (the "Final DIP Order").[2]

C. Pursuant to section 2.4.1 of the Interim DIP Order, the Debtors were authorized to repay the CNH Prepetition Obligations (as defined in the Final DIP Order) with the proceeds of the CNH Priority Collateral (as defined in the Final DIP Order) until the CNH Prepetition Obligations were paid in full. The CNH Priority Collateral included, among other things, funds on deposit in the Controlled Deposit Accounts (as such term is defined in the Prepetition CNH Credit Agreement). After entry of the Interim DIP Order, (i) the Debtors repaid all CNH Prepetition Obligations as of such date, from funds on deposit in the Controlled Deposit Accounts in the amount of $5,771.424.18; (ii) on or about February 2, 2022, CNH reserved $30,000.00 from the Controlled Deposit Accounts on account of CNH's attorney's fees and expenses; and (iii) on or about March 11, 2022, CNH reserved $10,302.50 from the Controlled Deposit Accounts on account of CNH's attorney's fees and expenses (collectively, the "Prior Payments"). In addition, on or about March 15, 2022, CNH reserved $30,000.00 from the Controlled Deposit Accounts as a further reserve for CNH's future attorney's fees and expenses (the "March 15 Reserve").

D. On December 22, 2021, the United States Trustee for Region 17 (the "UST") appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code.

E. On April 4, 2022, CNH filed proof of claim number 273 (the "CNH Proof of Claim") against Debtor Watsonville Hospital Corporation ("WHC").

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Final DIP Order.

F. **Stipulations Regarding CNH**

a. *CNH Credit Facility*. As of the Petition Date, WHC and CNH were party to that certain *Credit and Security Agreement* dated June 22, 2021 (as amended, amended and restated, supplemented, or otherwise modified from time to time, the "Prepetition CNH Credit Agreement," and, together with any additional agreements, documents, instruments, and certificates executed, and any orders delivered in connection therewith or evidencing or securing any of the obligations thereunder, the "CNH Prepetition Loan Documents"), pursuant to which CNH provided a revolving loan to WHC (the "CNH Credit Facility").

b. *CNH Prepetition Obligations*. As of the Petition Date, WHC was indebted to CNH under the CNH Prepetition Loan Documents in the aggregate principal amount of $5,632,476.74, exclusive of all accrued and unpaid interest, costs, expenses, and fees owed to CNH (collectively, the "CNH Prepetition Obligations").

c. *CNH Prepetition Liens and CNH Priority Collateral*. As more fully set forth in the CNH Prepetition Loan Documents, as of the Petition Date, WHC granted to CNH first priority security interests in and continuing liens (the "CNH Prepetition Liens") upon the CNH Priority Collateral (as such term is defined in the Prepetition CNH Credit Agreement).

d. *Validity, Perfection, and Priority of CNH Prepetition Liens and CNH Prepetition Obligations*. The Debtors and the Committee acknowledge, agree, and stipulate that as of the Petition Date: (a) the CNH Prepetition Obligations are secured by the CNH Prepetition Liens on the CNH Priority Collateral; (b) the CNH Prepetition Liens on the CNH Priority Collateral are valid, binding, enforceable, non-avoidable, and properly perfected and were granted to, or for the benefit of, CNH for fair consideration and reasonably equivalent value; (c) the CNH Prepetition Obligations constitute legal, valid, binding, and non-avoidable obligations of WHC enforceable in accordance with the terms of the applicable CNH Prepetition Loan Documents; (d) no offsets, recoupments, challenges, objections, defenses, claims, or counterclaims of any kind or nature to any of the CNH Prepetition Liens or CNH Prepetition Obligations exist, and no portion of the CNH Prepetition Liens or CNH Prepetition Obligations is subject to any challenge or defense including avoidance, disallowance, disgorgement, recharacterization, or subordination (equitable or otherwise) pursuant to the Bankruptcy

Code or applicable non-bankruptcy law; (e) the Debtors, the Debtors' estates, and the Committee have no claims, objections, challenges, causes of action, or choses in action, including avoidance claims under Chapter 5 of the Bankruptcy Code or applicable state law equivalents or actions for recovery or disgorgement, against CNH or any of its respective affiliates, agents, attorneys, advisors, professionals, officers, directors, and employees arising out of, based upon, or related to the CNH Credit Facility; and (f) the CNH Prepetition Obligations constitute allowed, secured claims against WHC within the meaning of sections 502 and 506 of the Bankruptcy Code.

## AGREEMENT

1. **Recitals**. The above recitals are incorporated by reference herein with the same force and effect as if fully set forth hereinafter.

2. **Proposed Order**. The Parties agree to entry of the proposed order (the "Proposed Order") substantially in the form of **Exhibit 1** hereto.

3. **Allowed Secured Claim**. Without the need for any further filings by CNH, as of the Petition Date, CNH had an allowed secured claim against WHC in the aggregate amount of $5,816,726.68 with regard to the CNH Credit Facility (the "CNH Allowed Claim"), secured by the CNH Prepetition Liens in the CNH Priority Collateral. Other than the CNH Allowed Claim, CNH does not have any claim, cause of action, or right to payment from the Debtors and shall not assert any other claim against the Debtors. Upon the Effective Date (as defined below), the CNH Proof of Claim shall be deemed withdrawn.

4. **Full and Final Satisfaction**. The Parties agree that the Prior Payments made by WHC to CNH pursuant to the Interim DIP Order constitute full and final satisfaction of the CNH Prepetition Obligations and the CNH Allowed Claim.

5. **Return of March 15 Reserve**. Within two (2) business days of the entry of the Proposed Order approving this Stipulation, CNH shall return $25,000 of the March 15 Reserve to the Debtors.

6. **Mutual Releases**.

   a. *Release of CNH*. Except for actions and claims to enforce the obligations set forth in this Stipulation, the Debtors and the Committee hereby stipulate and agree that they forever and

irrevocably release, discharge, and acquit CNH and its successors, assigns, affiliates, subsidiaries, parents, officers, shareholders, members, directors, employees, attorneys, and agents, past, present, and future, and their respective heirs, predecessors, successors, and assigns, each solely in their capacities as such (the "CNH Releasees"), of and from any and all claims, controversies, disputes, liabilities, obligations, demands, damages, expenses (including, without limitation, reasonable attorneys' fees), debts, liens, actions, and causes of action of any and every nature whatsoever relating to, as applicable, the Interim DIP Order, the Final DIP Order, the CNH Credit Facility, the CNH Prepetition Loan Documents, and the transactions contemplated hereunder or thereunder including, without limitation, (a) any so-called "lender liability" or equitable subordination or recharacterization claims or defenses, (b) any and all claims and causes of action arising under the Bankruptcy Code, and (c) any and all claims and causes of action with respect to the validity, priority, perfection, or avoidability of the liens or claims of CNH (the foregoing, the "CNH Release"); *provided, however*, that the CNH Release shall not apply with respect to any act or omission of a CNH Releasee that constitutes gross negligence, actual fraud, or willful misconduct. .

  b. *Release of the Debtors and Committee*. Except for actions and claims to enforce the obligations set forth in this Stipulation, CNH hereby stipulates and agrees that it forever and irrevocably releases, discharges, and acquits the Debtors, their estates, the Committee, and their successors, assigns, affiliates, subsidiaries, parents, officers, shareholders, members, directors, employees, attorneys, and agents, past, present, and future, and their respective heirs, predecessors, successors, and assigns, each solely in their capacities as such (the "Debtor Releasees") from any and all claims, controversies, disputes, liabilities, obligations, demands, damages, expenses (including, without limitation, reasonable attorneys' fees), debts, liens, actions, and causes of action of any and every nature whatsoever relating to, as applicable, the Interim DIP Order, the Final DIP Order, the CNH Credit Facility, the CNH Prepetition Loan Documents, and the transactions contemplated hereunder or thereunder (the foregoing, the "Debtor Release"); *provided, however*, that the Debtor Release shall not apply with respect to any act or omission of a Debtor Releasee that constitutes gross negligence, actual fraud, or willful misconduct. For the avoidance of doubt, other than the Prior Payments with regard to the CNH Allowed Claim, CNH agrees (and irrevocably waives) the right to

receive any further amounts or distributions from the Debtors, their estates, or any successors thereto, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys.

      c. *General Release Intended*. The foregoing releases are intended to be general releases. All Parties acknowledge and agree that they have been informed by their respective attorneys and advisors of, and are familiar with, and hereby expressly waive, the provisions of Section 1542 of the California Civil Code, and any similar statute, code, law, or regulation of any State of the United States, or of the United States, to the fullest extent that such party may waive such rights and benefits. Section 1542 of the California Civil Code provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Each of the Parties acknowledges and agrees that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from, those which they now know or believe to be true as to the matters released herein. Nevertheless, it is the intention of each Party to fully, finally, and forever release all such matters, and all claims related thereto, which do now exist, may exist, or heretofore have existed. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete releases of such matters, notwithstanding the discovery or existence of any such additional or different claims or facts related thereto. In entering into this release, each of the Parties represent that they have not relied upon any statement, representation, or promise of any other Party hereto, or any other person or entity, except as expressly stated in this Stipulation.

    7. **Effective Date**. This Stipulation shall become effective immediately upon execution of each of the Parties and entry of the Proposed Order approving this Stipulation by the Bankruptcy Court, which order has not been stayed (the "Effective Date").

    8. **Miscellaneous**.

      a. CNH represents and warrants that it is the sole owner of and has not transferred the CNH Prepetition Obligations and the CNH Allowed Claim (or any portions thereof).

b. This Stipulation shall be governed by and construed in accordance with the laws of the State of California without regard to any law concerning conflicts of laws.

c. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

d. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in any action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

*[Remainder of page intentionally left blank]*

| | | |
|---|---|---|
| Dated: April 19, 2022 | | PACHULSKI STANG ZIEHL & JONES LLP |
| | | By: /s/ *Steven W. Golden* |
| | | Steven W. Golden |
| | | Attorneys for Debtors and Debtors in Possession |
| Dated: April 19, 2022 | | FOLEY & LARDNER LLP |
| | | By: /s/ *Edward J. Green* |
| | | Edward J. Green |
| | | Attorneys for CNH Finance Fund I, L.P. |
| Dated: April 19, 2022 | | PERKINS COIE LLP |
| | | By: /s/ *Paul S. Jasper* |
| | | Paul S. Jasper |
| | | Attorneys for the Committee |

# Exhibit 1

(Proposed Order)

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

WATSONVILLE HOSPITAL CORPORATION, *et al.*,

Debtors.[1]

Case No. 21-51477

Chapter 11
(Jointly Administered)

**AGREED ORDER APPROVING STIPULATION REGARDING ALLOWANCE AND PAYMENT IN FULL OF SECURED CLAIM OF CNH FINANCE FUND I, L.P.**

**[No Hearing Requested]**

Judge: Honorable M. Elaine Hammond

Upon the Stipulation (the "Stipulation") of the above-captioned debtors and debtors-in-possession (the "Debtors"), CNH Finance Fund I, L.P. ("CNH"), and the official committee of unsecured creditors of the Debtors (the "Committee," and, together with the Debtors and CNH, the "Parties"); and the relief requested in the Stipulation being in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is hereby approved.

2. The Stipulation shall be binding on the Debtors, and any successor thereto (including, without limitation, any chapter 7 or chapter 11 trustee for any of the Debtors or any other estate representative appointed in the Bankruptcy Cases or any successor cases) in all circumstances and for all purposes. The Stipulation also shall be binding on all creditors and other parties in interest and all of their respective successors and assigns, including, without limitation, the Committee and any other person or entity acting or seeking to act on behalf of the Debtors' estates in all circumstances and for all purposes.

3. This Court shall retain exclusive jurisdiction to determine all matter arising from or related to the implementation, interpretation, or enforcement of the Stipulation or this Order.

// END OF ORDER //