Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to Debtors and Debtors in Possession*

Paul S. Jasper (CA Bar No. 200138)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050
Email: PJasper@perkinscoie.com

Andrew H. Sherman (admitted *pro hac vice*)
Boris I. Mankovetskiy (admitted *pro hac vice*)
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: 973.643.7000
Facsimile: 973.643.6500
Email: ASherman@sillscummis.com
BMankovetskiy@sillscummis.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 21-51477 |
| WATSONVILLE HOSPITAL CORPORATION, *et al.*, | Chapter 11 (Jointly Administered) |
| Debtors.[1] | **DECLARATION OF JEREMY ROSENTHAL IN SUPPORT OF JOINT MOTION FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF NOTICE OF OMNIBUS OBJECTIONS** |

I, Jeremy Rosenthal, declare:

1. I am the Chief Restructuring Officer of the above-captioned debtors and debtors in possession (the "Debtors"). I submit this Declaration in support of the *Joint Motion for Order*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

-1-

*Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) The Form and Manner of Notice of Omnibus Objections* (the "Motion")[2] filed contemporaneously herewith. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other Force Ten Partners, LLC ("Force Ten") professionals working under and alongside me on this matter, my discussions with the Debtors' employees, the Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Debtors.

2. I and the Force Ten team have been actively involved in the Claims review and reconciliation process. I am, and Force Ten is, now supporting, and will continue to support, the efforts of the Debtors, the Committee, and their respective counsel to resolve disputed claims, including by formal objections as necessary.

3. As of the date of the Motion, according to the official register of claims (the "Claims Register") maintained by Stretto, Inc. (the "Claims Agent"), to date, approximately 311 proofs of claim (the "Proofs of Claim") have been filed against the Debtors in these Bankruptcy Cases, in addition to approximately 933 scheduled claims (together, with the claims asserted in the Proofs of Claim, the "Claims"). The Proofs of Claim assert a total approximate aggregate face amount of Claims against the Debtors of over $46,979,671.46.

4. In addition to the grounds identified in Bankruptcy Rule 3007(d), I anticipate the Objecting Parties' need to object to Claims on the Additional Grounds set forth in the Omnibus Claims Objection Procedures. I have been involved in the claims review, reconciliation, and resolution process in a number of large and complex bankruptcy cases, including *In re Volusion, LLC*, Case No. 20-50082 (Bankr. S.D. Tex.); *In re Red Rose, Inc.*, Case No. 20-12814 (Bankr. D. Nev.); *In re Jagged Peak, Inc.*, Case No. 19-15959 (Bankr. D. Nev.); and *In re Westwind Manor Resort Assoc., Inc.*, Case No. 19-50026 (Bankr. S.D. Tex.). In my experience, omnibus objections to claims that are subject to

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

common grounds for objection have been an essential tool for addressing and resolving claims objections in an efficient and relatively economical and expeditious manner.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 16th day of May, 2022, in Los Angeles, California.

*/s/ Jeremy Rosenthal*
Jeremy Rosenthal