Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@PSZJlaw.com
mlitvak@PSZJlaw.com
sgolden@PSZJlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br>(Jointly Administered)<br><br>**DECLARATION OF DEBRA I. GRASSGREEN IN SUPPORT OF FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE DEBTORS FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 6, 2021 THROUGH MARCH 31, 2022**<br><br>Date: June 13, 2022<br>Time: 1:00 p.m.<br>Place: United States Bankruptcy Court<br>280 South First Street<br>Courtroom 11<br>San Jose, CA 95113-3099<br>Judge: Hon. M. Elaine Hammond |

I, Debra I. Grassgreen, declare and state as follows:

The following facts are personally known to me, and if called to do so, I could and would competently testify thereto.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

1

1. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"). I submit this declaration in support of the *First Interim Application of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period December 6, 2021 through March 31, 2022* (the "Application").

2. I have personally reviewed the information contained in the Application, and believe its contents to be true and correct to the best of my knowledge, information and belief.

3. PSZJ customarily charges $0.20 per page for photocopying expenses, $0.10 per page for print jobs, and $0.10 per page for scan copies. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying and printing charges on a daily basis. Whenever feasible, PSZJ sends large copying projects to an outside copy service that charges a reduced rate for photocopying. Pursuant to the guidelines promulgated by the Office of the United States Trustee, PSZJ has agreed not to charge for outgoing faxes. Fax receipts are charged at $0.20 per page, the same costs as PSZJ charges for photocopies.

5. PSZJ does not charge for local or long distance telephone calls placed by attorneys from their offices. PSZJ only bills its clients for the actual costs charged PSZJ by teleconferencing services in the event that a multiple party teleconference is initiated through PSZJ.

6. Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amount charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

7. PSZJ believes the foregoing rates for expenses are the market rates that the majority of law firms charge clients for such services.

8. PSZJ has not been paid or promised any compensation from any source for services rendered in connection with this case, other than the Debtor's funds and the retainer paid to it by the Debtor pre-petition.

2

9. PSZJ has not entered into any agreement or understanding with any other entity for the sharing of compensation received or to be received for services rendered and/or to be rendered in connection with this case.

10. PSZJ believes that the compensation and expense reimbursement sought herein is in conformity with the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, except to the extent that certain of the monthly billings are for amounts in excess of $20,000 per category. Because those categories involve substantially similar issues, PSZJ has not attempted to break them into subcategories.

11. As made clear in the Application, the compensation and expenses sought herein were billed at rates no less favorable than those customarily billed by PSZJ and generally accepted by the Firm's clients.

12. I have personally reviewed the bills in this matter, and the bills represent true and correct charges to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 16, 2022         */s/ Debra I. Grassgreen*
                            Debra I. Grassgreen