Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
Eric E. Walker, IL Bar No. 6290993 (*pro hac vice*)
EWalker@perkinscoie.com
Kathleen Allare, IL Bar No. 6326536 (*pro hac vice*)
KAllare@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050
*Co-Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>WATSONVILLE HOSPITAL CORPORATION, et al.,[1]<br><br>Debtors. | Case No. 21-51477<br><br>Chapter: 11<br><br>**DECLARATION OF PAUL S. JASPER IN SUPPORT OF FIRST INTERIM APPLICATION OF PERKINS COIE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF DECEMBER 29, 2021 THROUGH MARCH 31, 2022** |

I, Paul S. Jasper, declare the following:

1. I am an attorney at law, licensed by the Bar of this State and admitted to practice before this Court. I am senior counsel with the law firm Perkins Coie LLP ("Perkins Coie" or the "Firm"), co-counsel of record for the Official Committee of Unsecured Creditors of Watsonville Hospital Corporation, et al., (the "Committee"). The following is within my knowledge, and if called upon as a witness, I could and would testify competently with respect thereto.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

2. I am submitting this declaration in support of the *First Interim Application of Perkins Coie LLP as Co-Counsel to The Official Committee of Unsecured Creditors for Allowance and Payment of Fees and Reimbursement of Expenses for The Period of December 29, 2021 Through March 31, 2022* (the "Application").

3. Through the Application, Perkins Coie seeks the entry of an order granting the interim allowance and payment of **$354,025.46** (the "Interim Amount") in total for fees earned and expenses incurred during the period from December 29, 2021 through March 31, 2022 (the "Application Period"). The Interim Amount is comprised of (i) fees earned by Perkins Coie in compensation for 507.50 hours of professional services rendered as co-counsel to the Committee during the Application Period in the amount of $351,782.50, and (ii) the reimbursement of expenses Perkins Coie actually incurred in the course of its representation of the Committee during the Application period in the amount of $2,242.96.

4. Perkins Coie agreed to charge adjusted, discounted hourly rates of $795 for partners and senior counsel, $595 for counsel and associates, and $270 for paralegals and e-discovery professionals (the "Adjusted Hourly Rates").

5. To date, Perkins Coie received $281,426.00 on account of the fees earned and was reimbursed $2,242.96 on account of expenses incurred during the Application Period, and as requested in Perkins Coie's Monthly Fee Statements, filed in accordance with the Compensation Procedures Order during the Application Period, for a total received of $283,668.96.

6. On behalf of Perkins Coie, I certify that:

    a. I have read the Application, and to the best of my knowledge, information, and belief, it is correct in all respects;

    b. The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable that those customarily employed by Perkins Coie and generally accepted by its clients;

    c. At all relevant times, Perkins Coie has been a disinterested person as that term is defined in § 101(14) and has not represented or held an interest adverse to the interest of the Debtor, as described in the *Application for Entry*

*of an Order Authorizing Retention of Perkins Coie LLP as Co-Counsel to Official Committee of Unsecured Creditors Effective as of December 29, 2021*, filed in this case [Docket No. 208];

    d.    Neither Perkins Coie nor any member of Perkins Coie has any agreement or understanding of any kind or nature to divide, pay over, or share any portion of the fees or expenses to be awarded to Perkins Coie with any other person or attorney except as among the members and associates of Perkins Coie;

    e.    To the best of my knowledge, information, and belief, formed after reasonable inquiry, no time has been sought to be allowed through the Application which is outside the scope of work authorized through the order authorizing the employment of the Firm as co-counsel to the Committee.

7. In the ordinary course of business, Perkins Coie maintains records of all time expended by its professionals and paraprofessionals in the rendering of services in a computerized billing system as follows: At or near the time the services are rendered, attorneys and other professionals and paraprofessionals either (1) record in writing on a time sheet the client/matter name or number, the duration of time expended, and a description of the nature of the services performed, or (2) input the time record, including the client/matter number, duration of time expended, a description of the nature of the services performed directly into the Firm's computer billing system. For those individuals who record their time using written time sheets, the information contained in the time sheets is then transcribed into the Firm's computerized billing system. The billing system stores a record of all time spent on a client/matter, the professional providing the services, and a description of the services rendered. The billing system computes the time expended by each professional by the respective professional's billing rate (or, in this case, the discounted billing rate) to calculate the amount of the fee associated. Perkins Coie bills its clients and otherwise conducts its business in reliance on the accuracy of such business records.

8. I have reviewed the monthly invoices generated by Perkins Coie for services rendered in connection with its representation of the Committee in this case during the Application

Period. Copies of these invoices are attached to the Application as **Exhibit 7**, and to the best of my knowledge, information, and belief, they are correct in all respects.

9. It is the usual practice of Perkins Coie to allocate work and assignments in an efficient manner to achieve an effective result. As demonstrated in the Application, this practice has been followed in this case.

10. At any time, a reimbursable charge is incurred on behalf of a client, employees of Perkins Coie keep a record of the client number for which the charges were expended. The expenses incurred during the Application Period for which Perkins Coie requests reimbursement total $2,242.96.

11. I have reviewed the requirements set forth in the *United States Bankruptcy Court for the Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, (the "Compensation Guidelines") and the United States Department of Justice's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Appendix B Guidelines"). To the best of my knowledge, information, and belief, the Application complies with the Compensation Guidelines and the Appendix B Guidelines.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct, this 16th day of May 2022.

By: *Paul S. Jasper*
Paul S. Jasper