Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Eric E. Walker (*pro hac vice*)
Illinois Bar No. 6290993
EWalker@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
Telephone: 312.324.8659
Facsimile: 312.324.9659

Andrew H. Sherman (*pro hac vice*)
ASherman@sillscummis.com
Boris I. Mankovetskiy (*pro hac vice*)
BMankovetskiy@sillscummis.com
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: 973.643.7000
Facsimile: 973.643.6500

*Co-Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>WATSONVILLE HOSPITAL CORPORATION, et al.,[1]<br><br><br>Debtors. | CASE NO. 21-51477<br><br>Chapter: 11<br>(Jointly Administered)<br><br>**FIRST INTERIM FEE APPLICATION OF SILLS CUMMIS & GROSS P.C., AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF DECEMBER 29, 2021 THROUGH MARCH 31, 2022**<br><br>**Objections Due: July 6, 2022 at 4:00 p.m. (PT)**<br><br>**Hearing: July 27, 2022 at 10:00 a.m. (PT)**<br><br>Judge: Hon. M. Elaine Hammond |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

**Introduction**

Sills Cummis & Gross P.C. ("Sills") hereby submits its first interim application (the "Application") for allowance and payment of fees and reimbursement of expenses incurred from December 29, 2021 through March 31, 2022 (the "Fee Period"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Watsonville Hospital Corporation, *et al.* (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Application is brought pursuant to (i) sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) the *United States Bankruptcy Court for the Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Compensation Guidelines"), and (iv) this Court's January 6, 2022 *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Procedures Order"). *See* Docket No. 166.

By this Application, Sills seeks the entry of an order for the interim allowance and payment of **$342,183.56**, which sum represents compensation for legal services rendered in the amount of **$341,437.50**[2] and reimbursement for expenses incurred in the amount of **$746.06**. Sills spent a total of **546.3** hours in connection with the services it provided to the Committee during the Fee Period.

This Application is based upon the contents hereof, together with the exhibits, the declaration of Andrew H. Sherman, appended hereto, the pleadings, papers, and records on file in these cases, and any evidence or argument that the Court may entertain at the time of the hearing on this Application. This Application is subject to the United States Department of Justice's *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "Large Case Guidelines"). The summary coversheet, and summary charts in compliance with the Large

---

[2] Sills' fees at its *standard* hourly rates actually total $419,554.50. However, as noted in its Retention Order (defined below), Sills' fees are subject to a $625 blended hourly rate cap. After application of this discount, Sills' fees were reduced to $341,437.50.

Case Guidelines and detailing the amount of fees charged and hours worked by timekeeper and billing category, and expense reimbursements requested during the Fee Period are attached hereto as **Exhibit C** through **Exhibit H-2**.

### Background

On December 5, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

On December 22, 2021, the Office of the United States Trustee, Region 17 appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.

After interviewing numerous law firms, on December 29, 2021, the Committee selected Sills and Perkins Coie LLP ("Perkins Coie") as its co-counsel.

On January 17, 2022, the Committee filed an *Application to Retain and Employ Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of Watsonville Hospital Corporation, et al., Effective as of December 29, 2021* [Docket No. 211] (the "Retention Application").

The Retention Application was granted on January 31, 2022, by this Court's *Order Granting Application to Retain and Employ Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of Watsonville Hospital Corporation, et al., Effective as of December 29, 2021* [Docket No. 261] (the "Retention Order"). A copy of the Retention Order is attached as **Exhibit A**.

### Allocation of Work Between Sills and Perkins Coie

The Committee selected Sills and Perkins Coie as co-counsel to take advantage of the two firms' complementary skills. Sills has a depth and breadth of expertise and experience developed from over a decade of representing committees in hospital cases throughout the country, but has no California state offices or attorneys. Perkins Coie likewise has extensive experience representing committees in hospital and other healthcare cases; but the Committee

Case: 21-51477   Doc# 491   Filed: 05/16/22   Entered: 05/16/22 12:29:59   Page 3 of 113
8810168

valued the unique depth and breadth of expertise that Sills has specifically in hospital-related cases. Prior to these cases, Sills and Perkins Coie had recent experience working cost-effectively and efficiently together as co-counsel to the official committee of unsecured creditors in *In re Mercy Hospital and Medical Center, et al.*, 21-01805-TAB (Bankr. N.D. Ill.), a hospital case filed in February 2021 in the Northern District of Illinois.

In connection with these Chapter 11 Cases, Sills and Perkins Coie have been closely coordinating efforts to leverage their respective expertise for the benefit of their constituents and to avoid any unnecessary duplication of effort. As examples to date, Sills led efforts concerning the DIP Motion, plan structure and claim treatment issues embodied in the DIP settlement term sheet, and most of the first and second day motions, while Perkins Coie led asset analysis, lien review, investigation of potential avoidance actions and other estate-based causes of action, and prepared the committee statement in support of the retention of Jeremy Rosenthal as Chief Restructuring Officer. There was some necessary overlap and coordination between the firms at times – which was required due to the exigencies of these cases, including the court-imposed deadlines established in the interim DIP order (which was entered before the Committee was appointed) – but no more than if a single firm was dividing up tasks among different attorneys. For example, while Sills took the primary role in drafting the DIP settlement term sheet, Perkins Coie provided relevant input based on its asset analysis, lien analysis and investigation of potential causes of action against the MPT Prepetition Lender. Such coordination led to the efficient resolution of what otherwise would have been protracted, costly litigation, thereby producing significant cost savings that directly benefited the Debtors' estates.

### Services Rendered During the Fee Period

Since its selection as co-counsel to the Committee, Sills has rendered professional services for and assisted the Committee in performing its statutory duties. The services provided by Sills during the Fee Period were actual and necessary for the administration of these Chapter 11 Cases, performed at the request of the Committee, commensurate with the significance of the tasks, and ultimately provided substantial value to the Debtors' estates and unsecured creditors.

In accordance with the Compensation Guidelines and the *Bankruptcy Local Rules for the Northern District of California* (the "Local Rules"), Sills classified all services performed for which compensation is sought into categories. Sills attempted to place the services performed in the category that best relates to the service provided. However, because certain services affected multiple categories, services pertaining to one category may occasionally be included in another category. The fact that similar services appear in several different categories did not result in any duplication of work or billing.

Sills has utilized the following billing categories in these cases to date:

- Asset Analysis and Recovery
- Asset Disposition
- Business Operations
- Case Administration
- Claims Administration and Objections
- Employee Benefits/Pensions
- Fee/Employment Applications
- Fee/Employment Objections
- Financing
- Plan and Disclosure Statement

**Exhibit B** includes Sills' invoices for the Fee Period, which include detailed breakdowns of the time entries and expenses incurred.

A. Asset Analysis and Recovery
Fees: $67,577.50;* Total Hours: 86.7

This category includes time spent: (a) analyzing liens asserted against the Debtors' assets, investigating potential claims and causes of action against third parties, and conducting related research and analysis; (b) preparing related discovery requests and reviewing documents produced in response thereto; (c) preparing a related memorandum for the Committee members and conducting related research and analysis (including reviewing related loan documents and researching equitable subordination, fraudulent transfer, and other potential recovery action issues); and (d) communicating with the Debtor's advisors, the Committee's other advisors, and

---

* Such amount reflects Sills' fees before the application of the $625 hourly fee discount.

other parties regarding the foregoing and related issues.

B. <u>Asset Disposition</u>
Fees: $64,802.50;*     Total Hours: 84.0

This category includes time spent: (a) analyzing the Debtors' motion to approve bidding procedures, the proposed bidding procedures, the proposed bidding procedures order, the proposed sale order, and the proposed asset purchase agreement and amendments thereto; (b) analyzing the Debtors' proposed sale notice, publication notice and assumption/assignment procedures; (c) drafting an objection to the Debtors' bidding procedures motion and conducting related research, analysis and negotiations; (d) analyzing sale, bidding procedure and assumption objections and responses filed by third parties; (e) addressing issues related to the sale process; (f) analyzing sale closing and related issues; (g) drafting a statement in support of the proposed sale; (h) addressing contract assumption and cure issues; (i) attending the sale hearing; and (j) communicating with the Debtor's advisors, the Committee members, and the Committee's other advisors regarding the foregoing and related issues.

C. <u>Business Operations</u>
Fees: $12,562.50;*     Total Hours: 16.1

This category includes time spent addressing issues related to the operation of the Debtors' businesses and the Debtors' financial performance, including time spent: (a) analyzing the Debtors' financial reporting and budget variance reporting; (b) analyzing and revising documents related to the proposed assignment of a management services agreement and addressing related issues; (c) analyzing the Debtors' utilities, insurance and cash management motions and the related proposed orders and negotiating revisions thereto; (d) analyzing and addressing revenue management and related issues; (e) analyzing potential WARN Act issues; and (f) communicating with the Committee members regarding the foregoing and related issues.

---

* Such amount reflects Sills' fees <u>before</u> the application of the $625 hourly fee discount.

D.  Case Administration
    Fees: $51,810.00;*      Total Hours: 64.5

This category includes time spent: (a) preparing updates for the Committee members; (b) communicating with the Committee members and attending Committee meetings; (c) attending hearings; (d) analyzing "first day" motions, applications and proposed orders filed by the Debtors, negotiating revisions thereto, and preparing a related memorandum for the Committee members; (e) analyzing the Debtors' schedules of assets and liabilities and statements of financial affairs; (f) analyzing the Debtors' organizational and capital structure; (g) communicating with the Debtors' various advisors, the Committee's other advisors, and other parties regarding pending matters and pertinent case issues; (h) drafting the Committee's by-laws, preparing a confidentiality agreement with the Debtors, and addressing Committee governance and organizational issues; (i) reviewing status reports filed by the Debtors; (j) preparing notices of appearance; (k) reviewing pleadings and preparing and updating a "critical dates" case calendar; and (l) considering matters of general import.

E.  Claims Administration and Objection
    Fees: $3,952.50;*      Total Hours: 5.5

This category includes time spent: (a) analyzing the Debtors' motion to establish certain claims bar dates and negotiating revisions to the proposed form of order and forms to be provided to creditors; (b) analyzing claims asserted against the Debtors' estates, including alleged administrative expense claims; and (c) communicating with the Committee members regarding the foregoing and related issues.

F.  Employee Benefits/Pensions
    Fees: $942.50*      Total Hours: 1.3

This category includes time spent reviewing and analyzing the Debtors' motion to pay certain wages and benefits and negotiating revisions to the proposed form of order.

---

* Such amount reflects Sills' fees before the application of the $625 hourly fee discount.

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 7 of 113
8810168

G.    Fee/Employment Applications
      Fees: $32,810.00;*    Total Hours: 46.4

This category includes time spent: (a) preparing Sills' Retention Application and supporting documents and analyzing and addressing related issues; (b) reviewing and analyzing the Debtors' professionals' retention applications; (c) analyzing the Debtors' interim compensation procedures motion and negotiating revisions to the proposed form of order; (d) analyzing the Debtors' motion to retain ordinary course professionals and negotiating revisions to the proposed form of order; (e) preparing Sills' monthly fee statements; and (f) communicating with the Committee members, the Committee's other advisors and the United States Trustee regarding the foregoing and related matters.

H.    Fee/Employment Objections
      Fees: $1,820.00;*    Total Hours: 2.8

This category includes time spent reviewing the Debtors' professionals' fee and retention applications and analyzing related issues.

I.    Financing
      Fees: $175,969.50;*    Total Hours: 229.7

This category includes time spent: (a) reviewing and analyzing the Debtors' motion to obtain DIP financing, the interim order with respect thereto, the proposed final order, and numerous related budgets and loan documents; (b) drafting an objection to the DIP financing motion and conducting related research and analysis (including analyzing lien and adequate protection issues, as well as issues related to the Debtors' capital structure); (c) negotiating revisions to the proposed final order approving the DIP motion; (d) addressing discovery issues and reviewing documents produced in response to discovery requests related to the Debtors' proposed DIP financing; (e) analyzing plan and sale issues implicated by the proposed DIP

---

* Such amount reflects Sills' fees <u>before</u> the application of the $625 hourly fee discount.

-8-

8810168

financing; (f) preparing and negotiating a term sheet to resolve the Committee's objection to the proposed DIP financing arrangement and conducting related research and analysis; (g) drafting a reservation of rights with respect to the proposed DIP financing; (h) attending a related hearing; (i) analyzing the Debtors' DIP variance reports; and (j) communicating with lender's counsel, the Debtor's advisors, the Committee members and the Committee's other advisors regarding the foregoing and related issues.

J. Plan and Disclosure Statement
Fees: $7,307.50;[*]      Total Hours: 9.3

This category includes spent: (a) analyzing issues related to a potential joint plan of liquidation, including analyzing plan requirements and plan structure issues; (b) analyzing the Debtors' motion to extend their exclusivity periods and conducting related analysis and negotiations; and (c) communicating with Debtors' counsel and the Committee members regarding the foregoing and related issues.

**Expenses Incurred During the Fee Period**

During the Fee Period, Sills incurred a total of $746.06 in expenses. Sills made every effort to keep its costs in these cases to a minimum. A summary chart detailing the type and amount of expenses incurred during the Fee Period is attached hereto as **Exhibit H-2**.

**Hourly Rates**

The hourly rates of all professionals rendering services in these cases are set forth in **Exhibit D** attached hereto.

**Professionals**

The biographies of the attorneys who primarily worked on this matter and a description of their professional experience and education are attached hereto as **Exhibit I**. Sills has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the fees to be awarded in these proceedings, except to be shared among members of the Firm.

---

[*] Such amount reflects Sills' fees <u>before</u> the application of the $625 hourly fee discount.

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 9 of 113
8810168

**Client Review of Billing Statements**

Pursuant to the Compensation Guidelines, an email enclosing this Application was to the Committee on May 12, 2022. This email invited the Committee to discuss with Sills and/or the Office of the United States Trustee any objections, concerns, or questions the Committee or its members may have with regard to the requested compensation and reimbursement set forth in the Application. To date, no objections or other responses have been received from any of the Committee members.

**Cash Available in the Debtors' Trust Account**

Upon information and belief, Debtors' counsel is holding $3,928,786.36 in its trust account, which funds may be used to satisfy allowed professional fees.

**Notice**

In accordance with the Interim Compensation Procedures Order, this Application is being served on: (i) the Debtors; (ii) Counsel for the Debtors; (iii) Counsel for the DIP Lender and the MPT Prepetition Lender, MPT of Watsonville Lender, LLC, and MPT of Watsonville, LLP; (iv) the Office of the United States Trustee; and (v) all parties who have appeared in these cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors are separately serving and filing a notice of the hearing to be held on this Application and the application being filed by counsel to the Debtors. The Committee respectfully requests that this Court find the notice provided herein sufficient under the circumstances and waive and dispense with any further notice requirement.

**Other Compliance with Large Case Requirements**

Attached as **Exhibit C** – **H-2** are the exhibits that Sills understands need to be completed and filed together with this Application to comply with the Large Case Guidelines. In addition, pursuant to paragraph C.5 of the Large Case Guidelines, Sills provides the following statements:

| INQUIRY | STATEMENTS |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this | Sills discounted its rates by capping its blended hourly rate at $625. As a result of such discount, Sills' total fees are |

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 10 of
113
8810168

| INQUIRY | STATEMENTS |
|---|---|
| engagement that were provided during the application period? If so, please explain | approximately $78,117.00 *less* than they would be if Sills billed at its standard hourly rates. |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A. Sills' and Perkins Coie's total fees for the Fee Period are substantially below the amounts budgeted in the DIP budget. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No. |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees. | No. |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | No. |
| If the fee application includes any rate increases since retention: i. Did your client review and approve those rate increases in advance? ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | N/A |

## The Fees and Expenses Requested Should Be Awarded Based Upon Applicable Law

Pursuant to section 330 of the Bankruptcy Code, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to section 331 of the Bankruptcy Code, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which Sills requests compensation and the costs incurred for which Sills requests reimbursement are for actual and necessary services rendered and costs incurred.

1     In determining the amount of allowable fees under section 330(a) of the Bankruptcy

2 Code, courts are to be guided by the same "general principles" as are to be applied in

3 determining awards under the federal fee-shifting statutes, with "some accommodation to the

4 peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.* ), 853

5 F. 2d 687, 691 (9th Cir. 1988).

6     In assessing the propriety of an award of attorneys' fees, twelve factors relevant to

7 determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d

8 714, 717-719 (5th Cir. 1974) and *Kerr v. Screen Extras Guild, Inc*., 526 F. 2d 67, 70 (9th Cir.

9 1975), *cert. denied*, 425 U. S. 951 (1976): (1) the time and labor required, (2) the novelty and

10 difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the

11 preclusion of other employment by the professional due to acceptance of the case, (5) the

12 customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client

13 or the circumstances, (8) the amount involved and the results obtained, (9) the experience,

14 reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and

15 length of the professional relationship with the client, and (12) awards in similar cases. *See*

16 *American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F. 2d

17 1291 (5th Cir. 1977) (*Johnson* criteria applicable in bankruptcy cases).

18     The time for which compensation is sought is detailed in Sills' invoices for the Fee

19 Period annexed hereto as **Exhibit B**. Sills' services and time expenditures are reasonable in light

20 of the labor required and outcome achieved in these cases. Sills' charges for its professional

21 services are based upon the time, nature, extent, and value of such services and the cost of

22 comparable services in the New Jersey area, other than in a case under the Bankruptcy Code. The

23 compensation Sills seeks by way of this Application is the customary compensation commonly

24 sought by Sills and other professionals representing trustees, committees, and debtors in similar

25 circumstances.

26     Sills seeks compensation only for actual, necessary professional services rendered and

27 reimbursement of reasonable expenses incurred on behalf of the Committee during the Fee

28 Period.  Moreover, the services provided were delivered under challenging, time-sensitive

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 12 of
113
8810168

1  circumstances. The Committee was appointed at a time when critical issues concerning the DIP
2  financing, a sale motion, and (pursuant to an interim DIP order already entered by the Court) a
3  fast-approaching deadline of February 22, 2022 was set for the Committee to investigate and
4  challenge the DIP lender's pre-petition liens and pursue potential claims against the DIP lender.
5  Accordingly, the combined efforts of multiple attorneys were needed to address the substantial
6  amount of critical work that had to be done on an expedited basis. Sills and its co-counsel Perkins
7  Coie were diligent in allocating work amongst themselves in a manner that eliminated
8  unnecessary duplication and leveraged their respective and complementary expertise to deliver
9  time-sensitive responsiveness to the Committee in a cost-effective manner.

10      During the Fee Period, Sills' legal services provided important, valuable benefits to the
11  Debtors' estates while incurring legal fees for that period well below those budgeted in the
12  Court-approved DIP order. During the Fee Period, Sills and its co-counsel were able to complete
13  their time-sensitive investigation of the DIP lender, negotiate the DIP order term sheet that will
14  form the framework for a confirmable plan of liquidation, review and analyze the proposed sale
15  of substantially all of the Debtors' assets, negotiate amendments to the asset purchase agreement
16  to exclude substantial assets that, as a result, can be contributed to a liquidating trust to fund
17  creditor recoveries, resolve the secured claim of, and obtain the release of, CNH's liens, and
18  delivered other legal services, as detailed above, and complete that work substantially under the
19  $1 million budgeted for Committee counsel legal fees under the DIP budget for that same period.
20  *See* Docket No. 232-2, page 2. In addition to the benefits discussed above, by performing their
21  legal services well under budget, and pursuant to the DIP order term sheet, and the amendments
22  negotiated to the asset purchase agreement, the net savings will be available to fund a liquidating
23  trust for the benefit of unsecured creditors.

24      In sum, the services provided by Sills during the Fee Period were actual and necessary for
25  the administration of these Chapter 11 Cases, performed at the request of the Committee,
26  commensurate with the significance of the tasks, and ultimately provided more than substantial
27  value to the estate and unsecured creditors.

28

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 13 of
113
8810168

**Conclusion**

Sills requests an interim allowance of all fees and costs for the Fee Period. Neither Sills, nor any members, of counsel, or associates of the firm, have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded Sills with any other person or attorney, except among members of the firm.

Sills believes that the services rendered for which compensation is sought in this Application have been beneficial to the Debtors' estates, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, Sills respectfully requests that this Court (a) approve, on an interim basis, the allowance and payment of **$341,437.50** for compensation for professional services rendered to the Committee during the Fee Period; (b) approve the reimbursement of Sills' out-of-pocket expenses incurred in connection with the rendering of such services in the amount of **$746.06;** and (c) grant Sills such other and further relief as is appropriate.

8810168

DATED:  May 16, 2022

**PERKINS COIE LLP**

By: */s/ Paul S. Jasper*

Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
Telephone:  415.344.7000
Facsimile:  415.344.7050

Eric E. Walker (*pro hac vice*)
Illinois Bar No. 6290993
EWalker@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
Telephone: 312.324.8659
Facsimile:  312.324.9659

Andrew H. Sherman (*pro hac vice*)
ASherman@sillscummis.com
Boris I. Mankovetskiy (*pro hac vice*)
BMankovetskiy@sillscummis.com
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:    973.643.7000
Facsimile:    973.643.6500

*Co-Counsel to the Official Committee of Unsecured Creditors*

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 15 of 113
8810168

**DECLARATION**

STATE OF NEW JERSEY       :
                          :
COUNTY OF ESSEX           :

Andrew H Sherman, after being duly sworn according to law, deposes and says:

a)      I am an attorney at law and a member of Sills Cummis & Gross P.C.

b)      I am familiar with the legal services rendered by Sills Cummis & Gross P.C. as counsel to the Committee.

c)      I reviewed the foregoing Application.

d)      To the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought in the Application is in conformity with the Compensation Guidelines.

e)      The compensation and expense reimbursement requested in the Application are billed at rates, in accordance with practices, no less favorable than those customarily employed by Sills and generally accepted by Sills' clients in similar circumstances.


                                    */s/ Andrew H. Sherman*
                                    Andrew H. Sherman

**EXHIBIT A**

**(Retention Order)**



1 | Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
2 | PERKINS COIE LLP
505 Howard Street, Suite 1000
3 | San Francisco, CA 94105
Telephone: 415.344.7000
4 | Facsimile: 415.344.7050

**The following constitutes the order of the Court.**
**Signed: January 31, 2022**

M. Elaine Hammond
_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

5 | Andrew H. Sherman (*pro hac vice*)
ASherman@sillscummis.com
6 | Boris I. Mankovetskiy (*pro hac vice*)
BMankovetskiy@sillscummis.com
7 | SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
8 | Newark, New Jersey 07102
Telephone: 973.643.7000
9 | Facsimile: 973.643.6500

10 | Proposed *Co-Counsel to the Official*
*Committee of Unsecured Creditors*

11 |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | CASE NO. 21-51477 |
| WATSONVILLE HOSPITAL CORPORATION, et al.,[1] | Chapter: 11 (Jointly Administered) |
| Debtors. | ORDER GRANTING APPLICATION TO RETAIN AND EMPLOY SILLS CUMMIS & GROSS P.C. AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WATSONVILLE HOSPITAL CORPORATION, *ET AL.*, EFFECTIVE AS OF DECEMBER 29, 2021 |
| | Judge: Hon. M. Elaine Hammond |
| | [No Hearing Required] |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

Upon the *Application to Retain and Employ Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of Watsonville Hospital Corporation, et al. Effective as of December 29, 2021* (the "Application"),[2] seeking entry of an order (this "Order") authorizing the Official Committee of Unsecured Creditors (the "Committee") of Watsonville Hospital Corporation, *et al.* (the "Debtors") to retain and employ Sills Cummis & Gross P.C. ("Sills") as its co-counsel effective as of December 29, 2021, all as more fully set forth in the Application and the declarations of Andrew H. Sherman and William P. Anderson in support; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Committee provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and its supporting materials; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the relevant proceedings with respect to the Application, if any, before the Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.      The Application is granted as set forth herein.

2.      The Committee is authorized to retain and employ Sills as its co-counsel pursuant to 11 U.S.C. § 1103 and Bankruptcy Rule 2014, effective as of December 29, 2021, on the terms set forth in the Application and the Sherman Declaration.  Specifically:

        (a)      For each month in these cases, Sills's fees (not including expenses) will be limited to the lesser of (i) the amount of Sills' fees at its professionals'

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

standard rates and (ii) the amount of Sills' fees at a blended hourly rate of $625.

(b)     The following professionals are expected to have primary responsibility for providing services to the Committee in these cases (provided, however, that Sills may utilize additional professionals in these cases as necessary and appropriate):

| Professional | Standard Hourly Rate, Before Application of Blended $625 Rate |
|---|---|
| Andrew H. Sherman, Member | $925 |
| Boris I. Mankovetskiy, Member | $825 |
| Lucas F. Hammonds, Of Counsel | $725 |
| Daniel J. Harris, Of Counsel | $725 |
| Rachel E. Brennan, Of Counsel | $695 |
| Gregory Kopacz, Associate | $650 |

(c)     Sills will seek reimbursement for expenses incurred in connection with its representation of the Committee, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for working meals, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Sills will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to the firm's clients and in compliance with any guidelines promulgated by the Office of the U.S. Trustee, subject to approval by the Court.

3.     Sills shall apply for compensation for professional services rendered and reimbursement of related expenses in accordance with 11 U.S.C. §§ 330 and 331, the applicable provisions of the Bankruptcy Rules, and any Orders of this Court.

4.     Sills shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Review Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with the Application and any interim and/or final fee application(s) to be filed by Sills in these cases.

1    5.    Sills shall use its best efforts to avoid any duplication of services provided by any

2    of the Committee's other retained professionals in these bankruptcy cases.

3    6.    The terms and conditions of this Order shall be effective and enforceable

4    immediately upon its entry.

5    7.    The Court shall retain jurisdiction with respect to all matters arising form or

6    related to the implementation of this Order.

7                              ***END OF ORDER***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 21-51477    Doc# 201    Filed: 05/31/22    Entered: 05/31/22 16:29:59    Page 21 of 5
8544415
113

| | |
|---|---|
| 1 | **COURT SERVICE LIST** |
| 2 | All ECF Parties |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**EXHIBIT B**

**(Invoices)**

# Sills Cummis & Gross
### A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, NJ 07102-5400
(973) 643-7000

Official Committee of Unsecured Creditors of
Watsonville Hospital Corporation
c/o William P. Anderson, Committee Chair
MEDHOST Direct, Inc.
6550 Carothers Parkway, Suite 160
Franklin, TN  37067

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Billing Attorney: AHS

Federal Tax Id: 22-1920331

RE: Creditors' Committee

For Legal Services Rendered Through January 31, 2022

|          |     |     |                                                                                            | HOURS | AMOUNT |
|----------|-----|-----|--------------------------------------------------------------------------------------------|-------|--------|
| **101 – ASSET ANALYSIS AND RECOVERY** |||||
| 01/20/22 | BM  | 101 | Analysis regarding investigation of potential causes of action against alleged senior secured lenders. | 1.70  |        |
| 01/20/22 | LFH | 101 | Revise draft document requests regarding lien and lender claim investigation issues.        | 2.20  |        |
| 01/20/22 | LFH | 101 | Analyze lien and lender claim investigation issues.                                         | 0.90  |        |
| 01/20/22 | LFH | 101 | Analyze lien and lender claim investigation document request issues.                        | 0.70  |        |
| 01/20/22 | LFH | 101 | Review and analyze first day declaration regarding lien and lender claim investigation issues. | 0.60  |        |
| 01/20/22 | LFH | 101 | Review and analyze draft document requests regarding lien and lender claim investigation issues. | 0.80  |        |
| 01/20/22 | LFH | 101 | Confer with B. Mankovetskiy regarding lien and lender claim investigation discovery issues. | 0.40  |        |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 2

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/20/22 | LFH | 101 | Review and analyze prepetition loan documents with respect to lien investigation and lender claim issues. | 1.20 | |
| 01/20/22 | LFH | 101 | Review and analyze postpetition financing motion with respect to lien and lender claim investigation issues. | 0.40 | |
| 01/21/22 | BM | 101 | Analysis regarding requests for informal discovery to MPT in connection with investigation of potential causes of action. | 1.70 | |
| 01/21/22 | LFH | 101 | Analyze lien and lender claim investigation issues. | 0.80 | |
| 01/21/22 | LFH | 101 | Analyze lender liability issues. | 0.90 | |
| 01/21/22 | LFH | 101 | Review and analyze first day declaration and case background documents with respect to lender liability issues. | 0.60 | |
| 01/21/22 | LFH | 101 | Confer with B. Mankovetskiy regarding lien and lender claim investigation issues. | 0.20 | |
| 01/21/22 | LFH | 101 | Review and analyze prepetition lien documents with respect to lien and lender claim investigation issues. | 0.40 | |
| 01/21/22 | LFH | 101 | Review draft document request regarding lien and lender claim investigation issues. | 0.60 | |
| 01/24/22 | BM | 101 | Analysis regarding investigation of potential causes of action against MPT. | 0.70 | |
| 01/25/22 | BM | 101 | Analysis regarding investigation of potential causes of action against MPT. | 1.10 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 3

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/26/22 | BM | 101 | Analysis regarding discovery in connection with investigation of MPT's conduct. | 1.10 | |
| 01/26/22 | LFH | 101 | Analyze lender claim issues. | 0.20 | |
| 01/27/22 | BM | 101 | Analysis regarding investigation of potential causes of action against MPT. | 1.20 | |
| 01/31/22 | BM | 101 | Analysis regarding investigation of potential causes of action against MPT. | 1.40 | |
| | | **TASK TOTAL 101** | | **19.80** | **$15,245.00** |

**102 – ASSET DISPOSITION**

| | | | | | |
|---|---|---|---|---|---|
| 12/30/21 | BM | 102 | Analysis regarding motions to sell assets and approve bidding procedures. | 2.90 | |
| 12/30/21 | GAK | 102 | Analysis of sale motion. | 1.80 | |
| 01/01/22 | LFH | 102 | Review and analyze bidding procedures motion and supporting documents. | 0.80 | |
| 01/01/22 | GAK | 102 | Review sale notice, publication notice and notice of assumption. | 0.60 | |
| 01/01/22 | GAK | 102 | Mark up assumption/ assignment procedures. | 0.40 | |
| 01/01/22 | GAK | 102 | Review and mark up bidding procedures. | 1.10 | |
| 01/02/22 | BM | 102 | Analysis regarding Committee's comments to proposed form of bidding procedures order and related documents. | 1.70 | |
| 01/02/22 | GAK | 102 | Review and mark up bidding procedures order and conduct related research and analysis. | 1.80 | |

Sills Cummis & Gross P.C.

Creditors' Committee
February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 4

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/02/22 | GAK | 102 | Communications with A. Sherman and B. Mankovetskiy regarding bidding procedures order. | 0.50 | |
| 01/02/22 | GAK | 102 | Address comments/questions of local counsel regarding bidding procedures and assumption procedures. | 0.70 | |
| 01/02/22 | GAK | 102 | Draft update email to Committee members regarding bidding and assumption procedures and other upcoming deadlines. | 0.60 | |
| 01/03/22 | BM | 102 | Analysis regarding proposed revisions of bidding procedures order and related documents. | 1.10 | |
| 01/03/22 | GAK | 102 | Draft bidding procedures objection and analysis of bidding procedures motion and related documents in connection with same. | 6.30 | |
| 01/03/22 | GAK | 102 | Communications with B. Makovetskiy regarding bidding procedures motion. | 0.30 | |
| 01/03/22 | GAK | 102 | Update bidding procedures objection based on communications with Debtors' counsel. | 0.70 | |
| 01/04/22 | BM | 102 | Analysis regarding Committee's objection to bidding procedures motion. | 1.20 | |
| 01/04/22 | BM | 102 | Analysis regarding resolution of Committee's objections to bidding procedures motion. | 0.90 | |
| 01/04/22 | AHS | 102 | Emails re: bidding procedures and resolution of objections. | 0.20 | |
| 01/04/22 | LFH | 102 | Analyze stalking horse APA issues. | 0.60 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 5

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/04/22 | GAK | 102 | Research regarding excluded causes of action and improper case controls in connection with bidding procedures objection. | 3.60 | |
| 01/05/22 | BM | 102 | Analysis of issues regarding Project APA and financing issues. | 2.30 | |
| 01/06/22 | BM | 102 | Analysis regarding sale process issues. | 1.10 | |
| 01/06/22 | LFH | 102 | Analyze sale issues. | 0.70 | |
| 01/07/22 | BM | 102 | Analysis regarding sale process issues. | 1.10 | |
| 01/07/22 | BM | 102 | Call with Cowen regarding sale process. | 0.60 | |
| 01/07/22 | AHS | 102 | Attend call with investment banker re: sale update and next steps. | 0.60 | |
| 01/11/22 | BM | 102 | Analysis regarding sale process issues. | 0.90 | |
| 01/14/22 | BM | 102 | Analysis regarding potential modifications of stalking horse APA in connection with potential settlement of DIP financing objections. | 1.20 | |
| 01/15/22 | GAK | 102 | Review bidding procedures order and bidding procedures as entered by Court and numerous emails to A. Sherman regarding same. | 0.40 | |
| 01/15/22 | GAK | 102 | Review Debtors' notice of assumption/cure and emails to A. Sherman regarding same. | 0.20 | |
| 01/19/22 | BM | 102 | Analysis regarding investigation of potential causes of action against MPT. | 1.40 | |
| 01/26/22 | AHS | 102 | Email to Debtors' counsel re: sale update. | 0.10 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 6

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/27/22 | BM | 102 | Analysis regarding sale process issues. | 0.80 | |
| 01/27/22 | LFH | 102 | Prepare correspondence to Committee regarding operations consultant and sale issues. | 0.60 | |

| | | | TASK TOTAL 102 | 39.80 | $29,330.00 |
|---|---|---|---|---|---|

## 103 – BUSINESS OPERATIONS

| | | | | | |
|---|---|---|---|---|---|
| 12/30/21 | LFH | 103 | Review and analyze utilities motion and proposed order. | 0.60 | |
| 12/30/21 | LFH | 103 | Review and analyze cash management motion and proposed order. | 0.90 | |
| 12/30/21 | LFH | 103 | Revise proposed utilities order. | 0.30 | |
| 12/30/21 | LFH | 103 | Revise proposed cash management order. | 0.60 | |
| 12/30/21 | LFH | 103 | Review and analyze insurance motion and proposed order. | 0.70 | |
| 12/30/21 | LFH | 103 | Revise proposed insurance order. | 0.40 | |
| 12/30/21 | LFH | 103 | Analyze and summarize open cash management, wage, utilities, and insurance issues. | 0.40 | |
| 01/04/22 | BM | 103 | Analysis regarding budget variance reporting. | 0.70 | |
| 01/08/22 | BM | 103 | Analysis regarding Debtors' financial reporting. | 0.60 | |
| 01/19/22 | BM | 103 | Analysis regarding WARN Act issues. | 0.60 | |
| 01/19/22 | BM | 103 | Analysis regarding Debtors' financial reporting. | 0.60 | |
| 01/27/22 | BM | 103 | Analysis regarding Debtors' proposed retention of revenue cycle consultants. | 0.60 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 7

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/27/22 | LFH | 103 | Confer with B. Mankovetskiy regarding business operations and revenue management consultant issues. | 0.20 | |
| 01/27/22 | LFH | 103 | Review and analyze operations and revenue management consultant proposal. | 0.30 | |
| 01/31/22 | BM | 103 | Analysis regarding Debtors' financial reporting. | 0.60 | |
| | | **TASK TOTAL 103** | | **8.10** | **$6,242.50** |

## 104 – CASE ADMINISTRATION

| | | | | | |
|---|---|---|---|---|---|
| 12/30/21 | BM | 104 | Analysis of case first day motions and interim orders. | 2.30 | |
| 12/30/21 | BM | 104 | Analysis regarding Debtors organizational and capital structure. | 0.90 | |
| 12/30/21 | BM | 104 | Analysis regarding case management order. | 0.40 | |
| 12/30/21 | BM | 104 | Analysis regarding Committee by-laws. | 0.70 | |
| 12/30/21 | BM | 104 | Prepare update for Committee. | 0.70 | |
| 12/30/21 | BM | 104 | Call with Debtors' counsel regarding pending matters. | 1.30 | |
| 12/30/21 | AHS | 104 | Initial call with Debtors' counsel and professionals re: case background. | 1.20 | |
| 12/30/21 | AHS | 104 | Call with P. Jasper to coordinate division of task for initial relief sought by Debtors and initial strategy issues. | 1.00 | |
| 12/30/21 | AHS | 104 | Email to Committee with status update and setting meeting. | 0.60 | |
| 12/30/21 | LFH | 104 | Review and analyze first day declaration. | 0.60 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 8

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 12/30/21 | LFH | 104 | Confer with B. Mankovetskiy regarding case background and first day motion issues. | 0.20 | |
| 12/30/21 | LFH | 104 | Prepare draft Committee by-laws. | 1.90 | |
| 12/30/21 | LFH | 104 | Review Committee notice of appointment and docket with respect to case background issues. | 0.60 | |
| 12/30/21 | LFH | 104 | Analyze Committee by-law issues. | 0.80 | |
| 12/30/21 | LFH | 104 | Analyze Committee organization and governance issues | 0.70 | |
| 12/30/21 | GAK | 104 | Review the Debtors' first day declaration and attachments, including term sheet. | 1.70 | |
| 12/30/21 | GAK | 104 | Review and analyze utilities motion. | 0.70 | |
| 12/30/21 | GAK | 104 | Analysis of cash management motion and proposed order | 0.50 | |
| 12/31/21 | BM | 104 | Analysis regarding US Trustee's objections to pending motions. | 0.90 | |
| 12/31/21 | BM | 104 | Attend Committee meeting. | 1.10 | |
| 12/31/21 | BM | 104 | Analysis and revisions of proposed final first day orders. | 2.10 | |
| 12/31/21 | BM | 104 | Analysis and revisions regarding memorandum regarding first day motions. | 0.80 | |
| 12/31/21 | AHS | 104 | Review and revise first day memo; send to Committee for review and comment. | 0.80 | |
| 12/31/21 | AHS | 104 | Attend Committee meeting. | 1.20 | |
| 12/31/21 | LFH | 104 | Review and analyze case procedures order. | 0.30 | |
| 12/31/21 | LFH | 104 | Review and analyze first day declaration. | 0.20 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 9

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 12/31/21 | GAK | 104 | Draft memorandum to Committee regarding the Debtors' first day motions. | 3.20 | |
| 12/31/21 | GAK | 104 | Review draft retention applications. | 0.90 | |
| 12/31/21 | GAK | 104 | Review raft sale and bidding procedures motions. | 1.70 | |
| 01/01/22 | BM | 104 | Analysis and revisions regarding proposed forms of orders granting second day motions. | 1.20 | |
| 01/02/22 | BM | 104 | Attend to update to Committee regarding pending matters. | 0.60 | |
| 01/02/22 | BM | 104 | Attend to correspondence with Debtors' counsel regarding open issues with respect to first and second day orders. | 0.70 | |
| 01/02/22 | BM | 104 | Analysis regarding Committee's confidentiality agreement with Debtors. | 0.70 | |
| 01/02/22 | LFH | 104 | Correspond with A. Sherman and B. Mankovetskiy regarding first and second day order issues. | 0.20 | |
| 01/02/22 | LFH | 104 | Analyze Committee by-law issues. | 0.40 | |
| 01/02/22 | LFH | 104 | Review and analyze Debtor counsel correspondence and revisions regarding first and second day orders. | 0.60 | |
| 01/02/22 | LFH | 104 | Confer and correspond with A. Sherman and B. Mankovetskiy regarding Committee by-law issues. | 0.30 | |
| 01/02/22 | LFH | 104 | Revise Committee by-laws. | 0.70 | |
| 01/03/22 | BM | 104 | Analysis regarding resolution of open issues with respect to first and second day final relief. | 1.70 | |

Sills Cummis & Gross P.C.

Creditors' Committee
February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 10

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/03/22 | AHS | 104 | Call with Debtors' counsel and CRO re: status update, financing and sale issues. | 1.00 | |
| 01/03/22 | AHS | 104 | Call with Debtors' counsel re: first day relief and resolution of open issues. | 0.80 | |
| 01/03/22 | LFH | 104 | Revise notice of appearance. | 0.40 | |
| 01/03/22 | LFH | 104 | Review draft notice of appearance. | 0.20 | |
| 01/03/22 | LFH | 104 | Analyze appearance issues. | 0.20 | |
| 01/04/22 | BM | 104 | Analysis regarding Debtors' initial document productions in response to Committee's information requests. | 1.30 | |
| 01/04/22 | BM | 104 | Analysis regarding resolution of Committee's informal objections to final orders on first and second day motions. | 0.80 | |
| 01/04/22 | BM | 104 | Prepare a status update for Committee. | 0.40 | |
| 01/05/22 | AHS | 104 | Call with committee member re: status and DIP settlement issues. | 0.20 | |
| 01/05/22 | GAK | 104 | Review and analyze OCP motion and interim compensation motion. | 0.50 | |
| 01/05/22 | GAK | 104 | Review motion to approve payment of wages and employee benefits. | 0.60 | |
| 01/05/22 | GAK | 104 | Review Debtors' motion to pay insurance. | 0.40 | |
| 01/06/22 | BM | 104 | Attend Committee meeting. | 0.40 | |
| 01/06/22 | AHS | 104 | Attend Committee meeting re: status update and DIP term sheet issues. | 0.60 | |
| 01/06/22 | LFH | 104 | Review and analyze case procedures order with respect to notice issues. | 0.20 | |

Sills Cummis & Gross P.C.

Creditors' Committee
February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 11

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/07/22 | BM | 104 | Analysis regarding revisions of confidentiality agreement with Debtors. | 0.40 | |
| 01/07/22 | AHS | 104 | Review of revised by-laws and email to Committee re: same. | 0.30 | |
| 01/07/22 | AHS | 104 | Attend call with Debtors' counsel and Force10 re: common interest issues and financing issues. | 0.60 | |
| 01/07/22 | AHS | 104 | Prepare for and attend hearing regarding first day relief and retention issues. | 1.10 | |
| 01/07/22 | LFH | 104 | Prepare correspondence to Committee regarding by-law issues. | 0.20 | |
| 01/07/22 | LFH | 104 | Revise Committee by-laws. | 0.60 | |
| 01/07/22 | LFH | 104 | Confer with B. Mankovetskiy regarding Committee by-law issues. | 0.10 | |
| 01/07/22 | LFH | 104 | Review Debtor comments to Committee by-laws regarding confidentiality. | 0.30 | |
| 01/07/22 | LFH | 104 | Analyze Committee by-law update issues. | 0.40 | |
| 01/10/22 | AHS | 104 | Call with CRO and Force10 re: background issues. | 1.10 | |
| 01/13/22 | BM | 104 | Attend Committee meeting. | 0.70 | |
| 01/14/22 | BM | 104 | Prepare a status update for Committee. | 0.60 | |
| 01/15/22 | GAK | 104 | Review UST's ex parte motion to appoint consumer ombudsman. | 0.10 | |
| 01/19/22 | BM | 104 | Analysis regarding Debtors' filed schedules and SOFAs. | 0.70 | |
| 01/19/22 | AHS | 104 | Coordination call with Perkins re: next steps. | 0.50 | |
| 01/20/22 | BM | 104 | Call with CRO regarding pending matters. | 0.40 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 12

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/26/22 | AHS | 104 | Email to Committee re: upcoming meeting and investigation issues. | 0.30 | |
| 01/27/22 | AHS | 104 | Call with CRO re: healthcare consultants and review of contract re: lease. | 0.80 | |
| 01/31/22 | AHS | 104 | Email from Committee and respond re: same. | 0.40 | |
| | | **TASK TOTAL 104** | | **54.70** | **$43,565.00** |

**105 – CLAIMS ADMINISTRATION AND OBJECTIONS**

| | | | | | |
|---|---|---|---|---|---|
| 12/30/21 | LFH | 105 | Analyze bar date issues. | 0.30 | |
| 12/30/21 | LFH | 105 | Review and analyze bar date motion and proposed order. | 0.50 | |
| 12/30/21 | GAK | 105 | Analysis of bar date motion. | 0.60 | |
| 12/31/21 | LFH | 105 | Review and analyze bar date motion and order. | 0.40 | |
| 12/31/21 | LFH | 105 | Revise bar date motion and accompanying forms. | 0.60 | |
| 12/31/21 | LFH | 105 | Analyze bar date issues. | 0.20 | |
| 01/11/22 | BM | 105 | Analysis regarding proposed resolution of adequate assurance request from utilities. | 0.40 | |
| 01/15/22 | GAK | 105 | Review bar date order and emails to A. Sherman regarding same. | 0.20 | |
| | | **TASK TOTAL 105** | | **3.20** | **$2,300.00** |

**106 – EMPLOYEE BENEFITS/PENSIONS**

| | | | | | |
|---|---|---|---|---|---|
| 12/30/21 | LFH | 106 | Review and analyze employee wage and benefit motion and proposed order. | 0.90 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 13

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 12/30/21 | LFH | 106 | Revise proposed employee wage and benefit order. | 0.40 | |

|  |  | **TASK TOTAL 106** | **1.30** | **$942.50** |
|---|---|---|---|---|

### 107 – FEE/EMPLOYMENT APPLICATIONS

| | | | | |
|---|---|---|---|---|
| 12/31/21 | LFH | 107 | Analyze ordinary course professional retention issues. | 0.40 |
| 12/31/21 | LFH | 107 | Review and analyze interim compensation procedures motion and order. | 0.70 |
| 12/31/21 | LFH | 107 | Analyze interim professional compensation issues. | 0.30 |
| 12/31/21 | LFH | 107 | Revise interim professional compensation order. | 0.30 |
| 12/31/21 | LFH | 107 | Review and analyze ordinary course professionals motion and proposed order. | 0.60 |
| 12/31/21 | LFH | 107 | Revise ordinary course professionals order. | 0.30 |
| 01/01/22 | BM | 107 | Analysis and revisions regarding proposed forms of orders authorizing retention of Debtors' professionals. | 0.90 |
| 01/01/22 | LFH | 107 | Review and analyze Pachulski retention application and supporting documents. | 0.60 |
| 01/01/22 | LFH | 107 | Review and analyze Cowen retention application and supporting documents. | 0.80 |
| 01/01/22 | LFH | 107 | Review and analyze Bartko retention application and supporting documents. | 0.40 |
| 01/01/22 | LFH | 107 | Review and analyze Hooper retention application and supporting documents. | 0.30 |
| 01/01/22 | LFH | 107 | Review and analyze Stretto retention application and supporting documents. | 0.40 |

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/01/22 | LFH | 107 | Prepare analysis of retention application issues. | 0.40 | |
| 01/04/22 | BM | 107 | Analysis regarding Debtors' reply to US Trustee objection to retain Cowen. | 0.30 | |
| 01/05/22 | LFH | 107 | Analyze retention application issues. | 0.40 | |
| 01/06/22 | LFH | 107 | Analyze retention application issues. | 0.70 | |
| 01/07/22 | BM | 107 | Analysis regarding resolution of Committee's comments to proposed forms of orders authorizing retention of Debtors' professionals. | 0.60 | |
| 01/10/22 | LFH | 107 | Summarize retention application issues. | 0.30 | |
| 01/10/22 | LFH | 107 | Analyze retention application issues for Committee. | 0.40 | |
| 01/10/22 | LFH | 107 | Call with G. Kopacz regarding retention application issues for Committee. | 0.20 | |
| 01/10/22 | GAK | 107 | Begin drafting retention application. | 2.30 | |
| 01/11/22 | LFH | 107 | Review draft retention application. | 0.70 | |
| 01/11/22 | LFH | 107 | Confer with G. Kopacz regarding retention application issues. | 0.20 | |
| 01/11/22 | LFH | 107 | Analyze retention application issues. | 0.40 | |
| 01/11/22 | GAK | 107 | Draft Sherman Declaration for retention application, including description of conflict analysis and contacts. | 4.50 | |
| 01/11/22 | GAK | 107 | Draft proposed retention order. | 1.10 | |
| 01/11/22 | GAK | 107 | Draft declaration for committee chair in support of retention application. | 0.70 | |

Sills Cummis & Gross P.C.

Creditors' Committee
February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 15

| Date | | | | HOURS | AMOUNT |
|------|------|-----|------|-------|--------|
| 01/11/22 | GAK | 107 | Work on retention memorandum for distribution to firm and attention to related interested party checks. | 1.60 | |
| 01/11/22 | GAK | 107 | Finalize retention application for review by L. Hammonds. | 0.70 | |
| 01/12/22 | LFH | 107 | Analyze Committee chair retention application declaration issues. | 0.30 | |
| 01/12/22 | LFH | 107 | Prepare retention application memorandum. | 0.60 | |
| 01/12/22 | LFH | 107 | Analyze retention application materials revision issues. | 0.60 | |
| 01/12/22 | LFH | 107 | Revise and analyze Debtors' revised draft DIP financing order. | 0.60 | |
| 01/12/22 | LFH | 107 | Revise draft retention application. | 0.90 | |
| 01/12/22 | LFH | 107 | Review and analyze draft retention application materials. | 0.90 | |
| 01/13/22 | AHS | 107 | Initial review and revisions to retention pleadings. | 0.70 | |
| 01/13/22 | LFH | 107 | Revise draft order granting retention application. | 0.30 | |
| 01/13/22 | LFH | 107 | Revise Anderson retention declaration. | 0.40 | |
| 01/13/22 | LFH | 107 | Revise draft Sherman retention declaration. | 0.90 | |
| 01/13/22 | LFH | 107 | Analyze retention papers revision issues. | 0.70 | |
| 01/13/22 | LFH | 107 | Revise draft retention application. | 0.90 | |
| 01/13/22 | LFH | 107 | Review and analyze interim compensation procedures order with respect to retention application issues. | 0.20 | |

|          |     |     |                                                                                      | HOURS | AMOUNT |
|----------|-----|-----|--------------------------------------------------------------------------------------|-------|--------|
| 01/13/22 | LFH | 107 | Review and analyze U.S. Trustee fee guidelines with respect to retention application. | 0.30  |        |
| 01/13/22 | LFH | 107 | Review and analyze draft order granting retention application.                        | 0.20  |        |
| 01/13/22 | LFH | 107 | Review and analyze draft Anderson retention declaration.                              | 0.40  |        |
| 01/13/22 | LFH | 107 | Review and analyze draft Sherman retention declaration.                               | 0.90  |        |
| 01/13/22 | LFH | 107 | Review and analyze draft retention application.                                       | 0.60  |        |
| 01/13/22 | LFH | 107 | Review Perkins correspondence and comments regarding retention application materials. | 0.20  |        |
| 01/13/22 | GAK | 107 | Emails with A. Sherman and conflicts team regarding conflict issues.                  | 0.30  |        |
| 01/13/22 | GAK | 107 | Communications with L. Hammonds regarding retention application.                      | 0.10  |        |
| 01/14/22 | AHS | 107 | Review and revise retention pleadings and send to Committee for review and consideration. | 0.80  |        |
| 01/14/22 | LFH | 107 | Analyze retention application issues.                                                 | 0.30  |        |
| 01/14/22 | GAK | 107 | Communications with A. Sherman regarding comments to retention materials.             | 0.20  |        |
| 01/14/22 | GAK | 107 | Update retention documents based on comments of local counsel and A. Sherman and to reflect additional conflict checks. | 1.60  |        |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 17

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/17/22 | AHS | 107 | Coordinate finalizing of retention application, emails to Committee chair for signature and have pleadings filed. | 0.40 | |
| 01/17/22 | LFH | 107 | Finalize retention application materials. | 0.70 | |
| 01/21/22 | AHS | 107 | Email response to UST re: retention application. | 0.40 | |
| 01/27/22 | LFH | 107 | Analyze retention application and certificate of no objection issues. | 0.30 | |
| 01/27/22 | LFH | 107 | Prepare draft certification of no objection and revised retention order. | 0.40 | |
| 01/27/22 | LFH | 107 | Revise proposed retention application per UST comments. | 0.20 | |
| 01/27/22 | LFH | 107 | Review correspondence from Office of UST regarding retention application. | 0.20 | |
| 01/28/22 | LFH | 107 | Analyze retention application issues. | 0.30 | |
| 01/31/22 | LFH | 107 | Analyze retention order issues. | 0.20 | |
| | | **TASK TOTAL 107** | | **38.50** | **$27,570.00** |

**108 – FEE/EMPLOYMENT OBJECTIONS**

| | | | | | |
|---|---|---|---|---|---|
| 12/30/21 | GAK | 108 | Review and analyze retention applications for the Debtors' professionals. | 1.00 | |
| 12/30/21 | GAK | 108 | Summarize retention application for the Committee members. | 0.80 | |
| | | **TASK TOTAL 108** | | **1.80** | **$1,170.00** |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 18

|  |  |  |  | HOURS | AMOUNT |
|---|---|---|---|---|---|

**109 – FINANCING**

| 12/29/21 | AHS | 109 | Initial review of outstanding and pending motions (DIP Financing and initial relief) and formulate strategy for responses/objections. | 1.20 | |
| 12/29/21 | AHS | 109 | Initial call with counsel for Debtors (D. Grassgreen) re: DIP financing and initial relief requested by Debtors. | 0.40 | |
| 12/30/21 | BM | 109 | Analysis regarding motion to approve DIP financing and related documents. | 2.30 | |
| 12/30/21 | GAK | 109 | Analysis of DIP financing motion in connection with analysis of first day motions for Committee Members. | 1.90 | |
| 12/31/21 | BM | 109 | Analysis regarding DIP variance reports. | 0.70 | |
| 12/31/21 | BM | 109 | Analysis regarding DIP financing issues list. | 1.40 | |
| 12/31/21 | LFH | 109 | Review and analyze DIP financing motion and accompanying materials. | 1.10 | |
| 01/01/22 | BM | 109 | Analysis regarding DIP financing issues list. | 1.30 | |
| 01/01/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing issues. | 0.20 | |
| 01/01/22 | LFH | 109 | Review and analyze DIP financing motion and supporting materials. | 0.90 | |
| 01/01/22 | LFH | 109 | Review and analyze interim DIP financing order. | 0.80 | |
| 01/01/22 | LFH | 109 | Review and analyze DIP note. | 0.80 | |
| 01/01/22 | LFH | 109 | Review and analyze DIP financing issues list for discuss and proposed order revision. | 0.60 | |

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/01/22 | LFH | 109 | Analyze DIP financing issues. | 1.20 | |
| 01/01/22 | LFH | 109 | Review and analyze proposed final DIP financing order. | 1.10 | |
| 01/01/22 | LFH | 109 | Analyze DIP lien and superpriority claim issues. | 0.60 | |
| 01/01/22 | LFH | 109 | Analyze adequate protection lien and claim issues | 0.40 | |
| 01/01/22 | LFH | 109 | Revise draft final DIP financing order. | 1.40 | |
| 01/02/22 | BM | 109 | Analysis regarding DIP financing issues. | 1.20 | |
| 01/02/22 | LFH | 109 | Review and analyze DIP financing motion. | 0.80 | |
| 01/02/22 | LFH | 109 | Review and analyze proposed final DIP financing order. | 0.90 | |
| 01/02/22 | LFH | 109 | Review and analyze DIP financing note. | 0.60 | |
| 01/02/22 | LFH | 109 | Analyze DIP financing issues list. | 0.50 | |
| 01/02/22 | LFH | 109 | Conferences with B. Mankovestkiy regarding DIP financing issues. | 0.40 | |
| 01/02/22 | LFH | 109 | Review and analyze sale order regarding potential DIP financing issues. | 0.60 | |
| 01/02/22 | LFH | 109 | Review and analyze stalking horse APA with respect to potential DIP financing issues. | 0.80 | |
| 01/02/22 | LFH | 109 | Analyze Debtors' capital structure. | 0.60 | |
| 01/02/22 | LFH | 109 | Analyze DIP financing issues. | 1.60 | |
| 01/02/22 | LFH | 109 | Revise draft final DIP financing order. | 3.90 | |
| 01/03/22 | BM | 109 | Analysis and revisions of proposed final DIP financing order. | 1.60 | |
| 01/03/22 | REB | 109 | Review documents in connection with DIP financing. | 2.20 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 20

|  |  |  |  | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/03/22 | REB | 109 | Call with L. Hammonds re: DIP objection. | 1.00 | |
| 01/03/22 | LFH | 109 | Confer with R. Brennan regarding DIP financing and DIP financing objection issues. | 0.90 | |
| 01/03/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing issues. | 0.30 | |
| 01/03/22 | LFH | 109 | Prepare draft objection to DIP financing motion. | 2.30 | |
| 01/03/22 | LFH | 109 | Review revised draft DIP financing order with respect to objection issues. | 0.80 | |
| 01/03/22 | LFH | 109 | Analyze DIP financing objection issues. | 1.30 | |
| 01/03/22 | LFH | 109 | Review and analyze first day declaration regarding capital structure issues. | 0.40 | |
| 01/03/22 | LFH | 109 | Review and analyze DIP financing motion regarding objection issues. | 0.70 | |
| 01/03/22 | LFH | 109 | Further revise draft final DIP financing order. | 1.60 | |
| 01/03/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing order issues. | 0.60 | |
| 01/03/22 | LFH | 109 | Revise proposed final DIP financing order. | 1.80 | |
| 01/03/22 | LFH | 109 | Review and analyze DIP financing documents. | 0.60 | |
| 01/03/22 | LFH | 109 | Analyze DIP financing order revision issues. | 0.60 | |
| 01/03/22 | LFH | 109 | Review and analyze proposed final DIP financing order. | 0.70 | |
| 01/04/22 | BM | 109 | Call with Debtors' and MPT's counsel regarding DIP financing issues. | 1.10 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 21

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/04/22 | BM | 109 | Analysis regarding Committee's objection to entry of final DIP financing order. | 1.80 | |
| 01/04/22 | AHS | 109 | Call with counsel for DIP lender and counsel for Debtors re: DIP financing issues and outstanding issues list. | 1.20 | |
| 01/04/22 | AHS | 109 | Call with Perkins to coordinate DIP financing issues and strategy. | 0.30 | |
| 01/04/22 | AHS | 109 | Email to Committee re: DIP financing issues and status of first day motions. | 0.60 | |
| 01/04/22 | AHS | 109 | Call with Committee member re: DIP financing issues and analysis re: same. | 0.40 | |
| 01/04/22 | REB | 109 | Draft DIP objection sections. | 3.30 | |
| 01/04/22 | REB | 109 | Research in connection with DIP objection. | 3.40 | |
| 01/04/22 | REB | 109 | Call with L. Hammonds re: proposed DIP order. | 1.50 | |
| 01/04/22 | REB | 109 | Review proposed DIP order. | 1.20 | |
| 01/04/22 | LFH | 109 | Research and analyze DIP financing issues. | 1.10 | |
| 01/04/22 | LFH | 109 | Analyze DIP financing objection issues. | 0.60 | |
| 01/04/22 | LFH | 109 | Prepare objection to DIP financing motion. | 0.70 | |
| 01/04/22 | LFH | 109 | Confer with R. Brennan regarding DIP financing order and objection issues. | 1.50 | |
| 01/04/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing objection and term sheet issues. | 0.60 | |
| 01/04/22 | LFH | 109 | Confer with R. Brennan regarding DIP financing objection issues. | 0.40 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 22

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/04/22 | LFH | 109 | Analyze capital structure and lien investigation issues. | 0.70 | |
| 01/04/22 | LFH | 109 | Analyze potential DIP financing objection resolution issues. | 0.70 | |
| 01/04/22 | LFH | 109 | Review and analyze draft DIP financing order with respect to DIP financing settlement term sheet issues. | 0.70 | |
| 01/04/22 | LFH | 109 | Analyze sale documents with respect to DIP financing issues. | 0.80 | |
| 01/04/22 | LFH | 109 | Analyze potential DIP financing settlement structures. | 0.80 | |
| 01/04/22 | LFH | 109 | Review and analyze DIP financing issues list with respect to DIP financing settlement issues. | 0.40 | |
| 01/04/22 | LFH | 109 | Prepare draft DIP financing settlement term sheet. | 3.40 | |
| 01/05/22 | BM | 109 | Analysis regarding Committee's objection to motion for final DIP financing order. | 2.20 | |
| 01/05/22 | BM | 109 | Analysis regarding term sheet for potential resolution of Committee's objections to final DIP financing order. | 2.40 | |
| 01/05/22 | AHS | 109 | Review and revise DIP settlement term sheet. | 0.80 | |
| 01/05/22 | AHS | 109 | Review and send out DIP term sheet to Committee for review and consideration. | 0.30 | |
| 01/05/22 | LFH | 109 | Analyze DIP financing settlement term sheet issues. | 0.60 | |
| 01/05/22 | LFH | 109 | Analyze proposed DIP order revision issues. | 0.70 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 23

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/05/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing settlement term sheet issues. | 0.20 | |
| 01/05/22 | LFH | 109 | Analyze potential DIP financing settlement issues. | 0.60 | |
| 01/05/22 | LFH | 109 | Analyze interplay of DIP financing, sale, and plan issues. | 0.80 | |
| 01/05/22 | LFH | 109 | Further revise DIP financing settlement term sheet. | 1.10 | |
| 01/05/22 | LFH | 109 | Revise DIP financing settlement term sheet. | 2.80 | |
| 01/05/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing settlement term sheet revision issues. | 0.30 | |
| 01/06/22 | BM | 109 | Analysis and revisions of draft settlement term sheet with MPT. | 1.70 | |
| 01/06/22 | BM | 109 | Analysis regarding Committee's draft objection to DIP financing motion. | 1.60 | |
| 01/06/22 | BM | 109 | Analysis regarding potential settlement of DIP objections with MPT. | 1.20 | |
| 01/06/22 | AHS | 109 | Review of proposed DIP term sheet; call with Debtors' counsel re: same and send draft to counsel for Debtors for review and consideration. | 0.60 | |
| 01/06/22 | LFH | 109 | Analyze DIP financing objection issues. | 0.90 | |
| 01/06/22 | LFH | 109 | Analyze DIP financing case control issues. | 0.40 | |
| 01/06/22 | LFH | 109 | Review and analyze draft DIP financing objection. | 0.80 | |
| 01/06/22 | LFH | 109 | Further revise draft DIP settlement term sheet. | 0.60 | |
| 01/06/22 | LFH | 109 | Analyze DIP financing issues. | 0.60 | |

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/06/22 | LFH | 109 | Revise draft DIP financing settlement term sheet. | 0.70 | |
| 01/06/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing settlement term sheet issues. | 0.20 | |
| 01/07/22 | BM | 109 | Analysis regarding draft objection to motion for final DIP financing order. | 1.30 | |
| 01/07/22 | LFH | 109 | Prepare draft DIP financing objection. | 0.90 | |
| 01/07/22 | LFH | 109 | Review draft DIP financing objection. | 0.40 | |
| 01/07/22 | LFH | 109 | Analyze DIP financing objection issues. | 0.70 | |
| 01/07/22 | GAK | 109 | Review notification regarding upcoming hearing on DIP Financing Motion. | 0.10 | |
| 01/08/22 | LFH | 109 | Prepare draft DIP financing objection. | 4.70 | |
| 01/08/22 | LFH | 109 | Analyze DIP financing objection issues. | 0.80 | |
| 01/08/22 | LFH | 109 | Review and analyze interim DIP financing order. | 0.50 | |
| 01/08/22 | LFH | 109 | Analyze prepetition lien issues. | 0.40 | |
| 01/08/22 | LFH | 109 | Analyze DIP lien issues. | 0.30 | |
| 01/08/22 | LFH | 109 | Review correspondence and DIP financing issue list with respect to DIP financing objection issues. | 0.40 | |
| 01/08/22 | LFH | 109 | Analyze adequate protection issues. | 0.40 | |
| 01/08/22 | LFH | 109 | Review and analyze case law excerpts with respect to DIP financing objection issues. | 0.60 | |
| 01/08/22 | LFH | 109 | Review and analyze DIP note with respect to DIP financing objection issues. | 0.60 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 25

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/08/22 | LFH | 109 | Review and analyze DIP financing motion with respect to objection issues. | 0.70 | |
| 01/08/22 | LFH | 109 | Review and analyze first day declaration with respect to case background issues for DIP financing objection. | 0.80 | |
| 01/08/22 | LFH | 109 | Analyze DIP financing objection structure issues. | 0.70 | |
| 01/08/22 | LFH | 109 | Review and analyze draft DIP financing objection. | 0.40 | |
| 01/08/22 | LFH | 109 | Confer with R. Brennand regarding DIP financing objection issues. | 0.30 | |
| 01/09/22 | REB | 109 | Research in connection with DIP objection. | 3.40 | |
| 01/09/22 | LFH | 109 | Review and analyze case law regarding DIP financing issues. | 1.30 | |
| 01/09/22 | LFH | 109 | Review correspondence regarding DIP financing objection issues. | 0.30 | |
| 01/09/22 | LFH | 109 | Analyze DIP financing order revision issues. | 0.60 | |
| 01/09/22 | LFH | 109 | Conferences with R. Brennan regarding DIP financing objection issues. | 0.40 | |
| 01/09/22 | LFH | 109 | Review and analyze DIP financing documents with respect to DIP financing objection issues. | 0.90 | |
| 01/09/22 | LFH | 109 | Review and analyze sale documents with respect to DIP financing objection issues. | 0.60 | |
| 01/09/22 | LFH | 109 | Prepare draft DIP financing objection. | 3.80 | |
| 01/09/22 | LFH | 109 | Revise draft DIP financing objection. | 3.60 | |

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/10/22 | BM | 109 | Analysis and revisions of Committee's objection to motion for final DIP financing order. | 1.90 | |
| 01/10/22 | BM | 109 | Analysis regarding discovery in connection with motion for final DIP financing order. | 1.10 | |
| 01/10/22 | BM | 109 | Analysis regarding potential settlement of Committee's DIP financing objections. | 1.40 | |
| 01/10/22 | REB | 109 | Review and revise DIP proposed order. | 2.10 | |
| 01/10/22 | LFH | 109 | Confer with R. Brennan regarding DIP financing objection issues. | 0.20 | |
| 01/10/22 | LFH | 109 | Analyze DIP financing objection issues. | 0.70 | |
| 01/10/22 | LFH | 109 | Further revise draft final DIP financing order. | 2.70 | |
| 01/10/22 | LFH | 109 | Revise draft final DIP financing order. | 0.30 | |
| 01/10/22 | LFH | 109 | Analyze DIP financing order revision issues. | 0.30 | |
| 01/10/22 | LFH | 109 | Review and analyze updated draft final DIP financing order. | 0.40 | |
| 01/10/22 | LFH | 109 | Revise draft DIP financing objection. | 2.80 | |
| 01/10/22 | LFH | 109 | Analyze DIP financing objection issues. | 0.40 | |
| 01/10/22 | LFH | 109 | Analyze DIP financing order revision issues. | 0.60 | |
| 01/11/22 | BM | 109 | Analysis and revisions of proposed form of final DIP financing order. | 1.60 | |
| 01/11/22 | BM | 109 | Analysis and revisions of Committee's objection to final DIP financing motion. | 1.70 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 27

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/11/22 | BM | 109 | Call with MPT and Debtors' counsel regarding DIP financing issues. | 1.10 | |
| 01/11/22 | BM | 109 | Analysis and revisions regarding draft settlement term sheet with MPT. | 1.80 | |
| 01/11/22 | BM | 109 | Analysis regarding discovery requests in connection with DIP financing objections. | 2.20 | |
| 01/11/22 | AHS | 109 | Review and analysis of documents as sent by Force10. | 0.80 | |
| 01/11/22 | AHS | 109 | Call with counsel for Debtors and counsel for DIP lender re: DIP financing form of order and Committee term sheet issue. | 1.00 | |
| 01/11/22 | LFH | 109 | Analyze DIP financing issues. | 0.90 | |
| 01/11/22 | LFH | 109 | Review and analyze updated final DIP financing order. | 0.50 | |
| 01/11/22 | LFH | 109 | Analyze final DIP financing order issues. | 0.60 | |
| 01/11/22 | LFH | 109 | Revise draft final DIP financing order. | 1.90 | |
| 01/11/22 | LFH | 109 | Analyze DIP financing settlement term sheet issues. | 0.80 | |
| 01/12/22 | BM | 109 | Analysis regarding proposed updates to DIP financing budget. | 0.70 | |
| 01/12/22 | BM | 109 | Analysis and revisions regarding proposed final DIP financing order. | 1.30 | |
| 01/12/22 | BM | 109 | Analysis regarding models and scenarios for funding Debtors operations post-DIP maturity. | 0.80 | |
| 01/12/22 | BM | 109 | Analysis of issues regarding potential settlement with MPT. | 1.10 | |
| 01/12/22 | LFH | 109 | Further revise draft final DIP financing order. | 1.30 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 28

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/12/22 | LFH | 109 | Confer with A. Sherman and B. Mankovetskiy regarding further DIP financing order revision issues. | 0.30 | |
| 01/12/22 | LFH | 109 | Revise draft final DIP financing order. | 2.90 | |
| 01/12/22 | LFH | 109 | Review and analyze DIP financing note with respect to DIP financing order revision issues. | 0.30 | |
| 01/12/22 | LFH | 109 | Review and analyze DIP financing motion with respect to DIP financing order revision issues. | 0.40 | |
| 01/12/22 | LFH | 109 | Analyze DIP financing settlement term sheet issues. | 0.80 | |
| 01/12/22 | LFH | 109 | Analyze DIP financing order revision issues in light of Debtor revisions. | 0.70 | |
| 01/12/22 | LFH | 109 | Conferences with B. Mankovetskiy regarding DIP financing order revision issues. | 0.50 | |
| 01/12/22 | LFH | 109 | Prepare draft email to Committee regarding DIP financing issues. | 0.80 | |
| 01/12/22 | LFH | 109 | Call with B. Mankovetskiy regarding revised draft final DIP order from Debtors. | 0.30 | |
| 01/13/22 | BM | 109 | Analysis and revisions regarding proposed settlement term sheet with MPT. | 1.60 | |
| 01/13/22 | BM | 109 | Analysis regarding revisions of proposed DIP financing order. | 1.10 | |
| 01/13/22 | BM | 109 | Call with Debtors' and MPT's counsel regarding DIP financing issues. | 0.80 | |
| 01/13/22 | AHS | 109 | Committee meeting re: status and DIP financing issues. | 0.80 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 29

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/13/22 | AHS | 109 | Call with counsel for Debtors and counsel for MTP re: DIP financing issues. | 0.80 | |
| 01/13/22 | AHS | 109 | Further review of proposed DIP financing order to prepare for committee meeting and call with MPT. | 0.60 | |
| 01/13/22 | LFH | 109 | Review draft final DIP financing order with respect to settlement term sheet issues. | 0.40 | |
| 01/13/22 | LFH | 109 | Review Perkins comments to draft DIP financing settlement term sheet. | 0.20 | |
| 01/13/22 | LFH | 109 | Revise DIP financing term sheet in light of Perkins comments. | 0.30 | |
| 01/13/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing settlement term sheet issues. | 0.40 | |
| 01/13/22 | LFH | 109 | Analyze DIP financing settlement term sheet revision issues. | 0.60 | |
| 01/13/22 | LFH | 109 | Revise DIP financing settlement term sheet. | 1.10 | |
| 01/13/22 | LFH | 109 | Analyze retention application finalization issues. | 0.30 | |
| 01/13/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing settlement term sheet issues. | 0.20 | |
| 01/13/22 | LFH | 109 | Analyze DIP financing settlement framework issues. | 0.60 | |
| 01/13/22 | LFH | 109 | Revise draft DIP settlement term sheet. | 1.20 | |
| 01/14/22 | BM | 109 | Analysis regarding proposed revisions of DIP credit agreement. | 0.80 | |
| 01/14/22 | BM | 109 | Analysis and revisions of proposed final DIP financing order. | 1.20 | |

|          |     |     |                                                                                          | HOURS | AMOUNT |
|----------|-----|-----|------------------------------------------------------------------------------------------|-------|--------|
| 01/14/22 | BM  | 109 | Analysis regarding proposed updated DIP budget.                                          | 0.60  |        |
| 01/14/22 | BM  | 109 | Analysis and revisions regarding proposed settlement term sheet with MPT and Debtors.    | 1.90  |        |
| 01/14/22 | BM  | 109 | Analysis of issues regarding potential settlement of Committee's DIP financing objections. | 0.90  |        |
| 01/14/22 | BM  | 109 | Call with Debtors' and MPT's counsel regarding DIP financing.                            | 1.10  |        |
| 01/14/22 | AHS | 109 | Call with counsel for Debtors and counsel for MPT re: DIP financing and term sheet issues. | 1.40  |        |
| 01/14/22 | AHS | 109 | Further review of DIP order as revised  and term sheet.                                  | 0.80  |        |
| 01/14/22 | LFH | 109 | Further revise draft DIP financing settlement term sheet.                                | 0.90  |        |
| 01/14/22 | LFH | 109 | Analyze DIP financing settlement term sheet revision issues.                             | 0.70  |        |
| 01/14/22 | LFH | 109 | Analyze DIP financing settlement framework issues.                                       | 0.40  |        |
| 01/14/22 | LFH | 109 | Revise draft DIP financing settlement term sheet in light of MPT and Debtor comments.    | 1.70  |        |
| 01/14/22 | LFH | 109 | Revise draft final DIP financing order circulated by MPT.                                | 0.60  |        |
| 01/14/22 | LFH | 109 | Review Debtor comments to DIP financing settlement term sheet.                           | 0.20  |        |
| 01/14/22 | LFH | 109 | Review and analyze Perkins comments to DIP financing settlement term sheet.              | 0.30  |        |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 31

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/14/22 | LFH | 109 | Review and analyze MPT notes to draft DIP financing settlement term sheet. | 0.30 | |
| 01/14/22 | LFH | 109 | Review and analyze revised DIP financing order incorporating MPT comments. | 0.60 | |
| 01/14/22 | LFH | 109 | Conferences with B. Mankovetskiy regarding DIP financing order and DIP financing settlement term sheet issues. | 0.60 | |
| 01/14/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing settlement term sheet revision issues in light of call with counsel to Debtors and MPT. | 0.20 | |
| 01/14/22 | LFH | 109 | Analyze DIP financing settlement term sheet issues. | 0.60 | |
| 01/14/22 | LFH | 109 | Analyze DIP financing order issues. | 0.40 | |
| 01/14/22 | LFH | 109 | Prepare reservation of rights regarding DIP financing motion. | 0.40 | |
| 01/14/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing issues. | 0.20 | |
| 01/15/22 | BM | 109 | Analysis of issues regarding potential resolution of Committee's objections to DIP financing motion. | 1.20 | |
| 01/15/22 | AHS | 109 | Review and revise DIP term sheet; send out to counsel for Debtors and counsel for MPT in advance of call. | 0.90 | |
| 01/15/22 | LFH | 109 | Prepare draft reservation of rights regarding DIP financing motion. | 0.50 | |
| 01/15/22 | LFH | 109 | Further revise draft DIP financing settlement term sheet. | 0.30 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 32

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/15/22 | LFH | 109 | Conferences with B. Mankovetskiy regarding DIP financing settlement term sheet revision issues. | 0.60 | |
| 01/15/22 | LFH | 109 | Analyze DIP financing settlement term sheet revision issues. | 0.40 | |
| 01/15/22 | LFH | 109 | Prepare correspondence to Committee regarding DIP financing issues. | 0.80 | |
| 01/15/22 | LFH | 109 | Review draft final DIP financing order regarding DIP financing settlement term sheet revision issues. | 0.30 | |
| 01/15/22 | LFH | 109 | Revise DIP financing settlement term sheet. | 0.80 | |
| 01/16/22 | BM | 109 | Call with MPT and Debtors regarding DIP financing. | 0.70 | |
| 01/16/22 | BM | 109 | Analysis regarding revisions of proposed settlement term sheet with Debtors and MPT. | 1.70 | |
| 01/16/22 | BM | 109 | Analysis and revisions of proposed settlement term sheet with MPT and Debtors. | 1.30 | |
| 01/16/22 | AHS | 109 | Call with counsel for DIP lender and counsel for Debtors re: DIP financing issues. | 0.80 | |
| 01/16/22 | AHS | 109 | Review of revised term sheet based on call. | 0.30 | |
| 01/16/22 | AHS | 109 | Finalize DIP financing reservation of rights and have same filed. | 0.20 | |
| 01/16/22 | AHS | 109 | Call with counsel for Debtors and counsel for MPT re: DIP financing and term sheet issues. | 0.80 | |
| 01/16/22 | AHS | 109 | Review and revise draft term sheet and have sent out. | 0.60 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 33

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/16/22 | LFH | 109 | Revise draft DIP financing settlement term sheet. | 1.60 | |
| 01/16/22 | LFH | 109 | Analyze DIP financing settlement term sheet issues. | 0.60 | |
| 01/16/22 | LFH | 109 | Analyze DIP financing settlement, sale, and plan issues with respect to DIP settlement term sheet revisions. | 0.40 | |
| 01/16/22 | LFH | 109 | Review draft DIP financing settlement term sheet. | 0.30 | |
| 01/16/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing settlement term sheet issues in light of call with counsel for Debtors and MPT. | 0.60 | |
| 01/17/22 | BM | 109 | Call with MPT and Debtors regarding DIP financing issues. | 0.40 | |
| 01/17/22 | BM | 109 | Analysis and revisions of proposed final DIP financing order. | 1.80 | |
| 01/17/22 | BM | 109 | Analysis regarding Debtors' document productions in response to Committee's informal discovery in connection with DIP financing motion. | 1.30 | |
| 01/17/22 | BM | 109 | Analysis regarding revisions of proposed settlement term sheet with MPT. | 1.70 | |
| 01/17/22 | BM | 109 | Analysis regarding reply in support of entry of final DIP financing order. | 1.10 | |
| 01/17/22 | BM | 109 | Analysis regarding proposed amended DIP budget. | 0.40 | |
| 01/17/22 | AHS | 109 | Email to Committee re: DIP financing and retention issues. | 0.50 | |

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/17/22 | AHS | 109 | Call with counsel for Debtors and MPT re: finalizng DIP finaicng term sheet. | 0.40 | |
| 01/17/22 | AHS | 109 | Review of revised DIP term sheet. | 0.30 | |
| 01/17/22 | LFH | 109 | Review MPT comments to draft DIP financing settlement term sheet. | 0.20 | |
| 01/17/22 | LFH | 109 | Review and analyze proposed final DIP financing order. | 0.60 | |
| 01/17/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing issues. | 0.20 | |
| 01/17/22 | LFH | 109 | Confer with B. Mankovetskiy regarding DIP financing order finalization issues. | 0.30 | |
| 01/17/22 | LFH | 109 | Review and analyze draft Debtor reply in support of DIP financing. | 0.80 | |
| 01/17/22 | LFH | 109 | Analyze DIP financing settlement term sheet finalization issues. | 0.40 | |
| 01/17/22 | LFH | 109 | Review and analyze proposed final DIP financing order and settlement term sheet. | 0.60 | |
| 01/17/22 | LFH | 109 | Prepare draft correspondence to Committee regarding DIP financing and DIP financing settlement term sheet issues. | 0.70 | |
| 01/19/22 | BM | 109 | Analysis regarding proposed amended DIP budget. | 0.40 | |
| 01/19/22 | AHS | 109 | Prepare for DIP financing hearing. | 0.40 | |
| 01/19/22 | AHS | 109 | Attend DIP financing hearing and follow up re: same. | 1.10 | |
| 01/20/22 | BM | 109 | Analysis of issues regarding post-DIP maturity funding of Debtors' operations. | 0.70 | |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 35

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 01/26/22 | AHS | 109 | Call with Perkins to coordinate document review and analysis issues. | 0.40 | |
| 01/31/22 | BM | 109 | Analysis regarding stalking horse APA issues in connection with post-March 31 funding of Debtors' operations. | 0.80 | |
| | | **TASK TOTAL 109** | | **227.80** | **$174,402.00** |

**113 – PLAN AND DISCLOSURE STATEMENT**

| | | | | | |
|---|---|---|---|---|---|
| 01/04/22 | LFH | 113 | Analyze potential plan structure issues. | 0.70 | |
| 01/06/22 | LFH | 113 | Analyze potential plan structure issues in light of DIP financing settlement discussions. | 0.70 | |
| | | **TASK TOTAL 113** | | **1.40** | **$1,015.00** |
| | | **TOTAL FEES at Standard Rates** | | **396.40** | **$301,782.00** |
| | | **TOTAL FEES at Blended Rate of $625** | | **396.40** | **$247,750.00** |

**TASK CODE SUMMARY**

| | | | | |
|---|---|---|---|---|
| | 101 | Asset Analysis and Recovery | 19.80 | $15,245.00 |
| | 102 | Asset Disposition | 39.80 | $29,330.00 |
| | 103 | Business Operations | 8.10 | $6,242.50 |
| | 104 | Case Administration | 54.70 | $43,565.00 |
| | 105 | Claims Administration and Objections | 3.20 | $2,300.00 |
| | 106 | Employee Benefits/Pensions | 1.30 | $942.50 |
| | 107 | Fee/Employment Applications | 38.50 | $27,570.00 |
| | 108 | Fee/Employment Objections | 1.80 | $1,170.00 |

Sills Cummis & Gross P.C.

Creditors' Committee

February 23, 2022
Client/Matter No. 08650135.000001
Invoice: 2015552
Page 36

| | | | | |
|---|---|---|---:|---:|
| 109 | Financing | | 227.80 | $174,402.00 |
| 113 | Plan and Disclosure Statement | | 1.40 | $1,015.00 |
| | TOTAL FEES at Standard Rates | | 396.40 | $301,782.00 |
| | TOTAL FEES at Blended Rate of $625 | | 396.40 | $247,750.00 |

| | | | | | |
|---|---:|---|---:|---|---:|
| Andrew H. Sherman | 34.40 | x | $925.00 | = | $31,820.00 |
| Boris Mankovetskiy | 115.80 | x | $825.00 | = | $95,535.00 |
| Lucas F. Hammonds | 181.10 | x | $725.00 | = | $131,297.50 |
| Rachel E. Brennan | 18.10 | x | $695.00 | = | $12,579.50 |
| Gregory A. Kopacz | 47.00 | x | $650.00 | = | $30,550.00 |

**DISBURSEMENT DETAIL**

| | | | |
|---|---|---|---:|
| 01/04/22 | 200 | Court Filing Fees (pro hac vice application – A. Sherman) | $317.00 |
| 01/04/22 | 200 | Court Filing Fees (pro hac vice application – B. Mankovetskiy) | $317.00 |
| | | **TOTAL DISBURSEMENTS** | **$634.00** |

| INVOICE SUMMARY | |
|---|---:|
| Total Fees | $247,750.00 |
| Total Disbursements | $634.00 |
| **TOTAL THIS INVOICE** | **$248,384.00*** |

*Total includes fees at **Blended Rate**. Per Retention Application, lesser of fees at *Standard Rates* (**$301,782.00**) and fees at *Blended Rate* of $625 (**$247,750.00**) apply.

# Sills Cummis & Gross
### A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, NJ 07102-5400
(973) 643-7000

Official Committee of Unsecured Creditors of
Watsonville Hospital Corporation
c/o William P. Anderson, Committee Chair
MEDHOST Direct, Inc.
6550 Carothers Parkway, Ste. 160
Franklin, TN 37067

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Billing Attorney: AHS

Federal Tax Id: 22-1920331

RE: Creditors' Committee

For Legal Services Rendered Through February 28, 2022

|  |  |  |  | HOURS | AMOUNT |
|---|---|---|---|---|---|
| **101 – ASSET ANALYSIS AND RECOVERY** | | | | | |
| 02/01/22 | BM | 101 | Analysis regarding investigation of potential causes of action against MPT. | 1.90 | |
| 02/01/22 | BM | 101 | Analysis regarding informal discovery requests to Debtors and MPT. | 1.60 | |
| 02/02/22 | BM | 101 | Analysis regarding discovery in connection with MPT investigation. | 1.40 | |
| 02/02/22 | BM | 101 | Analysis regarding potential causes of action against MPT. | 1.70 | |
| 02/03/22 | BM | 101 | Analysis regarding discovery requests to Debtors and MPT. | 0.70 | |
| 02/03/22 | BM | 101 | Analysis regarding investigation of potential causes of action against MPT. | 1.20 | |
| 02/03/22 | AHS | 101 | Address MPT discovery and claim analysis. | 0.80 | |
| 02/07/22 | BM | 101 | Analysis regarding investigation of potential causes of action against MPT and related entities. | 1.60 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 2

| | | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|---|
| 02/08/22 | BM | 101 | Analysis regarding discovery in connection with investigation of potential estate-based causes of action. | | 1.30 | |
| 02/08/22 | AHS | 101 | Call with former owner re: potential claims and call with P. Jasper re: same. | | 0.60 | |
| 02/09/22 | BM | 101 | Analysis regarding potential causes of action against MPT. | | 1.20 | |
| 02/09/22 | BM | 101 | Analysis regarding discovery in connection with investigation of potential estate-based causes of action. | | 1.10 | |
| 02/09/22 | AHS | 101 | Review of document review protocol memo to address possible claims arising under federal law. | | 0.40 | |
| 02/09/22 | AHS | 101 | Address issues re: investigation into possible claims and causes of action. | | 0.80 | |
| 02/09/22 | LFH | 101 | Analyze affirmative MPT claim issues. | | 0.80 | |
| 02/09/22 | LFH | 101 | Analyze MPT claim memorandum issues. | | 0.30 | |
| 02/09/22 | LFH | 101 | Research and analyze equitable subordination issues. | | 0.90 | |
| 02/09/22 | LFH | 101 | Analyze MPT chapter 5 claim issues. | | 0.40 | |
| 02/09/22 | LFH | 101 | Confer with B. Mankovetskiy regarding MPT lien issues. | | 0.20 | |
| 02/09/22 | LFH | 101 | Review and analyze draft MPT lien review memorandum. | | 0.60 | |
| 02/10/22 | BM | 101 | Analysis regarding potential causes of action against MPT and certain related parties. | | 1.20 | |
| 02/10/22 | BM | 101 | Analysis regarding D&O investigation discovery. | | 0.90 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 3

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/10/22 | LFH | 101 | Review and analyze background documents for MPT claim memorandum. | 0.70 | |
| 02/10/22 | LFH | 101 | Research and analyze equitable subordination issues. | 0.60 | |
| 02/11/22 | LFH | 101 | Analyze MPT lien avoidance issues. | 0.30 | |
| 02/11/22 | LFH | 101 | Analyze MPT settlement issues. | 0.30 | |
| 02/11/22 | LFH | 101 | Analyze MPT chapter 5 claim issues. | 0.60 | |
| 02/11/22 | LFH | 101 | Analyze MPT affirmative claim memorandum issues. | 0.60 | |
| 02/11/22 | LFH | 110 | Review and analyze draft lien memorandum with respect to equitable subordination background issues. | 0.40 | |
| 02/11/22 | LFH | 101 | Research and analyze preference issues. | 0.40 | |
| 02/11/22 | LFH | 101 | Research and analyze fraudulent transfer issues. | 0.60 | |
| 02/11/22 | LFH | 101 | Research and analyze equitable subordination issues. | 2.60 | |
| 02/14/22 | BM | 101 | Analysis regarding memorandum regarding Committee's investigation of potential estate-based causes of action. | 1.40 | |
| 02/14/22 | BM | 101 | Analysis regarding Debtors' and MPT's responses to Committee's discovery requests. | 1.60 | |
| 02/14/22 | AHS | 101 | Review of memo re: MTS issues and investigation. | 0.70 | |
| 02/14/22 | LFH | 101 | Prepare preferential and fraudulent transfer analyses for MPT affirmative claims memorandum. | 1.90 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 4

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/14/22 | LFH | 101 | Prepare equitable subordination analysis for MPT affirmative claims memorandum. | 2.10 | |
| 02/14/22 | LFH | 101 | Analyze MPT settlement issues. | 0.60 | |
| 02/14/22 | LFH | 101 | Analyze MPT lien and avoidance action issues. | 1.10 | |
| 02/14/22 | LFH | 101 | Analyze MPT affirmative claim issues. | 0.90 | |
| 02/14/22 | LFH | 101 | Research and analyze fraudulent transfer issues. | 0.70 | |
| 02/14/22 | LFH | 101 | Research and analyze preference issues. | 1.80 | |
| 02/14/22 | LFH | 101 | Research and analyze equitable subordination issues. | 1.90 | |
| 02/14/22 | LFH | 101 | Confer with B. Mankovetskiy regarding MPT affirmative claim memorandum issues. | 0.20 | |
| 02/15/22 | BM | 101 | Analysis of issues regarding cancellation of auction. | 0.70 | |
| 02/15/22 | BM | 101 | Analysis regarding memorandum regarding investigation of potential estate-based claims. | 1.70 | |
| 02/15/22 | AHS | 101 | Review of insert for Committee memo. | 0.60 | |
| 02/15/22 | AHS | 101 | Call with P. Jasper to coordinate investigation issues and strategy issues. | 0.60 | |
| 02/15/22 | LFH | 101 | Coordinate with co-counsel on MPT affirmative claim memorandum issues. | 0.20 | |
| 02/15/22 | LFH | 101 | Revise sections for MPT affirmative claim memorandum. | 1.40 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 5

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/15/22 | LFH | 101 | Prepare analysis of MPT settlement option issues for affirmative claim memorandum. | 2.80 | |
| 02/15/22 | LFH | 101 | Confer with B. Mankovetskiy regarding MPT affirmative claim memorandum section revisions. | 0.20 | |
| 02/15/22 | LFH | 110 | Analyze MPT settlement option in light of affirmative claim issues. | 0.60 | |
| 02/15/22 | LFH | 101 | Confer with B. Mankovetskiy regarding MPT affirmative claim memorandum issues. | 0.20 | |
| 02/16/22 | BM | 101 | Analysis regarding memorandum regarding potential estate-based claims. | 1.60 | |
| 02/16/22 | BM | 101 | Analysis regarding investigation of potential challenges against MPT. | 1.20 | |
| 02/17/22 | BM | 101 | Analysis regarding memorandum regarding potential estate-based claims. | 1.70 | |
| 02/17/22 | BM | 101 | Analysis regarding investigation of potential challenges against MPT. | 1.30 | |
| 02/17/22 | LFH | 101 | Revise draft MPT affirmative claim memorandum. | 3.20 | |
| 02/17/22 | LFH | 101 | Review and analyze draft MPT affirmative claim memorandum. | 1.80 | |
| 02/17/22 | LFH | 101 | Analyze MPT affirmative claim memorandum revision issues. | 0.80 | |
| 02/17/22 | LFH | 101 | Analyze MPT affirmative claim and settlement option issues. | 0.70 | |
| 02/18/22 | BM | 101 | Analysis regarding claims investigation memorandum. | 1.10 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 6

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/18/22 | LFH | 101 | Analyze MPT settlement option issues. | 0.30 | |
| 02/22/22 | AHS | 101 | Call with counsel for Debtors and counsel for MPT re: sale issues, term sheet issues and next steps. | 0.60 | |
| | | **TASK TOTAL 101** | | **66.90** | **$52,332.50** |

**102 – ASSET DISPOSITION**

| | | | | | |
|---|---|---|---|---|---|
| 02/01/22 | BM | 102 | Analysis regarding potential amendments of stalking horse APA. | 1.70 | |
| 02/01/22 | LFH | 102 | Analyze sale issues. | 0.30 | |
| 02/03/22 | BM | 102 | Analysis regarding sale process issues. | 0.90 | |
| 02/03/22 | LFH | 102 | Analyze sale motion responses and related sale issues. | 0.40 | |
| 02/04/22 | LFH | 102 | Analyze sale issues. | 0.20 | |
| 02/04/22 | LFH | 102 | Analyze sale and contract assumption responses. | 0.40 | |
| 02/07/22 | BM | 102 | Analysis regarding objections to proposed sale of Debtors' assets. | 1.70 | |
| 02/07/22 | AHS | 102 | Review and analysis of filed sale objections. | 0.80 | |
| 02/07/22 | LFH | 102 | Analyze sale and contract assumption objection issues. | 0.90 | |
| 02/07/22 | LFH | 102 | Prepare synopsis of sale and contract assumption objection and related issues. | 1.80 | |
| 02/07/22 | LFH | 102 | Review and analyze postpetition financing settlement term sheet in light of sale status and responses. | 0.20 | |
| 02/07/22 | LFH | 102 | Review and analyze sale and contract assumption objections. | 1.40 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 7

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/08/22 | BM | 102 | Analysis regarding resolution of objections to the sale. | 1.10 | |
| 02/08/22 | BM | 102 | Analysis regarding sale process issues. | 0.80 | |
| 02/08/22 | LFH | 102 | Analyze sale and contract assumption objection and response issues. | 0.40 | |
| 02/09/22 | BM | 102 | Analysis of issues regarding sale process. | 0.90 | |
| 02/09/22 | LFH | 102 | Review and analyze sale and contract assumption objection and response issues. | 0.50 | |
| 02/10/22 | BM | 102 | Analysis of issues regarding assumption of liabilities under stalking horse APA. | 0.80 | |
| 02/10/22 | AHS | 102 | Follow up on sale approval process and deadlines. | 0.30 | |
| 02/11/22 | BM | 102 | Analysis regarding proposed amendments of Project APA. | 0.90 | |
| 02/14/22 | BM | 102 | Analysis of issues regarding qualification of bids. | 0.80 | |
| 02/14/22 | AHS | 102 | Review of email to Committee re: sale issues. | 0.30 | |
| 02/15/22 | BM | 102 | Analysis regarding proposed amendments of Project APA. | 1.10 | |
| 02/15/22 | AHS | 102 | Review of emails and correspondence re: bid issues. | 0.80 | |
| 02/15/22 | AHS | 102 | Emails with committee member re: sale issues and upcoming hearing. | 0.40 | |
| 02/16/22 | BM | 102 | Analysis regarding proposed form of sale order. | 0.90 | |
| 02/16/22 | BM | 102 | Analysis regarding modifications of Project APA. | 0.90 | |
| 02/16/22 | AHS | 102 | Review of email and documents re: sale and APA issues. | 0.30 | |
| 02/16/22 | LFH | 102 | Analyze sale document finalization issues. | 0.40 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 8

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/16/22 | LFH | 102 | Analyze purchaser document retention and access issues. | 0.60 | |
| 02/16/22 | LFH | 102 | Confer with B. Mankovetskiy regarding purchaser records retention issues. | 0.10 | |
| 02/16/22 | LFH | 102 | Review and analyze draft APA updates and related materials. | 0.80 | |
| 02/16/22 | LFH | 102 | Analyze APA revision issues. | 0.70 | |
| 02/16/22 | LFH | 102 | Review and analyze draft sale order. | 1.60 | |
| 02/16/22 | LFH | 102 | Analyze sale issues. | 0.90 | |
| 02/16/22 | LFH | 102 | Confer with P. Jasper regarding sale issues. | 0.20 | |
| 02/17/22 | BM | 102 | Analysis and revisions regarding proposed form of sale order. | 1.10 | |
| 02/17/22 | BM | 102 | Analysis regarding APA amendments. | 1.10 | |
| 02/17/22 | LFH | 102 | Revise draft sale order. | 0.70 | |
| 02/17/22 | LFH | 102 | Review docket and filings regarding sale issues. | 0.20 | |
| 02/17/22 | LFH | 102 | Review updated draft sale order. | 0.70 | |
| 02/17/22 | LFH | 102 | Prepare draft sale reservation of rights. | 0.70 | |
| 02/18/22 | BM | 102 | Analysis regarding APA modifications and revised sale order. | 1.70 | |
| 02/18/22 | LFH | 102 | Review proposed sale order. | 0.30 | |
| 02/18/22 | LFH | 102 | Analyze sale issues. | 0.40 | |
| 02/18/22 | LFH | 102 | Review APA. | 0.30 | |
| 02/21/22 | BM | 102 | Analysis and revisions regarding proposed amendments of Project APA and form of sale order. | 1.70 | |
| 02/21/22 | GAK | 102 | Review cure/assumption/ assignment notice and email A. Sherman regarding same. | 0.20 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 9

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/22/22 | BM | 102 | Analysis regarding Committee statement in support of sale. | 0.30 | |
| 02/22/22 | BM | 102 | Analysis of issues regarding sale closing and funding of debtors' operations pending sale closing. | 1.20 | |
| 02/22/22 | AHS | 102 | Review and revise statement in support of sale. | 0.80 | |
| 02/22/22 | AHS | 102 | Emails and calls relating to statement in support of sale. | 0.30 | |
| 02/23/22 | AHS | 102 | Prepare for and attend sale hearing; follow up emails after hearing. | 0.50 | |

**TASK TOTAL 102**                                  **39.40**      **$31,410.00**

**103 – BUSINESS OPERATIONS**

| | | | | | |
|---|---|---|---|---|---|
| 02/01/22 | BM | 103 | Analysis and revisions of documents regarding proposed assignment of management agreement. | 1.80 | |
| 02/01/22 | LFH | 103 | Analyze corporate organization structure and Alta MSA issues with respect to Alta MSA assignment. | 0.30 | |
| 02/01/22 | LFH | 103 | Prepare draft correspondence to Committee regarding Alta MSA assignment agreement. | 0.60 | |
| 02/01/22 | LFH | 103 | Review and analyze draft Alta MSA assignment agreement. | 0.40 | |
| 02/01/22 | LFH | 103 | Review first day declaration and related filings regarding Alta and Alta MSA. | 0.40 | |
| 02/01/22 | LFH | 103 | Analyze Alta MSA assignment issues. | 0.60 | |
| 02/01/22 | LFH | 103 | Revise draft Alta MSA assignment agreement. | 0.50 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 10

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/02/22 | BM | 103 | Analysis and revisions of documents in connection with proposed assignment of management agreement. | 0.70 | |
| 02/03/22 | BM | 103 | Analysis regarding Debtors' financial reporting. | 0.40 | |
| 02/07/22 | BM | 103 | Analysis regarding Debtors' financial reporting. | 0.60 | |
| 02/11/22 | BM | 103 | Analysis regarding Debtors' financial reporting. | 0.70 | |
| | | **TASK TOTAL 103** | | **7.00** | **$5,495.00** |

**104 – CASE ADMINISTRATION**

| | | | | | |
|---|---|---|---|---|---|
| 02/01/22 | AHS | 104 | Review of email from committee member and follow up re: same. | 0.40 | |
| 02/01/22 | AHS | 104 | Call with P. Jasper re: committee issues and investigation issues. | 0.50 | |
| 02/02/22 | BM | 104 | Call with Debtors' counsel and CRO regarding pending matters. | 1.90 | |
| 02/02/22 | AHS | 104 | Call with Debtors' counsel and CRO re: pending matters and investigation issues. | 1.90 | |
| 02/08/22 | AHS | 104 | Review of bar date information and email to Committee re: same. | 0.40 | |
| 02/08/22 | AHS | 104 | Email to Committee re: bar date issues. | 0.30 | |
| 02/16/22 | AHS | 104 | Call with Debtors' counsel re: status issues, sale issues, plan and follow up re: next steps. | 0.60 | |
| 02/16/22 | AHS | 104 | Call with Debtors' counsel re: go forward and post-sale issues. | 0.30 | |
| 02/18/22 | BM | 104 | Attend committee meeting. | 0.70 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 11

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/21/22 | GAK | 104 | Review Debtors' status report. | 0.20 | |
| 02/21/22 | GAK | 104 | Review notification regarding upcoming hearings and email A. Sherman regarding same. | 0.10 | |
| | | **TASK TOTAL 104** | | **7.30** | **$6,410.00** |

**105 – CLAIMS ADMINISTRATION AND OBJECTIONS**

| | | | | | |
|---|---|---|---|---|---|
| 02/05/22 | GAK | 105 | Review motion seeking payment of administrative expense claim and email A. Sherman regarding same. | 0.20 | |
| 02/08/22 | LFH | 105 | Prepare summary of claim bar date and submission details for Committee. | 0.90 | |
| 02/08/22 | LFH | 105 | Review proof of claim form and submission instructions. | 0.20 | |
| 02/08/22 | LFH | 105 | Analyze bar date and claim submission issues. | 0.40 | |
| 02/08/22 | LFH | 105 | Review and analyze bar date motion and order. | 0.60 | |
| | | **TASK TOTAL 105** | | **2.30** | **$1,652.50** |

**107 – FEE/EMPLOYMENT APPLICATIONS**

| | | | | | |
|---|---|---|---|---|---|
| 02/16/22 | LFH | 107 | Analyze monthly fee statement issues. | 0.50 | |
| 02/18/22 | LFH | 107 | Analyze interim compensation issues. | 0.30 | |
| 02/18/22 | LFH | 107 | Review interim compensation procedures order. | 0.20 | |
| 02/18/22 | GAK | 107 | Begin preparing first monthly fee statement. | 2.30 | |
| 02/21/22 | LFH | 107 | Analyze fee statement issues. | 0.40 | |
| 02/21/22 | GAK | 107 | Communications with billing team regarding fee statement. | 0.20 | |
| 02/22/22 | GAK | 107 | Work on first fee statement. | 0.20 | |

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/23/22 | GAK | 107 | Finalize fee statement for review by A. Sherman. | 1.10 | |
| 02/23/22 | GAK | 107 | Communications with local counsel regarding fee application. | 0.20 | |
| | | **TASK TOTAL 107** | | **5.40** | **$3,615.00** |

**108 – FEE/EMPLOYMENT OBJECTIONS**

| | | | | | |
|---|---|---|---|---|---|
| 02/02/22 | GAK | 108 | Review Force10 Fee Statement and email A. Sherman regarding same. | 0.20 | |
| 02/05/22 | GAK | 108 | Review Debtors' Professionals' fee applications and email A. Sherman regarding same. | 0.20 | |
| 02/21/22 | GAK | 108 | Review Force Ten's fee statement and email A. Sherman regarding same. | 0.10 | |
| | | **TASK TOTAL 108** | | **0.50** | **$325.00** |

**109 – FINANCING**

| | | | | | |
|---|---|---|---|---|---|
| 02/15/22 | BM | 109 | Analysis regarding Debtors' funding of operations post-March 31, 2022. | 0.80 | |
| 02/17/22 | BM | 109 | Analysis regarding DIP budget issues. | 1.10 | |
| | | **TASK TOTAL 109** | | **1.90** | **$1,567.50** |

**113 – PLAN AND DISCLOSURE STATEMENT**

| | | | | | |
|---|---|---|---|---|---|
| 02/18/22 | LFH | 113 | Analyze plan structure issues in light of settlement option. | 0.40 | |
| 02/23/22 | BM | 113 | Analysis regarding plan of liquidation. | 0.80 | |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 13

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 02/24/22 | BM | 113 | Analysis regarding plan of liquidation. | 0.90 | |
| | | **TASK TOTAL 113** | | **2.10** | **$1,692.50** |
| | | **TOTAL FEES at Standard Rates** | | **132.80** | **$104,500.00** |
| | | **TOTAL FEES at Blended Rate of $625** | | **132.80** | **$83,000.00** |

**TASK CODE SUMMARY**

| | | | HOURS | AMOUNT |
|---|---|---|---|---|
| 101 | Asset Analysis and Recovery | | 66.90 | $52,332.50 |
| 102 | Asset Disposition | | 39.40 | $31,410.00 |
| 103 | Business Operations | | 7.00 | $5,495.00 |
| 104 | Case Administration | | 7.30 | $6,410.00 |
| 105 | Claims Administration and Objections | | 2.30 | $1,652.50 |
| 107 | Fee/Employment Applications | | 5.40 | $3,615.00 |
| 108 | Fee/Employment Objections | | 0.50 | $325.00 |
| 109 | Financing | | 1.90 | $1,567.50 |
| 113 | Plan and Disclosure Statement | | 2.10 | $1,692.50 |
| | TOTAL FEES at Standard Rates | | 132.80 | $104,500.00 |
| | TOTAL FEES at Blended Rate of $625 | | 132.80 | $83,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| Andrew H. Sherman | 14.00 | x | $925.00 | = | $12,950.00 |
| Boris Mankovetskiy | 58.10 | x | $825.00 | = | $47,932.50 |
| Lucas F. Hammonds | 55.50 | x | $725.00 | = | $40,237.50 |
| Gregory A. Kopacz | 5.20 | x | $650.00 | = | $3,380.00 |

**DISBURSEMENT DETAIL**

| | | | | |
|---|---|---|---|---|
| 02/14/22 | 379 | Lexis-Nexis | | $103.75 |
| 02/14/22 | 379 | Lexis-Nexis | | $8.31 |
| | | **TOTAL DISBURSEMENTS** | | **$112.06** |

Sills Cummis & Gross P.C.

Creditors' Committee

March 17, 2022
Client/Matter No. 08650135.000001
Invoice: 2017452
Page 14

| INVOICE SUMMARY | |
| --- | --- |
| Total Fees | $83,000.00 |
| Total Disbursements | $112.06 |
| **TOTAL THIS INVOICE** | **$83,112.06\*** |

\*Total includes fees at **_Blended Rate_**.  Per Retention Application, lesser of fees at _Standard Rates_ (**$104,500.00**) and fees at _Blended Rate_ of $625 (**$83,000.00**) apply.

# Sills Cummis & Gross
### A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, NJ 07102-5400
(973) 643-7000

Official Committee of Unsecured Creditors of
Watsonville Hospital Corporation
c/o William P. Anderson, Committee Chair
MEDHOST Direct, Inc.
6550 Carothers Parkway, Ste. 160
Franklin, TN  37067

April 15, 2022
Client/Matter No. 08650135.000001
Invoice: 2018765
Billing Attorney: AHS

Federal Tax Id: 22-1920331

RE: Creditors' Committee

For Legal Services Rendered Through March 31, 2022

|  |  |  |  | HOURS | AMOUNT |
|---|---|---|---|---|---|
| **102 – ASSET DISPOSITION** | | | | | |
| 03/14/22 | BM | 102 | Analysis regarding sale closing and plan issues. | 1.10 | |
| 03/21/22 | LFH | 102 | Analyze sale and sale closing issues. | 0.20 | |
| 03/22/22 | BM | 102 | Analysis regarding sale closing issues. | 0.90 | |
| 03/23/22 | AHS | 102 | Call with Debtors' counsel re: sale contact issues and review of emails re: same. | 0.60 | |
| 03/28/22 | GAK | 102 | Review MedHost's status report regarding assumption/assignment issues for its contracts. | 0.10 | |
| 03/29/22 | BM | 102 | Analysis regarding sale closing and plan issues. | 1.10 | |
| 03/29/22 | AHS | 102 | Review of sale update status report and emails re: same. | 0.80 | |
| | **TASK TOTAL 102** | | | **4.80** | **$4,062.50** |

Sills Cummis & Gross P.C.

Creditors' Committee

April 15, 2022
Client/Matter No. 08650135.000001
Invoice: 2018765
Page 2

|  |  |  |  | HOURS | AMOUNT |
|---|---|---|---|---|---|
| **103 – BUSINESS OPERATIONS** | | | | | |
| 03/04/22 | BM | 103 | Analysis regarding Debtors' financial reporting. | 0.40 | |
| 03/24/22 | BM | 103 | Analysis regarding Debtors' financial reporting. | 0.60 | |
| | | **TASK TOTAL 103** | | **1.00** | **$825.00** |
| **104 – CASE ADMINISTRATION** | | | | | |
| 03/01/22 | GAK | 104 | Email A. Sherman regarding upcoming key dates and deadlines. | 0.20 | |
| 03/07/22 | LFH | 104 | Creditor inquiry. | 0.30 | |
| 03/07/22 | GAK | 104 | Attention to critical dates calendar. | 0.10 | |
| 03/16/22 | BM | 104 | Analysis regarding CNH issues. | 0.60 | |
| 03/21/22 | GAK | 104 | Review notification regarding upcoming hearing and email A. Sherman regarding same. | 0.10 | |
| 03/23/22 | LFH | 104 | Prepare summary of Committee governance issues. | 0.40 | |
| 03/23/22 | LFH | 104 | Review Committee by-laws with respect to governance issues. | 0.30 | |
| 03/23/22 | LFH | 104 | Analyze Committee governance issues. | 0.40 | |
| 03/28/22 | GAK | 104 | Review order extending the Debtors' removal deadline and email A. Sherman regarding same. | 0.10 | |
| | | **TASK TOTAL 104** | | **2.50** | **$1,835.00** |
| **107 – FEE/EMPLOYMENT APPLICATIONS** | | | | | |
| 03/15/22 | GAK | 107 | Work on CNO for fee statement. | 0.40 | |

Sills Cummis & Gross P.C.

Creditors' Committee

April 15, 2022
Client/Matter No. 08650135.000001
Invoice: 2018765
Page 3

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 03/15/22 | GAK | 107 | Communications with local counsel regarding CNO. | 0.20 | |
| 03/17/22 | GAK | 107 | Work on February fee application. | 0.70 | |
| 03/21/22 | GAK | 107 | Email local counsel regarding fee application. | 0.10 | |
| 03/21/22 | GAK | 107 | Work on February Fee Statement. | 1.10 | |
| | | **TASK TOTAL 107** | | **2.50** | **$1,625.00** |

**108 – FEE/EMPLOYMENT OBJECTIONS**

| | | | | | |
|---|---|---|---|---|---|
| 03/11/22 | GAK | 108 | Review Bartko's January fee statement and communications with A. Sherman regarding same. | 0.10 | |
| 03/21/22 | GAK | 108 | Review the Debtors' professional's fee applications and email A. Sherman regarding same. | 0.20 | |
| 03/28/22 | GAK | 108 | Review Debtors' report of compensation for Ordinary Course Professionals. | 0.10 | |
| 03/28/22 | GAK | 108 | Review Pachulski's February fee statement and email A. Sherman regarding same. | 0.10 | |
| | | **TASK TOTAL 108** | | **0.50** | **$325.00** |

**113 – PLAN AND DISCLOSURE STATEMENT**

| | | | | | |
|---|---|---|---|---|---|
| 03/08/22 | BM | 113 | Analysis regarding plan issues. | 0.80 | |
| 03/21/22 | BM | 113 | Analysis regarding sale closing and plan of liquidation issues. | 1.10 | |
| 03/21/22 | AHS | 113 | Review of motion to extend exclusivity. | 0.30 | |
| 03/21/22 | AHS | 113 | Email to Committee re: motion to extend exclusivity. | 0.40 | |

Sills Cummis & Gross P.C.

Creditors' Committee

April 15, 2022
Client/Matter No. 08650135.000001
Invoice: 2018765
Page 4

| | | | | HOURS | AMOUNT |
|---|---|---|---|---|---|
| 03/21/22 | AHS | 113 | Follow up emails from Committee members re: exclusivity issues. | 0.20 | |
| 03/21/22 | LFH | 113 | Analyze plan requirements and potential plan structure issues. | 0.30 | |
| 03/21/22 | LFH | 113 | Prepare draft correspondence to Committee regarding plan exclusivity issues. | 0.40 | |
| 03/21/22 | LFH | 113 | Prepare draft plan exclusivity motion language inserts. | 0.30 | |
| 03/21/22 | LFH | 113 | Review and analyze postpetition financing order with respect to plan term issues. | 0.20 | |
| 03/21/22 | LFH | 113 | Review and analyze draft plan exclusivity extension motion. | 0.40 | |
| 03/21/22 | LFH | 113 | Analyze plan exclusivity issues. | 0.30 | |
| 03/22/22 | LFH | 113 | Review and analyze plan exclusivity motion and correspond with Watsonville counsel regarding same. | 0.30 | |
| 03/22/22 | LFH | 113 | Analyze plan issues. | 0.20 | |
| 03/23/22 | BM | 113 | Analysis regarding proposed revisions of motion to extend exclusivity. | 0.40 | |
| 03/28/22 | GAK | 113 | Review Debtors' motion to extend its exclusivity periods and email A. Sherman regarding same. | 0.20 | |

|  | **TASK TOTAL 113** | **5.80** | **$4,600.00** |
|---|---|---|---|
|  | **TOTAL FEES at Standard Rates** | **17.10** | **$13,272.50** |
|  | **TOTAL FEES at Blended Rate of $625** | **17.10** | **$10,687.50** |

## TASK CODE SUMMARY

| | | | |
|---|---|---|---|
| 102 | Asset Disposition | 4.80 | $4,062.50 |
| 103 | Business Operations | 1.00 | $825.00 |
| 104 | Case Administration | 2.50 | $1,835.00 |
| 107 | Fee/Employment Applications | 2.50 | $1,625.00 |
| 108 | Fee/Employment Objections | 0.50 | $325.00 |
| 113 | Plan and Disclosure Statement | 5.80 | $4,600.00 |
| | TOTAL FEES at Standard Rates | 17.10 | $13,272.50 |
| | TOTAL FEES at Blended Rate of $625 | 17.10 | $10,687.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Andrew H. Sherman | 2.30 | x | $925.00 | = | $2,127.50 |
| Boris Mankovetskiy | 7.00 | x | $825.00 | = | $5,775.00 |
| Lucas F. Hammonds | 4.00 | x | $725.00 | = | $2,900.00 |
| Gregory A. Kopacz | 3.80 | x | $650.00 | = | $2,470.00 |

| INVOICE SUMMARY | |
|---|---|
| Total Fees | $10,687.50 |
| Total Disbursements | $0.00 |
| **TOTAL THIS INVOICE** | **$10,687.50** |

*Total includes fees at **Blended Rate**.  Per Retention Application, lesser of fees at *Standard Rates* (**$13,272.50**) and fees at *Blended Rate* of $625 (**$10,687.50**) apply.

**<u>EXHIBIT C</u>**

**(Customary and Comparable Compensation Disclosures With Fee Applications)**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed Firm-wide in 2021 (Excluding Restructuring Matters)[3] | Billed in Connection with This Application |
| Senior Member | $733 | $846.89 |
| Junior Member | $620 | N/A |
| Of Counsel | $584 | $722.90 |
| Senior Associate | $474 | $650.00 |
| Junior Associate | $341 | N/A |
| Aggregated | $531 | $767.99 |
| **Blended Rate After Application of $625 Blended Rate Discount** | | **$625.00** |

---

[3] Rates are rounded to the nearest dollar.

**EXHIBIT D**

**(Compensation by Professional)**

| Name Title, Group | Year Admitted | Fees Billed | Hours Billed | Hourly Rate | | Rate Increases Since Inception |
|---|---|---|---|---|---|---|
| | | | | This Application | First Interim Application | |
| Andrew Sherman *Member, Bankruptcy* | 1991 | $46,897.50 | 50.7 | $925 | $925 | 0 |
| Boris Mankovetskiy *Member, Bankruptcy* | 2001 | $149,242.50 | 180.9 | $825 | $825 | 0 |
| Lucas Hammonds *Of Counsel, Bankruptcy* | 2008 | $174,435.00 | 240.6 | $725 | $725 | 0 |
| Rachel Brennan *Of Counsel, Bankruptcy* | 2012 | $12,579.50 | 18.1 | $695 | $695 | 0 |
| Gregory Kopacz *Associate, Bankruptcy* | 2010 | $36,400.00 | 56.0 | $650 | $650 | 0 |
| **Total at Standard Rates** | | **$419,554.50** | **546.3** | | | |
| **Total After Application of $625 Blended Rate Discount** | | **$341,437.50** | **546.3** | | | |

**EXHIBIT E**

**(Summary Cover Sheet of Fee Application)**

| Name of Applicant: | Sills Cummis & Gross P.C. |
|---|---|
| Name of Client | Official Committee of Unsecured Creditors |
| Time period covered by this application: | December 29, 2021 – March 31, 2022 |
| Total compensation sought this period: | $341,437.50[4] |
| Total expenses sought this period: | $746.06 |
| Petition date: | December 5, 2021 |
| Retention date: | December 29, 2021 |
| Date of order approving employment | January 31, 2022 [Docket No. 261] |
| Total fees approved by interim order to date: | None.  This is first interim fee application. |
| Total expenses approved by interim order to date: | None.  This is first interim fee application. |
| Total allowed compensation paid to date: | None.  This is first interim fee application. |
| Total allowed expenses paid to date: | None.  This is first interim fee application. |
| Blended rate in this application for all attorneys | $625.00 |
| Blended rate in this application for all timekeepers[5] | $625.00 |
| Fees sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $264,600.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $746.06 |

---

[4] Sills' fees at its *standard* hourly rates actually total $419,554.50.  However, as noted in its Retention Order (defined below), Sills' fees are subject to a $625 blended hourly rate cap.  After application of this discount, Sills' fees were reduced to $341,437.50.

[5] During the Fee Period, Sills did not utilize the services of any non-attorney paraprofessionals.

| | |
|---|---|
| Number of professionals included in this application | 5 |
| If applicable, number of professionals in this application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | N/A. Sills' and Perkins Coie's total fees for the Fee Period are substantially below the amounts budgeted in the DIP budget. |
| Number of professionals billing fewer than 15 hours to the case during this period | 0 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application. | No. |

## **Summary of Monthly Fee Statements for the Interim Compensation Period**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees (80%) | Approved Expenses (100%) |
|---|---|---|---|---|---|
| 02/23/22 | 12/29/21 – 01/31/22 | $247,750.00 | $634.00 | $198,200.00 | $634.00 |
| 03/22/22 | 02/01/22 – 02/28/22 | $83,000.00 | $112.06 | $66,400.00 | $112.06 |
| 04/25/22 | 03/01/22 – 03/31/22 | $10,687.50 | $0.00 | $8,550.00 | $0.00 |

-22-

8810168

**EXHIBIT F**

**(Budget)**[6]

| Project Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Sought |
|---|---|---|---|---|
| Asset Analysis and Recovery (101) | 90.0 | $75,000.00 | 86.7 | $67,577.50 |
| Asset Disposition (102) | 85.0 | $75,000.00 | 84.0 | $64,802.50 |
| Business Operations (103) | 20.0 | $15,000.00 | 16.1 | $12,562.50 |
| Case Administration (104) | 65.0 | $60,000.00 | 64.5 | $51,810.00 |
| Claims Administration and Objections (105) | 10.0 | $5,000.00 | 5.5 | $3,952.50 |
| Employee Benefits/Pensions | 10.0 | $5,000.00 | 1.3 | $942.50 |
| Fee/Employment Applications (107) | 50.0 | $40,000.00 | 46.4 | $32,810.00 |
| Fee/Employment Objections (108) | 10.0 | $5,000.00 | 2.8 | $1,820.00 |
| Financing (109) | 250.0 | $200,000.00 | 229.7 | $175,969.50 |
| Plan and Disclosure Statement (113) | 10.0 | $20,000.00 | 9.3 | $7,307.50 |
| **TOTAL** | **600.0** | **$500,000.00** | **546.3** | **$419,554.50** |
| **Total Fees After Application of $625 Blended Rate Discount** | | | 546.3 | $341,437.50 |

---

[6] Sills was not asked to prepare a budget in connection with this matter. Due to the timing of its preparation, this budget was prepared with the benefit of actual data.

**EXHIBIT G**

**(Staffing Plan)**[7]

| CATEGORY OF TIMEKEEPER [1] (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| Member | 2 | $846.89 |
| Of Counsel | 2 | $722.90 |
| Associate | 1 | $650.00 |
| Paralegal | 0 | N/A |

[1] As an alternative, firms can identify attorney timekeepers by years of experience rather than category of attorney timekeeper: 0-3, 4-7, 8-14, and 15+. Non-attorney timekeepers, such as paralegals, should be identified by category.

---

[7] Due to the timing of its preparation, the Staffing Plan for the period of time covered by the Application was prepared with the benefit of actual data.

## **EXHIBIT H-1**

### **(Summary of Compensation Requested by Category)**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery (101) | 86.7 | $67,577.50 |
| Asset Disposition (102) | 84.0 | $64,802.50 |
| Business Operations (103) | 16.1 | $12,562.50 |
| Case Administration (104) | 64.5 | $51,810.00 |
| Claims Administration and Objections (105) | 5.5 | $3,952.50 |
| Employee Benefits/Pensions | 1.3 | $942.50 |
| Fee/Employment Applications (107) | 46.4 | $32,810.00 |
| Fee/Employment Objections (108) | 2.8 | $1,820.00 |
| Financing (109) | 229.7 | $175,969.50 |
| Plan and Disclosure Statement (113) | 9.3 | $7,307.50 |
| **TOTAL** | **546.3** | **$419,554.50** |
| **Total Fees After Application of $625 Blended Rate Discount** | **546.3** | **$341,437.50** |

**<u>EXHIBIT H-2</u>**

**(Summary of Expenses)**

| Expense Category | Amount Billed |
|---|---|
| Court Filing Fees (*Pro Hac Vice* Application) | $634.00 |
| Lexis Nexis | $112.06 |
| **Total** | **$746.06** |

**EXHIBIT I**

**(Attorney Biographies)**

# Sills Cummis & Gross P.C.



## Andrew H. Sherman
*Member*

 Newark, NJ

 (973) 643-6982

 asherman@sillscummis.com

Andrew H. Sherman is Chair of the Firm's Creditors' Rights/Bankruptcy Reorganization Practice Group. He has represented clients in a broad range of complex business reorganizations, debt restructurings and insolvency matters throughout the country.  In addition to advising companies experiencing financial difficulties, Mr. Sherman routinely represents lenders and other parties in financings and acquisitions involving troubled companies. He has focused his practice on representing investment management firms in debt restructuring matters, commercial workouts and Chapter 11 cases in such cases as *Motor Coach Industries Int'l, Inc.* and *Marcal Paper Mills, Inc*. He has also  represented the Official Committee of Unsecured Creditors in twenty-one (21) recent hospital bankruptcy cases, including *Saint Michael's Medical Center*, *Union Hospital District*, *Bayonne Medical Center*, *Christ Hospital*, *Hudson Healthcare, Inc.*, *Fairmont General Hospital, et al.*, *Progressive Acute Care LLC, Gardens Regional Hospital and Medical Center, Inc., Coshocton County Memorial Hospital Association, Gainesville Hospital District d/b/a North Texas Medical Center, Morehead Memorial Hospital, Curae Health, Inc., et al., Promise Healthcare Group, LLC, Astria Health, et al., Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al., Thomas Health System, Inc.*, *Randolph Health, LRGHealthcare, MTPC, LLC, et al.*, *Mercy Hospital and Medical Center, et al.* and *Watsonville Hospital Corporation, et al*. In addition, he has represented parties in significant commercial litigation in the New York and New Jersey federal and state courts.

### Practices

Bankruptcy, Financial Reorganization and Creditors' Rights

Case: 21-51477     Doc# 491     Filed: 05/16/22     Entered: 05/16/22 12:29:59     Page 88 of 113

# Sills Cummis & Gross P.C.

## Court Admissions

U.S. District Court, District of New Jersey

U.S. District Court, Southern District of New York

U.S. District Court, Eastern District of New York

U.S. District Court, Northern District of New York

U.S. Court of Appeals, Third Circuit

U.S. Court of Appeals, Ninth Circuit

U.S. Supreme Court

## Representative Decisions

**Gardens Reg'l Hosp. & Med. Ctr. Liquidating Trust v. California (In re Gardens Reg'l Hosp. & Med. Ctr., Inc.), 975 F.3d 926 (9th Cir. 2020)**
September 16, 2020

**CH Liquidation Ass'n Liquidation Tr. v. Genesis Healthcare Sys., 2019 U.S. Dist. LEXIS 42148 (N.D. Ohio Mar. 1, 2019)**
March 1, 2019

**CH Liquidation Ass'n Liquidation Tr. v. Genesis Healthcare Sys., 2019 U.S. Dist. LEXIS 42150 (N.D. Ohio Feb. 12, 2019)**
February 12, 2019

**CH Liquidation Ass'n v. Genesis Healthcare Sys., 2019 U.S. Dist. LEXIS 41224 (N.D. Ohio Jan. 11, 2019)**
January 11, 2019

**In re Hudson Healthcare, Inc., 2018 Bankr. LEXIS 4154 (Bankr. D.N.J. Sept. 13, 2018)**
September 13, 2018

**In re Fairmont Gen. Hosp., Inc., 569 B.R. 421 (Bankr. N.D. W. Va. 2017)**
March 24, 2017

**In re Gardens Reg'l Hosp. & Med. Ctr., Inc., 2016 Bankr. LEXIS 4714 (Bankr. C.D. Cal. July 6, 2016)**
July 6, 2016

**Zucker v. WesBanco Bank, Inc. (In re Fairmont Gen. Hosp., Inc.), 546 B.R. 659 (Bankr. N.D. W. Va. 2016)**

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 89 of 113

# Sills Cummis & Gross P.C.

February 25, 2016

**40 CPS Assocs., LLC v. Villano Family Ltd. P'ship, 2015 U.S. Dist. LEXIS 158033 (E.D.N.Y. Nov. 23, 2015)**
November 23, 2015

**In re Fairmont Gen. Hosp., Inc., 510 B.R. 783 (Bankr. N.D. W. Va. 2014)**
May 19, 2014

**Katz v. Holzberg, 2013 U.S. Dist. LEXIS 162095 (D.N.J. Nov. 14, 2013)**
November 14, 2013

**Katz v. Holzberg, 2013 U.S. Dist. LEXIS 158012 (D.N.J. Nov. 4, 2013)**
November 4, 2013

**Katz v. Holzberg, 2013 U.S. Dist. LEXIS 142989 (D.N.J. Oct. 2, 2013)**
October 2, 2013

**TW Telecom Holdings Inc. v. Carolina Internet Ltd., 661 F.3d 495 (10th Cir. 2011)**
November 15, 2011

**In re Marcal Paper Mills, Inc., 650 F.3d 311 (3d Cir. 2011)**
June 16, 2011

**Picard v. Estate of Chais (In re Bernard L. Madoff Inv. Sec. LLC), 445 B.R. 206 (Bankr. S.D.N.Y. 2011)**
February 24, 2011

**Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC), 440 B.R. 274 (Bankr. S.D.N.Y. 2010)**
November 30, 2010

**Wilen v. Fortis Property Group (In re Bayonne Med. Ctr.), 2010 U.S. Dist. LEXIS 77435 (D.N.J. July 30, 2010)**
July 30, 2010

**Wilen v. Pamparo Say. Bank, S.L.A. (In re Bayonne Med. Ctr.), 429 B.R. 152 (D.N.J. 2010)**
May 26, 2010

**Trucking Emples. of North Jersey Welfare Fund, Inc. v. Marcal Paper Mills, Inc., 2009 U.S. Dist LEXIS 101695 (D.N.J. Nov. 2, 2009)**
November 2, 2009

**Thomason Auto Group, LLC v. China Am. Coop. Auto., Inc., 2009 U.S. Dist. LEXIS 22669 (D.N.J. Feb. 27, 2009)**
February 27, 2009

**In re Summit Global Logistics, Inc., 2008 Bankr. LEXIS 896 (Bankr. D.N.J. Mar. 26, 2008)**

# Sills Cummis & Gross P.C.

March 26, 2008

**Orius Corp. v. Qwest Corp., 373 B.R. 555 (N.D. Ill. 2007)**
August 9, 2007

**JS Mktg. & Communs., Inc. v. Qwest Corp. (In re JS Mktg. & Communs., Inc.), 2007 Bankr. LEXIS 1025 (Bankr. D. Mont. Mar. 26, 2007)**
March 26, 2007

**In re DiLoreto, 2006 U.S. Dist. LEXIS 74927 (E.D. Pa. Oct. 13, 2006)**
October 13, 2006

**Levin v. DiLoreto (In re DiLoreto), 2002 Bankr. LEXIS 2049 (Bankr. E.D. Pa. May 3, 2002)**
May 3, 2002

**In re American Family Enters., 256 B.R. 377 (D.N.J. 2000)**
September 7, 2000

**Levin v. DiLoreto (In re DiLoreto), 277 B.R. 607 (Bankr. E.D. Pa. 2000)**
August 1, 2000

**In re First Interregional Equity Corporation, 218 B.R. 731 (Bankr. D.N.J. 1997)**
November 10, 1997

**In re United Healthcare Sys., Inc., 1997 WL 176574 (D.N.J. 1997)**
March 26, 1997

**Lazarus Burman Assocs. v. Nat'l Westminster Bank (In re Lazarus Burman Assocs.), 161 B.R. 891 (Bankr. E.D.N.Y. 1994)**
December 20, 1993

**In re Arts des Provinces de France, Inc., 153 B.R. 144 (Bankr. S.D.N.Y. 1993)**
April 6, 1993

**In re Masters, Inc., 149 B.R. 289 (E.D.N.Y. 1992)**
December 18, 1992

**In re Masters, Inc., 141 B.R. 13 (Bankr. E.D.N.Y. 1992)**
June 8, 1992

**In re Kenston Mgmt., Co., 137 B.R. 100 (Bankr. E.D.N.Y. 1992)**
March 4, 1992

**Newsroom**

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 91 of 113

# Sills Cummis & Gross P.C.

## Press Releases

**Sills Cummis & Gross Takes Home "New Jersey Firm of the Year" at 2021 IFLR1000 Canada and United States Awards**
September 21, 2021

**Sills Cummis & Gross M&A and Restructuring/Insolvency Practices and Attorneys Highly Ranked in IFLR1000 United States 2021**
August 25, 2021

## In the News

**Hospital Bankruptcy Surge Looms as Virus Rages, Stimulus Lapses**
*Bloomberg Law*
October 28, 2020

**The Current and Future State of Hospital Bankruptcies**
*The Steve Gruber Show*
January 21, 2020

**Hospital Bankruptcies Leave Sick and Injured Nowhere to Go**
*Bloomberg*
January 9, 2020

**The Deal Recognizes Sills Cummis & Gross – Bankruptcy Law Firms Power Rankings 2019Q1**
*The Deal*
April 2, 2019

**Sherman Credits Both Creditor- and Debtor-Side Bankruptcy Work For Strong 2017 at Sills**
*New Jersey Law Journal*
June 18, 2018

**Inaugural 'Jersey Dealmakers of the Year' Recognizes Excellence in Transactional Practice**
*New Jersey Law Journal*
April 18, 2018

**CCBJ Q&A: Sills Cummis' Andrew Sherman**
*Corporate Counsel Business Journal*
March 1, 2018

**Morehead Hospital 'Burning Cash'**
*The Locker Room*

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 92 of 113

# Sills Cummis & Gross P.C.

November 9, 2017

**Morehead Hospital Bankruptcy Hearing to Continue Monday**
*Greensboro News & Record*
November 8, 2017

**Morehead Memorial's Fate Still Undecided as Hearing Adjourned After 3 Hours of Testimony**
*Triad Business Journal*
November 8, 2017

**Rainmaker Q&A: Sills Cummis' Andrew Sherman**
*Law360*
September 28, 2016

**Lawyers React to High Court's Limiting of Debt Plan Appeals**
*Law360*
May 4, 2015

**Attorney General's Office and Birdsall Services Group Reach Settlement**
*Office of the Attorney General*
April 15, 2013

**Federal Judge Allows Indicted N.J. Engineering Firm Birdsall Services Group to Pay Employees**
*The Star-Ledger*
April 2, 2013

**Small-Business Bankruptcies in Decline, but Wayne Sees Uptick in Activity**
*NJBIZ*
August 30, 2012

**When City Hall Becomes the Poorhouse**
*NJBIZ*
August 13, 2012

**NJ Channel 9 News**
*NJ Channel 9 News*
November 10, 2008

**Financial Pains Pushing Hospitals to Bankruptcy**
*Law360: Bankruptcy*
April 17, 2008

**Bailout May Save Nearly 900 Jobs at Bayonne Medical Center**
*NJBIZ*
December 13, 2007

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 93 of 113

# Sills Cummis & Gross P.C.

**Bayonne Medical on life support**
*The Deal Bankruptcy Insider*
October 8, 2007

**Judge clamps strict limits on spending by hospital**
*The Star-Ledger*
September 19, 2007

**Judge limits spending by bankrupt Bayonne hospital**
*Newsday*
September 18, 2007

**Luncheon message: BMC is on the brink**
*The Jersey Journal*
August 9, 2007

**Bayonne Med Center owes lawyer who did hosp deal**
*The Jersey Journal*
May 10, 2007

## Presentations

**2022 William H. Gindin Bankruptcy Bench Bar Conference**
*Third Party Release Battleground: Clash of the Titans*
*Association of the Federal Bar of New Jersey*
May 6, 2022

**43rd Annual Bankruptcy Institute**
*Healthcare Bankruptcies*
*North Carolina Bar Association*
December 10, 2020

**ABI Winter Leadership Conference**
*Litigating Issues in a Health Care Case*
*American Bankruptcy Institute*
December 5, 2019

**Healthcare and Nonprofits in Bankruptcy Subcommittee Meeting and Program**
*Sale of Not For Profit Healthcare Entities In Bankruptcy: When An Irresistible Force Meets An Immoveable Object*
*American Bar Association Business Bankruptcy Committee*
October 31, 2019

**Hospital Bankruptcies – Unique Challenges and Current Hot Topics**
*American Bankruptcy Institute Business Reorganization and Health Care Committees*

Case: 21-51477   Doc# 491   Filed: 05/16/22   Entered: 05/16/22 12:29:59   Page 94 of 113

# Sills Cummis & Gross P.C.

October 17, 2019

**Expert Webcast Live Video Roundtable**
*Healthcare Restructuring*
*Expert Webcast*
June 27, 2019

**Chapter 11 – Special Issues 2019: Focus on Health Care**
*Financial Poise, West LegalEdcenter*
June 19, 2019

**17th Annual TMA Mid-Atlantic Regional Symposium**
*First Do No Harm: The Latest in Healthcare Restructurings*
*TMA Philadelphia|Wilmington, New Jersey and Chesapeake Chapters*
June 5, 2019

**Expert Webcast Live Video Roundtable**
*Healthcare Restructuring*
*Expert Webcast*
January 10, 2019

**What Everyone Should Know About the Unique Issues That Arise in Health Care Business Bankruptcies**
*Health Care Restructuring*
*American Bar Association Business Law Section*
December 21, 2017

**Significant Developments In Bankruptcy Law**
*New Jersey Institute for Continuing Legal Education*
June 16, 2016

**18th Annual Hon. William H. Gindin Bankruptcy Bench Bar Conference**
*New Jersey State Bar Association Bankruptcy Law Section*
April 8, 2016

**It's Complicated: Addressing Issues Concerning Distressed Non-Profits**
*The Women's Divisions of NJTMA and NYIC, and IWIRC New Jersey*
October 22, 2015

**Financial Chaos and Budget Uncertainty – Is Municipal Bankruptcy in New Jersey's Future**
*Government Financial Officers Association of New Jersey*
July 22, 2011

**American Bar Association Forum on the Entertainment and Sports Industries**
*Key Aspects of the Bankruptcy Code that Entertainment and Sports Lawyers Need to Know,*

*Focusing on Recent Issues in Media and Sports Related to Chapter 11 Cases*
*American Bar Association*
October 8, 2009

**Hospital Closure Guidelines: A Bankruptcy Primer Webinar**
*New Jersey Hospital Association*
March 3, 2009

**The Impact of the Financial Markets Crises and How It Will Affect Bankruptcy Lawyers and Their Clients**
*ReedLogic*
December 1, 2008

**Foreclosure and Repossession in New Jersey**
*Automatic Stay Considerations, Valuation of Collateral, Lease Issues, Abandonment of Property and Duration of the Stay, among others*
*Lorman Education Services*
May 29, 2008

**6th Annual RealShare New Jersey**
*What to do When Your Mixed Use Project Gets Mixed Up in a Bankruptcy*
*Real Estate Media*
October 4, 2007

**Distressed Claim Trading: Legal Risks and Options**
*The Beard Group*
March 6, 2007

**Negotiating Workouts in a Struggling Economy**
*New Jersey Institute for Continuing Legal Education*
September 13, 2003

## Publications

**Potential Pitfalls and Opportunities in Healthcare Restructuring**
*DailyDAC*
September 17, 2020

**Bankruptcy Claims & Protection**
*Corporate Counsel Business Journal*
January 1, 2019

**Navigating the Choppy Waters of Health Care Insolvency Cases**
*American Bankruptcy Institute*
August 1, 2018

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 96 of
113

# Sills Cummis & Gross P.C.

**In Re Bayou Shores SNF, LLC: Another Limitation on the Limited Jurisdiction of the Bankruptcy Courts?**
*Metropolitan Corporate Counsel*
September 1, 2015

**Medicare and Medicaid Issues in Insolvency Cases**
*The Bankruptcy Strategist*
June 1, 2011

**Deepening Insolvency Is Alive and Relevant in New Jersey**
*New Jersey Law Journal – Bankruptcy Law Supplement*
January 24, 2011

**Issues to Watch For – From Retail to Real Estate**
*Bankruptcy and Financial Restructurings Law 2008*
April 20, 2008

**Prognosis Negative**
*New Jersey Law Journal*
January 14, 2008

**Retaining Rights When Contractors Go Bankrupt**
*New York Construction*
June 2, 2007

**What If Bankruptcy Happens?**
*Real Estate New Jersey*
April 18, 2007

**Can the Enron Claims Trading Issues Be Avoided? Should You Consider Acquiring a Distribution Right?**
*The Bankruptcy Strategist*
March 6, 2007

**Assisting Companies in Reorganizing in the Face of Financial Difficulty**
*Understanding the Legal Issues Behind Executory Contracts in Bankruptcy*
January 26, 2007

**Planning for a Grim Reality: In a Real Estate Slowdown, the Key to a Reorganization Is Proper Preparation**
*New Jersey Law Journal*
January 15, 2007

**Why Buy a Bankruptcy Claim When You Can Acquire a Distribution Right?**
*The Metropolitan Corporate Counsel*
January 1, 2007

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 97 of
113

# Sills Cummis & Gross P.C.

**"Untouchable?" Treatment of Tariff-Based Claims**
*American Bankruptcy Institute Journal*
November 1, 2006

**Health Care Bankruptcy Prescription for 2006**
*New Jersey Law Journal*
March 6, 2006

**Highlights of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005**
*New Jersey Lawyer*
June 1, 2005

**The Preference Problem**
*New Jersey Law Journal*
March 21, 2005

**Management Stock Option Programs in Bankruptcy Cases: Let the Market Be Your Guide**
*The Metropolitan Corporate Counsel*
November 1, 2001

## Rankings and Recognition

Selected for inclusion in:

- *Chambers USA: America's Leading Lawyers for Business*®* 2012-2021, New Jersey Bankruptcy/Restructuring

- *The Best Lawyers in America*®* 2007-2022, Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law; Litigation – Bankruptcy

- *IFLR1000 United States: Guide to USA's Leading Financial & Corporate Law Firms*®* 2018-2021, "Highly Regarded" New Jersey Restructuring and Insolvency

- *New Jersey Super Lawyers*®* 2006-2022, Creditor Debtor Rights: Business; Bankruptcy: Business

- *New Jersey Law Journal*®* "Jersey Dealmakers of the Year" 2018

- *Martindale-Hubbell*®* AV rating

* See Award Methodology. No aspect of this advertisement has been approved by the Supreme Court of New Jersey.

## Affiliations

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 98 of 113

# Sills Cummis & Gross P.C.

*Member,* American Bar Association

*Member,* New York State Bar Association

*Member,* Essex County Bar Association

*Member,* Turnaround Management Association

*Member,* American Bankruptcy Institute
— Former Co-Chair, Commercial and Regulatory Law Committee
— Former Education Director, Commercial and Regulatory Law Committee
— Former Co-Chair, Health Care Committee
— Former Education Director, Health Care Committee

*Former Master,* Bankruptcy Inns of Court

---

**Education**

J.D., Benjamin N. Cardozo School of Law at Yeshiva University

A.B., Cornell University

**Bar Admissions**

New Jersey

New York

# Sills Cummis & Gross P.C.



## Boris I. Mankovetskiy
*Member*

 Newark, NJ

 (973) 643-6391

✉ bmankovetskiy@sillscummis.com

---

Boris I. Mankovetskiy is a Member of the Firm's Creditors' Rights/Bankruptcy Reorganization Practice Group. He focuses his practice on complex corporate restructurings, including Chapter 11 cases and out-of-court workouts. His clients include official creditors' committees, debtors, secured and unsecured creditors, investors that focus on distressed situations and other parties-in-interest in corporate insolvency matters. Mr. Mankovetskiy has particularly extensive experience in representing creditors' committees in healthcare insolvencies and Chapter 11 bankruptcies across the country. He has represented parties in restructurings in other industries such as telecommunications, commercial real estate, retail, manufacturing, transportation, construction and pharmaceuticals. In addition to Mr. Mankovetskiy's bankruptcy expertise, he also represents parties in complex commercial litigation in federal and state courts.

Mr. Mankovetskiy has represented investment management firms in debt restructuring matters, commercial workouts and Chapter 11 cases, including in the *Motor Coach Industries Int'l, Inc.* and *Marcal Paper Mills, Inc*. cases. He has also represented the Official Committee of Unsecured Creditors in twenty-one (21) recent hospital bankruptcy cases, including *Saint Michael's Medical Center*, *Union Hospital District*, *Bayonne Medical Center*, *Christ Hospital*, *Hudson Healthcare, Inc*., *Fairmont General Hospital, et al.*, *Progressive Acute Care LLC*, *Gardens Regional Hospital and Medical Center, Inc.*, *Coshocton County Memorial Hospital Association*, *Gainesville Hospital District d/b/a North Texas Medical Center*, *Morehead Memorial Hospital*, *Curae Health, Inc., et al.*, *Promise Healthcare Group, LLC, et al.*, *Astria Health, et al.*, *Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al.*, *Thomas Health System, Inc.*, *Randolph Health*, *LRGHealthcare*, *MTPC, LLC, et al.*, *Mercy Hospital and Medical Center, et al.* and *Watsonville Hospital Corporation, et al.*

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 100 of 113

# Sills Cummis & Gross P.C.

**Practices**

Bankruptcy, Financial Reorganization and Creditors' Rights

## Court Admissions

U.S. Supreme Court

## Newsroom

### Press Releases

**Sills Cummis & Gross M&A and Restructuring/Insolvency Practices and Attorneys Highly Ranked in IFLR1000 United States 2021**
August 25, 2021

### In the News

**Nursing Home Faces Shutdown in Medicaid Payment Dispute**
*Daily Bankruptcy Review*
February 8, 2016

### Presentations

**Restructuring of Continuing Care Retirement Communities**
*American Bankruptcy Institute's Health Care and Secured Credit Committees*
February 3, 2016

**Corporate Bankruptcy 101 and Select Bankruptcy Issues**
*New Jersey Corporate Counsel Association Commercial Law Committee*
March 24, 2009

### Publications

**Navigating the Choppy Waters of Health Care Insolvency Cases**
*American Bankruptcy Institute*
August 1, 2018

**In Re Bayou Shores SNF, LLC: Another Limitation on the Limited Jurisdiction of the Bankruptcy Courts?**

# Sills Cummis & Gross P.C.

*Metropolitan Corporate Counsel*
September 1, 2015

**Creditor Issues in Chapter 11 Filings**
*Creditors' Rights in Chapter 11 Cases*
May 1, 2013

**Trademarks and Bankruptcy: Seventh Circuit Provides Lifeline for Trademark Licensees Confronting Licensor Bankruptcy**
*The Metropolitan Corporate Counsel*
October 1, 2012

**Strategies for Intellectual Property Licensees Who Depend upon the Use of Complementary Trademarks When a Licensor Files for Bankruptcy**
*The Metropolitan Corporate Counsel*
December 1, 2011

**The Nuts and Bolts of Credit Bidding: A Primer for Traditional Lenders and Distressed Debt Investors**
*The Metropolitan Corporate Counsel*
March 1, 2011

**Deepening Insolvency Is Alive and Relevant in New Jersey**
*New Jersey Law Journal – Bankruptcy Law Supplement*
January 24, 2011

**Licensee Beware: Life Sciences, Intellectual Property and Licensor's Bankruptcy**
*New Jersey Law Journal*
October 13, 2008

**Prognosis Negative**
*New Jersey Law Journal*
January 14, 2008

**What Every Licensee of Life Sciences Intellectual Property Should Know About Licensor's Bankruptcy – Part II**
*The Metropolitan Corporate Counsel*
June 1, 2007

**What Every Licensee of Life Sciences Intellectual Property Should Know About Licensor's Bankruptcy – Part I**
*The Metropolitan Corporate Counsel*
May 1, 2007

**"Untouchable?" Treatment of Tariff-Based Claims**
*American Bankruptcy Institute Journal*

# Sills Cummis & Gross P.C.

November 1, 2006

**Licensee Beware: How Bankruptcy Can Strip a Licensee of the Right to Use Its Software**
*American Bankruptcy Institute Journal*
November 1, 2005

**Highlights of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005**
*New Jersey Lawyer*
June 1, 2005

## Rankings and Recognition

Selected for inclusion in:

- *The Best Lawyers in America*®* 2013-2022, Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law; Litigation – Bankruptcy

- *Chambers USA: America's Leading Lawyers for Business*®* 2019-2020, New Jersey Bankruptcy/Restructuring

- *IFLR1000 United States: Guide to USA's Leading Financial & Corporate Law Firms*®* 2021, "Highly Regarded" New Jersey Restructuring and Insolvency; 2018-2020, "Rising Star" New Jersey Restructuring and Insolvency

- *New Jersey Super Lawyers*®* 2017-2020, Bankruptcy: Business; Business/Corporate; Business Litigation

- *New Jersey Super Lawyers*®* "Rising Stars" 2006-2016, Bankruptcy: Business; Business/Corporate; Business Litigation

- *New Jersey Law Journal*®* "New Leaders of the Bar" 2012

* See Award Methodology. No aspect of this advertisement has been approved by the Supreme Court of New Jersey.

## Affiliations

*Member,* American Bar Association

*Member,* American Bankruptcy Institute

# Sills Cummis & Gross P.C.

**Education**

J.D, Seton Hall University School of Law, *cum laude*

B.A, Montclair State University, *summa cum laude*

**Bar Admissions**

New Jersey

New York

District of Columbia

# Sills Cummis & Gross P.C.



## Lucas F. Hammonds
*Of Counsel*

 Newark, NJ

 (973) 286-5534

 lhammonds@sillscummis.com

Lucas F. Hammonds is Of Counsel to the Sills Cummis & Gross Creditors' Rights/Bankruptcy Reorganization Practice Group. He represents debtors, creditors, creditors' committees and other parties in complex Chapter 11, Chapter 9 and Chapter 7 cases and related proceedings. Mr. Hammonds has represented banks, investment funds, manufacturers, telecommunications providers, real estate developers, landlords, contractors and other entities in significant bankruptcy cases and related adversary proceedings and appeals.

Representative matters include representation of the debtor in the *Mammoet-Starneth LLC* case; secured creditors in the *Motor Coach Industries International, Inc.*, *Marcal Paper Mills, Inc.*, *Erickson Retirement Communities, LLC* and *Raritan Hospitality* cases; and official committees of unsecured creditors in the *Bayonne Medical Center*, *Hudson Healthcare, Inc.*, *Christ Hospital*, *Fairmont General Hospital, Inc.*, *Union Hospital District*, *Ultura (LA), Inc.*, *Saint Michael's Medical Center, Inc.*, *Progressive Acute Care LLC*, *Gardens Regional Hospital and Medical Center, Inc.*, *Coshocton County Memorial Hospital Association*, *Gainesville Hospital District*, *Morehead Memorial Hospital*, *Curae Health, Inc., et al.*, *Promise Healthcare Group, LLC*, *Astria Health, et al.*, *Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al.*, *Thomas Health System, Inc.*, *Randolph Health*, *LRGHealthcare*, *MTPC, LLC, et al.*, *Mercy Hospital and Medical Center, et al.* and *Watsonville Hospital Corporation, et al.* cases.

Before joining the Firm, Mr. Hammonds served as an Alexander Fellow in the chambers of the Honorable Joseph A. Greenaway, Jr., then United States District Judge for the District of New Jersey (subsequently appointed to the United States Court of Appeals for the Third Circuit), and was an intern with the United States Department of Justice and the Honorable Barbara R. Kapnick of the New York State Supreme Court.

# Sills Cummis & Gross P.C.

**Practices**

Bankruptcy, Financial Reorganization and Creditors' Rights

## Court Admissions

U.S. District Court, District of New Jersey

U.S. District Court, Southern District of New York

U.S. District Court, Eastern District of New York

## Newsroom

### Press Releases

**Sills Cummis & Gross M&A and Restructuring/Insolvency Practices and Attorneys Highly Ranked in IFLR1000 United States 2021**
August 25, 2021

### In the News

**Professional Excellence 2020: Law Journal Announces Winners – New Leaders of the Bar – Lucas F. Hammonds**
*New Jersey Law Journal*
June 2, 2020

### Publications

**Bankruptcy Claims & Protection**
*Corporate Counsel Business Journal*
January 1, 2019

**In Re Bayou Shores SNF, LLC: Another Limitation on the Limited Jurisdiction of the Bankruptcy Courts?**
*Metropolitan Corporate Counsel*
September 1, 2015

**Trademarks and Bankruptcy: Seventh Circuit Provides Lifeline for Trademark Licensees Confronting Licensor Bankruptcy**
*The Metropolitan Corporate Counsel*

# Sills Cummis & Gross P.C.

October 1, 2012

**Strategies for Intellectual Property Licensees Who Depend upon the Use of Complementary Trademarks When a Licensor Files for Bankruptcy**
*The Metropolitan Corporate Counsel*
December 1, 2011

## Rankings and Recognition

Selected for inclusion in:

- *New Jersey Law Journal*®* "New Leaders of the Bar" 2020

- *IFLR1000 United States: Guide to USA's Leading Financial & Corporate Law Firms*®* 2018-2021, "Rising Star" New Jersey Restructuring and Insolvency

- *New Jersey Super Lawyers*®* "Rising Stars" 2018, 2020-2022, Bankruptcy: Business; Creditor Debtor Rights: Business

* See Award Methodology. No aspect of this advertisement has been approved by the Supreme Court of New Jersey.

## Affiliations

*Member,* American Bankruptcy Institute

---

### Education

J.D., Benjamin N. Cardozo School of Law at Yeshiva University

B.A., University of North Carolina at Chapel Hill, *with distinction*

### Bar Admissions

New Jersey

New York

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 107 of 113

# Sills Cummis & Gross P.C.



## Rachel E. Brennan
*Of Counsel*

 Newark, NJ

 (973) 643-5386

 rbrennan@sillscummis.com

Rachel E. Brennan is Of Counsel to the Sills Cummis & Gross Creditors' Rights/Bankruptcy Reorganization Practice Group. She focuses her practice on complex corporate restructurings, including representing creditors' committees, debtors, creditors and other parties-in-interest in large Chapter 11 cases and related proceedings.

Ms. Brennan has represented clients in Chapter 11 cases in a variety of industries, including healthcare, energy and shipping. Representative matters include representation of the Official Committee of Unsecured Creditors in *Promise Healthcare Group, LLC, Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al., Thomas Health System, Inc., Randolph Health, LRGHealthcare, MTPC, LLC, et al.,* and *Watsonville Hospital Corporation, et al.* and the debtor in *Mammoet-Starneth LLC*.

Before joining the Firm, Ms. Brennan was an Associate at the New York office of Paul, Weiss, Rifkind, Wharton & Garrison.

---

**Practices**

Bankruptcy, Financial Reorganization and Creditors' Rights

---

## Court Admissions

U.S. District Court, Southern District of New York

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 108 of 113

# Sills Cummis & Gross P.C.

U.S. District Court, Eastern District of New York

## Newsroom

### Press Releases

**Sills Cummis & Gross Announces 2021 Attorney Promotions: New Member and Of Counsel Named**
October 1, 2021

**Sills Cummis & Gross M&A and Restructuring/Insolvency Practices and Attorneys Highly Ranked in IFLR1000 United States 2021**
August 25, 2021

### Publications

**Collecting Unpaid Assessments: The Homeowner Association's Dilemma When Foreclosure Is No Longer a Viable Option**
*Journal of Law and Policy, 2011*
May 17, 2011

## Rankings and Recognition

Selected for inclusion in:

- *Best Lawyers®*\* "Ones to Watch" 2022, Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law

- *IFLR1000 United States: Guide to USA's Leading Financial & Corporate Law Firms®*\* 2019-2021, "Rising Star" New Jersey Restructuring and Insolvency

- *New Jersey Super Lawyers®*\* "Rising Stars" 2022, Bankruptcy: Business

\* See Award Methodology. No aspect of this advertisement has been approved by the Supreme Court of New Jersey.

## Affiliations

*Member,* International Women's Insolvency & Restructuring Confederation

# Sills Cummis & Gross P.C.

**Education**

J.D., Brooklyn Law School, *magna cum laude*

B.A., Middlebury College, *magna cum laude*

**Bar Admissions**

New Jersey

New York

# Sills Cummis & Gross P.C.



## Gregory A. Kopacz
*Associate*

 Newark, NJ

 (973) 643-7000

✉ gkopacz@sillscummis.com

Gregory A. Kopacz is an Associate in the Sills Cummis & Gross Creditors' Rights/Bankruptcy Reorganization Practice Group. He represents debtors, official and *ad hoc* committees, lenders and strategic parties in insolvency proceedings, distressed transactions, out-of-court workouts and related litigation. He also has experience representing bond insurers in Chapter 9 proceedings and foreign representatives in Chapter 15 proceedings.

Prior to joining the Firm, Mr. Kopacz was an Associate at Milbank, Tweed, Hadley & McCloy, Choate Hall & Stewart and McDermott Will & Emery.

During law school, Mr. Kopacz served as Editor of the *Journal of Banking & Finance Law* and was an Edward F. Hennessey Scholar.

## Practices

Bankruptcy, Financial Reorganization and Creditors' Rights

## Newsroom

### Publications

**Potential Pitfalls and Opportunities in Healthcare Restructuring**
*DailyDAC*
September 17, 2020

# Sills Cummis & Gross P.C.

**Early Exit for Appellees: How to Win Without Really Trying**
*Boston Bar Association Bankruptcy Bench Meets Bar*
May 1, 2016

**Entertainment Industry Licenses and Bankruptcy**
*Corporate Counsel*
March 10, 2015

**Navigating the Maze of IP Licenses in Bankruptcy**
*Corporate Counsel*
February 4, 2015

**The Enforceability of Make-Whole Premiums in Bankruptcy**
*The Bankruptcy Strategist*
August 1, 2014

**The DOJ's New Fee Application Guidelines**
*The Bankruptcy Strategist*
August 1, 2013

**Using the Bankruptcy Code 'Safe Harbors'**
*Daily Bankruptcy Review*
July 22, 2013

**A Useful Toolkit: Opportunities for Foreign Companies to Purchase or Protect Assets in the U.S.**
*International Financial Law Review*
October 25, 2011

**Partners in Distress: Some Tips on Limiting the Risks of Dealing With Troubled Business Partners**
*Corporate Counsel*
December 1, 2010

---

### Education

LL.M. (Banking and Finance Law), Boston University School of Law

J.D., Boston University School of Law, *cum laude*

B.A., Pepperdine University, *summa cum laude*

# Sills Cummis & Gross P.C.

**Bar Admissions**

New Jersey

New York

Massachusetts

Case: 21-51477    Doc# 491    Filed: 05/16/22    Entered: 05/16/22 12:29:59    Page 113 of 113