

**The following constitutes the order of the Court.
Signed: June 14, 2022**

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 21-51477 |
| WATSONVILLE HOSPITAL CORPORATION, *et al.*, | Chapter 11 (Jointly Administered) |
| Debtors.[1] | **ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES ON PLAN; (III) SCHEDULING HEARING ON CONFIRMATION OF PLAN; AND (IV) APPROVING RELATED MATTERS** |

This matter coming before the Court on the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* (including all exhibits thereto and as may be amended, modified or supplemented in accordance with the terms therein, the "Disclosure Statement") and the *Joint Motion for an Order (I) Approving the Disclosure Statement (II) Establishing Procedures for the Solicitation and Tabulation of Votes on the Plan; (III) Scheduling Hearing on Confirmation of Plan; and (IV) Approving Related Matters* [Docket No. 474] (the "Motion")[2] filed by Watsonville Hospital Corporation and its affiliated

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents"); and after considering objections to the Motion, if any; and upon the record and after due deliberation thereon; and the Court finding that proper and adequate notice of the hearing on approval of the Disclosure Statement and of the Motion has been given to all parties in interest, and no other or further notice or hearing being necessary; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND CONCLUDED THAT:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code regarding the *First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 543] (including all exhibits thereto and as amended, modified, or supplemented, the "Plan").

C. The Solicitation Procedures and the Voting and Tabulation Procedures provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules, including, without limitation, Bankruptcy Rules 2002, 3017, 3018, and 3020 and Local Rules 3017-1 and 3020-1.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein. All objections to the Motion, including any objections to the adequacy of the Disclosure Statement, if any, are, to the extent not consensually resolved as set forth herein, overruled in their entirety.

2. The Disclosure Statement is approved pursuant to 11 U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017(b). The Plan Proponents (a) are authorized to make non-material revisions, updates, and corrections to the Plan and Disclosure Statement; and (b) shall file a copy of the final Disclosure Statement and any amended Plan with the Court.

3. The hearing to consider confirmation of the Plan shall commence on **July 27, 2022, at 10:00 a.m.** (Pacific Time) (the "Confirmation Hearing"). The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without

further notice to parties in interest. The Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

4. The Confirmation Hearing Notice, in substantially the form attached to the Motion as **Exhibit B**, as modified consistent with revisions to the Plan, is approved. As set forth below, the Confirmation Hearing Notice shall be included as part of the Solicitation Package and sent via regular mail to all creditors and parties in interest entitled to vote on the Plan. In addition, the Debtors shall serve the Confirmation Hearing Notice upon (a) the Securities & Exchange Commission; (b) the Internal Revenue Service; (c) the Office of the United States Trustee; (d) all known creditors, equity holders, and parties in interest; and (e) those parties that have requested service under Bankruptcy Rule 2002.

5. All objections to confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Court, and shall (a) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtors' Bankruptcy Cases, (b) state with particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection, and (c) be served upon the following parties (the "Notice Parties") so as to be received on or before **July 15, 2022 at 5:00 p.m.** (prevailing Pacific Time) (the "Plan Objection Deadline"): (i) the Debtors, c/o Force Ten Partners LLP, 5271 California Avenue, Suite 270, Irvine, CA 92617, Attn: Jeremy Rosenthal (jrosenthal@force10partners.com); (ii) counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, One Market Plaza, Spear Tower, 40th Floor, San Francisco, CA 94105, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com), Maxim Litvak (mlitvak@pszjlaw.com), and Steven Golden (sgolden@pszjlaw.com); (iii) counsel for the DIP Lender, KTBS Law LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067, Attn: Thomas E. Patterson (tpatterson@ktbslaw.com) and Sasha Gurvitz (sgurvitz@ktbslaw.com); (iv) counsel for the Committee, (x) Perkins Coie LLP, 505 Howard Street, Suite 1000, San Francisco, CA 94105, Attn: Paul Jasper (pjasper@perkinscoie.com) and (y) Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102, Attn: Andrew Sherman (asherman@sillscummis.com) and Boris Mankovetskiy (bmankovetskiy@sillscummis.com); and (v) counsel to the United States Trustee, 280

3

South First Street, Ste. 268, San Jose, California 95113, Attn: Jason Blumberg (jason.blumberg@usdoj.gov) and Elvina Rofael (elvina.rofael@usdoj.com). All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived and will not be considered by this Court.

6. If the Holder of a Claim would like to challenge either (a) the classification of such Claim or (b) the allowance of such Claim for voting purposes in accordance with the Voting and Tabulation Procedures, the Holder must, pursuant to Bankruptcy Rule 3018(a), file a motion for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Notice Parties so that it is received by [July 1], 2022 at 5:00 p.m. (prevailing Pacific Time). Unless the Court orders otherwise, a Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Voting and Tabulation Procedures. For the avoidance of doubt, any temporary allowance of Claims for voting purposes does not constitute an allowance of such Claims for purposes of receiving distributions under the Plan and is without prejudice to the rights of the Plan Proponents in any other context, including their rights to contest the amount, validity, or classification of any Claim for purposes of allowance and distribution under the Plan.

7. The date of entry of this Order (the "Record Date") shall be the record date for purposes of determining which parties are entitled to receive the Solicitation Packages or the Non-Voting Class Notice and, where applicable, vote on the Plan. With respect to a transferred Claim, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) had been completed prior to the Record Date; or (b) the transferee filed by the Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

8. The Plan Proponents shall transmit, or cause to be transmitted, the Solicitation Packages no later than June 17, 2022 (the "Solicitation Mailing Deadline") by first class, United States mail (or by international courier if the addresses are not located in the United States), to (a) holders of Claims in Classes 3 and 4, the only classes entitled to vote on the Plan (collectively, the "Voting

4

Classes"). To avoid duplication and reduce expenses, the Plan Proponents shall serve only one Solicitation Package to each creditor or interest holder who has more than one Claim, but shall include the appropriate Ballots for each class of Claims.

9. Pursuant to Bankruptcy Rule 3017(d), the Plan Proponents are not required to transmit a Solicitation Package to the Non-Voting Classes. The Plan Proponents shall transmit or cause to be transmitted no later than the Solicitation Mailing Deadline, by first class, United States mail (or by international courier if the addresses are not located in the United States), to each holder of a Claim or Equity Interest in the Non-Voting Classes, at its address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice substantially in the form attached to the Motion as **Exhibit C** (the "Non-Voting Class Notice"). The Non-Voting Class Notice will indicate that a holder of a Claim and/or Equity Interest in a Non-Voting Class is entitled, upon written request to counsel to the Debtors, to receive a copy of the Plan and Disclosure Statement, in electronic format unless specifically requested otherwise, at the expense of the Debtors. The Non-Voting Class Notice shall be deemed a summary of the Plan for purposes of compliance with Bankruptcy Rule 3017(d).

10. Bankruptcy Management Solutions, Inc. d/b/a Stretto (the "Voting Agent"), shall serve the Solicitation Package, the Non-Voting Class Notice, and notices regarding the Confirmation Hearing, inspect, monitor, and supervise the solicitation process, serve as the tabulator of the ballots, and certify to the Court the results of the balloting. The Plan Proponents and/or the Voting Agent, as applicable, are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Class Notices to addresses and entities to which the notice of the Disclosure Statement Hearing was returned by the United States Postal Service or courier. The Debtors and/or the Voting Agent are further relieved of any obligation to attempt to locate the correct address and resend prior to the Voting Deadline the Solicitation Packages or the Non-Voting Class Notice that are returned as undeliverable. To the extent any Solicitation Packages are returned as undeliverable and are re-sent, the initial mailing date shall be the date of service for the purpose of calculating notice.

11. The Ballots, substantially in the form attached to the Motion as **Exhibits D-1 and D-2**, as modified consistent with revisions to the Plan, are approved. Unless extended by the Plan Proponents in writing, Ballots accepting or rejecting the Plan must be received on or before **July 15,**

**2022 at 5:00 p.m.** (prevailing Pacific Time) (the "Voting Deadline") by the Voting Agent at the following address:

**Watsonville Hospital Balloting**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

12. Ballots received via facsimile, electronic mail or other electronic transmission will not be counted unless approved by the Plan Proponents, *provided, however*, that Ballots may be electronically submitted using the Voting Agent's on-line electronic ballot portal at https://cases.stretto.com/WatsonvilleHospital/.

13. Votes may not be changed after the Voting Deadline unless the Court, for cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a). Ballots must be properly executed and counted. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim in a Voting Class will not be counted.

14. In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service of the Solicitation Package, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used to reflect the mailing address of the creditor on the official register of Claims against or Equity Interests in the Debtors.

15. The Voting and Tabulation Procedures, as set forth in the Motion, are hereby approved in their entirety; *provided, however*, that notwithstanding the Voting and Tabulation Procedures, if no Holder of a Claim or Equity Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Plan Proponents may not "deem" the Plan accepted by the Holders of such Claims or Equity Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code absent further order of the Court.

16. Unless otherwise permitted or directed by the Court, (a) the Plan Proponents shall file the Plan Supplement no later than July 8, 2022; (b) the Plan Proponents and/or the Voting Agent shall file the Tabulation Declaration no later than July 18, 2022; and (c) the Plan Proponents may file a brief in support of the Plan and consolidated reply to any objections to the Plan no later than July 18, 2022.

6

DOCS_DE:239515.3 92381/002

Case: 21-51477   Doc# 557   Filed: 06/14/22   Entered: 06/14/22 16:05:17   Page 6 of 8

17. Notwithstanding anything in the Disclosure Statement, the Plan, or this Order to the contrary, the Debtors shall, not later than ten (10) days prior to the Plan Objection Deadline, to the extent such notice has not already been provided pursuant to the Sale Approval Order, provide Cigna Health and Life Insurance Company with written notice of Debtors' irrevocable (subject to Closing of the Asset Sale) decision as to whether or not the Debtors propose to assume and assign one or both of the Cigna Provider Agreements (as defined in the *Objection of Cigna to Debtors' Motion for Entry of an Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief and to Notice of Potential Assumption and Assignment and Cure Amount With Respect to the Executory Contracts and Unexpired Leases of the Debtors in Connection With a Sale of Substantially All of the Debtors' Assets* [Docket No. 289]) to the Buyer as part of the Asset Sale and/or under the Plan.

18. In the event of an inconsistency between the Plan, on the one hand, and the Disclosure Statement (or solicitation materials or procedures approved by this Order), on the other hand, the Plan shall control.

19. The Plan Proponents and the Voting Agent are authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

20. This Court retains jurisdiction over any and all matters arising out of or related to the interpretation or implementation of this Order.

/// END OF ORDER ///

COURT SERVICE LIST

All ECF Parties.