Tamar Terzian
1122 E. Green Street, Unit 201
Pasadena, Ca 91106
Telephone: (818) 242-1100
Facsimile: (818) 242-1012
Email: tamar@terzlaw.com

Patient Care Ombudsman

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>In re Watsonville Hospital Corporation et al,1<br><br>Debtor-In-Possession. | Chapter 11<br><br>Case No.: Case No. 5:21-bk-51477 (MEH)<br><br>**DECLARATION IN SUPPORT OF FIRST INTERIM FEE APPLICATION OF TAMAR TERZIAN, PATIENT CARE OMBUDSMAN AND INDEPENDENT CONSULTANTS FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JANUARY 14, 2022 -MARCH 14, 2022**<br><br>[No Hearing Required]<br><br>Judge: Hon. M. Elaine Hammond |

I, Tamar Terzian, declare the following:

1.  I am an attorney at law, licensed by the Bar of this State and admitted to practice before this Court. I am the appointed Patient Care Ombudsman ("PCO") in the above captioned case. The following is within my knowledge, and if called upon as a witness, I could and would testify

---

1 The Debtors in these cases are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

1

competently with respect thereto.

2. I am submitting this declaration in support of the First Interim Application of Tamar Terzian, the Patient Care Ombudsman in for Allowance and Payment of Fees and Reimbursement of Expenses for The Period of January 14, 2022 through March 14, 2022 (the "Application").

3. Through the Application, the PCO seeks the entry of an order granting the interim allowance and payment of $47,056.53 (the "Interim Amount") in total for fees earned and expenses incurred during the period from January 14, 2022 through March 14, 2022 (the "Application Period"). The Interim Amount is comprised of (i) fees earned by Tamar Terzian, independent consultant Sherri Loveall, and independent consultant QUAM during the Application Period in the amount of $38,518.80, and (ii) the reimbursement of expenses in the amount of $8,537.73.

4. To date, the PCO has not received any compensation of fees earned or reimbursement of costs. I certify that:

    a. I have read the Application, and to the best of my knowledge, information, and belief, it is correct in all respects;

    b. The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable that those customarily for a PCO and generally accepted by all interested parties;

    c. At all relevant times, Tamar Terzian and her independent consultants are "disinterested person" as that term is defined in § 101(14) and has not represented or held an interest adverse to the interest of the Debtor, Creditors and all parties of interest in the above captioned case;

    d. Neither Tamar Terzian nor the independent consultants have any agreement or understanding of any kind or nature to divide, pay over, or share any portion of the fees or expenses to be awarded to Tamar Terzian with any other person besides the independent consultants;

    e. To the best of my knowledge, information, and belief, formed after reasonable inquiry, no time has been sought to be allowed through the Application which is outside the scope of work authorized through the appointment of the PCO.

2

f. In the ordinary course of business, the PCO maintains records of all time expended by her and her consultants' in the rendering of services in a computerized billing system as follows: At the time of services rendered, PCO and her consultants each recorded in writing the duration of time expended, and a description of the nature of the services performed. The PCO's billing system stores a record of all time spent on a client/matter, the professional providing the services, and a description of the services rendered. The billing system computes the time expended by each individual consultant by the respective consultants billing rate to calculate the amount of the fee associated.

5. I have reviewed the requirements set forth in the United States Bankruptcy Court for the Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, (the "Compensation Guidelines") and the United States Department of Justice's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Appendix B Guidelines"). To the best of my knowledge, information, and belief, the Application complies with the Compensation Guidelines and the Appendix B Guidelines.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct, this 21st day of June 2022.

TAMAR TERZIAN

By: _____
Tamar Terzian
Patient Care Ombudsman

3