Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone:    415.263.7000
Facsimile:    415.263.7010
E-mail:       dgrassgreen@pszjlaw.com
              mlitvak@pszjlaw.com
              sgolden@pszjlaw.com

*Counsel to Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 21-51477 |
| WATSONVILLE HOSPITAL CORPORATION, *et al.*, | Chapter 11 (Jointly Administered) |
| Debtors.[1] | **DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (DUPLICATE AND CONTINGENT EMPLOYEE AND RETIREE CLAIMS)** |
| | Date:    July 27, 2022 |
| | Time:    10:00 a.m. |
| | Place:   United States Bankruptcy Court |
| | 280 South First Street |
| | Courtroom 11 |
| | San Jose, CA 95113-3099 |
| | Judge:   Hon. M. Elaine Hammond |

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Bankruptcy Local Rules, hereby objects (the "Objection") to the filed claims identified in the attached **Exhibit 1** (the "Claims") for the persons and entities identified in the attached **Exhibit 1** (the "Claimants") on the grounds that the Claims are

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_DE:239717.1 92381/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

included within (and therefore duplicative of) a claim filed by the union representing each Claimant (the "Union Claims").

The Objection is based on the *Declaration of Jeremy Rosenthal in Support of Debtors' First, Second, and Third Omnibus Objections to Claims* (the "Rosenthal Declaration") filed herewith, and any other evidence properly before the Court, prior to or at any hearing on the Objection.  Pursuant to the Court's *Order Approving Joint Motion for Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) The Form and Manner of Notice of Omnibus Objections* [Docket No. 558], the Debtors are not required to attach the Claims to this Objection.

**I.**

**JURISDICTION**

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Local Rule 5011-1(a). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.**

**BACKGROUND**

**A.      The Bankruptcy Cases**

On December 5, 2021, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases.

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106 bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 17] incorporated herein by reference.[2]

On December 22, 2021, the Office of the United States Trustee for Region 17 (the "UST") appointed the following members to the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code: (i) California Nurses Association ("CNA"); (ii) SEIU United Healthcare Workers – West ("SEIU"); (iii) Health Trust Workforce Solutions, LLC; (iv) Firm Revenue Recycling Management Services, Inc.; (v) Heroic Security, LLC; (vi) Teamsters 853; and (vii) MEDHOST Direct, Inc.

**B.    The Sale and Plan Processes**

On February 23, 2022, the Bankruptcy Court entered the Sale Approval Order [Docket No. 347], granting the Debtors' motion to approve the sale (the "Sale") of substantially all of their assets [Docket No. 103] (the "Sale Motion") to the Pajaro Valley Healthcare District Project (the "Buyer") pursuant to that certain *Asset Purchase Agreement* dated December 27, 2021 [Docket No. 347-1] (as may be amended or supplemented, the "Purchase Agreement").  Among other things, upon the closing of the Sale to the Buyer, the Buyer will assume the Debtors' Assumed Non-Cash Employee Liabilities, which includes the PTO Liabilities, the Retiree Flex Benefits, and the Cash Balance Pension Plan Liability, as each such term is defined in Schedule 6.7(b) of the Purchase Agreement.

On May 6, 2022, the Debtors and the Committee (collectively, the "Plan Proponents") filed the *Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 472] (as it may be amended or modified, the "Plan") and accompanying *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 473] (as it may be amended or modified, the "Disclosure Statement").  On June 14, 2022, the Court approved the Disclosure

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the Plan, as applicable.

3

Statement [Docket No. 557] and scheduled a hearing to consider confirmation of the Plan for July 27, 2022.

**C.     The Proofs of Claim**

Pursuant to the Bar Date Order [Docket No. 171], the deadline for any person or entity, other than governmental units, to assert a claim arising (or deemed to arise) on or before the Petition Date (the "General Bar Date") was April 4, 2022 at 4:00 p.m. Pacific Time.

Each of the Claimants is a current employee of the Debtors whose Claims assert (or appears to assert) an entitlement to accrued but unused paid time off as an administrative and/or priority claim.[3] Moreover, each of the Claimants is represented by one of the Debtors' Unions, namely CNA or SEIU. The applicable Unions each filed contingent and/or unliquidated Union Claims for, among other things, accrued but unused PTO Liabilities and Retiree Flex Benefits for their represented employees and retirees, which includes the Claimants. *See* Claim Nos. 279, 286, 288, and 293 (the "CNA Claims"); Claim Nos. 296 and 300 (the "SEIU Claims"). The Debtors believe that each of the Claims is duplicative of a Union Claim and therefore should be disallowed and expunged in its entirety.

**III.**

**ARGUMENT**

**A.     Legal Standard**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . ."

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof constitutes *prima facie* evidence of the validity and amount of the claim.[4] However, a claimant must attach copies

---

[3] For the avoidance of doubt, the Debtors reserve all rights with respect to the asserted classification of the Claims.
[4] 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).

DOCS_DE:239719.1 92381/002
Case: 21-51477    Doc# 573    Filed: 06/21/22    Entered: 06/21/22 15:20:54    Page 4 of 7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor.[5]  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.[6]

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves,"[7] then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."[8]  "[T]he ultimate burden of persuasion is always on the claimant."[9]  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.[10]

**B.      The Objection**

Based upon a review of each of the Claims listed on **Exhibit 1**, their supporting documentation and the Debtors' books and records, the Debtors have determined that each Claim should be disallowed because each Claim is duplicative of, and is subsumed within, a Union Claim.  Moreover, because each of the Claims asserts an amount that will be assumed by the Buyer under the Purchase Agreement (and further assert administrative and/or priority treatment), disallowing each Claim will facilitate the efficient administration of the Plan.

**IV.**

**RESERVATION OF RIGHTS**

In the event that any of the Claims is not disallowed on the grounds asserted herein, the Debtors hereby reserve their rights to object to such Claims on any other grounds.  Additionally, the Debtors expressly reserve the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Claims or any other claims that may be asserted against the Debtors' Estates.

---

[5] *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).

[6] 11 U.S.C. § 502(b)(1).

[7] *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991).

[8] *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).

[9] *Holm*, 931 F.2d at 623.

[10] *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

5

Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## V.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter an Order:

1.      Sustaining the Objection in its entirety;

2.      Disallowing and expunging the Claims listed on **<u>Exhibit 1</u>** in their entirety; and

3.      Granting such other relief as is just and proper.

Dated: June 21, 2022

PACHULSKI STANG ZIEHL & JONES LLP

By:     */s/ Debra I. Grassgreen*
          Debra I. Grassgreen

Attorneys for the Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_DE:239717.1 92381/002
Case: 21-51477    Doc# 573    Filed: 06/21/22    Entered: 06/21/22 15:20:54    Page 6 of 7

# EXHIBIT 1

<table>
<tr><td colspan="7"><b>Filed Claims to be Disallowed in Their Entirety</b></td></tr>
<tr>
<th>Date</th>
<th>Claim #</th>
<th>Claimant Name<br>(listed alphabetically by first name)</th>
<th>Debtor</th>
<th>Asserted Classification</th>
<th>Filed Amount</th>
<th>Basis for Disallowance</th>
</tr>
<tr><td>2/2/2022</td><td>117</td><td>Anne Thomas</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$2,274.21</td><td>Included in and duplicative of CNA Claims; contingent claim for PTO.</td></tr>
<tr><td>1/27/2022</td><td>82</td><td>Annette McCandless</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$23,312.24</td><td>Included in and duplicative of CNA Claims; contingent claim for retiree health benefits.</td></tr>
<tr><td>2/3/2022</td><td>120</td><td>Danielle Lucchesi</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$5,528.60</td><td>Included in and duplicative of CNA Claims; contingent claim for PTO.</td></tr>
<tr><td>3/4/2022</td><td>177</td><td>Desiree Weld</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$1,214.60</td><td>Included in and duplicative of SEIU Claims; contingent claim for PTO.</td></tr>
<tr><td>2/3/2022</td><td>124</td><td>Emma Louise Pearse</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$21,916.01</td><td>Included in and duplicative of CNA Claims; contingent claim for PTO.</td></tr>
<tr><td>2/3/2022</td><td>125</td><td>Gina Lavagnino</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$11,878.96</td><td>Included in and duplicative of CNA Claims; contingent claim for PTO.</td></tr>
<tr><td>1/24/2022</td><td>72</td><td>Jean Ann Johnson</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$6,570.07</td><td>Included in and duplicative of CNA Claims; contingent claim for retiree health benefits.</td></tr>
<tr><td>2/10/2022</td><td>145</td><td>Josefina C. Papanggo Diaz</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$3,928.16</td><td>Included in and duplicative of SEIU Claims; contingent claim for PTO.</td></tr>
<tr><td>2/3/2022</td><td>122</td><td>Julie Eaton</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$6,635.17</td><td>Included in and duplicative of CNA Claims; contingent claim for PTO.</td></tr>
<tr><td>1/18/2022</td><td>53</td><td>Kathleen Bianco</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$9,000.00</td><td>Included in and duplicative of CNA Claims; contingent claim for retiree health benefits.</td></tr>
<tr><td>2/2/2022</td><td>112</td><td>Kathleen O'Gorman</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$1,588.82</td><td>Included in and duplicative of CNA Claims; contingent claim for PTO.</td></tr>
<tr><td>1/27/2022</td><td>83</td><td>Lynn Clough</td><td>Watsonville Hospital Corp.</td><td>Priority; Administrative</td><td>$23,000.00</td><td>Included in and duplicative of CNA Claims; contingent claim for retiree health benefits.</td></tr>
<tr><td>4/19/2022</td><td>307</td><td>Michael Beal</td><td>Watsonville Hospital Corp.</td><td>Priority</td><td>$13,898.98</td><td>Included in and duplicative of CNA Claims; contingent claim for retiree health benefits.</td></tr>
<tr><td>2/3/2022</td><td>133</td><td>Nancy Elizabeth Gonzalez Garcia</td><td>Watsonville Hospital Corp.</td><td>Priority; Administrative</td><td>$2,184.65</td><td>Included in and duplicative of SEIU Claims; contingent claim for PTO.</td></tr>
</table>

DOCS_DE:239216.1 92381/002