Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone:     415.263.7000
Facsimile:     415.263.7010
E-mail:        dgrassgreen@pszjlaw.com
               mlitvak@pszjlaw.com
               sgolden@pszjlaw.com

*Counsel to Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br>(Jointly Administered)<br><br>**DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)**<br><br>Date:      July 27, 2022<br>Time:      10:00 a.m.<br>Place:     United States Bankruptcy Court<br>           280 South First Street<br>           Courtroom 11<br>           San Jose, CA 95113-3099<br>Judge:      Hon. M. Elaine Hammond |

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Bankruptcy Local Rules, hereby objects (the "Objection") to the filed claims identified in the attached **Exhibit 1** (the "Claims") for the persons and entities identified in the attached **Exhibit 1** (the "Claimants") on the grounds that the Claims are

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

incorrectly asserted as secured, administrative, and/or priority claims and should be re-classified as general unsecured claims.[2]

The Objection is based on the *Declaration of Jeremy Rosenthal in Support of Debtors' First, Second, and Third Omnibus Objections to Claims* (the "Rosenthal Declaration") filed herewith, and any other evidence properly before the Court, prior to or at any hearing on the Objection. Pursuant to the Court's *Order Approving Joint Motion for Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) The Form and Manner of Notice of Omnibus Objections* [Docket No. 558], the Debtors are not required to attach the Claims to this Objection.

## I.

## JURISDICTION

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Local Rule 5011-1(a). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## BACKGROUND

### A.  The Bankruptcy Cases

On December 5, 2021, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases.

---

[2] For the avoidance of doubt, all parties' rights to further object to the Claims on any basis are reserved and, by this Motion, the Debtors do not seek to Allow such Claims.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106 bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 17] incorporated herein by reference.[3]

On December 22, 2021, the Office of the United States Trustee for Region 17 (the "UST") appointed the following members to the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code: (i) California Nurses Association; (ii) SEIU United Healthcare Workers – West; (iii) Health Trust Workforce Solutions, LLC; (iv) Firm Revenue Recycling Management Services, Inc.; (v) Heroic Security, LLC; (vi) Teamsters 853; and (vii) MEDHOST Direct, Inc.

## B.     The Sale and Plan Processes

On February 23, 2022, the Bankruptcy Court entered the Sale Approval Order [Docket No. 347], granting the Debtors' motion to approve the sale (the "Sale") of substantially all of their assets [Docket No. 103] (the "Sale Motion") to the Pajaro Valley Healthcare District Project (the "Buyer") pursuant to that certain *Asset Purchase Agreement* dated December 27, 2021 [Docket No. 347-1] (as may be amended or supplemented, the "Purchase Agreement").  Among other things, upon the closing of the Sale to the Buyer, the Buyer will assume the Debtors' Assumed Non-Cash Employee Liabilities, which includes the PTO Liabilities, the Cash Balance Pension Plan Liability, and the Retiree Flex Benefits, as each such term is defined in Schedule 6.7(b) of the Purchase Agreement.

On May 6, 2022, the Debtors and the Committee (collectively, the "Plan Proponents") filed the *Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 472] (as it may be amended or modified, the "Plan") and accompanying *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation Proposed by the*

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the Plan, as applicable.

1 | *Debtors and Official Committee of Unsecured Creditors* [Docket No. 473] (as it may be amended or

2 | modified, the "Disclosure Statement"). On June 14, 2022, the Court approved the Disclosure

3 | Statement [Docket No. 557] and scheduled a hearing to consider confirmation of the Plan for July 27,

4 | 2022.

## C. The Proofs of Claim

Pursuant to the Bar Date Order [Docket No. 171], the deadline for any person or entity, other than governmental units, to assert a claim arising (or deemed to arise) on or before the Petition Date (the "General Bar Date") was April 4, 2022 at 4:00 p.m. Pacific Time.

The Claims at issue fall into one of three categories: (a) Claims asserted by either a current or former employee of the Debtors (the "Employee Claims"); (b) Claims asserted by a former patient, or patient representative, of the Hospital (the "Patient Claims"); or (c) Claims asserted by a physician who is an independent contractor of the Debtors (the "Physician Claims").

## III.

## ARGUMENT

## A. Legal Standard

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . ."

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof constitutes *prima facie* evidence of the validity and amount of the claim.[4] However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case

---

[4] 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).

4

against the debtor.[5] Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.[6]

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves,"[7] then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."[8] "[T]he ultimate burden of persuasion is always on the claimant."[9] In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.[10]

## B.    The Objection

Based upon a review of each of the Claims listed on **Exhibit 1**, their supporting documentation, and the Debtors' books and records, the Debtors have determined that each Claim should be reclassified as general unsecured claims because each Claim is not a(n) secured, administrative, and/or priority claim. As noted above, the Claims sought to be reclassified in this Motion are either Employee Claims, Patient Claims, or Physician Claims.

### i.    *Employee Claims*

Certain of the Employee Claims were asserted by Claimants who, in accordance with the relief granted by the Compensation and Benefits Order [Docket No. 185], have already been paid up to the priority cap of section 507(a)(4) of the Bankruptcy Code (the "Priority Cap") and, accordingly, any remaining claim that such Claimants have is only entitled to treatment as a general unsecured claim.[11] Other Employee Claims have been asserted by current Employees of the Debtors who either (a) are not entitled to priority treatment of their Claims, (b) assert priority Claims in excess of the Priority Cap, or (c) according to the Debtors' books and records, were paid in accordance with the Compensation and Benefits Order and have continued to be compensated as Employees in the ordinary

---

[5] *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).

[6] 11 U.S.C. § 502(b)(1).

[7] *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991).

[8] *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).

[9] *Holm*, 931 F.2d at 623.

[10] *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

[11] *See* Claim Nos. 61, 158, and 301.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

course during the pendency of these Bankruptcy Cases.[12]  Finally, one Employee Claim arose prior to the 180-day period before the Petition Date, and, accordingly, is not entitled to priority treatment under section 507(a)(4) of the Bankruptcy Code.[13]

### ii. *Patient Claims*

Each of the Patient Claims asserts entitlement to treatment as either a priority, secured, or administrative and priority claim without providing any basis therefor.  Certain Patient Claims, which state "services performed" and/or "medical malpractice" as the basis for such Claim, merely check the box to indicate priority treatment without any explanation or basis (including the applicable subsection of section 507 of the Bankruptcy Code).[14]  Two Patient Claims[15] checked the boxes for administrative treatment under section 503(b)(9) and priority treatment under section 507(a)(7) of the Bankruptcy Code without explaining any basis for doing so.  Finally, two Patient Claims asserted an entitlement to treatment as secured by checking the "yes" box in response to question number 9 of their proof of claim, but included no information with respect to the nature of the property secured or the basis for perfection.[16]

### iii. *Physician Claims*

Two Claimants, both of whom are independent contractor physicians and not employees of the Debtors, assert priority Physician Claims against the Debtors under section 507(a)(4) of the Bankruptcy Code related to prepetition on-call services provided to the Debtors.[17]  Although both Claimants are physicians who, prior to the Petition Date, provided medical services at the Hospital, neither was (or is) an employee of the Debtors.  Rather, their entitlement to compensation is set forth in the terms of each Claimant's independent contractor agreement, which provides for a fixed fee for each on-call shift covered by the Claimant.

---

[12] *See* Claim Nos. 290 and 297.

[13] *See* Claim No. 256.

[14] *See* Claim Nos. 137, 183, and 295.

[15] *See* Claim Nos. 105 and 106.

[16] *See* Claim Nos. 272 and 313.

[17] *See* Claim Nos. 49 and 56.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Section 507(a)(4) of the Bankruptcy Code provides for priority treatment of claims (up to the Priority Cap) earned within 180 days of a bankruptcy filing where the claim is either for: (a) "wages, salaries, or commissions . . . earned by an individual" or (b) "sales commissions earned by an individual . . . acting as an independent contractor in the sale of goods or services for the debtor" under certain circumstances.[18]  Prior to the enactment of the Bankruptcy Reform Act of 1994, "there was a split among the courts as to whether commissions owed to an independent contractor qualified for a section 507(a)(4) priority."[19]  However, in enacting subsection (B), "Congress intended to resolve the case law conflict by expressly providing for independent contractors under limited circumstances," specifically, those set forth in section 507(a)(4)(B).[20]  Neither Physician Claim is for "sales commissions," a prerequisite for priority treatment under section 507(a)(4)(B) of the Bankruptcy Code.  Moreover, even if the two Physician Claims were "sales commissions," neither Claimant has provided any evidence that in the twelve months prior to the Petition Date, "at least 75 percent of the amount that the [Claimant] earned by acting as an independent contractor in the sale of goods or services was earned from" the Debtors[21] and, accordingly, neither Claimant has met their burden of establishing that the Physician Claims are entitled to priority treatment.[22]

## IV.

## RESERVATION OF RIGHTS

In the event that any of the Claims is not reclassified on the grounds asserted herein, the Debtors hereby reserve their rights to object to such Claims on any other grounds.  Additionally, the Debtors expressly reserve the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Claims or any other claims that may be asserted against the Debtors' Estates.

---

[18] 11 U.S.C. § 507(a)(4)(A) – (B).

[19] 4 COLLIER ON BANKRUPTCY ¶ 507.06[3][b] (16th ed. 2022).

[20] *In re EcoSmart, Inc.*, Case No. 2:15-bk-27139-RK, 2015 Bankr. LEXIS 4244, at *19-20 (Bankr. C.D. Cal. Dec. 18, 2015).

[21] 11 U.S.C. § 507(a)(4)(B).

[22] *See, e.g., In re Amarex, Inc.*, 853 F.2d 1526, 1530 (10th Cir. 1988); *In re City Sports, Inc.*, 554 B.R. 329, 333 (Bankr. D. Del. 2016) (citing cases).  In any event, Claim No. 49 requests treatment as a priority claim in excess of the Priority Cap.

7

Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## V.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter an Order:

1.      Sustaining the Objection in its entirety;

2.      Reclassifying the Claims listed on **Exhibit 1** applicable to the Claimant; and

3.      Granting such other relief as is just and proper.

Dated:  June 21, 2022                    PACHULSKI STANG ZIEHL & JONES LLP


By:      */s/ Debra I. Grassgreen*
          Debra I. Grassgreen

          Attorneys for the Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**EXHIBIT 1**

| Date | Claim # | Claimant Name (listed alphabetically by first name) | Debtor | Filed | | Reclassified as General Unsecured | | Basis for Reclassification |
|---|---|---|---|---|---|---|---|---|
| | | | | Asserted Classification | Filed Amount | Classification | Reclassified Amount[23] | |
| 4/6/2022 | 301 | Gabriela Salazar | Watsonville Hospital Corp. | Priority | N/A | Unsecured | $6,541.00 | Accrued PTO paid up to statutory cap after resignation; remainder not entitled to priority under 11 U.S.C. § 507(a)(4) |
| 2/17/2022 | 158 | Jennifer Dohl | Watsonville Hospital Corp. | Priority | $8,294.85 | Unsecured | $8,294.85 | Accrued PTO paid up to statutory cap after resignation; remainder not entitled to priority under 11 U.S.C. § 507(a)(4) |
| 4/4/2022 | 290 | Kelly Page Strickling | Watsonville Hospital Corp. | Priority | $137,473.23 | Unsecured | $137,473.23 | No basis for treatment as a Priority Claim and includes no support; current employee of the Debtors |
| 4/4/2022 | 297 | Maria Jesus Rodriguez | Watsonville Hospital Corp. | Priority | $103,192.58 | Unsecured | $103,192.58 | No basis for treatment as a Priority Claim; current employee of the Debtors |
| 4/1/2022 | 256 | Marta Maria White | Watsonville Hospital Corp. | Priority | $3,232.89 | Unsecured | $3,232.89 | No basis for treatment as a Priority Claim; claim arose prior to the 180-day period set forth in 11 U.S.C. § 507(a)(4) |
| 1/17/2022 | 49 | Melissa Lopez-Bermejo MD | Watsonville Hospital Corp. | Priority | $28,600.00 | Unsecured | $28,600.00 | No basis for treatment as a Priority Claim, as set forth in the Objection. |
| 1/19/2022 | 56 | Narinder Bhullar, MD | Watsonville Hospital Corp. | Priority | $10,500.00 | Unsecured | $10,500.00 | No basis for treatment as a Priority Claim, as set forth in the Objection. |
| 5/17/2022 | 313 | Patient 2810 | Watsonville Hospital Corp. | Secured | $500.00 | Unsecured | $500.00 | No basis for treatment as a Secured Claim |
| 4/4/2022 | 272 | Patient 2904 | Watsonville Hospital Corp. | Secured | Unknown | Unsecured | Unknown | No basis for treatment as a Secured Claim |
| 3/10/2022 | 183 | Patient 32457 | Watsonville Hospital Corp. | Priority | $100,000.00 | Unsecured | $100,000.00 | No basis for treatment as a Priority Claim. |
| 2/7/2022 | 137 | Patient 32758 | Watsonville Hospital Corp. | Priority | $2,056.15 | Unsecured | $2,056.15 | No basis for treatment as a Priority Claim. |
| 2/2/2022 | 105 | Patient 33410 | Watsonville Hospital Corp. | Priority; Administrative | $55,998.98 | Unsecured | $55,998.98 | No basis for treatment as a Priority and/or Administrative Claim. |
| 2/2/2022 | 106 | Patient 33410 | Watsonville Hospital Corp. | Priority; Administrative | $55,989.79 | Unsecured | $55,989.79 | No basis for treatment as a Priority and/or Administrative Claim. |
| 4/4/2022 | 295 | Patient 35163 | Watsonville Hospital Corp. | Priority | $500,000.00 | Unsecured | $500,000.00 | No basis for treatment as a Priority Claim. |
| 1/21/2022 | 61 | Robert Nicholson | Watsonville Hospital Corp. | Priority | $39,258.40 | Unsecured | $39,258.40 | Accrued PTO paid up to statutory cap after retirement; remainder not entitled to priority under 11 U.S.C. § 507(a)(4) |

---

[23] For the avoidance of doubt, each reclassified Claim is not finally Allowed and remains subject to further objection and disallowance on any basis.

DOCS_DE:239331.1 92381/002