Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone:   415.263.7000
Facsimile:    415.263.7010
E-mail:         dgrassgreen@pszjlaw.com
                    mlitvak@pszjlaw.com
                    sgolden@pszjlaw.com

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br>(Jointly Administered)<br><br>**DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**<br><br>Date:    July 27, 2022<br>Time:   10:00 a.m.<br>Place:  United States Bankruptcy Court<br>            280 South First Street<br>            Courtroom 11<br>            San Jose, CA 95113-3099<br>Judge:  Hon. M. Elaine Hammond |

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Bankruptcy Local Rules, hereby objects (the "Objection") to the filed claims identified in the attached **Exhibit 1** (the "Claims") for the persons and entities identified in the attached **Exhibit 1** (the "Claimants") on the grounds that the Claims conflict with the Debtors books and records and should be disallowed in their entirety.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

The Objection is based on the *Declaration of Jeremy Rosenthal in Support of Debtors' First, Second, and Third Omnibus Objections to Claims* (the "Rosenthal Declaration") filed herewith, and any other evidence properly before the Court, prior to or at any hearing on the Objection. Pursuant to the Court's *Order Approving Joint Motion for Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) The Form and Manner of Notice of Omnibus Objections* [Docket No. 558], the Debtors are not required to attach the Claims to this Objection.

## I.

## JURISDICTION

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Local Rule 5011-1(a). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## BACKGROUND

**A.     The Bankruptcy Cases**

On December 5, 2021, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases.

The Debtors operate Watsonville Community Hospital (the "Hospital"), a 106 bed acute care facility located in Watsonville, California. As the only acute care facility in the area, the Hospital provides vital services to its surrounding community, including emergency, cardiac, pediatric, surgical, pharmaceutical, laboratory, radiological, and other critical services. A more detailed

description of the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 17] incorporated herein by reference.[2]

On December 22, 2021, the Office of the United States Trustee for Region 17 (the "UST") appointed the following members to the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code: (i) California Nurses Association; (ii) SEIU United Healthcare Workers – West; (iii) Health Trust Workforce Solutions, LLC; (iv) Firm Revenue Recycling Management Services, Inc.; (v) Heroic Security, LLC; (vi) Teamsters 853; and (vii) MEDHOST Direct, Inc.

**B.  The Sale and Plan Processes**

On February 23, 2022, the Bankruptcy Court entered the Sale Approval Order [Docket No. 347], granting the Debtors' motion to approve the sale (the "Sale") of substantially all of their assets [Docket No. 103] (the "Sale Motion") to the Pajaro Valley Healthcare District Project (the "Buyer") pursuant to that certain *Asset Purchase Agreement* dated December 27, 2021 [Docket No. 347-1] (as may be amended or supplemented, the "Purchase Agreement").  Among other things, upon the closing of the Sale to the Buyer, the Buyer will assume the Debtors' Assumed Non-Cash Employee Liabilities, which includes the PTO Liabilities, the Cash Balance Pension Plan Liability, and the Retiree Flex Benefits, as each such term is defined in Schedule 6.7(b) of the Purchase Agreement.

On May 6, 2022, the Debtors and the Committee (collectively, the "Plan Proponents") filed the *Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 472] (as it may be amended or modified, the "Plan") and accompanying *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 473] (as it may be amended or modified, the "Disclosure Statement").  On June 14, 2022, the Court approved the Disclosure Statement [Docket No. 557] and scheduled a hearing to consider confirmation of the Plan for July 27, 2022.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the Plan, as applicable.

C. **The Proofs of Claim**

Pursuant to the Bar Date Order [Docket No. 171], the deadline for any person or entity, other than governmental units, to assert a claim arising (or deemed to arise) on or before the Petition Date (the "General Bar Date") was April 4, 2022 at 4:00 p.m. Pacific Time.

Each of the Claims were filed by a current or former employee of the Debtors and asserts an entitlement to priority treatment, either in full or in part.

### III.
### ARGUMENT

A. **Legal Standard**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . ."

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof constitutes *prima facie* evidence of the validity and amount of the claim.[3] However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor.[4] Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.[5]

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves,"[6] then "the burden reverts to the claimant to prove

---

[3] 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).

[4] *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).

[5] 11 U.S.C. § 502(b)(1).

[6] *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991).

4

the validity of the claim by a preponderance of the evidence."[7] "[T]he ultimate burden of persuasion is always on the claimant."[8] In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.[9]

**B.    The Objection**

Based upon a review of each of the Claims listed on **Exhibit 1**, their supporting documentation, and the Debtors' books and records, the Debtors have determined that each Claim should be disallowed and expunged because each Claim conflicts with the Debtors' books and records and the Debtors are not liable for such Claim. Specifically, according to the Debtors' books and records, the Claims should be disallowed for the following reasons:

1) Brenda LaGrange: Ms. LaGrange asserts a $76,688.93 claim entitled to priority under section 507(a)(5) of the Bankruptcy Code for "PTO, Legacy sick time, & Cash balance retirement account." According to the Debtors' books and records, upon her resignation and in accordance with the Compensation and Benefits Order [Docket No. 185], Ms. LaGrange's Claim was partially satisfied through the "cash out" of her accrued PTO and legacy sick pay. The remainder of her Claim, related to her retirement account, is not a liability of the Debtors.

2) Diana Weldon: Ms. Weldon asserts a claim entitled, in part, to priority under section 507(a)(4) of the Bankruptcy Code for "accrued vacation time." According to the Debtors' books and records, upon her resignation and in accordance with the Compensation and Benefits Order, Ms. Weldon's Claim was satisfied after her resignation.

3) Gina Gallucci: Ms. Gallucci asserts a $4,992.26 claim entitled to priority under section 507(a) of the Bankruptcy Code for amounts allegedly owing under the Retiree Flex Plan. According to the Debtors' books and records, Ms. Gallucci has no remaining entitlement under the Retiree Flex Plan.

4) Jennifer Jaeger: Ms. Jaeger asserts a claim for "wages" allegedly entitled to priority under section 507(a)(4) of the Bankruptcy Code. According to the Debtors' books and records, Ms. Jaeger, who is a current employee of the Debtors, was paid in accordance with the Compensation and Benefits Order and has continued to be paid in the ordinary course of business. Accordingly, according to the Debtors' books and records, Ms. Jaeger holds no claim against the Debtors.

---

[7] *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).

[8] *Holm*, 931 F.2d at 623.

[9] *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

## IV.

## RESERVATION OF RIGHTS

In the event that any of the Claims is not disallowed on the grounds asserted herein, the Debtors hereby reserve their rights to object to such Claims on any other grounds. Additionally, the Debtors expressly reserve the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Claims or any other claims that may be asserted against the Debtors' Estates.

Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## V.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order:

1. Sustaining the Objection in its entirety;
2. Disallowing and expunging the Claims listed on **Exhibit 1** in their entirety; and
3. Granting such other relief as is just and proper.

Dated: June 21, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Debra I. Grassgreen*
Debra I. Grassgreen

Attorneys for the Debtors and Debtors in Possession

# EXHIBIT 1

| | Filed Claim to be Disallowed | | | | | |
|---|---|---|---|---|---|---|
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically by first name) | **Debtor** | **Classification** | **Amount** | **Basis for Disallowance** |
| 2/8/2022 | 142 | Brenda LaGrange | Watsonville Hospital Corp. | Priority | $76,688.93 | Partially satisfied following Claimant's resignation; remainder for 401(k) balance still available to Claimant |
| 2/3/2022 | 126 | Diana Weldon | Watsonville Hospital Corp. | Priority/ Unsecured | $5,663.48[10] | Claim was satisfied on February 28, 2022 after Claimant's resignation. |
| 12/23/2021 | 10 | Gina Gallucci | Watsonville Hospital Corp. | Priority | $4,992.26 | Claimant has no remaining entitlement to Flex Plan. |
| 2/2/2022 | 115 | Jennifer Jaeger | Watsonville Hospital Corp. | Priority | $2,971.48 | Claimant is a current Employee of the Debtors; not owed any amounts by the Debtors. |

---

[10] Ms. Weldon asserted a total claim of $5,663.48, of which she asserted $2,691.97 to be entitled to priority under section 507(a)(4) of the Bankruptcy Code.

DOCS_DE:239467.1 92381/002

1

Case: 21-51477    Doc# 575    Filed: 06/21/22    Entered: 06/21/22 15:24:30    Page 7 of 7