Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone:     415.263.7000
Facsimile:     415.263.7010
E-mail:        dgrassgreen@pszjlaw.com
               mlitvak@pszjlaw.com
               sgolden@pszjlaw.com

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br>(Jointly Administered)<br><br>**DECLARATION OF JEREMY ROSENTHAL IN SUPPORT OF THE DEBTORS' FIRST, SECOND, AND THIRD OMNIBUS OBJECTIONS TO CLAIMS** |

I, Jeremy Rosenthal, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Chief Restructuring Officer (the "CRO") of Watsonville Hospital Corporation ("WHC") and its debtor affiliates in the above-captioned chapter 11 cases (together with WHC, the "Debtors"). I submit this declaration (this "Declaration") in support of the following (collectively, the "Omnibus Objections" and each, an "Omnibus Objection"), filed contemporaneously herewith: (a) *Debtors' First Omnibus Objection to Claims (Duplicate and Contingent Employee and Retiree Claims)* (the "First Omnibus Objection"); (b) *Debtors' Second Omnibus Objection to Claims (Misclassified Claims)* (the "Second Omnibus Objection"); and (c) *Debtors' Third Omnibus Objection to Claims (No Liability Claims)* (the "Third Omnibus Objection"). Capitalized terms used but not

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

otherwise defined herein shall have the meanings ascribed to them in the applicable Omnibus Objection.

2. Except where specifically noted, the statements in this Declaration are based on my personal knowledge or opinion and/or on information that I have obtained from the Debtors' books and records, the Debtors' employees, the Debtors' advisors and their employees and consultants, and from other members of my team working under my supervision or direction.

3. I am over the age of 18 years and authorized to submit this Declaration on behalf of the Debtors. If I were called upon to testify, I could and would competently testify to the facts and opinions set forth herein.

4. In furtherance of the efficient and effective administration of the *First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan"), the Debtors have devoted time and resources to reconcile all Proofs of Claim filed in the Bankruptcy Cases that assert an entitlement to secured, administrative, and/or priority treatment.

**First Omnibus Objection**

5. I have reviewed the First Omnibus Objection and each of the filed Claims listed on Exhibit 1 to the First Omnibus Objection and have determined that each such Claim is on account of accrued but unused PTO Liabilities or Retiree Flex Benefits that have been asserted by a Claimant represented by one of the Debtors' labor unions. I have determined that each Claim on Exhibit 1 to the First Omnibus Objection should be disallowed because, to the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, each Claim is subsumed within, and therefore duplicative of, one of the Union Claims. Moreover, (a) each Claim on Exhibit 1 to the First Omnibus Objection is contingent and will be assumed by the Buyer on the Closing Date of the Sale and (b) certain of the Claims assert an entitlement to priority treatment but, if allowed, would have to be partially reduced to a general unsecured claim to comply with the statutory cap of section 507(a)(4) of the Bankruptcy Code. Thus, I believe that each Claim on Exhibit 1 to the First Omnibus Objection should be disallowed.

**Second Omnibus Objection**

6. I have reviewed the Second Omnibus Objection and each of the filed Claims listed on Exhibit 1 to the Second Omnibus Objection, which are either Employee Claims, Patient Claims, or Physician Claims, and have determined that each such Claim should be reclassified as a general unsecured claim. I have determined that each Employee Claim listed on Exhibit 1 to the Second Omnibus Objection should be reclassified as a general unsecured claim because, to the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, with respect to such Employee Claim, (a) the Claimant has already been paid up to the priority cap of section 507(a)(4) of the Bankruptcy Code in accordance with the Compensation and Benefits Order; (b) the Claimant does not assert any basis for treatment of their Employee Claim as a priority claim; (c) the Claimant asserts a priority claim well in excess of the priority cap of section 507(a)(4) of the Bankruptcy Code; (d) the Debtors' books and records indicate that the Claimant was compensated in accordance with the Compensation and Benefits Order and continues to be compensated as an employee of the Debtors; and/or (e) the Employee Claim arose prior to the 180-day period before the Petition Date set forth in section 507(a)(4) of the Bankruptcy Code. Thus, I believe that each Employee Claim on Exhibit 1 to the Second Omnibus Objection should be reclassified as a general unsecured claim, subject to all parties' rights to further object to each Employee Claim on any basis.

7. Further, I have determined that each Patient Claim listed on Exhibit 1 to the Second Omnibus Objection should be reclassified as a general unsecured claim because, to the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, with respect to such Patient Claim, (a) the Claimant has not provided any basis for treatment of the Patient Claim as either a priority, secured, or administrative and priority claim and (b) according to the Debtors' books and records, there is no basis on which any Patient Claim is entitled to treatment as either a priority, secured, or administrative claim. Thus, I believe that each Patient Claim on Exhibit 1 to the Second Omnibus Objection should be reclassified as a general unsecured claim, subject to all parties' rights to further object to each Patient Claim on any basis.

8. Finally, I have determined that the Physician Claims listed on Exhibit 1 to the Second Omnibus Objection should be reclassified as general unsecured claims because, to the best of my

knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, neither Claimant is an employee of the Debtors entitled to priority treatment of their Physician Claim under section 507(a)(4)(A) of the Bankruptcy Code or an independent sales contractor entitled to priority treatment of their Physician Claim under section 507(a)(4)(B) of the Bankruptcy Code.

**Third Omnibus Objection**

9. I have reviewed the Third Omnibus Objection and each of the filed Claims listed on Exhibit 1 to the Third Omnibus Objection, each of which was filed by a current or former employee of the Debtors, and have determined that each such Claim should be disallowed and expunged in its entirety. I have determined that each Claim listed on Exhibit 1 to the Third Omnibus Objection should be disallowed and expunged because, to the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Debtors have no liability with respect to such Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 21st day of June, 2022 in Los Angeles, California.

*/s/ Jeremy Rosentha;*
Jeremy Rosenthal