# Exhibit 1

*Confirmation Order Blackline*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

*Attorneys for Debtors and Debtors in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

In re:

WATSONVILLE HOSPITAL CORPORATION, *et al.*,

Debtors.[1]

Case No. 21-51477

Chapter 11
(Jointly Administered)

**ORDER CONFIRMING MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**Re: Docket No. 616**

Judge: Hon. M. Elaine Hammond

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") having:

a. commenced, on December 5, 2021 (the "Petition Date"), these jointly-administered Chapter 11 Cases by each filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 2 of 30

b. filed,[2] on the Petition Date, the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer, in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 17] detailing the facts and circumstances of these Chapter 11 Cases;[3]

c. filed, jointly with the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents"), on May 6, 2022, the *Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 472];

d. filed, jointly with the Committee, on May 6, 2022, the *Disclosure Statement for Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 473];

e. filed, jointly with the Committee, on May 6, 2022, the *Joint Motion for an Order (I) Approving Disclosure Statement; (II) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (III) Scheduling Hearing on Confirmation of Plan; and (IV) Approving Related Matters* [Docket No. 474] (the "Solicitation Procedures Motion");

f. filed, jointly with the Committee, on June 8, 2022, the *First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 543];

g. filed, jointly with the Committee, on June 8, 2022, the *Disclosure Statement for First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 544] (the "Disclosure Statement");

h. following entry of an order approving the Solicitation Procedures Motion [Docket No. 557] (the "Solicitation Procedures Order"), which contained the date and time set for the hearing (the "Confirmation Hearing") to consider confirmation of the Plan ("Confirmation") and the deadline for filing objections to the Plan, commenced a solicitation of votes to accept or reject the Plan, and distributed therewith (i) the Disclosure Statement and (ii) ballots for voting on the Plan to Holders of Claims entitled to vote on the Plan, in accordance with the terms of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bankruptcy Local Rules for the Northern District of California (the "Bankruptcy Local Rules");

---

[2] Unless otherwise indicated, use of the term "filed" herein refers also to the service of the applicable document filed on the docket in these Chapter 11 Cases, as applicable.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan. The Plan is attached hereto as **Exhibit A**.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

i. following entry of the Solicitation Procedures Order, served such other materials on such parties as the Solicitation Procedures Order required;

j. filed, on July 8, 2022, the *Plan Supplement* [Docket No. 602] (as further modified, amended, or supplemented from time to time, the "Plan Supplement" and which, for all purposes is included in the definition of the Plan);

k. filed, jointly with the Committee, on July 18, 2022, the *Modified First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 616] (together with all exhibits thereto, as may be amended, modified, or supplemented, the "Plan");

l. filed, on July 18, 2022, the *Tabulation Declaration in Connection with Confirmation of Modified First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 618], which detailed the results of the voting process on the Plan (the "Voting Declaration");

m. filed, on July 18, 2022, the *Plan Proponents' Memorandum of Law in Support of Order Confirming the First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 623] (the "Confirmation Brief"), along with the *Declaration of Jeremy Rosenthal in Support of Confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 619] (the "Rosenthal Declaration"); and

n. filed, on July 19, 2022, the *Declaration of Cecilia Montalvo in Support of Confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 624] (the "Montalvo Declaration"); and

o. operated their business and managed their property during these Chapter 11 Cases as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Court having:

a. entered, on June 14, 2022, the Solicitation Procedures Order, which also approved the adequacy of the Disclosure Statement;

b. set July 27, 2022, at 10:00 a.m. (Pacific Time), as the date and time for the Confirmation Hearing, pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code, as set forth in the Solicitation Procedures Order;

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 4 of 30

c. reviewed the Plan, the Disclosure Statement, the Confirmation Brief, the Voting Declaration, the Confirmation Hearing Notice, the Rosenthal Declaration, the Montalvo Declaration, and all filed pleadings, exhibits, statements, responses, and comments regarding Confirmation, including all objections, statements, and reservations of rights;

d. held the Confirmation Hearing on July 27, 2022;

e. heard the statements, arguments, and objections made by counsel in respect of Confirmation;

f. considered all oral representations, testimony, documents, filings, and other evidence regarding Confirmation;

g. addressed any objections to the Plan and to Confirmation and all statements and reservations of rights not consensually resolved or withdrawn; and

h. taken judicial notice of all papers and pleadings filed in these Chapter 11 Cases and all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of these Chapter 11 Cases.

NOW, THEREFORE, it appearing to the Court that notice of the Confirmation Hearing having been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation and other evidence presented at the Confirmation Hearing having established just cause for the relief granted herein; and the Court having considered any and all objections to the Plan and its Confirmation and all such objections being consensually resolved or withdrawn, or otherwise addressed as set forth herein and on the record at the Confirmation Hearing; and after due deliberation thereon and good cause appearing therefor, the Court makes and issues the following findings of fact and conclusions of law, and orders:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

IT IS DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

**A. Findings and Conclusions.**

1. The findings and conclusions set forth herein, in the recitals, and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.

To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

**B. Jurisdiction, Venue, and Core Proceeding.**

2. The Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to section 1334 of title 28 of the United States Code. The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding within the meaning of section 157(b)(2) of title 28 of the United States Code.

**C. Eligibility for Relief.**

3. The Debtors were and are entities eligible for relief under section 109 of the Bankruptcy Code.

**D. Commencement and Administration of the Debtors' Chapter 11 Cases.**

4. On the Petition Date, the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code. The cases have been jointly administered pursuant to order entered on December 6, 2021 [Docket No. 24]. Since the Petition Date, the Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these Chapter 11 Cases.

5. On December 22, 2021, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 97].

**E. Judicial Notice.**

6. The Court takes judicial notice of (and deems admitted into evidence for Confirmation) the docket of the Chapter 11 Cases maintained by the clerk of the Court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 6 of 30

**F. Burden of Proof – Confirmation of the Plan.**

7. The Debtors and the Committee, as co-proponents of the Plan, have met their burden of proving the applicable elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation. In addition, and to the extent applicable, the Plan is confirmable under the clear and convincing evidentiary standard.

**G. Notice.**

8. Due, adequate, and sufficient notice of the Plan and the Confirmation Hearing, together with all deadlines for voting to accept or reject the Plan as well as objecting to the Plan and all other materials distributed by the Plan Proponents in connection with the Confirmation in compliance with the Bankruptcy Rules, has been provided to all necessary parties. *See* Docket Nos. 564, 594, and 604. Such notice was adequate and sufficient under the facts and circumstances of these Chapter 11 Cases pursuant to section 1128 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3020, and other applicable law and rules, and no other or further notice is or shall be required.

**H. Ballots.**

9. The only classes of Claims entitled to vote to accept or reject the Plan are Class 3 (Other MPT Obligations) and Class 4 (General Unsecured Claims) (collectively, the "Voting Classes").

10. As approved by the Solicitation Procedures Order, the ballots that the Plan Proponents used to solicit votes to accept or reject the Plan from Holders of Claims in the Voting Classes adequately addressed the particular needs of these Chapter 11 Cases and were appropriate for Holders of Claims in the Voting Classes to vote to accept or reject the Plan.

**I. Solicitation.**

11. As described in the Voting Declaration, the solicitation of votes on the Plan complied with the solicitation procedures set forth in the Solicitation Procedures Order (the "Solicitation Procedures"), was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable rules, laws, and regulations, including any

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 7 of 30

applicable registration requirements and exemptions from the registration requirements under the Securities Act, and any exemptions from registration under "Blue Sky" requirements.

12. Following entry of the Solicitation Procedures Order, the Plan (in the form at docket no. 543), the Disclosure Statement, the Confirmation Hearing Notice, and the ballots (collectively with such other materials identified in the Solicitation Procedures Motion, the "Solicitation Packages") were transmitted and served, including to all Holders of Claims in the Voting Classes, in compliance with the Bankruptcy Code, including sections 1125 and 1126 thereof; the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018; the Bankruptcy Local Rules, including Bankruptcy Local Rule 3017-1; the Solicitation Procedures Order; and any applicable nonbankruptcy law. Transmission and service of the Solicitation Packages and the Confirmation Hearing Notice were timely, adequate, and sufficient under the facts and circumstances of these Chapter 11 Cases. No further notice is required.

13. As set forth in the Voting Declaration, the Solicitation Packages were distributed to Holders of Claims in the Voting Classes that held a Claim as of the Voting Record Date of June 14, 2022.

14. As approved by the Solicitation Procedures Order, the period during which the Plan Proponents solicited acceptances or rejections to the Plan was a reasonable and sufficient period of time for Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan.

15. Under section 1126(f) of the Bankruptcy Code, Holders of Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims), are Unimpaired and conclusively presumed to have accepted the Plan.

16. Pursuant to Bankruptcy Rule 3017(d), the Plan Proponents are not required to transmit a Solicitation Package to the non-voting Classes. Holders of Claims in Class 5 (Intercompany Claims) and Class 6 (Equity Interests in the Debtors) are deemed to reject the Plan.

**J. Voting.**

17. As evidenced by the Voting Declaration and approved by the Solicitation Procedures Order, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in

compliance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Disclosure Statement, and any applicable nonbankruptcy law, rule, or regulation.

**K. Plan Supplement.**

18. On July 8, 2022, the Debtors filed the Plan Supplement with the Court. The Plan Supplement complies with the Bankruptcy Code and the terms of the Plan, and the filing and notice of such documents was good and proper in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, and no other or further notice is required. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. Subject to the terms of the Plan and the Bankruptcy Code, and only consistent therewith, the Plan Proponents reserve the right to alter, amend, update, or modify the documents included in the Plan Supplement before the Effective Date, provided that no such alteration, amendment, update, or modification of such documents has a materially adverse effect on any of the Debtors' creditors or interest holders, except as to any such creditor or interest holder who affirmatively agrees to the same or except as approved by the Court. All creditors and parties in interest were provided due, adequate, and sufficient notice of the Plan Supplement. No other or further notice is or will be required with respect to the Plan Supplement.

**L. Compliance with Bankruptcy Rule 3016.**

19. In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors and the Committee as co-proponents of the Plan. The Plan Proponents appropriately filed the Disclosure Statement and the Plan with this Court, thereby satisfying Bankruptcy Rule 3016(b). The injunction provisions of the Plan are set forth in bold and with specific and conspicuous language, thereby complying with Bankruptcy Rule 3016(c).

**M. Objections Overruled.**

20. Any resolution or disposition of objections to Confirmation explained or otherwise ruled upon by the Court on the record at the Confirmation Hearing is hereby incorporated by reference. Any resolutions of objections to Confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference. All remaining unresolved objections, statements, informal

objections, and reservations of rights, if any, related to the Plan, are overruled on the merits, with prejudice.

**N. Compliance with Bankruptcy Code Requirements—Section 1129(a)(1).**

21. The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code.

**a. Proper Classification—Sections 1122 and 1123.**

22. The Plan satisfies the requirements of sections 1122(a) and 1123(a)(1) of the Bankruptcy Code. Article III of the Plan provides for the separate classification of Claims and Equity Interests into six (6) Classes. Valid business, factual, and legal reasons exist for the separate classification of such Classes of Claims and Equity Interests. The classifications reflect no improper purpose and do not unfairly discriminate between, or among, Holders of Claims or Equity Interests. Each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class.

**b. Specified Unimpaired Classes—Section 1123(a)(2).**

23. The Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code. Article III of the Plan specifies that Claims and Equity Interests, as applicable, in the following Classes (the "Unimpaired Classes") are Unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code:

| Class | Designation |
|---|---|
| 1 | Other Priority Claims |
| 2 | Other Secured Claims |

24. Additionally, Article II of the Plan specifies that Allowed Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims, and DIP Obligations will be satisfied in accordance with the terms of the Plan (unless otherwise agreed by the Debtors and the relevant Holder(s) in accordance with the terms of the Plan), although these Claims are not classified under the Plan. The DIP Obligations of the DIP Lender and any and all Liens and security interests of the DIP Lender shall automatically be deemed satisfied and released upon the Effective Date in accordance with the terms of the DIP Order and Sale Approval Order, including, for the avoidance of doubt, upon

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 10 of 30

(i) receipt of the Direct MPT Payment and (ii) payment of the MPT Excess Sale Proceeds (if any) and the MPT Post-Closing Excess Cash (if any) consistent with the terms of this Plan; *provided, however*, that the DIP Lender shall be entitled to retain and apply as it determines any Cash security or other deposit held by the MPT Parties on account of the MPT Prepetition Obligations.

**c. Specified Treatment of Impaired Classes—Section 1123(a)(3).**

25. The Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code. Article III of the Plan specifies that Claims and Equity Interests, as applicable, in the following four Classes (the "Impaired Classes") are Impaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, and describes the treatment of such Classes:

| Class | Designation |
|---|---|
| 3 | Other MPT Obligations |
| 4 | General Unsecured Claims |
| 5 | Intercompany Claims |
| 6 | Equity Interests in the Debtors |

**d. No Discrimination—Section 1123(a)(4).**

26. The Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code. The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest.

**e. Adequate Means for Plan Implementation—Section 1123(a)(5).**

27. The Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code. The provisions in Article V and elsewhere in the Plan, and in the exhibits and attachments to the Plan and the Disclosure Statement, provide, in detail, adequate and proper means for the Plan's implementation, including the creation of a Liquidation Trust to liquidate or otherwise dispose of the remaining assets of the Estates, to the extent such assets were not previously monetized to Cash or otherwise transferred by the Debtors prior to the Effective Date.

**f. Voting Power of Equity Securities—Section 1123(a)(6).**

28. The Plan satisfies the requirements of section 1123(a)(6) of the Bankruptcy Code, as no party is authorized to issue nonvoting equity securities under the Plan and Article V.D of the Plan

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

provides that each of the Debtors' operating agreements or articles of incorporation, as applicable, shall be deemed to include a provision prohibiting the issuance of nonvoting equity securities and such other provisions as may be required pursuant to section 1123(a)(6) of the Bankruptcy Code.

**g. Directors and Officers—Section 1123(a)(7).**

29. The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code. In accordance with Article V.G and V.I of the Plan, the identities of the Liquidation Trustee and members of the Liquidation Trust Oversight Committee have been disclosed as part of the Plan Supplement. The selection of the foregoing parties is consistent with the interests of Holders of Claims and Equity Interests and public policy. From and after the Effective Date, the Liquidation Trustee shall be deemed the sole manager, director, officer, and representative of the Debtors to exercise the rights, power, and authority of the Debtors under applicable provisions of this Plan and bankruptcy and non-bankruptcy law.

**h. Impairment/Unimpairment of Classes—Section 1123(b)(1).**

30. The Plan is consistent with section 1123(b)(1) of the Bankruptcy Code. Article III of the Plan impairs or leaves Unimpaired each Class of Claims and Equity Interests.

**i. Assumption and Rejection—Section 1123(b)(2).**

31. The Plan is consistent with section 1123(b)(2) of the Bankruptcy Code. Article VI of the Plan provides for the rejection, effective as of the Effective Date, of the Debtors' Executory Contracts and Unexpired Leases except for those that (1) have previously expired or terminated pursuant to their own terms or by agreement of the parties thereto, (2) have been assumed by order of the Bankruptcy Court, (3) are Transferred Contracts under the Purchase Agreement; (4) are the subject of a motion to assume or motion to reject pending on the Effective Date; (5) are identified on a schedule of assumed contracts in the Plan Supplement; or (6) are explicitly assumed pursuant to the terms of this Plan.

**j. Compromise, Settlement, Release, Exculpation and Injunction—Section 1123(b)(3).**

32. The Plan is consistent with section 1123(b)(3) of the Bankruptcy Code. Pursuant to section 1123 of the Bankruptcy Code, and in consideration for the classification, distributions,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 12 of 30

releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan will constitute a good-faith compromise and settlement of all Claims and Equity Interests and controversies resolved pursuant to the Plan. The compromise and settlement of such Claims and Equity Interests embodied in the Plan and unimpairment of other Classes identified in the Plan are in the best interests of the Debtors, the Estates, and all Holders of Claims and Equity Interests, and are fair, equitable, and reasonable.

33. Article X of the Plan describes certain releases granted by the Debtors (the "Debtor Releases"). The Confirmation Hearing Notice sent to Holders of Claims and Equity Interests, and the Non-Voting Class Notice, unambiguously and prominently stated that the Plan contains the Debtor Releases and provided therein a copy of the Debtor Releases excerpted from the Plan. The Plan Proponents have satisfied the applicable standard with respect to the propriety of the Debtor Releases. Such releases are a necessary and integral element of the Plan, and are fair, reasonable, and in the best interests of the Debtors, the Estates, and Holders of Claims and Equity Interests. Also, the Debtor Releases are: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the Claims released by the Debtors under the Plan; and (c) given, and made, after due notice and opportunity for hearing. Creditors have voted in favor of the Plan, including the Debtor Releases. The Plan, including the Debtor Releases, was negotiated by sophisticated parties represented by able counsel and financial advisors. The Debtor Releases are therefore the result of an arm's-length negotiation process.

34. Further, all parties in interest were provided notice of the chapter 11 proceedings, the Plan, and the deadline to object to confirmation of the Plan. Additionally, the release provisions of the Plan were conspicuous, emphasized with boldface type in the Plan, the Disclosure Statement, the ballots, and the applicable notices.

35. The exculpation, described in Article XI.B of the Plan (the "Exculpation"), is appropriate under applicable law because the Exculpated Parties are limited to fiduciaries of the estate, the provision was proposed in good faith, is appropriately limited in scope, and includes a carve-out for actual fraud, gross negligence, and willful misconduct. The limitation of liability (the "Limitation of Liability"), described in Article X.C of the Plan and Section 4.1 of the Liquidation Trust Agreement,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

is also appropriate under applicable law because it is essential to protect the parties that will effectuate the Plan and administer and oversee the Liquidation Trust, was proposed in good faith, is appropriately limited in scope, and includes a carve-out for gross negligence, willful misconduct, or fraud.

36. The injunction provision set forth in Article XI.C of the Plan is necessary to implement, preserve, and enforce the provisions of the Plan, the Debtor Releases, the Exculpation, and the Limitation of Liability, and is narrowly tailored to achieve this purpose. The Exculpated Parties subject to the Exculpation have, and, upon entry of this Confirmation Order will be deemed to have, participated in good faith and in compliance with all applicable laws with regard to the distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation or such distributions made pursuant to the Plan.

37. Except as otherwise provided herein, as of the Effective Date, all releases, waivers, discharges, exculpations, and injunctions set forth in the Plan and/or this Confirmation Order shall be effective and binding on all persons. The Plan and this Confirmation Order shall have *res judicata*, collateral estoppel, and estoppel (judicial, equitable, or otherwise) effect with respect to all matters provided for in, or resolved pursuant to, the Plan and/or this Confirmation Order, including the release, injunction, exculpation, and limitation of liability provisions contained in the Plan and/or this Confirmation Order.

**k. Additional Plan Provisions—Section 1123(b)(6).**

38. The other discretionary provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of the Bankruptcy Code.

**O. <u>Plan Proponents' Compliance with the Bankruptcy Code—Section 1129(a)(2).</u>**

39. The Plan Proponents and their agents have complied in good faith with the applicable provisions of the Bankruptcy Code and, thus, satisfied the requirements of section 1129(a)(2) of the Bankruptcy Code. Specifically:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 14 of 30

a. the Debtors are each an eligible debtor under section 109, and a proper proponent of the Plan under section 1121(a), of the Bankruptcy Code;

b. the Plan Proponents have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

c. the Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, the Bankruptcy Rules, the Bankruptcy Local Rules, any applicable nonbankruptcy law, rule, and regulation, the Solicitation Procedures Order, and all other applicable law, in transmitting the Solicitation Packages, and related documents and notices, and in soliciting and tabulating the votes on the Plan.

**P. Plan Proposed in Good Faith—Section 1129(a)(3).**

40. The Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code. The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law. In so determining, the Court has examined the totality of the circumstances surrounding the filing of these Chapter 11 Cases, the Plan, the process leading to Confirmation, including the support of the Voting Classes for the Plan, and the transactions to be implemented pursuant thereto. These Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate purpose of allowing the Debtors to implement an orderly liquidation.

**Q. Payment for Services or Costs and Expenses—Section 1129(a)(4).**

41. The procedures set forth in the Plan for the Court's review and ultimate approval of the Professional Fee Claims to be paid by the Debtors or the Liquidation Trust, as the case may be, in connection with the Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, in either case, incurred in connection with the Chapter 11 Cases through the Effective Date, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

**R. Directors, Officers, and Insiders—Section 1129(a)(5).**

42. The Plan Proponents have satisfied the requirements of section 1129(a)(5) of the Bankruptcy Code. As set forth above, from and after the Effective Date, the Liquidation Trustee shall be deemed the sole manager, director, officer, and representative of the Debtors to exercise the rights,

Pachulski Stang Ziehl & Jones LLP
Attorneys At Law
San Francisco, California

power, and authority of the Debtors under applicable provisions of this Plan and bankruptcy and non-bankruptcy law. The selection of the foregoing parties is consistent with the interests of Holders of Claims and Equity Interests and public policy.

**S. <u>No Rate Changes—Section 1129(a)(6).</u>**

43. Section 1129(a)(6) of the Bankruptcy Code is not applicable to these Chapter 11 Cases. The Plan proposes no rate change subject to the jurisdiction of any governmental regulatory commission.

**T. <u>Best Interest of Creditors—Section 1129(a)(7).</u>**

44. The Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis attached to the Disclosure Statement and the other evidence related thereto in support of the Plan that was proffered or adduced at, prior to, or in connection with the Confirmation Hearing: (a) are reasonable, persuasive, and credible as of the dates such analysis or evidence was prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that each Holder of an Allowed Claim or Equity Interest in each Class will recover at least as much under the Plan on account of such Claim or Equity Interest, as of the Effective Date, as such holder would receive if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.

**U. <u>Acceptance by Certain Classes—Section 1129(a)(8).</u>**

45. Classes 1 and 2 constitute Unimpaired Classes, each of which is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. The Voting Classes have voted to accept the Plan. Classes 5 and 6 are not receiving or retaining any property under the Plan on account of their Claims (in the case of Class 5) and Interests (in the case of Class 6) under the Plan and are deemed not to have accepted the Plan in accordance with section 1126(g) of the Bankruptcy Code. Notwithstanding the deemed rejection of the Plan by Classes 5 and 6, the Plain is confirmable as a result of its satisfaction of sections 1129(a)(10) and 1129(b) of the Bankruptcy Code.

## V. Treatment of Claims Entitled to Priority Under Section 507(a) of the Bankruptcy Code—Section 1129(a)(9).

46. The treatment of Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims and DIP Obligations, under Article II of the Plan, and of Other Priority Claims under Article III of the Plan, satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

## W. Acceptance by at Least One Impaired Class—Section 1129(a)(10).

47. The Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code. As evidenced by the Voting Declaration, the Voting Classes, which are impaired, voted to accept the Plan by the requisite numbers and amounts, determined without including any acceptance of the Plan by any insider (as that term is defined in section 101(31) of the Bankruptcy Code), specified under the Bankruptcy Code.

## X. Feasibility—Section 1129(a)(11).

48. The Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code. The financial projections attached to the Disclosure Statement and the other evidence supporting Confirmation of the Plan proffered or adduced by the Plan Proponents at, or prior to, or filed in connection with, the Confirmation Hearing: (a) are reasonable, persuasive, and credible as of the dates such analysis or evidence was prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; (d) establish that the Plan is feasible and Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors or any successor to the Debtors under the Plan, except as provided in the Plan; and (e) establish that the Debtors will have sufficient funds available to meet their obligations under the Plan.

## Y. Payment of Fees—Section 1129(a)(12).

49. The Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code. Article XIV.C. of the Plan provides for the payment of all fees payable by the Debtors under 28 U.S.C. § 1930(a).

**Z. Continuation of Retiree Benefits—Section 1129(a)(13)**

50. Section 1129(a)(13) of the Bankruptcy Code requires a plan to provide for retiree benefits (as defined in section 1114 of the Bankruptcy Code) at levels established pursuant to section 1114 of the Bankruptcy Code. The Purchase Agreement provides that the Buyer will have, as of the Closing of the Asset Sale, assumed all Seller Employee Benefit Plans (as defined in the Purchase Agreement) and, accordingly, as of the Effective Date, the Debtors will not offer any retiree benefits. The Plan therefore satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

**AA. Non-Applicability of Certain Sections—Sections 1129(a)(14), (15), and (16).**

51. Sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases. The Debtors owe no domestic support obligations, are not individuals, and are not nonprofit corporations.

**BB. "Cram Down" Requirements Satisfied—Section 1129(b).**

52. The requirements of section 1129(b) of the Bankruptcy Code have been satisfied with respect to Classes 5 and 6 because the Plan does not discriminate unfairly, and is fair and equitable, with respect to those classes. The Plan follows the "absolute priority" rule with respect to Classes 5 and 6 because no class junior to those classes will receive any distribution under the Plan on account of junior claims or interests, and Classes 5 and 6 are fairly excluded from the other Classes under the Plan based on their legal character and the circumstances of these Chapter 11 Cases.

**CC. Only One Plan—Section 1129(c).**

53. The Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code. The Plan is the only current chapter 11 plan filed in the Debtors' Chapter 11 Cases.

**DD. Principal Purpose of the Plan—Section 1129(d).**

54. The Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code. As evidenced by its terms, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.

**EE. Not Small Business Case—Section 1129(e).**

55. Section 1129(e) of the Bankruptcy Code does not apply to these Chapter 11 Cases as these are not small business cases.



Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 18 of 30

**FF. Good Faith Solicitation—Section 1125(e).**

56. The Plan Proponents have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to support and consummation of the Plan, and solicitation of acceptances of the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

**GG. Satisfaction of Confirmation Requirements.**

57. Based on the foregoing and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code. Upon Confirmation and the occurrence of the Effective Date, the Plan shall be binding upon all holders of Claims and Equity Interests, including holders of Claims and Equity Interests that voted to reject the Plan.

**HH. Likelihood of Satisfaction of Conditions Precedent to the Effective Date.**

58. Each of the conditions precedent to the Effective Date, as set forth in Article IX.A of the Plan, has been or is reasonably likely to be satisfied or waived in accordance with Article IX.B of the Plan. The Plan shall not become effective unless and until the conditions set forth in Article IX.A of the Plan have been satisfied or waived in accordance with the terms thereof.

**II. Implementation.**

59. All Plan Documents necessary to implement the Plan and all other relevant and necessary documents have been negotiated in good faith and at arm's length, are in the best interest of the Debtors and the Estates, and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements. The Plan Proponents are authorized to take any action reasonably necessary or appropriate, and consistent with the Plan and this Confirmation Order, to consummate such agreements and the transactions contemplated thereby.

**JJ. Disclosure of Facts.**

60. The Plan Proponents have disclosed all material facts regarding the Plan, including with respect to consummation of the Plan Documents.

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 19 of 30

**KK. Good Faith.**

61. The Plan Proponents, and to the extent applicable, the Liquidation Trustee, have been and will be acting in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by this Confirmation Order to liquidate the Debtors' assets and effectuate the Plan Documents.

## ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:**

62. **Findings of Fact and Conclusions of Law**. The findings of fact and the conclusions of law set forth in this Confirmation Order constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to Confirmation are hereby incorporated into this Confirmation Order. To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such. To the extent any finding of fact or conclusion of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of this Court, it is adopted as such.

63. **Confirmation of the Plan**. Except as set specifically forth in this Confirmation Order, the Plan is approved in its entirety and CONFIRMED under section 1129 of the Bankruptcy Code. The terms of the Plan, including the Plan Supplement, are incorporated by reference into and are an integral part of this Confirmation Order.

64. **Deemed Acceptance of Plan**. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims or Equity Interests who voted to accept the Plan (or who are conclusively presumed to accept the Plan) are deemed to have accepted the Plan. No holder of a Claim or Equity Interest shall be permitted to change its vote on the Plan.

65. **Binding Effect**. Pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly

provided in the Plan or this Confirmation Order, the terms of the Plan, the Plan Documents, and this Confirmation Order are immediately effective and enforceable and deemed binding on the Debtors, the Liquidation Trust, and any and all parties in interest, Holders of Claims or Equity Interests (regardless of whether such Holders of Claims or Equity Interests have, or are deemed to have, accepted the Plan), all Persons and Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Person or Entity acquiring property under the Plan, any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors, any Person or Entity making an appearance in the Chapter 11 Cases or any other Person in the Chapter 11 Cases; and the successors and assigns of all of the above listed entities.

66. **Vesting of Assets in the Liquidation Trust**. Except as otherwise provided in the Plan, in any agreement, instrument, or other document incorporated in, or entered into, in connection with, or pursuant to the Plan or the Confirmation Order, on or after the Effective Date, all property and Assets of the Estates (including, without limitation, Distributable Assets and Causes of Action) and any property and Assets acquired by the Debtors pursuant to the Plan shall vest in the Liquidation Trust, free and clear of all Liens, Claims, charges, or other encumbrances.

67. **Preservation of Causes of Action**. Unless a Retained Cause of Action (including the right to any Claim asserted against the Estates) against a Person or Entity is, in writing, expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or by a Final Order, all rights of the Estates from and after the Effective Date with respect to the Retained Causes of Action are expressly preserved for the benefit of, assigned to, and fully vested in the Liquidation Trust. Unless expressly stated otherwise in this Confirmation Order, nothing in this Confirmation Order shall modify or otherwise affect any provision of the Plan concerning Retained Causes of Action. In accordance with section 1123(b)(3) of the Bankruptcy Code, the Liquidation Trustee shall be the representative of the Estates, and shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Retained Causes of Action, whether arising before or after the Petition Date, as set forth in the Plan and consistent with the terms thereof.

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 21 of 30

68. **Effectiveness of All Actions**. All actions contemplated by the Plan, including all actions in connection with the Plan Documents, are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to, or order of the Court, or further action by the respective directors, officers, or equity security holders of the Debtors and with the effect that such actions had been taken by unanimous action of such parties.

69. **Transactions.** This Confirmation Order shall and shall be deemed to, pursuant to sections 363 and 1123 of the Bankruptcy Code, authorize, among other things, all actions as may be necessary or appropriate, and consistent with the Plan, to effectuate any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan.

70. **Liquidation Trust**. On the Effective Date, the Liquidation Trust shall be established pursuant to the Liquidation Trust Agreement for the purpose of maximizing the value of the Liquidation Trust Assets, which shall initially consist of the Distributable Assets, and effectuating distributions to creditors consistent with the Plan. The Liquidation Trust will be managed and administered by the Liquidation Trustee, subject to the supervision of the Liquidation Trust Oversight Committee, in a manner consistent with the Plan, without need for any other notice to or any vote, consent, authorization, approval, ratification or other action by any Entity or any director, stockholder, securityholder, manager, member, or partner (or board thereof) of any Entity.

71. **Liquidation Trust Agreement**. The Debtors are authorized to enter into and effectuate the Liquidation Trust Agreement, which shall not be inconsistent with this Confirmation Order or the Plan, including the entry into and consummation of the transactions contemplated thereby. Any transfers of assets affected or any obligations incurred through the Liquidation Trust Agreement are hereby approved and shall not constitute fraudulent conveyances or fraudulent transfers or otherwise be subject to avoidance.

72. **Compromise of Controversies.** In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims, Equity Interests, and controversies resolved under the Plan and the entry of this Confirmation Order constitutes approval of such compromise and settlement.

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 22 of 30

73. **Assumption or Rejection of Contracts and Leases**. On the Effective Date, each Executory Contract and Unexpired Lease shall be deemed rejected, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, under section 365 of the Bankruptcy Code, except for those Executory Contracts and Unexpired Leases that (a) have previously expired or terminated pursuant to their own terms or by agreement of the parties thereto; (b) have been assumed by order of the Bankruptcy Court; (c) are Transferred Contracts under the Purchase Agreement;[4] (d) are the subject of a motion to assume or motion to reject pending on the Effective Date; (e) are identified on a schedule of assumed contracts in the Plan Supplement; or (f) are explicitly assumed pursuant to the terms of this Plan. For the avoidance of doubt, entry of this Confirmation Order shall have no impact on any Limited Contract Objection (as defined in the Sale Order) that is pending at the time the Confirmation Order is entered. Any Executory Contract that is the subject of a Limited Contract Objection that is pending at the time the Confirmation Order is entered shall be assumed or rejected solely pursuant to an order of the Bankruptcy Court adjudicating the Limited Contract Objection. All Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or Confirmation Order, if any, must be Filed with the Bankruptcy Court **within thirty (30) days after the Effective Date or such other date set by Final Order**.

74. Notwithstanding anything to the contrary in the Plan, as of the Effective Date, all rights of the Debtors and their Estates in the D&O Liability Insurance Policies are fully and expressly preserved under the Plan. Confirmation and effectiveness of the Plan will not discharge, impair, or otherwise modify any rights of the Debtors, their Estates, the Liquidation Trustee, or any other beneficiary under the D&O Liability Insurance Policies. On the Effective Date, the D&O Liability Insurance Policies and the proceeds thereof (subject in all cases to the terms of the D&O Liability Insurance Policies or the rights of any other beneficiaries therein) shall automatically vest in the Liquidation Trust and shall be a Liquidation Trust Asset. For the avoidance of doubt, the D&O

[4] As soon as practicable after the Closing of the Sale, the Debtors shall file a final Purchase Agreement with the Court, including all exhibits thereto, that identifies each Transferred Contract, which, Transferred Contracts, for the avoidance of doubt, shall not be deemed rejected.

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 23 of 30

Liability Insurance Policies are not Executory Contracts and are neither assumed nor rejected under the Plan.

75. **Authorization to Consummate**. The Debtors are authorized to consummate the Plan after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to Consummation set forth in Article IX.A of the Plan. The Plan shall not become effective unless and until the conditions set forth in Article IX.A of the Plan have been satisfied or waived.

76. **Purchase Agreement**. Nothing in this Confirmation Order or the Plan shall act as a release of any obligation of the Buyer pursuant to, or any Claim arising out of, the Purchase Agreement or any related document, or as a waiver, relinquishment, or release of any right held by any of the parties to the Purchase Agreement pursuant to the Purchase Agreement.

77. **Professional Compensation**. Professionals or other Entities asserting a Professional Fee Claim for services rendered through the Effective Date must File, within **forty-five (45) days after the Effective Date**, and serve on the Liquidation Trustee, the United States Trustee, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for final allowance of such Professional Fee Claim;[5] *provided* that the Liquidation Trustee may pay Professionals in the ordinary course of business, for any work expressly authorized by the Liquidation Trustee performed on and after the Effective Date, including those fees and expenses incurred by Professionals in connection with the implementation and consummation of the Plan, in each case without further application or notice to or order of the Bankruptcy Court in full, in Cash. Once Allowed by the Bankruptcy Court, Professional Fee Claims incurred prior to the Effective Date shall be paid by Debtors' counsel from the Professional Fee Trust Account. If the amounts held in the Professional Fee Trust Account are insufficient to pay all such Allowed Accrued Professional Compensation in full in Cash, the Liquidation Trustee shall promptly pay any unpaid balance of such Allowed Accrued Professional Compensation from the Cash transferred to the Liquidation Trust on the Effective Date. The Debtors shall be jointly and severally

[5] For the avoidance of doubt, in accordance with the Force Ten Retention Order [Docket No. 186], Force Ten is not required to file a final fee application but must file all Compensation Reports related to periods prior to the Effective Date within 45 days of the Effective Date.

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 24 of 30

liable for the payment of Professional Fee Claims and other Allowed Administrative Expenses (except to the extent such Allowed Administrative Expense Claim is a Buyer Payable).

78. **Administrative Expense Claims**. Unless otherwise ordered by Final Order of the Bankruptcy Court, all Administrative Expense Claims must be Filed **<u>within forty-five (45) days after the Effective Date</u>**, and served on the Liquidation Trustee and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Bankruptcy Court. The failure to File a request for payment of an Administrative Expense Claim on or before forty-five (45) days after the Effective Date shall result in such Administrative Expense Claim being forever Disallowed, barred, and expunged in its entirety without further notice to any party, or action, approval, or order of the Bankruptcy Court.

79. **Payment of Statutory Fees**. Notwithstanding anything to the contrary in the Plan, Disclosure Statement, or this Order, Article XIV.C of the Plan shall be deemed to read (and is approved) as follows:

> Prior to the Effective Date, the Debtors shall pay, in full in Cash, any fees due and owing pursuant to 28 U.S.C. § 1930 (including interest under 31 U.S.C. § 3717, if applicable) (the "<u>Statutory Fees</u>") on or before the Effective Date. Notwithstanding anything to the contrary in the Plan, Statutory Fees are not subject to an allowance procedure under 11 U.S.C. § 503(b), nor is the United States Trustee required to file a request for payment of such fees. On and after the Effective Date, the Liquidation Trustee and the Debtors shall pay the applicable Statutory Fees to the United States Trustee to the extent, and in the amounts required under 28 U.S.C. § 1930(a)(6) (or remain unpaid from the period prior to the Effective Date) until the earlier of (1) a final decree closing such Debtor's Chapter 11 Case or (2) conversion or dismissal of such Debtor's Chapter 11 Case. For the avoidance of doubt, Statutory Fees shall be assessed and payable for any case that is reopened.
>
> Post confirmation, the Debtors shall continue to file the UST Form 11-MOR, Monthly Operating Report through the Effective Date. After the Effective Date, the Debtors and the Liquidation Trustee shall file the UST Form 11-PCR, Post confirmation Report every calendar quarter until the earlier of: (1) the entry of a final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case. The United States Trustee shall not be required to File any Administrative Expense Claim in the case and shall not be treated as providing any release under the Plan.

80. **Releases, Exculpations, Limitations of Liability, Injunctions, and Related Provisions Under the Plan**. Under the facts and circumstances of the Debtors' Chapter 11 Cases, the release, exculpation, limitation of liability, injunction, and related provisions in Article X and XI of the Plan (including, without limitation, Articles X.B, X.C, XI.B, and XI.C) are approved and

authorized in their entirety and incorporated herein by reference, and such provisions are effective and binding on all parties and Entities to the extent provided therein. All injunctions or stays provided for in the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date.

81. **Exemption from Transfer Taxes**. To the extent permitted by applicable law, pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any Stamp or Similar Tax or governmental assessment in the United States, and this Confirmation Order hereby directs the appropriate federal, state, or local governmental officials or agents or taxing authority to forego the collection of any such Stamp or Similar Tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such Stamp or Similar Tax or governmental assessment.

82. **Documents, Mortgages, and Instruments.** This Confirmation Order is and shall be binding upon and shall govern the acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, commonwealth, local, foreign, or other governmental agency is authorized to accept any and all documents, mortgages, and instruments (including financing statements under the applicable uniform commercial code) necessary, useful or appropriate to effectuate, implement, or consummate the Plan and this Confirmation Order.

83. **Nonseverability of Plan Provisions Upon Confirmation**. Each provision of the Plan is: (a) valid and enforceable in accordance with its terms; (b) integral to the Plan and may not be deleted or modified without the Plan Proponents' consent and a Court order (and subject to such other consents and consultation rights set forth in the Plan) in accordance with the terms set forth in the Plan; and (c) nonseverable and mutually dependent.

84. **Post-Confirmation Modifications**. Without need for further order or authorization of the Court, the Plan Proponents are authorized and empowered to make any and all modifications to any and all documents that are necessary to effectuate the Plan that do not materially modify the terms of such documents and are consistent with the Plan (subject to any applicable consents or consultation rights set forth therein). Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and the Plan, the Plan Proponents expressly reserve their rights to revoke or withdraw, or to alter, amend, or modify materially the Plan, one or more times after Confirmation and, to the extent necessary, may initiate proceedings in the Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan or this Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan (subject to any applicable consents or consultation rights set forth therein). Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with Article XIV.D of the Plan.

85. **Applicable Nonbankruptcy Law**. To the maximum extent permissible under applicable law, the provisions of this Confirmation Order, the Plan and related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

86. **Governmental Approvals Not Required**. To the maximum extent permissible under applicable law, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state, federal, or other governmental authority with respect to the dissemination, implementation, or consummation of the Plan, any certifications, documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan.

87. **Liquidation Trust Interests Not Securities; Exemption from Registration Requirements**. The Liquidation Trust Interests to be issued, authenticated and distributed under the Plan are not intended to, and shall not, constitute "securities." If, notwithstanding the foregoing, the Liquidation Trust Interests are deemed to be "securities," the issuance of such interests shall be exempt from registration under the Securities Act and any applicable state and local laws requiring registration

of securities pursuant to section 1145 of the Bankruptcy Code or another available exemption from registration under the Securities Act and any other applicable law requiring registration prior to the offering, issuance, distribution or sale of securities.

88. **Dissolution of Committee**. On the Effective Date, except as provided in the immediately following sentence, the Committee shall dissolve automatically and all members thereof shall be released and discharged from all rights, duties, and responsibilities arising from, or related to, the Chapter 11 Cases. After the Effective Date, the Committee shall continue in existence for the sole purposes of: (i) filing, objecting to, and/or prosecuting fee applications filed in the Chapter 11 Cases; and (ii) prosecuting any pending motions or applications to which the Committee is a party.

89. **Notices of Confirmation and Effective Date**. Within two (2) Business Days after the Effective Date, the Plan Proponents shall file notice of entry of this Confirmation Order in accordance with Bankruptcy Rules 2002 and 3020(c) and the occurrence of the Effective Date and shall serve a copy of the same on all Holders of Claims and Equity Interests and notice parties under Bankruptcy Rule 2002. Notwithstanding the above, no notice of Confirmation or Consummation or service of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. The above-referenced notice is adequate under the particular circumstances of these Chapter 11 Cases and no other or further notice is necessary.

90. **Failure of Consummation**. If the Effective Date does not occur, then: (a) the Plan will be null and void in all respects; (b) any settlement or compromise embodied in the Plan, any rejection or assumption of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (c) nothing contained in the Plan shall (i) constitute a waiver or release of any claims (including any Causes of Action) by or Claims against or Equity Interests in the Debtors, (ii) prejudice in any manner the rights of the Debtors, the Committee, any Holders, or any other Entity, (iii) constitute an allowance

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 28 of 30

of any Claim or Equity Interest, or (iv) constitute an admission, acknowledgement, offer, or undertaking of any sort by the Debtors, the Committee, any Holders, or any other Entity in any respect.

91. **Substantial Consummation.** On the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101(2) of the Bankruptcy Code.

92. **Waiver of Stay**. For good cause shown, the stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

93. **References to and Omissions of Plan Provisions**. References to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan. The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

94. **Headings**. Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

95. **Effect of Conflict**. If there is any inconsistency between the terms of the Plan, the Disclosure Statement, the Plan Supplement, any other of the Plan Documents, or any other instrument or document created or executed pursuant to the Plan, on the one hand, and the terms of this Confirmation Order on the other, the terms of this Confirmation Order shall govern and control.

96. **Reversal/Stay/Modification/Vacatur of Confirmation Order**. If any or all of the provisions of this Confirmation Order or the Plan are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court of competent jurisdiction, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, security interest granted or lien incurred or undertaken by the Debtors prior to the occurrence of such reversal, stay, modification, or vacatur, in the absence of an order staying any such act, obligation, indebtedness, liability, priority, security interest granted or lien incurred or undertaken. Notwithstanding any such reversal, stay, modification, or vacatur of this

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 29 of 30

Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the occurrence of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan.

97. **Retention of Jurisdiction**. The Court may, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising out of, and related to, this Confirmation Order and these Chapter 11 Cases, including the matters set forth in Article XIII of the Plan and section 1142 of the Bankruptcy Code.

98. **Distribution Record Date**. The Distribution Record Date for purposes of the Plan shall be the Effective Date.

99. **Deadline for Claim Objections**. All objections to Claims against the Debtors shall be filed by no later than **180 days after the Effective Date**, which shall automatically renew for successive periods of 180 days each until the earlier of (i) the date upon which all Claims have been Allowed or Disallowed or (ii) the date fixed by the Bankruptcy Court upon motion of the Liquidation Trustee or a Holder of a Claim.

100. **No Extension of Bar Dates.** Nothing in the Plan or this Confirmation Order shall be deemed to extend or modify any Bar Date or other deadline for filing Proofs of Claim or requests for payment with respect to any Claim established in these Chapter 11 Cases.

101. **Additional Actions in Furtherance of Plan.** The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtors, the Committee, the Liquidation Trustee, or the Liquidation Trust Oversight Committee to take any actions necessary or appropriate, and consistent with this Confirmation Order and the Plan, to implement, effectuate, and consummate the Plan, this Confirmation Order, and the transactions contemplated thereby.

102. **Reservation of Rights of Governmental Units.** For the avoidance of doubt, nothing in the Plan (including, but not limited to, the Plan Supplement) or this Confirmation Order discharges, releases, precludes, or enjoins any liability of a non-Debtor to a Governmental Unit except as specifically set forth in the Plan.

**END OF ORDER**

Case: 21-51477 Doc# 641-1 Filed: 07/26/22 Entered: 07/26/22 16:46:04 Page 30 of 30

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA