**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br><br>**SUPPLEMENTAL CERTIFICATE OF SERVICE** |

I, Monica Arellano, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On July 22, 2022, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on Progressive Business Publicatn at 660 American Ave, Ste 203, Kng of Prussa, PA 19406-4032, pursuant to USPS forwarding instructions:

- **Notice of (A) Hearing to Consider Confirmation of First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors; (B) Deadline for Voting to Accept or Reject Plan; and (C) Related Matters** (attached hereto as **Exhibit A**)

Dated: July 29, 2022
                                                              */s/ Monica Arellano*
                                                              Monica Arellano
                                                              STRETTO
                                                              410 Exchange, Suite 100
                                                              Irvine, CA 92602
                                                              800.634.7734
                                                              Monica.Arellano@stretto.com

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

# Exhibit A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>                    Debtors.[1] | Case No. 21-51477<br><br>Chapter 11<br>(Jointly Administered)<br><br>**NOTICE OF (A) HEARING TO CONSIDER CONFIRMATION OF FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; (B) DEADLINE FOR VOTING TO ACCEPT OR REJECT PLAN; AND (C) RELATED MATTERS**<br><br>**Hearing Date**:<br><br>Date:   July 27, 2022<br>Time:  10:00 a.m. (prevailing Pacific Time)<br>Place:  United States Bankruptcy Court<br>          280 South First Street<br>          Courtroom 11<br>          San Jose, CA 95113-3099[2]<br>Judge:  Honorable M. Elaine Hammond |

TO:     HOLDERS OF CLAIMS IN CLASS 3 (OTHER MPT OBLIGATIONS) AND CLASS 4 (GENERAL UNSECURED CLAIMS):

        On June 8, 2022, Watsonville Hospital Corporation and its affiliated debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents") filed the *First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 543] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").

        Concurrently with the filing of the Plan, the Plan Proponents filed the related Disclosure Statement in support of the Plan [Docket No. 544] (including all exhibits thereto and as may be amended, modified or supplemented from time to time, collectively, the "Disclosure Statement"). On June 14, 2022, the Court entered an order approving the Disclosure Statement [Docket No. 557] (the "Disclosure Statement Order") and certain related materials (collectively, the "Solicitation Materials").

        A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on July 27, 2022, commencing at 10:00 a.m. (prevailing Pacific Time), before the Honorable M. Elaine Hammond, United

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

[2] Parties may attend the hearing either in-person or by Zoom. Additional information is available on the Court's website at https://www.canb.uscourts.gov/procedure/hammond/judge-hammond%E2%80%99s-practices-and-procedures-person-hearings. Information on attending the hearing by Zoom will be available on Judge Hammond's calendar no later than seven days prior to the hearing date.

States Bankruptcy Judge, at 280 South Street, Courtroom 11, San Jose, CA 95113. Parties may attend the Confirmation Hearing either in-person or by Zoom. Additional information is available on the Court's website at https://www.canb.uscourts.gov/procedure/hammond/judge-hammond%E2%80%99s-practices-and-procedures-person-hearings. Information on attending the Confirmation Hearing by Zoom will be available on Judge Hammond's calendar no later than seven days prior to the Confirmation Hearing date.

The record date for determining which holders of claims or interests in the Debtors may vote on the Plan is June 13, 2022 at 5:00 p.m. (Pacific Time) (the "Record Date"). If you have received with this Notice a ballot form (a "Ballot"), you are eligible to vote to accept or reject the Plan.

For your Ballot to be counted, you must complete all required information on the Ballot, execute the Ballot and **return the completed Ballot to the address indicated on the Ballot so that it is received by 5:00 p.m. (Pacific Time) on July 15, 2022** (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.

If an objection is pending with respect to your Claim as of June 27, 2022, your vote will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan, and you are required to file a motion for such relief (the "Rule 3018 Motion") no later than July 1, 2022, which may be heard on or prior to the Confirmation Hearing. Notwithstanding the foregoing, if the Plan Proponents file an objection to a claim and request that such claim be allowed in a specific amount, your Ballot shall be counted in such specified amount.

The Bankruptcy Court has established **July 15, 2022 at 5:00 p.m.** (prevailing Pacific Time), as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection; (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the Court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties: (a) the Debtors, c/o Force Ten Partners LLP, 5271 California Avenue, Suite 270, Irvine, CA 92617, Attn: Jeremy Rosenthal (jrosenthal@force10partners.com); (b) counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, One Market Plaza, Spear Tower, 40th Floor, San Francisco, CA 94105, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com), Maxim Litvak (mlitvak@pszjlaw.com), and Steven Golden (sgolden@pszjlaw.com); (c) counsel for the DIP Lender, KTBS Law LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067, Attn: Thomas E. Patterson (tpatterson@ktbslaw.com) and Sasha Gurvitz (sgurvitz@ktbslaw.com); (d) counsel for the Committee, (x) Perkins Coie LLP, 505 Howard Street, Suite 1000, San Francisco, CA 94105, Attn: Paul Jasper (pjasper@perkinscoie.com) and (y) Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102, Attn: Andrew Sherman (asherman@sillscummis.com) and Boris Mankovetskiy (bmankovetskiy@sillscummis.com); (e) counsel to the United States Trustee, 280 South First Street, Ste. 268, San Jose, California 95113, Attn: Jason Blumberg (jason.blumberg@usdoj.gov) and Elvina Rofael (elvina.rofael@usdoj.com); and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**Objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this Notice will not be heard and will be overruled.**

**Articles X and XI of the Plan contain the proposed injunction and release provisions set forth on Annex A hereto.**

Any party in interest wishing to obtain copies of the Disclosure Statement or the Plan at the Debtors' expense may do so by (i) contacting the Debtors' Voting Agent at 855-524-4733 (toll free) or by email at whcinquiries@stretto.com or by viewing such documents by accessing online at https://cases.stretto.com/WatsonvilleHospital/. The documents are also available on the Court's website: www.canb.uscourts.gov. Please note that a PACER password and login are needed to access documents on the Court's website.

2

The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the Bankruptcy Court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

Dated: June 14, 2022

/s/ Debra I. Grassgreen
Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
Pachulski Stang Ziehl & Jones LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone:  415.263.7000
Facsimile:  415.263.7010
E-mail:  dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

*Attorneys for Debtors and Debtors in Possession*

/s/ Paul S. Jasper
Paul S. Jasper (CA Bar No. 200138)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone:  415.344.7000
Facsimile:  415.344.7050
Email:  PJasper@perkinscoie.com

Andrew H. Sherman (admitted *pro hac vice*)
Boris I. Mankovetskiy (admitted *pro hac vice*)
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:  973.643.7000
Facsimile  973.643.6500
Email:  ASherman@sillscummis.com
BMankovetskiy@sillscummis.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

# Annex A

## ARTICLE X
## DEBTOR RELEASE AND RELATED PROVISIONS

**A.  General**

Notwithstanding anything contained in the Plan to the contrary, the allowance, classification, and treatment of all Allowed Claims and Equity Interests and their respective distributions and treatments under the Plan shall take into account the relative priority and rights of the Claims and the Equity Interests in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise.

In accordance with the provisions of the Plan and pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, without any further notice to or action, order, or approval of the Bankruptcy Court, unless specifically provided otherwise in this Plan or the Liquidation Trust Agreement, after the Effective Date the Liquidation Trustee may, in their sole and absolute discretion, (1) compromise and settle Claims against the Debtors and (2) compromise and settle Causes of Action against other Entities.

**B.  Release**

**Pursuant to Bankruptcy Code section 1123(b), and notwithstanding anything to the contrary in the Plan or the Confirmation Order, effective as of the Effective Date, for good and valuable consideration provided by each of the Released Parties, the adequacy of which is hereby acknowledged and confirmed, each Debtor, in its individual capacity and as debtor in possession, and the Estates, will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full waiver and release to the Released Parties (and each such Released Party so released shall be deemed forever released, waived, and discharged by the Debtors) and their respective properties from any and all claims, Causes of Action (including D&O Claims and Tort Claims), and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, in law, at equity, whether for tort, contract, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to the Debtors, the Chapter 11 Cases, any sale of the Debtors' Assets since the Petition Date, the Disclosure Statement, the Plan, or the Solicitation of votes on the Plan that the Debtors or the Estates would have been legally entitled to assert or that any Holder of a Claim or Equity Interest or other Entity would have been legally entitled to assert for or on behalf of the Debtors or their Estates against any of the Released Parties;** *provided, however,* **that the foregoing provisions of this release shall not operate to waive or release (i) any offset, defense, counterclaim, reduction, or credit that each Debtor or Estate may have with regard to any Claim asserted against it by a Released Party; (ii) any Causes of Action preserved by the Plan or the Plan Supplement; (iii) any Causes of Action arising from actual fraud, gross negligence, or willful misconduct of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; or (iv) the rights of the Debtors (or their successors) to enforce the Plan and the contracts, instruments, releases, and other agreements or documents delivered under or in connection with the Plan or assumed pursuant to the Plan or assumed pursuant to Final Order of the Bankruptcy Court.  The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule and without need for any notice to or any vote, consent, authorization, approval, ratification, or other action by any Entity or other Person or any director, stockholder, security holder, manager, member, or partner (or board thereof) of any Entity and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities released pursuant to this release.**

**For the avoidance of doubt, except as set forth specifically herein, nothing in this Plan or any related document shall impair any rights with respect to D&O Claims or Tort Claims against any Person or Entity other than the Released Parties, and all such D&O Claims and Tort Claims are expressly reserved and preserved.**

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019 of the release of the Released Parties by the Debtors and the Estates, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the release of the Released Parties by the Debtors and the Estates is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the claims released by the Debtors or the Estates; (c) in the best interests of the Debtors, the Estates, and all Holders of Claims; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to the Debtors or the Estates asserting any claim or Cause of Action released pursuant to the release by the Debtors or the Estates.

C. **Limitation on Liability of Liquidation Trustee**

The Liquidation Trustee, Liquidation Trust Oversight Committee, and the individual members of Liquidation Trust Oversight Committee will not be liable for any act they may do or omit to do as in such capacity under the Plan and the Liquidation Trust Agreement, as applicable, while acting in good faith and in the exercise of their reasonable business judgment; nor will any of them be liable in any event except for gross negligence, willful misconduct, or fraud as determined by a Final Order of a court of competent jurisdiction. The foregoing limitation on liability also will apply to any Person or Entity employed by any such party (including any professional employed or retained by the Liquidation Trustee) and acting on behalf of such party in the fulfillment of their respective duties hereunder or under the Liquidation Trust Agreement. Also, the Liquidation Trustee, the Liquidation Trust Oversight Committee (and its individual members), and any Person or Entity employed by such parties (including any professional employed or retained by the Liquidation Trustee) and acting on behalf of such a party shall be entitled to indemnification out of the assets of the Liquidation Trust against any losses, liabilities, expenses (including attorneys' fees and disbursements), damages, taxes, suits, or claims that they may incur or sustain by reason of being, having been, or being employed by such party, or for performing any functions incidental to such service.

D. **WAIVER OF LIMITATIONS ON RELEASES**

THE LAWS OF SOME STATES (FOR EXAMPLE, CALIFORNIA CIVIL CODE § 1542) PROVIDE, IN WORDS OR SUBSTANCE, THAT A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE DEBTORS DO NOT KNOW OR SUSPECT TO EXIST IN THEIR FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY THEM MUST HAVE MATERIALLY AFFECTED THEIR DECISION TO RELEASE. THE DEBTORS ARE DEEMED TO HAVE WAIVED ANY RIGHTS THEY MAY HAVE UNDER SUCH STATE LAWS AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.

## ARTICLE XI
## EXCULPATION AND INJUNCTION

E. **No Discharge**

Nothing contained in this Plan shall be deemed to constitute a discharge of the Debtors under section 1141(d)(3) of the Bankruptcy Code. However, no Holder of a Claim may receive any payment from, or seek recourse against, any Assets that are to be distributed under the Plan other than Assets required to be distributed to that Holder pursuant to the Plan. As of the Confirmation Date, all Persons and Entities are enjoined from asserting against any property that is to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

F. **Exculpation**

Without affecting or limiting the releases in **Article X.B** of the Plan, except as otherwise specifically provided in the Plan, the Exculpated Parties will neither have nor incur any liability to any Entity or Person for any claims or Causes of Action arising before, on or after the Petition Date and prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to the Chapter 11 Cases, formulating, negotiating, preparing, disseminating, implementing, administering, confirming, pursuing, or effecting the Consummation of the Plan, the Disclosure Statement,

or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, pursuing confirmation of the Plan, or soliciting votes on the Plan and the Exculpated Parties shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan; *provided, however*, that the foregoing provisions will have no effect on the liability of any Entity or Person that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct; *provided, further*, however that the foregoing provisions will not apply to any acts, omissions, Claims, Causes of Action, or other obligations expressly set forth in and preserved by the Plan or the Plan Supplement.

G. **Injunction**

Except as otherwise provided in the Plan, from and after the Effective Date, all Entities and Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors or their Estates, are permanently enjoined from taking any action in furtherance of such Claim, Equity Interest and/or any other cause of action released and/or discharged under the Plan, including, without limitation, the following actions: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind against the Debtors, the Debtors' property, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee or the Liquidation Trust Assets with respect to any such Claim, Equity Interest and/or other cause of action, or taking any act to recover such Claim or Equity Interest outside of the claims allowance procedures discussed in this Plan, the Bankruptcy Code and Bankruptcy Rules; (ii) creating, perfecting, or enforcing in any manner, directly or indirectly, any Lien, security interest or encumbrance of any kind against the Debtors, the Debtors' property, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee or the Liquidation Trust Assets on account of any such Claim, Equity Interest and/or other cause of action; (iii) enforcing, levying, attaching, collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Debtors' property, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee or the Liquidation Trust Assets, on account of any such Claim, Equity Interest and/or other cause of action; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any debt, liability or obligation due from or to the Debtors, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee, or the Liquidation Trust Assets, or against the property or interests in property of the Debtors, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee or the Liquidation Trust Assets, on account of any such Claim, Equity Interest and /or other cause of action; *provided, however*, that solely with respect to the Debtors, the Debtors' property, and the Debtors' Estates, the foregoing injunction shall remain in effect only until both (a) each of the Chapter 11 Cases has been closed and (b) all assets of the Debtors' Estates and the Liquidation Trust Assets have been fully administered; *provided further, however*, that such injunction shall be revived and/or remain in effect, as applicable, to the extent that any of the Chapter 11 Cases is reopened for any reason, until such Chapter 11 Case is closed and the other conditions for termination of the injunction set forth in this paragraph have been satisfied. By accepting Plan Distributions, each Holder of an Allowed Claim or Equity Interest will be deemed to have specifically consented to the injunctions in the Plan. Such injunctions shall extend for the benefit of the Liquidation Trustee, any successors of the Debtors, and to property and interests in property subject to this Plan. All injunctions or stays provided for in the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date. The injunction in this paragraph shall apply only to actions against the Debtors, the Debtors' property, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee, and/or the Liquidation Trust Assets.

From and after the Effective Date, to the extent of the Exculpations, limitations of liability, and Releases granted in this Plan, all Persons and Entities shall be permanently enjoined from commencing or continuing in any manner against the Exculpated Parties, the Released Parties, or parties whose liability is limited (collectively, the "**Protected Parties**"), and their respective assets and properties, as the case may be, any suit, action, or other proceeding on account of or respecting any claim, demand, liability, obligation, debt, right, cause of action, interest, or remedy with respect to which such Protected Parties are exculpated or released or with respect to which such Protected Parties' liability is otherwise limited.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA