DocuSign Envelope ID: 313894C2-0580-4A6E-B158-79F2A21B3194
DocuSign Envelope ID: 5EFE7138-DD60-4162-9EA5-4EA1A7720B3C

THIS IS A COPY
The Authoritative Copy of this record is held at www.docusign.net

## Landlord Subordination

Date: September 17, 2021

TO: Philips Medical Capital, LLC ("PMC")

Debtor: Watsonville Hospital Corporation
Attn: AP, 75 Nielson Street, Watsonville, CA 95076
(831) 763-6040

Premises Information: 75 Nielson Street, Watsonville, CA 95076

Landlord: MPT of Watsonville, LLC
c/o MPT Operating Partnership, L.P.
1000 Urban Center Drive, Suite 501, Birmingham, Alabama 35242
205-969-3755

From time to time Philips Medical Capital, LLC ("Creditor") may sell, lease or otherwise finance Debtor's acquisition of certain medical equipment and related items set forth on the attached Exhibit A ("Equipment") pursuant to the Master Lease Agreement dated September 22, 2020 by and between Creditor and Debtor, and Schedules thereto (individually and collectively, the "Agreement"), and Creditor shall have an ownership interest or security interest in such Equipment. In consideration thereof, the Landlord and Creditor agree as follows:

1. While the Agreement remains in effect, that the Landlord subordinates to Creditor each and every right which Landlord now has or may hereafter have under the laws of any state or by the terms of any real estate lease or mortgage now in effect or hereafter executed by Landlord or Debtor to levy or distrain upon for rent, in arrears, in advance or both, or to claim or assert title to or an interest in the Equipment.

2. That the Landlord recognizes and acknowledges that, while the Agreement remains in effect, any claim or claims that Creditor has or may hereafter have with respect to the Equipment by virtue of any Agreement or otherwise shall be superior to any lien or claim of any nature which Landlord now has or may hereafter have to the Equipment by statute, agreement or otherwise.

3. That this agreement shall also apply to any of the Equipment which is already on the Premises, or may hereafter be delivered or installed thereon.

4. Subject to section 6 below, that it is further agreed that Creditor or its assigns or agents may remove the Equipment from the Premises whenever Creditor feels it is necessary to do so to protect its interest and without liability or accountability to the Landlord therefore.

5. That the Equipment may be affixed to the Premises and that the Equipment is to remain personal property notwithstanding the manner in which it is affixed to the said Premises and that title thereof shall remain in Creditor, its legal representatives, successors, agents or assigns until such time if any, as it is conveyed by Creditor to other parties.

6. After reasonable prior written notice to Landlord, Creditor may: (a) assemble the Equipment and conduct an auction of the Equipment at the Premises, or (b) remove the Equipment from the Premises, provided, however, that in connection with Creditor's exercise of any of the foregoing rights, (i) any auction or removal of the Equipment shall be completed within forty-five (45) days after delivery of said notice to the Landlord provided that Creditor is able to conduct such auction or removal within such time period without violating any applicable law, court order or bankruptcy stay; provided, however, if Creditor fails to remove the Equipment from the Premises within such 45-day period and the Landlord does not elect to remove the Equipment from the Premises as described below, then upon written notice from the Landlord, Creditor shall pay Landlord an amount equal to the average base per diem rental due under the Agreement for the actual number of days the Equipment remains on the Premises, (ii) Creditor shall use reasonable efforts to inspect or remove any or all of the Equipment in a manner which does not unreasonably disrupt any tenant's (other than Debtor's) use of the Premises, and (iii) Creditor shall, at Creditor's expense, promptly repair any physical damage to the Premises directly caused by the conduct of such inspections or removal of the Equipment. If Creditor is prohibited from removing the Equipment by any applicable law, court order or bankruptcy stay, then during the pendency of such restriction, court order or stay, Creditor shall not be obligated to pay Landlord any per diem rental amounts as described above and Landlord shall not have the right to remove the Equipment. In no event shall Creditor be permitted to abandon the Equipment on the Premises. Nothing herein contained shall be deemed to make Creditor a tenant at the Premises. In the event that any of the Equipment remains located on the Premises beyond the forty-five (45) day period following the delivery of said notice to the Landlord from Creditor, then the Landlord shall have the right (but not the obligation) at any time thereafter to remove the Equipment from the Premises using a company experienced in removing equipment similar to the

DocuSign Envelope ID: 313894C2-0580-4A6E-B158-79F2A21B3194
DocuSign Envelope ID: 5EFE7138-DD60-4162-9EA5-4EA1A7720B3C

THIS IS A COPY
The Authoritative Copy of this record is held at www.docusign.net

Equipment and to store the Equipment at a remote location suitable for equipment similar to the Equipment as specified by the Landlord to Creditor by written notification. In the event that the Landlord shall remove and store the Equipment as herein permitted, (i) Creditor shall reimburse Landlord for all reasonable costs and expenses incurred by Landlord in connection with such removal and storage, including, without limitation, any storage fees associated therewith and restoration and repair costs relating to any physical damage to the Premises caused by the removal of the Equipment; and (ii) the Landlord shall not be liable or responsible for any damage caused to the Equipment or otherwise arising out of the removal and storage of the Equipment as permitted herein.

7. All notices, demands, consents, approvals, requests and other communications under this Instrument shall be in writing and shall be either (a) delivered in person, (b) sent by certified mail, return receipt requested, (c) delivered by a recognized delivery service, or (d) sent by facsimile or electronic transmission and addressed as to the applicable party at such party's address set forth above, or to such other address as any party may hereafter designate in writing, and shall be effective upon receipt. A notice, demand, consent, approval, request and other communication shall be deemed to be duly received if delivered in person or by a recognized delivery service, when left at the address of the recipient and if sent by facsimile or electronic transmission, upon receipt by the sender of an acknowledgment or transmission report generated by the machine from which the facsimile was sent indicating that the facsimile was sent in its entirety to the recipient's facsimile number.

The Landlord agrees that a facsimile copy of this document with facsimile signatures may be treated as an original and will be admissible as evidence in a court of law. This Agreement shall not be effective until signed by Landlord, Debtor, and Creditor and a fully executed copy has been delivered to Landlord.

IN WITNESS WHEREOF, the Landlord and Creditor have caused this Landlord/Mortgagee Waiver to be executed on the day and year first written above.

**MPT of Watsonville, LLC**
By: MPT Operating Partnership, L.P., its Sole Member

Signature: X _____
Print Name: R. Steven Hamner
Title: Executive Vice President & CFO

WITNESS: X _____
Print Name: Shannon George

**PHILIPS MEDICAL CAPITAL, LLC:**

Signature: X _Gene Fisher_
Print Name: Gene Fisher
Title: VP of Ops

WITNESS: X _Susan DelPizzo-Cope_
Print Name: Susan DelPizzo-Cope

**DEBTOR:**
Watsonville Hospital Corporation

Signature: X _Bruce Grimshaw, 9/23/2021_
Print Name: Bruce Grimshaw
Title: Interim CEO

WITNESS: X _Lisa Nell_   9/23/2021
Print Name: Lisa Nell

DocuSign Envelope ID: 313894C2-0580-4A6E-B158-79F2A21B3194
DocuSign Envelope ID: 5EFE7138-DD60-4162-9EA5-4EA1A7720B3C

THIS IS A COPY
The Authoritative Copy of this record is held at www.docusign.net

**Exhibit A**

Description of Equipment: one (1) Philips Diamond Select Advance Azurion M20 Cath Lab, one (1) Philips Xper IM with Upgrades, and one (1) Philips IntelliVue MX400 Patient Monitor with accessories together wth all components, additions, upgrades, attachments, accession, substitutions and replacements