Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Case No. 21-51477 (MEH)<br><br>Chapter 11<br><br>**NOTES REGARDING DEBTORS' AUGUST MONTHLY OPERATING REPORTS** |

Watsonville Hospital Corporation, and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), have filed their respective Monthly Operating Reports for the month of August 2022 (the "August MORs") in the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Bankruptcy Court"). The Liquidation Trust,[2] with the assistance of the Debtors' former Chief Restructuring Officer ("CRO"), prepared the August MORs in accordance with 28 C.F.R. § 58.8.

Jeremy Rosenthal has signed each August MOR. Prior to the Effective Date of the Plan, Mr. Rosenthal served as the CRO of the Debtors and currently serves as the Liquidation Trustee of the Liquidation Trust. In reviewing and signing the August MORs, Mr. Rosenthal has necessarily relied upon the efforts, statements, and representations of the Debtors' personnel and professionals. In preparing the August MORs, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the August MORs, subsequent information or discovery may result in material changes to the August MORs. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the August MORs as may be necessary or appropriate.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: Watsonville Hospital Corporation (4113) ("WHC"); Watsonville Healthcare Management, LLC (4168) ("WHM"); Watsonville Hospital Holdings, Inc. (1118) ("WHH"); and Halsen Healthcare, LLC ("HH"). The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Declaration of Jeremy Rosenthal, Chief Restructuring Officer, in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 17] (the "First Day Declaration") and the *Modified First Amended Joint Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 616] (the "Plan"), as applicable.

The Debtors and their CRO (and, to the extent applicable, the Liquidation Trust and Liquidation Trustee), agents, and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their CRO (and, to the extent applicable, the Liquidation Trust and Liquidation Trustee), agents, and attorneys expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors, the Liquidation Trust, or their officers, employees, agents, or professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their officers, employees, agents, attorneys, or their professionals are advised of the possibility of such damages.

## NOTES TO AUGUST MORs

- **Parts 1(a) and 1(c)**. As described in the *Motion for Entry of Interim and Final Orders (I) Authorizing Maintenance of Existing Bank Accounts; (II) Authorizing Continuance of Existing Cash Management System; (III) Granting Limited Waiver of Section 345(b) Deposit Requirements; and (IV) Granting Related Relief* [Docket No. 14] (the "Cash Management Motion"), the Debtors utilize a centralized Cash Management System, which includes certain bank accounts held in the name of WHH but that are included in the books and records of WHC. Certain of the payments listed in response to Parts 1(a) and (c) of WHC's August MOR were made from such accounts and accordingly appear in WHC's books and records.

- **Part 1(b)**. As described in further detail in the Cash Management Motion, the revenues of non-Debtor Coastal Health Partners, P.C. ("CHP") are swept into the Debtors' Concentration Account (as defined in the Cash Management Motion), but remain CHP's property. Further, through the Debtors' cash management system, such amounts are used to pay CHP's expenses.

- **Parts 1(b), 1(c), 2(e), 2(f), 2(m).** For purposes of the August MOR, intercompany obligations between WHH and WHC have been offset and reported solely on WHC's August MOR. All other net intercompany receivables are detailed in response to Part 2(e) and all other net intercompany payables are detailed in response to Part 2(f) or 2(m), depending on the date the liability was incurred.

- **Parts 1(c) and 7(a).** As described in the Cash Management Motion, WHM serves as a management services organization for non-Debtor CHP. In that capacity, and pursuant to the CHP Management Agreement (as defined in the Cash Management Motion), CHP's revenues are swept into the Debtors' bank accounts and WHM remits all of CHP's salary and expense payments out of the Debtors' bank accounts on CHP's behalf and using CHP's property. Consistent with the Final Cash Management Order [Docket No. 169], certain of these disbursements relate to CHP's obligations that arose prior to the Petition Date.

- **Part 2(f) and (l).** Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, and Other Compensation, and (B) Pay and Honor Benefits and Other Workforce Obligations; (II) Authorizing and Directing the Applicable Bank to Pay All*

2

*Checks and Electronic Payment Requests Made by the Debtors Relating to the Foregoing; and (III) Granting Related Relief* [Docket No. 185], the Debtors received final authority to pay certain prepetition obligations, including to pay compensation and benefits to their workforce in the ordinary course of business. The Debtors made the aforementioned payments, and, thus, the respective employee claims are not listed in response to Part 2(l).

The Debtors' responses to Part 2(f) contain liabilities associated with employees' paid time off that accrued in the ordinary course after the Petition Date. In addition, the Debtors' responses to Part 2(l) contain liabilities associated with employees' paid time off that were accrued but unpaid prior to the Petition Date, which amounts are included as reflected in the Debtors' books and records as of November 30, 2021. For the August MORs and all subsequent monthly operating report submissions, the priority unsecured claims related to employees' paid time off will be reported in an amount equal to that which is reflected on Schedule E/F of the applicable Debtor's Schedules of Assets and Liabilities. Adjustments to both prepetition and postpetition paid time off are not incorporated in the August MOR to account for the reduction to the accrual balance due to the use of the available paid time off.

- **Parts 2(l – m).** The liabilities identified in response to Parts 2(l) and 2(m) are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented in response to Parts 2(l) and 2(m). The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

- **Part 2(m).** The Debtors' responses to Part 2(m) reflect certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, such responses do not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases.

- **Part 3.** Debtor WHC's responses to Part 3 reflect payments made by the Debtors pursuant to the *Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 347] (the "Sale Order"). Specifically, amounts identified in WHC's response to Part 3(a) reflect the Direct MPT Payments and to part 3(b) reflect the Cure Amounts (as each such term is defined in the Sale Order).

- **Part 7(a).** Debtor WHC's response to Part 7(a) reflects Court-approved payments on account of prepetition debt pursuant to the Sale Order, specifically the Direct MPT Payments and the Cure Amounts.

- In conformity with paragraph 6 of this Court's *Order for Payment of State and Federal Taxes* [Docket No. 35], **Schedule 1** hereto provides the following disclosures (the "Tax Order Disclosures") for each Debtor for the post-petition month of August 2022: (i) the total amount expended for gross payroll and (ii) the amounts collected, received, or deducted for each taxing agency as well as the amount paid to each taxing agency and the dates of payment. Unless otherwise indicated, the amounts "collected, received, or deducted" were the same amounts paid to a particular taxing agency for the applicable period. Amounts set forth in the Tax Order Disclosures are amounts attributable to the identified Debtor, while

3

certain actual payments may have been made on a consolidated basis by another Debtor in accordance with the Debtors' standard operating procedures. Due to the closing of the sale, as set forth in Docket No. 734, certain amounts identified in the Tax Order Disclosures were amounts estimated in good faith and actually paid by the Debtors. The dates of payments for employee related Tax Order Disclosures were the dates that the Debtors paid such amounts to their payroll processer, ADP. Unless otherwise indicated, no amounts were due from or paid by WHH or HH in the applicable periods with respect to the Tax Order Disclosures.

4

**Schedule 1 to Monthly Operating Reports of
Watsonville Hospital Corporation, *et al.*
For the Post-Petition Reporting Period (the "MOR Period") of:
August 2022**

**Total Amounts Expended for Gross Payroll in the MOR Period:**

| WHC | WHM |
|---|---|
| $2,548,698 | $27,865 |

**Amounts Collected, Received, Deducted, or Paid in the MOR Period:**

| Debtor | Taxing Agency | Amount | Date(s) of Payment |
|---|---|---|---|
| WHM | Internal Revenue Service | $ 2,102.35 | 08/04/22 |
| WHM | Social Security Administration | $ 3,408.87 | 08/04/22 |
| WHM | Centers for Medicare & Medicade Serv | $ 797.20 | 08/04/22 |
| WHM | U.S. Department of Labor | $ - | 08/04/22 |
| WHM | California Franchise Tax Board | $ 1,001.49 | 08/04/22 |
| WHM | Internal Revenue Service | $ 2,024.36 | 08/18/22 |
| WHM | Social Security Administration | $ 3,328.48 | 08/18/22 |
| WHM | Centers for Medicare & Medicade Serv | $ 778.55 | 08/18/22 |
| WHM | U.S. Department of Labor | $ - | 08/18/22 |
| WHM | California Franchise Tax Board | $ 971.12 | 08/18/22 |
| WHM | Internal Revenue Service | $ 3,304.08 | 08/29/22 |
| WHM | Social Security Administration | $ 4,458.18 | 08/29/22 |
| WHM | Centers for Medicare & Medicade Serv | $ 1,042.66 | 08/29/22 |
| WHM | U.S. Department of Labor | $ 13.52 | 08/29/22 |
| WHM | California Franchise Tax Board | $ 1,495.64 | 08/29/22 |
| WHM | California Franchise Tax Board | $ 1,342.71 | 08/01/22 |
| WHM | California Franchise Tax Board | $ 1,357.79 | 08/17/22 |
| WHM | California Franchise Tax Board | $ 433.82 | 08/18/22 |
| WHM | California Franchise Tax Board | $ 4.00 | 08/26/22 |
| WHC | Internal Revenue Service | $ 3,568.41 | 08/02/22 |
| WHC | Internal Revenue Service | $ 283,073.04 | 08/04/22 |
| WHC | Social Security Administration | $ 261,809.49 | 08/04/22 |
| WHC | Centers for Medicare & Medicade Serv | $ 63,188.32 | 08/04/22 |
| WHC | U.S. Department of Labor | $ 295.40 | 08/04/22 |
| WHC | California Franchise Tax Board | $ 117,492.31 | 08/04/22 |
| WHC | Internal Revenue Service | $ 307,693.87 | 08/18/22 |
| WHC | Social Security Administration | $ 271,008.62 | 08/18/22 |
| WHC | Centers for Medicare & Medicade Serv | $ 66,410.71 | 08/18/22 |
| WHC | U.S. Department of Labor | $ 254.62 | 08/18/22 |
| WHC | California Franchise Tax Board | $ 128,736.21 | 08/18/22 |
| WHC | Internal Revenue Service | $ 444,811.61 | 08/29/22 |
| WHC | Social Security Administration | $ 331,471.67 | 08/29/22 |
| WHC | Centers for Medicare & Medicade Serv | $ 84,097.93 | 08/29/22 |
| WHC | U.S. Department of Labor | $ 337.10 | 08/29/22 |
| WHC | California Franchise Tax Board | $ 184,448.34 | 08/29/22 |